UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER WHITE AND WILLIAM SUITOR,
Individually and on behalf of all others similarly situated

                                   **AFFIDAVIT**

                    Plaintiff,

-vs-

FEIN, SUCH and CRANE, LLP,                    Case No. 15-cv-438
                    Defendants.

---

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF MONROE           )

David P. Case, Esq. being duly sworn, deposes and says:

    1)      I am a partner of Fein, Such and Crane, L.L.P. (hereinafter the "Firm").  I have

been with the Firm since 2002.  My career has been spent representing the financial services

industry focusing on New York Foreclosures, post-foreclosure evictions, and contested litigation.

I have lectured in many continuing legal education seminars for the Monroe County Bar

Association, the New York State Bar Association, and private CLE providers, as well as training

seminars directed towards clients in the financial services industry where issues of New York

Foreclosures, foreclosure related litigation, and legal compliance intersect.   In my role as a

partner, I am aware of the Firm's fee arrangements with many of the Firm's clients. These fee

arrangements comply with the industry standards set by the government sponsored entities

including Fannie Mae.

    2)      I make this affidavit based on personal knowledge and/or an independent

examination of the books and business records made in the ordinary course of business

maintained by or on behalf of the Firm to be an accurate and fair representation of the

occurrences with which the record purports to represent as well as our notes and records relative

to the within litigation.   I am familiar with the record keeping systems the Firm uses to record and create information related to the matters referred (hereinafter matters) to the Firm by its clients.  Some of those processes require the employees of the Firm manually enter data relating to matters on those systems.  They have personal knowledge of that information and enter it into the system contemporaneous with the time they acquired that knowledge.  The records relied upon are made in the regular course of business at or about the time the event is being recorded, systematically made for the conduct of business and are relied upon as the accurate routine reflections of the day-to-day regularly conducted activity of providing the financial services industry with legal services, and so the records may be relied upon as being truthful and accurate.  In connection with making this affidavit, I have personally examined these business records reflecting data and information as of July 2, 2015.

3)      I have reviewed the Firm's business records, attorneys' notes, and files related to the underlying foreclosures upon which this putative class action lawsuit arise, to wit: *HSBC Bank USA., N.A. v. Christopher White*, et al; Erie County Court Index Number 2013-605767 (hereinafter "White Foreclosure"), and *HSBC Bank USA, N.A., v. William Suitor*, Niagara County Supreme Court Index No. E150988/2013 (hereinafter "Suitor Foreclosure").[1]

### *The White Foreclosure*

4)      A copy of the filed Summons and Complaint in the White Foreclosure is annexed hereto as Exhibit "1".

---

[1]      Your Affiant respectfully requests that this Court take judicial notice of certain facts that are a matter of public record in considering Defendant's motion to dismiss. *See, e.g., DiBattista v. Buckalew, Frizzell & Crevina LLP*, 13-cv-01639, 2013 U.S. Dist. LEXIS 162704, *10, n. 3, *quoting Taha v. I.N.S.*, 828 F. Supp. 362, 362 n.2 (E.D. Pa. 1993).

5)      It is self-evident that Christopher White ("Mr. White") was not a client of the Firm nor did he purchase any goods or services from the Firm.  Mr. White was a defendant in a lawsuit the Firm was prosecuting on behalf of its client.

6)      A copy of the recorded mortgage between Mr. White and his mortgagee (hereinafter the "White mortgage") was made a part of the White Foreclosure Complaint, but is set out separately for the Court's convenience as Exhibit "2".

7)      Paragraph 22, on pages 14-15, of the White mortgage states, in part, "In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured."

8)      Mr. White was represented by Attorney Keisha Williams, who, on behalf of her client, negotiated with the Firm, on behalf of its client, that the Attorneys' fees of $1,500.00 and costs/expenses in the amount of $2,800.00 would be recapitalized into a loan modification agreement.  A copy of Attorney Keisha Williams's January 13, 2015, letter confirming the negotiated settlement is annexed hereto as Exhibit "3".  The final loan modification as executed by Mr. White is annexed hereto as Exhibit "4".

9)      Attached as Exhibit "5" is the transcript advising the Erie County Court that the matter had been settled.

10)     In reviewing the putative class action complaint against the Firm, it is self-evident that all communication and negotiations with the Firm were done through Attorney Williams.[2]

---

[2]      It should be noted that the letters in Exhibit "B" of the Complaint improperly redact out the name of the employee with the Western New York Law Center to whom the letters were addressed.  Upon information and belief, the employee is a paralegal or legal assistant to Attorney Williams.

### *The Suitor Foreclosure*

11)     A copy of the filed Summons and Complaint in the Suitor Foreclosure is annexed hereto as Exhibit "6".

12)     It is self-evident that William Suitor ("Mr. Suitor") was not a client of the Firm nor did he purchase any goods or services from the Firm.   Mr. Suitor was a defendant in a lawsuit the Firm was prosecuting on behalf of its client.

13)     A copy of the recorded mortgage between Mr. Suitor and his mortgagee (hereinafter the "Suitor mortgage") was made a part of the Suitor Foreclosure Complaint, but is set out separately for the Court's convenience as Exhibit "7".

14)     Paragraph 22, on pages 14-15, of the Suitor mortgage states, in part, "In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured."

15)     Mr. Suitor was represented by Attorney Daniel Webster.

16)     All communication with the Firm was from and to Attorney Daniel Webster.

17)     Mr. Suitor was offered a loan modification, which he accepted.   *See* Compl. Ex. "C" (Docket Document No. 1-3).

18)     Contemporaneously, Attorney Webster inquired about the calculation of the new principal balance in an August 8, 2014, letter.   *See* Compl. Ex. "D" (Docket Document No. 1-4).

19)     On August 14, 2014 the Firm, through Attorney V.S. Vilkhu, responded to the letter.   *See* Compl. Ex. "E" (Docket Document No. 1-5).

20)     Attorney Webster did not challenge or question the breakdown and explanation provided in Attorney Vilkhu's letter.

21)     On January 2, 2015 Attorney Webster consented to discontinue the Suitor Foreclosure action. A copy of the filed discontinuance is annexed hereto as Exhibit "8". The consent was provided following the Firm's continued communications with Attorney Webster from October 21, 2014, and an appearance in Niagara County Supreme Court.

### Fees and White's quantum meruit demand

22)     The Firm's fees are directly or indirectly established by the government sponsored entities. On the foreclosure matters upon which the putative class action complaint arose, the industry standard for an uncontested Upstate New York foreclosure is a fee of $2,900.00. Many of the Firm's clients allow only a *pro rata* percentage of the fee to be billed at certain milestones, including but not limited to 70% of the fee upon completion of service of process.

23)     The flat fee of $2,900.00 for an uncontested foreclosure is consistent with the reasonable and customary fees for uncontested residential mortgage foreclosures in New York except for the five boroughs of New York City, Nassau County and Suffolk County, where it is higher.

24)     Considering the flat fee arrangement, a *quantum meruit* breakdown of fees is irrelevant.

25)     The putative class action complaint falsely states, more than once, that defendant "refus[ed] to provide a *quantum meruit* proof of the value of services provided." *See, e.g.*, Compl. ¶ 34.

26)     Even though a *quantum meruit* breakdown of time spent on any given foreclosure file is irrelevant when the Firm is paid a flat fee, Counsel provided Attorney Williams, as part of the White Foreclosure and pursuant to her request in that action, an Affirmation which discussed the typical actions performed in the typical foreclosure, how much attorney time and paralegal

time is typically used, and the value of that time.  A copy of the Affirmation and proof of service thereon is annexed hereto as Exhibit "9".

27)    Any allegation that states or suggests that the Firm continuously refused to detail the time it spends on its matters is not accurate.

### *Bad Faith Bringing of an FDCPA Lawsuit*

28)    Since the filing of this Complaint, and even prior to service of the Complaint upon the Firm, legal aid organizations and not-for-profit legal services corporations in Western and Central New York have referenced this putative class action law suit to move to stay foreclosures or threaten Counsel that they will move for a stay in an effort to implicitly persuade the Firm to assert undue influence on its clients to waive monies otherwise due and owing or obtain favorable settlement terms.

29)    Indeed, one such attempt from Attorney Mary Traynor in Syracuse included an *unfiled* copy of the Complaint in this matter as an exhibit.  The only way that Attorney Traynor could have obtained an unfiled copy of the Complaint in this matter is if an unfiled copy was provided to her by an employee of Western New York Law Center.  A copy of Mary Traynor's motion, including the unfiled Complaint, is annexed hereto as Exhibit "10".

WHEREFORE, your deponent respectfully prays for an order dismissing the Complaint with prejudice, provide leave to defendant to make a § 1692k(3) motion, and grant any further relief that the court may deem just and proper.

Sworn to before me this
7th day of July, 2015.

Notary Public

David P. Case, Esq.

CAMILLE I. ERICKSON
Notary Public, State of New York
Qualified in Monroe County
No. 01ER6302299
Commission Expires May 5, 20 _18_