**After Recording Return To:**
**Mortgage Services**
**PO Box 5449**
**Mount Laurel, NJ 08054**
**Return to Phone: 877-766-8244**

**This Document Prepared By:**
**Keith Goldin, Specialist**
**PHH Mortgage Corporation**
**PO Box 5449**
**Mount Laurel, NJ 08054**

**Parcel ID Number:**
**140200111.40-2-12.1**

**Current UPB: $82,673.27**
**New UPB: $102,209.48**
**New Money: $7,209.48**
**Section: ________, Block: ________,**
**Lot: ________**

______________________ [Space Above This Line For Recording Data] ______________________

Original Recording Date: **June 10, 2004** Loan No: [redacted]
Original Loan Amount: **$95,000.00** Investor Loan No: [redacted]
Original Lender Name: **HSBC Mortgage Corporation (USA)**
New Money: **$7,209.48**

**Prepared Date: April 29, 2015**

# LOAN MODIFICATION AGREEMENT

**(Providing For Step Interest Rate)**

**This property is or will be improved by a one or two family dwelling only.**

This Loan Modification Agreement ("Agreement"), made this 29th day of April, 2015, between **CHRISTOPHER M WHITE, whose mailing address is 384 WALNUT STREET, BUFFALO, NY 14204** ("Borrower") and **HSBC Bank USA, N.A, whose address is 95 WASHINGTON STREET, BUFFALO, NY 14203** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated **June 10, 2004** and recorded in **Book/Liber 13167**, Page **5423**, Instrument No: **200406101272**, of the **Official Records (Name of Records) of Erie County, NY (County and State, or other Jurisdiction)** and (2) the Note, bearing the

same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**384 WALNUT STREET, BUFFALO, NY 14204,**
(Property Address)

the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

**Assignment from HSBC Mortgage Corporation (USA) to HSBC Bank USA, N.A. recorded 2/25/2012 bk M 13569 pg 9797 instrument 2012046060**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **May 1, 2015**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$102,209.48**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender.

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|
| 1-5 | 3.500% | May 01, 2015 | $395.95 | $568.65<br>May adjust periodically | June 01, 2015 |
| 6 | 4.500% | May 01, 2020 | $453.40 | May adjust periodically | June 01, 2020 |
| 7-40 | 5.125% | May 01, 2021 | $490.42 | May adjust periodically | June 01, 2021 |

If on **May 1, 2055** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

[redacted] [redacted]



(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

6. This Agreement modifies an obligation secured by an existing security instrument recorded in

Erie County, NY, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $82,673.27. The principal balance secured by the existing security instrument as a result of this Agreement is $102,209.48, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

Christopher White (Seal)
**CHRISTOPHER M WHITE** -Borrower

[Space Below This Line For Acknowledgments]

State of New York

County of Erie

On the 19 day of May in the year 2015,

before me, the undersigned, Jordan Lee Zeranti Notary Public, personally appeared
(please print **NOTARY PUBLIC**'s name)
**CHRISTOPHER M WHITE**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Jordan Lee Zeranti
Signature

JORDAN LEE ZERANTI
NOTARY PUBLIC-STATE OF NEW YORK
No. 02ZE6323293
Qualified in Erie County
My Commission Expires 4/20/19

Office

My commission expires : 4/20/19
Origination Company: **HSBC Bank USA, N.A**
NMLSR ID: [redacted]

**HSBC Bank USA, N.A**

By: ______________________________(Seal) - Lender
Name:
Title: VICE PRESIDENT AND ASSISTANT SECRETARY OF THE RESIDENTIAL MORTGAGE LOAN ADMINISTRATIVE SERVICES DIVISION OF HSBC BANK USA, N.A.

______________________________
Date of Lender's Signature

______________ [Space Below This Line For Acknowledgments] ______________

STATE OF ______________) :SS.:

On the __________ day of __________ in the year __________, before me, the

undersigned, personally appeared ______________________________, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument and that such individual made

such appearance before the undersigned in the ______________________________ (insert the city or other political subdivision and the State or country or other place the acknowledgment was taken).

[redacted] [redacted]