```
STATE OF NEW YORK    :  COUNTY OF ERIE
COUNTY COURT         :  PART 17
```
---

HSBC BANK USA, N.A.,

        Plaintiff,

  against                              Index Number
                                                 2013-605767

CHRISTOPHER M. WHITE a/k/a CHRISTOPHER
WHITE; HSBC MORTGAGE CORPORATION (USA);
BUFFALO URBAN RENEWAL AGENCY;
BENEFICIAL HOMEOWNER SERVICE CORPORATION;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE CIVIL ENFORCEMENT-CO-ATC;
"JOHN DOE" AND "JANE DOE" said names being
fictitious, it being the intention of
"Plaintiff" to designate any and all occupants
of the premises being foreclosed herein,

        Defendants.

---

                                      25 Delaware Avenue
                                      Buffalo, New York  14202
                                      May 21, 2015

B e f o r e :

        HONORABLE SHEILA A. DiTULLIO
            County Court Judge.

A p p e a r a n c e s:

        Gleichenhaus, Marchese, Weishaar, PC,
        By:  ROBERT B. GLEICHENHAUS, ESQ.,
        43 Court Street, Suite 930,
        Buffalo, New York  14202,
        Appearing on behalf of the Plaintiff.

        KEISHA WILLIAMS, ESQ.,
        237 Main Street, Suite 1030,
        Buffalo, New York  14203,
        Appearing on behalf of the Defendant.

                              Kathleen R. Burdzy, CSR, RMR, CMRS
                                  Senior Court Reporter

1    THE COURT: Yes. For the record, this is
2  HSBC Bank, plaintiff, Mr. Robert Gleichenhaus,
3  attorney, versus Christopher M. White, defendant,
4  represented by Ms. Keisha Williams. It's my
5  understanding that there's a settlement.
6    MR. GLEICHENHAUS: That is my understanding,
7  your Honor. We just wanted to put it on the record.
8    THE COURT: Sure.
9    MR. GLEICHENHAUS: Your Honor, if you will
10 recall, this was a motion brought by Ms. Williams
11 alleging bad faith, among a few other things, and this
12 was argued and discussed prior to today. There was a
13 settlement reached whereby it was understood that if a
14 loan mod was offered which incorporated certain terms
15 and figures, then that would be satisfactory to all and
16 would negate any inferences of bad faith, and, in
17 effect, would dispose of this matter and lead this case
18 to be ready to be discontinued. That loan modification
19 has been offered. Ms. Williams stated off the record,
20 but now we'll mention on the record that she received
21 that loan modification, her client signed it,
22 Ms. Williams stated that she has sent it back, so I
23 think that disposes of this matter.
24   I want to thank the Court for the Court's hand in
25 helping reach settlement on this. I'd like to thank

1  Ms. Williams for working through this and certainly
2  facilitating the finalization by sending this off.
3          THE COURT:  Yes.  Mr. Gleichenhaus,
4  Ms. Williams, I think we all were very reasonable on
5  this.  Ms. Williams, is that all correct?
6          MS. WILLIAMS:  That is all correct, your
7  Honor.
8          THE COURT:  So the case has been settled.
9  You received the loan modification; your client signed
10 that?
11         MS. WILLIAMS:  Yes, your Honor.
12         THE COURT:  And, Ms. Williams, then you'll be
13 withdrawing your motion?
14         MS. WILLIAMS:  Yes, your Honor.
15         THE COURT:  Great.
16         MS. WILLIAMS:  Just --
17         THE COURT:  Go ahead.
18         MS. WILLIAMS:  In the interest of full
19 disclosure, I just want to say that my office has filed
20 a cross action complaint against Fein, Such and Crane,
21 the plaintiff's attorneys.  It's not related to this
22 matter I don't think, so -- it's a totally different
23 issue.  This issue in this case was about the
24 reasonableness of the fees in this case.
25         THE COURT:  Yes, I remember that.

1           MS. WILLIAMS:  The class action is about
2  their debt collection practices, and so I don't want it
3  to seem as if I'm going back on my word as far as
4  whether or not this case will be -- whether or not my
5  motion will be withdrawn.  My motion in this case will
6  be withdrawn.
7           MR. GLEICHENHAUS:  Your Honor, I'm a little
8  shocked or taken aback.  I have no knowledge of that
9  lawsuit.  I don't know if it's been served yet, or, I
10 mean, and, quite frankly, I'm not sure that that should
11 be seen in good faith in regard to the settlement of
12 this case.  This case had the firm I'm here on behalf
13 of settle to, in effect, avoid the litigation, but it
14 had disputed every inference of bad faith including
15 some of these allegations that I'm not even sure what
16 has been contained in this new action, but it sounds
17 like some of the same, which was settled.  I guess
18 we'll have to see what that action is.
19      I'd like the Court to just take note of my
20 personal thought, I'm really almost aghast at that.
21 Usually when a case is settled, it's not then the
22 expectation that there will be another case involving
23 the same case being brought in whatever court that is.
24 But --
25           THE COURT:  Yeah, that's a little surprising,

Kathleen R. Burdzy, CSR, RMR, CMRS
Senior Court Reporter

1   but I guess, Ms. Williams, we can say for this case
2   that your client received the loan modification as you
3   requested, your client signed it.
4           MS. WILLIAMS:  Yes, your Honor.
5           THE COURT:  And you're withdrawing your
6   motion on this case --
7           MS. WILLIAMS:  Yes.
8           THE COURT:  -- as far as any bad faith.
9           MS. WILLIAMS:  As far as any bad faith.
10          THE COURT:  So this case is settled.
11          MR. GLEICHENHAUS:  Yes, your Honor.
12          THE COURT:  And I would hope, I hear what
13  you're saying, Mr. Gleichenhaus, this case is settled,
14  but now there's a threat of another lawsuit.  That's
15  kind of unsettling.  But let's take it step by step.
16  This case is settled.  If there's a new lawsuit filed,
17  we'll let that unfold.
18          MR. GLEICHENHAUS:  And should that new
19  lawsuit come in front of you, your Honor?
20          MS. WILLIAMS:  It was filed in federal court.
21          THE COURT:  In federal court, okay.
22          MR. GLEICHENHAUS:  Well, I guess I'm not
23  knowledgeable as to that particular case and what it
24  entails, so it's not for me to say anything more in
25  this court on --

1           THE COURT:  On that case.

2           MR. GLEICHENHAUS:  -- on that case.

3           THE COURT:  But I would think, Ms. Williams,
4   that lawsuit would have to be totally separate from
5   this.

6           MS. WILLIAMS:  It's totally separate, your
7   Honor.  It's about their debt collection practice in
8   general.  It's -- this case, we settled the fees in
9   this case.  Your Honor did not rule on my motion, so
10  the issues in that case were not settled.  The amount
11  of the fees we agreed to -- they agreed to lower it.
12  That settled.  But I can't afford -- my law firm cannot
13  afford to file a case every time I have an issue with
14  them about their fees, and so I think the best way to
15  do this would be to file a class action lawsuit, so
16  that's what we did.

17          MR. GLEICHENHAUS:  Your Honor, we'll --

18          THE COURT:  We'll take it step --

19          MR. GLEICHENHAUS:  -- take that up
20  independently.  And I thank you and this court for
21  helping resolve this matter.

22          THE COURT:  Yeah.  At least this matter is
23  resolved.  Your client's satisfied, Ms. Williams?

24          MS. WILLIAMS:  He is, your Honor.

25          THE COURT:  And you withdraw any kind of bad

7

1 faith motion in this case?

2     MS. WILLIAMS: Yes, I do.

3     THE COURT: We will leave it at that.

4     MR. GLEICHENHAUS: Thank you, your Honor.

5     THE COURT: Thank you. Yes. Send a letter

6 to the court confirming that. That would be great. If

7 you need the transcript from this, you can certainly

8 request it from Ms. Burdzy.

9     MR. GLEICHENHAUS: Thank you, your Honor.

10     MS. WILLIAMS: Thank you, your Honor.

11     \*   \*   \*   \*   \*

12 The foregoing 7 pages are certified to be a true and

13 accurate transcript according to my stenographic notes.

14     *[signature: Kathleen R. Burdzy]*

15     Kathleen R. Burdzy, CSR, RMR, CMRS
             Senior Court Reporter

16

17

18

19

20

21

22

23

24

25