SUPREME COURT OF THE STATE OF NEW YORK          Ref: J. GREENWOOD
COUNTY OF ONONDAGA

| | |
|---|---|
| M&T Bank, | Index No. 2013-4798 |
| *Plaintiff,* | |
| v. | NOTICE OF CROSS-MOTION. |
| David Osier, et al., | |
| *Defendants.* | |

PLEASE TAKE NOTICE that upon the annexed affidavit of David Osier dated

May 22, 2015; the attached affirmation of Mary E. Traynor dated May 25, 2015; the attached

exhibits with exhibit list; the annexed memorandum of law; and all prior pleadings and

proceedings, a motion will be made:

DATE AND TIME:          June 9, 2015, at 10 a.m., or as soon thereafter as counsel
                        can be heard

PLACE OF MOTION:        Motion Term, Supreme Court, Onondaga County
                        Courthouse, 401 Montgomery Street, Syracuse, Onondaga
                        County, New York

MOTION BROUGHT BY:      Mary E. Traynor, Esq., Legal Services of Central New
                        York, attorney for defendant David Osier

OBJECT OF MOTION:       (a)     Declaratory judgment pursuant to CPLR §3001 of
                                proper amount due to plaintiff; and/or

                        (b)     Deny plaintiff's motion and sanction plaintiff and
                                plaintiff's counsel for failing to negotiate in good
                                faith; and/or

                        (c)     Deny plaintiff's motion and sanction plaintiff and
                                plaintiff's counsel for frivolous conduct; and/or

                        (d)     Compel plaintiff to accept defendant's late answer;
                                and/or

                        (e)     Stay this action in full or in part pending resolution
                                of, and take judicial notice of, *Christopher White*

SUPREME COURT OF THE STATE OF NEW YORK      Ref: J. GREENWOOD
COUNTY OF ONONDAGA
_____
M&T Bank,                                              Index No. 2013-4798
                            *Plaintiff,*
                                                       <u>DEFENDANT'S AFFIDAVIT.</u>
               v.

David Osier, et al.,
                            *Defendants.*
_____


STATE OF NEW YORK            )
                             )ss.:
COUNTY OF ONONDAGA           )


               I, DAVID OSIER, being duly sworn, state:

       1.      I am the defendant borrower in this action.  I have been offering the bank
$66,000 to pay off my mortgage since October 2013 – when the bank's attorney told me that the
total amount due to pay off the mortgage was $66,000.

       2.      There has <u>never</u> been a negotiation or a settlement discussion.  It's only
"take it or leave it" from the bank attorneys.  I'm pretty sure the unpaid principal balance is
$46,914.29.  This is the amount in an account statement from M&T dated April 16, 2014.  See
attached exhibit H, M&T mortgage statement, account no. xxxxx0997, statement date April 16,
2014 ("April 16, 2014 statement).   I don't know what any of the other amounts they want are for
– because they won't tell me.

       3.      Even so, I offered to pay the payoff amount of $66,000 without question.
By the time I got my funds out of escrow the payment date had passed and the payoff amount
went up by $670.  I asked if I could still send my $66,000 and they said they'd return it to me.
I'm trying to pay my mortgage in full, principal and I'm sure all of the interest too, plus some.
They won't take it.  They won't negotiate.  They absolutely refuse to tell me what the extra

money is for. And now, instead of telling me what I owe them for and what the charges really are so I can figure out what to do, they want to take my house.

4.      How can I negotiate when they will not first explain all the different fees and charges they've added to my account? The number keeps rising, and the due date never gives me enough time to beg, borrow or steal the additional thousands of dollars. This "negotiation" is designed to go on forever, with the amount due ever increasing, until I lose my house.

5.      I understand the bank can charge certain fees so I owe more than just the principal and interest. I've never said I wouldn't pay those extra amounts. In fact I offered to send the first payoff amount they gave me without getting an explanation of anything. But now, because the fees and costs or whatever they are have escalated so quickly, I want an explanation. I really don't understand why the bank and the bank's attorney will not provide this information. It's basic account information. It's information they have because they added the charges to the account, they came up with it all, it should be simple for them to come up with documentation of the charges.

6.      The more stubbornly they keep it secret the more curious I get. I frankly still don't understand why this is a court case that's taking up time of judges, lawyers, and me. I don't see a problem particularly of the law here, it's a problem of them wanting me to pay but not telling me what I'm paying for. If you go to a store to buy a gallon of milk and it's marked $5, and by the time you get to the counter the cashier tells you it's $6, what would you do? I would pay it, like I tried to pay $66,000, to end it. But if you ask the cashier what the additional money over the $5 plus sales tax is for and the cashier says okay, now it's $15 – what would you do? You would ask again what the extra money is for.

7.      One thing that troubles me about this being a judicial foreclosure court case is that according to the bank I have only two choices – (1) pay the bank whatever they want no questions asked or (2) lose my house. This seems extremely harsh. I risk losing my house for not paying exactly what, I don't know. Ridiculous? I can reinstate, obviously, but now I know the reinstatement amount will include the same mystery fees and costs as the payoff amount. So far the bank and their attorneys act like this court episode is a very minor inconvenience, one which they benefit from by being able to add more fees and costs.

8.      On February 27, 1987, I obtained a residential mortgage from Syracuse Securities, Inc., for the purchase of my home at 3968 Stetson Circle, Syracuse, NY. In 2009 I lost my job in the general recession. I've been in sales for thirty years so I am used to the vicissitudes of my career, but this time was different and I had great difficulty finding a new position. This was a shattering experience. I fell behind on my financial obligations including the mortgage. I scrambled for a few years and things started improving bit by bit. In March 2014 I signed a contract for new employment and began putting things back together.

9.      At some point in 2013 I happened to talk to a family member who kindly offered to help me with the mortgage. My plan was to just pay it off and be done with it. I called the bank; I can't say exactly when. I do recall I had a very hard time getting hold of anyone in particular at the bank to talk to about the mortgage. I'd call and leave messages and not get a call back, or I'd have to start from scratch if I did get a person on the phone.

10.     When I got something from the bank's attorneys Fein Such and Crane I felt relieved. I thought lawyers, great, someone I can deal with and pay this thing off. In October 2013 I called Fein Such and Crane and asked for the buyout amount. They told me it was

$66,000. I didn't make up this amount – this is what hey told me I needed to pay off this mortgage in full. I told my family member I needed $66,000, and $66,000 was deposited on my behalf into an attorney escrow account in Syracuse.  If they'd told me $66,670 or $68,00 or whatever, that's what I would have had.

11.     Honestly, I don't remember seeing anything about having to respond to the court case in any way other than what I was doing – calling the bank and the bank attorneys for the buyout amount.  I was sure no one would have to actually go to court about this, I was sure it would be over before it started.  I'd get the payoff amount, send the bank a certified check, they would take my money and that would be the end of the mortgage.  It didn't occur to me that this would turn into a full blown court case – why would it, when I was going to pay it off in full.  I wasn't asking for help or a lower payment or a different loan or anything like that. My response to the court papers then would have been what I said when I appeared at the first and second settlement conferences – take my $66,000.

12.     Immediately upon getting the $66,00 figure from Fein Such and Crane I called the attorney holding my monies in escrow and told him I needed a check cut to M&T.  He said before he could release the funds he had to do his own "due diligence" to protect my family member and it would take several weeks.  I don't know why he thought he had to do this but I wasn't in a position to argue.  Because this was taking longer than I anticipated, on November 6, 2013 I called Fein Such & Crane again.  They told me the buyout amount was now $66,670.39 through November 29, 2013.  I called the escrow attorney and he told me he'd found a title issue which I needed to clear up.  By the time I did, the November 29 deadline passed.  However, the funds would be released the next time I called.

13.     In December 2013 I called M&T directly and asked to speak with someone who could actually negotiate a settlement of the mortgage by a full payoff and I told them I needed a new, current payoff amount. They said I would have to talk to their attorneys about that. I called Fein Such & Crane and told them I wanted to settle by paying off the mortgage in full and I asked them for the current amount. They said the buyout amount was now over $67,000 and they would not take less. I told them I wanted to talk to someone about settling this case. They said "you have to talk to the bank" about settlement and they gave me a number to call. I was perplexed and frustrated because the bank had just told me I needed to talk to their attorneys.

14.     In early January 2014 Fein Such & Crane sent me a new buyout figure of $68,813.32. That's an increase of $2,813 since I called in October. I called the bank number that Fein Such & Crane gave me. I got someone on the phone and told them that I had $66,000 and wanted to pay off my mortgage in full. I asked if they would accept that to settle the mortgage. The bank said "no" and told me I had to talk to Fein Such & Crane about settlement.

15.     I called the bank again and asked, what if I just send you the $66,000 that I have. They said they would return it to me.

16.     So this is how it works: I call the bank, they send me to their attorneys, I call the attorneys, they send me to the bank. But there's no one to actually talk to at either place! And whenever the bank attorneys gave me a buyout amount it was larger and the payment deadline was shorter, so I never had enough time to come up with the additional amount.

17.     Please bear in mind that when I started this, I offered the bank the amount of money their attorneys told me was the amount that would pay off the mortgage in full – $66,000. But at no point did I ever get someone on the phone who would actually negotiate this with me. I'm a salesman, I'm a good negotiator, but this was never a negotiation.

18.     And at no point did anyone ever suggest I use my $66,000 to bring the loan current. I had no idea that paying just the arrears and resuming making regular payments – reinstating the loan – was even an option. Obviously I would have done that in a heartbeat, reinstated and then used the rest of my $66,000 to pay down the principal early. But I was told only that I had to pay all or nothing, and the "all" number would be dictated to me.

19.     In January 2014 I received a notice from court to appear at a settlement conference on January 21. I figured "okay, great, settlement court, a judge will be there." To me it was clear that this whole matter should have been settled and done in October 2013. Now – because it's called a "settlement" conference – I looked forward to having someone in court with whom I could have an actual settlement negotiation with. I still had the $66,000, so it certainly seemed as if we should be able to come to a reasonable settlement and end the problem then and there.

20.     In court at the January 21 settlement conference I asked if we could negotiate a settlement. I asked if they would take my lump sum of $66,000 in full payment. The bank attorney chuckled and said 'Here's the new buyout figure dated today, it's good until January 30.' It was over $68,000. And again, I had only nine days to get the additional money. I asked the bank attorney for a figure good through the middle of February so I would have a reasonable amount of time to get additional funds. See attached exhibit A, *M&T Bank v Osier,* Onondaga County Supreme Court Index No. 13-4798, Transcript of January 21, 2014, Settlement Conference; tr. at 2, lines 1-25; at 3, lines 1-25; at 4, line 1.

21.     At the next settlement conference on March 4, again I asked the lawyer if they would accept $66,000. I asked for a number that would be good for a month, or to take

$66,670 in full settlement. Obviously I wanted the bank to take my money and be done with this. But in case they continued to refuse to take my money and refused to negotiate, I felt that I also had to address the fact that they never gave me enough turn around time to pay.  See attached exhibit B, *M&T Bank v Osier,* Onondaga County Supreme Court Index No. 13-4798, Transcript of March 4, 2014, Settlement Conference; tr. at 2, lines 19-25; at 3, lines 1-8.

22.      I maintained my civility but believe me, I did not share the lighthearted, jocular manner of the bank's attorney at the settlement conference. I made my buyout offer of $66,670.39 right there in court to the bank attorney. He almost laughed when he said that the bank would tell him to tell me that I had to submit my offer in writing.

23.      This was the first time I heard that my offer had to be in writing – so what about all my prior attempts to pay? a joke? And this raises for me the question of the role of the attorney representing the bank played in court that day.  Why couldn't he accept my offer or negotiate a payoff amount right there? is the settlement conference itself a joke? See attached exhibit B, *M&T Bank v Osier,* Onondaga County Supreme Court Index No. 13-4798, Transcript of March 4, 2014, Settlement Conference; tr. at 3, lines 3-5.

24.      They sent me a new buyout figure dated March 10, good until April 11, which was a month turn around time. See attached exhibit C, Fein Such & Crane LLP Workout Department letter to David and Michele Osier, March 10, 2014. The total amount due was $69,724.07. Of that amount, they say that $63,494.55 is principal ($46,914.29), interest ($2,215.03) and taxes and insurance paid by the bank ($14,365.23). Then there's $6,229.52 in "mortgagor recoverable corporate advance ($4,531), "outstanding estimated foreclosure fees and costs ($560), "property inspections ($266), "insurance" ($718), and $154.52 in "accumulated late fees," "forecasted late charges," "pending property inspections," and "recording fee." What is

this mumbo jumbo? I have no idea what these things are or if they're even legitimate expenses. This accounting and billing is completely confusing and seems designed to obfuscate the account and wear me down by confusing me and hiding the real costs.

25.     I didn't know what more I could do to find someone at the bank or the bank's law firm to actually negotiate with. My $66,000 would cover 100% of the principal, interest and escrow advances due on the mortgage, legitimate or not. It would also cover about half of the $6,229 unexplained, bogus, duplicate and/or unnecessary add-ons. There's no telling how much of the add-ons had accrued since my first attempt to pay in October 2013.

26.     At this point I didn't see how I could get the bank or bank attorneys or someone to make a deal, to negotiate, with me. I felt that I was going backwards. We wouldn't have had to go to court if they had taken my $66,000 back when they wanted $66,670. But instead they wouldn't take my money, the amount due kept going up, I was totally confused about what they're charging me and no one would explain it or negotiate with me.

27.     Finally, unbelievably, I felt I needed an attorney. I attended the Legal Services of Central New York/Home HeadQuarters workshop, met with an attorney and a housing counselor, and retained Legal Services to negotiate a payoff of the mortgage. It still seems crazy to me that I had to get a lawyer when I've been trying to settle this with a payoff. My attorney told me we'd get a breakdown of the fees, we'd negotiate if something seemed not right, and that I needed to let the escrow attorney know that I'd need the money very soon.

28.     The next thing that happened was on May 19 we had a meeting with the judge in charge of the case in his chambers. After the meeting my attorney told me the final payoff number was $70,676.87. This included all of the mortgage and all fees, costs, everything. The bank agreed to waive interest from January through June 2014; agreed to "reduce" their

attorney fees to only $1,500; and agreed to waive late fees. I had to pay by a business check on or before June 1. The bank would produce no documentation of any of this, but it would be over.

29.     I didn't like the short turn around but my attorney told me basically this was it. We still had no explanation of what the fees and costs. But now I knew how the bank and their attorneys operated so I set about getting the additional $4,000. I had to have a reason for the increase but I planned on saying my attorney had vetted it and this would end it for certain. But before I could even get the additional $4,000, the bank attorney raised the number to $71,340.16. See attached exhibit I, letter from Vilkhu to Traynor of May 27, 2014. My attorney wrote to the bank attorney asking for an explanation. See attached exhibit J, email from Traynor to Vilkhu of June 9, 2014. The bank attorney said it was "privileged" and also it was for costs that were incurred at the very beginning of the case, long before our meeting with the judge. I wondered if this new cost amount had been included in any of the earlier payoff amounts. See attached exhibit K, letter from Vilkhu to Traynor of June 23, 2014.

30.     I still have $66,000. I still think it's reasonable. I don't know how you can negotiate a final settlement number in a meeting with a judge, yet days later it goes up again.

31.     This experience has been extremely agonizing. Frustrating, and extremely stressful. I'm on the verge of losing my home – because I'm asking what I'm supposed to pay? The futility of this entire process is infuriating, exhausting, exasperating, and eye-opening.

_____
David Osier

Subscribed and sworn to
before me on this 22nd
date of  MAY        , 2015.

_____
Notary Public

MARY E. TRAYNOR
Notary Public, State of New York
No. 02TR6026324
Qualified in Onondaga County
Commission Expires June 14, 2011 2019

SUPREME COURT OF THE STATE OF NEW YORK     Ref: J. GREENWOOD
COUNTY OF ONONDAGA
_____

M&T Bank,                                    Index No. 2013-4798
                    *Plaintiff,*

        v.                                   <u>AFFIRMATION IN
                                             SUPPORT OF DEFENDANT'S
David Osier, et al.,                         CROSS MOTIION AND IN
                    *Defendants.*            OPPOSITION TO
                                             PLAINTIFF'S MOTION.</u>
_____

        MARY E. TRAYNOR, an attorney duly admitted to practice in the courts of New

York State, affirms the following under penalty of perjury pursuant to CPLR § 2106:

        1.      Affirmant is of counsel to Legal Services of Central New York, Inc.,

attorneys for the defendant-homeowner DAVID OSIER ("Mr. Osier"). I am fully familiar with

the facts and circumstances of this proceeding.

        2.      This case is about a 2010 HAMP modified mortgage with an unpaid

principal balance of $46,914 at 3% interest; the alleged default date is December1, 2012.

Plaintiff's apparent goal is to get either full payment of undisclosed, unexplained and

unsubstantiated sums of money or a judgment of foreclosure and sale. Defendant's goal is to pay

off the principal and interest and any legitimate additional charges.

        3.      This action should be resolved by a payoff of between $46,914.29 and

$66,000. The April 16, 2014 M&T mortgage statement shows the unpaid principal balance is

$46,914.29.  See attached exhibit H, M&T mortgage statement, account no. xxxxx0997,

statement date April 16, 2014 ("April 16 statement). In her affidavit of merit dated May 2, 2014,

Desiree Kupiec, "Banking Officer" for M&T Bank, claims the amount due for principal, interest,

and escrow advances totals $63,670.65. Plaintiff's motion dated January 13, 2015, Kupiec

affidavit at ¶ 3. The first payoff amount Mr. Osier was given is $66,000. Osier affidavit of May

22, 2015 at ¶ 1.

4.     Plaintiff has had many, many opportunities to offer an invoice, a time sheet, a receipt or an explanation to show that its many curious and duplicative cost categories are legitimate and permissible. It hasn't done so.

THE RELIEF SOUGHT.

Declaratory Judgment of Defendant's Liability for Certain Sums Claimed By Plaintiff.

5.     This Court has before it sufficient evidence to issue a declaratory judgment determining the liability of defendant Osier for payment of categories of sums claimed as due and determining the right of plaintiff M&T Bank to collect undocumented, unsubstantiated and unsupported categories of sums claimed as due including excessive, unreasonable and unsubstantiated attorney fees and unnecessary escrow advances.

Plaintiff Failed to Negotiate in Good Faith and<br>Should Be Barred From Collecting Certain Sums.

6.     No one can force another to agree. Courts cannot force parties to settle. But upon the papers and proceedings to date, this Court can fairly determine now that plaintiff and plaintiff's counsel have failed their duty to negotiate in good faith and can issue sanctions thereupon. Sanctions may include a permanent bar on collection of interest, fees and costs from a date certain to a specified date or event; imposition of exemplary and actual damages; award of attorney fees and costs to the borrower; stay of the proceedings; and dismissal of the action. In all fairness, at minimum plaintiff should be forever barred from collecting any amounts which it has to date refused to document, explain, and/or prove.

Plaintiff Engaged In Frivolous Litigation and<br>Should Be Barred From Collecting Certain Sums.

7.     This Court has before it ample evidence now that plaintiff and plaintiff's

counsel have engaged in frivolous conduct undertaken to delay or prolong this litigation and to harass and injure Mr. Osier, and have asserted material factual statements regarding sums due on the subject mortgage account that are unsubstantiated, contradictory, and confusing and which may well be false. This Court may impose monetary sanctions for such conduct.

### Plaintiff's Motion For Summary Judgment And Appointment Of A Referee Should Be Denied Because Plaintiff's Conduct Is Unconscionable.

8.       This Court should deny plaintiff's motion for summary judgment because plaintiff has acted with bad faith and its conduct has been oppressive and unconscionable. In addition, the complaint is not verified and is not an affidavit of fact. The copies of the subject note and 1993 mortgage, modified by the 2010 HAMP modification, are not signed. The HAMP modification has not been recorded due to an unspecified requirement of the Onondaga County Clerk and an unspecified deficiency in the modification document. In addition, in its motion papers plaintiff attaches an affidavit by Desiree Kupiec, "Banking Officer" of M&T claiming the required 90-day notice was served.  Plaintiff's motion dated January 13, 2015, Kupiec affidavit at ¶ 6. Ms. Kupiec provides no first hand description of the mailing of the notice and on May 22, 2015, I found no affidavit of service of the 90-day notice filed with the Onondaga County Clerk. Ms. Kupiec states plaintiff is the "holder" of the note but is silent regarding the mortgage. Kupiec affidavit at ¶ 4. There is no sworn statement in plaintiff's papers identifying the owner and/or holder of the mortgage, prior to the commencement of the action or at any time.

### Plaintiff Should Be Compelled To Accept Defendant's Late Answer.

9.       This Court should compel plaintiff to accept Mr. Osier's late answer because Mr. Osier has a reasonable excuse and meritorious defenses, and because his attendance at settlement conferences constitute an informal appearance in this case. See attached exhibit L, proposed Answer verified by Mr. Osier May 22, 2015. Mr. Osier reasonably believed this case

would be resolved immediately and without litigation by giving plaintiff exactly what it sought –

full payment of the mortgage. Osier affidavit of May 22, 2015 at ¶¶ 10-11. Mr. Osier actively

communicated with the bank and the bank attorney's before and after being served with the

summons and complaint. He put his hands on the full amount of money he was told he needed –

$66,000 – and he offered it to plaintiff. Osier affidavit of May 22, 2015 at ¶¶ 1; 3; 10-11. He has

the meritorious defenses of being ready, willing and able to pay; plaintiff's failure of a condition

precedent in failing to serve a 90-day notice; and plaintiff's untimely filing of the RJI and

consequent delay of the settlement conference.  He has the meritorious defenses and

counterclaims of plaintiff's refusal to provide accurate and timely account information, adding

excessive, unauthorized and unreasonable charges to the account, and failing to service the

account with reasonable skill, care and diligence, all in violation of New York General Business

Law ¶ 349, the Fair Debt Collection Practices Act (15 USC ¶ 1692 et seq), and New York

Department of Financial Services regulations (3 NYCRR 419.2 et seq); plaintiff's failure in its

duty to negotiate in good faith under CPLR ¶ 3408 (f) and 22 NYCRR 202.12-a (c) (4); and

plaintiff's failure to respond to Mr. Osier's qualified written request/bona fide written demand

for account information submitted under 12 USC 2605 (e) and RPL ¶ 274-a (2).

<u>This Action Should Be Stayed Pending Resolution Of A Similar Action.</u>

      10.     This case and all pending motions should be stayed pending further

developments in a class action case filed in federal court last week, *Christopher White and*

*William Suitor v Fein, Such and Crane LLP,* US Dist Ct, WD NY, Case No. 15-CV-438-C,

Complaint dated May 15, 2015 with exhibits A-F, attached here as exhibit M (hereinafter *White*

*and Suitor v FS&C).* This case involves excessive and undisclosed attorney and other fees

charged to defendant borrowers in residential foreclosure cases by attorneys Fein Such & Crane,

LLP, counsel for plaintiff M&T in this case.

11.     Mr. Osier is a prospective member of the *White and Suitor* class.

12.     I ask this Court to take judicial notice of the *White and Suitor v FS&C*
complaint as a public record.

<u>Defendant Should Be Awarded Attorney Fees And Costs.</u>

13.     Defendant should be awarded reasonable attorney fees and costs under 22
NYCRR § 130-1.1; New York General Business Law ¶ 349; and/or the Fair Debt Collection
Practices Act (15 USC ¶ 1692 et seq).


<u>THE SETTLEMENT CONFERENCES.</u>

14.     I first encountered Mr. Osier when I witnessed his January 21, 2014
residential mortgage settlement conference in Supreme Court Room 312 of the Onondaga County
Courthouse. Mr. Osier said "I have the money to payoff the mortgage." See attached exhibit A,
January 21, 2014 tr at 2, lines 14-5. He explained how he'd been trying to pay off the loan since
October 2013. Plaintiff's counsel Patrick Haber said he had a payoff figure good through January
30, nine days hence. Mr. Osier said he needed a figure good for 30 days because his money was
in an attorney escrow account and it took time to have the law firm release and deliver it. The
conference was adjourned to March 4, 2014.  See attached exhibit A, January 21, 2014 tr at 3,
lines 14-8, 24-5; at 4, line 1.

15.     I was surprised to see Mr. Osier at his March 4 conference. In four years of
attending the weekly settlement conferences Mr. Osier is the only person I've seen trying to end
the case by paying off the mortgage – yet here he was again. Mr. Osier told the hearing officer
"[t]he last time we were here I had money but I needed a new payout figure given to me because

it had changed." See attached exhibit B, March 4, 2014 tr at 2, lines 7-8.  He described his efforts to payoff the mortgage with $66,670; the rising payoff amounts; the too-short turn around times. See attached exhibit B, March 4, 2014 tr at 2, lines 7-25; at 3, line 1.

16.    Mr. Osier asked plaintiff's counsel "would the bank settle for $66,670." See attached exhibit B, March 4, 2014 tr at 2, lines 20-1. He described his confusing and frustrating efforts to get a payoff figure from the bank and or bank attorneys timely, and said "I'm glad I'm here in settlement court to offer $66,670." See attached exhibit B, March 4, 2014 tr at 2, lines 9-25; at 3, line 1.  Plaintiff's counsel said he would "relay that information" and said "they're going to tell me . . . that he should put that in writing and submit it." See attached exhibit B, March 4, 2014 tr at 3, lines 3-5.  Mr. Osier again offered to settle on the spot: "I would again put that offer [on] the table that I've had $66,000 since November." See attached exhibit B, March 4, 2014 tr at 3, lines 21-2.

17.    The most remarkable aspect of this defendant's settlement conference was the jocular manner adopted throughout by plaintiff's counsel. Mr. Osier was clearly frustrated, but even more clearly he expected a real change now that he was in court. The hearing officer extends courtesy to pro se defendants and uses a personable yet respectful manner to alleviate homeowners' anxiety. But plaintiff's counsel laughed and smirked throughout, as if this defendant's story about trying to payoff the loan was nothing more than a story, and a funny one at that. Yet Mr. Osier ended that conference by saying, in all sincerity, "I'm glad I'm here in a settlement conference." See attached exhibit B, March 4, 2014 tr at 2, line 25; at 3, line 1.  It was a shameful day to be part of the legal system.

## THE MARCH 10, 2014 PAYOFF LETTER.

18.    Plaintiff's counsel provided Mr. Osier with a payoff letter dated March

10, 2014. The amount of $69,724.07 was good through April 11, 2014. See exhibit C, letter from

Fein, Such & Crane Workout Dept. to Osier of March 10, 2014 at 1-2.

19.     The March 10 letter includes no explanation of the item categories—

"Recording Fee," "Insurance," "Mortgagor Recoverable Corporate Advance," "Outstanding

Incurred Foreclosure Fees and Costs," "Outstanding Estimated Foreclosure Fees and Costs," are

all separate categories. It is impossible to determine if charges are duplicated: "Insurance"

appears separately from "Escrow Advance"; "Recording Fee" is charged separately from

"Outstanding Incurred Foreclosure Fees and Costs." There is no way to tell if charges are

reasonable or necessary, if charges are based on work actually performed, or anything else. No

accrual dates are provided so it is impossible to know, for example, if attorney fees were charged

for appearing at settlement conferences.

20.     I compiled all payoff amounts and related account information provided by

plaintiff into a chart attached herein as exhibit D, defendant's account comparison chart. This

shows side by side the payoff amounts Mr. Osier received over the phone, the final payoff

amount plaintiff's counsel provided in the May 19 conference in chambers, and the higher

amount provided after that. It also lists all the different item categories used by plaintiff. This

chart clarifies nothing due to the opaque and confusing item categories and the absence of

accrual dates.

<u>THE "QUALIFIED WRITTEN REQUEST" AND RESPONSE.</u>

21.     On April 9, 2014, pursuant to the federal Real Estate Settlement

Procedures Act of 1974 (RESPA) and New York Department of Financial Services banking

regulations, Mr. Osier sent plaintiff a "qualified written request for information" about his

mortgage account. See attached exhibit E, Qualified Written Request/Bona Fide Written Demand

letter from Osier to M&T Mortgage and M&T Bank ("QWR letter").

22.     Mr. Osier asked for (A) the name of the owner of the mortgage; (B) the

payoff amount; (C) documentation of plaintiff's authorization as servicer to commence

foreclosure proceedings and of any limitations on borrower's right to reinstate or payoff the loan

and, in particular, for (D) a "clear, understandable and accurate explanation" of the March 10,

2014 payoff letter. See attached exhibit E, QWR letter.

23.     On May 19, 2014, after I returned to my office from the conference in

chambers earlier that day, Mr. Osier called and told me he had just received the bank's QWR

response.  See attached exhibit F, Qualified Written Request/Bona Fide Written Demand

response from Chavella Bratten, Mortgage Customer Support, Retail Servicing, M&T Bank to

Osier of May 14, 2014 ("Ms. Bratten," "QWR response").

The QWR response included the following (see exhibit F, QWR response):

24.     (2 pp.) <u>Statement for loan # xxxx5535.</u>  This is not Mr. Osier's loan.

25.     (4 pp.) "<u>Customer Account Activity Statement</u>" for loan # xxxxxx0997

titled "Activity For Period 01/01/13-12/31/14."  This shows transactions for Mr. Osier's loan.

This shows "activity" but no balances.  This is the only document that

includes the period October through December 2013 when Mr. Osier began trying to payoff the

loan with $66,000; it does not show the principal, interest, escrow and other account balances.

None of the categories are explained or detailed.  For example, at the

bottom of page 3 there is a category for "escrow advance" and a separate category, "hazard

insurance." Escrow typically covers property taxes and hazard insurance. This insurance charge

is separate from the escrow charges.  Does this escrow account uniquely not include insurance?

does it include all insurance except this single insurance charge? or was this $718 double billed?

"Attorney Advances" totaling $983.50 are charged on February 18 and 20, 2014. Plaintiffs are prohibited from charging attorney fees for attending settlement conferences yet these charges fall midway between the January and March conferences.

"Statutory Expense" items totaling $3,374 are charged on February 18, 2014. What are these?

26.    (1 p.) <u>loan history for loan # xxxxxx1003</u>.  Unredacted account information for Michael and Timothy Gorman, xxxx Sanderson Rd., Erieville NY.  Not Mr. Osier.

27.    (1 p.) <u>loan history for loan # xxxxxx1011</u>.  Unredacted account information for John and Kathleen Roche, xx Wilbert Dr., North Syracuse, NY.  Not Mr. Osier.

28.    (17 pp) <u>loan history for loan # xxxxxx0997</u>.  David and Michelle Osier, 3968 Stetson Circle, Syracuse, NY, for periods ending 12/31/12, 12/30/11, 12/31/10, 12/31/09, 12/31/08, 12/31/07.  No key for the codes used or plain-English explanation is provided.

29.    (11 pp.) <u>mortgage</u> dated June 29, 1993, between Syracuse Securities and Michelle Osier for $227.79.  Not the mortgage in dispute.

30.    (4 pp.) <u>adjustable rate note</u> dated February 27, 1987, between Syracuse Securities and David and Michelle Osier for $94,800.  The owner of the debt is Syracuse Securities.

31.    (2 pp.) <u>M&T "Annual Escrow Account Disclosure Statement"</u> dated December 4, 2012.

32.    In its QWR response plaintiff did not answer Mr. Osier's questions but did create new confusion and compound existing confusion about several issues:

*A. Who Owns The Loan?*

33.     Mr. Osier asked plaintiff to identify the "current owner" of the mortgage loan. See attached exhibit E, QWR letter p. 1 at 1. Ms. Bratten said the "current owner/master servicer of your loan" is the Federal Home Loan Mortgage Corporation ("Freddie Mac") and M&T became the loan servicer on December 15, 1997. See attached exhibit F, QWR response, Bratten letter p. 2. This shows the owner of the debt is Freddie Mac.

34.     On March 27, 2014 and April 14, 2015 I accessed the "Loan Look-Up Tool" on the Freddie Mac website and found Freddie Mac is the owner of the mortgage and note. See attached exhibit G, "Yes," https://ww3. freddiemac.com/ loanlookup/ [accessed Mar. 27, 2014; Apr. 14, 2015]. This shows the owner of the debt is Freddie Mac.

35.     Plaintiff's QWR response includes a copy of a note dated February 27, 1987, between Syracuse Securities and David and Michelle Osier for $94,800. There was no allonge. See attached exhibit F, QWR response, note. This shows the owner of the debt is Syracuse Securities.

36.     In its complaint plaintiff attaches a copy of the original note for $94,800 between Syracuse Securities and David and Michelle Osier dated February 27, 1987 with a purported allonge transferring ownership of the note from Syracuse Securities to M&T Bank on July 3, 2013. M&T Bank complaint, schedule C. This shows the owner of the debt is M&T Bank.

37.     Plaintiff included in its QWR response a mortgage dated June 29, 1993, between Syracuse Securities and Michelle Osier, in the amount of $227.79. See attached exhibit F, QWR response, mortgage.  Plaintiff did not include a mortgage representing a security interest in the $94,800 note included in the same QWR response and also serving as the alleged basis of this action.

38.     The Onondaga County Clerk's office has sixteen recorded and re-recorded

documents related to the Osiers' property – four assignments, four mortgages, two notes, five adjustable rate riders, and one allonge not attached to a note. In its complaint plaintiff included a copy of a 2010 HAMP mortgage modification between the Osiers and M&T, which is not recorded in the clerk's office and was not included in plaintiff's QWR response. M&T Bank complaint, schedule D.

39.     Where does Freddie Mac fit in here?  Is M&T the servicer or the owner? This is not a standing issue – ownership matters because government sponsored entities (GSEs) like Freddie Mac and non-GSEs like M&T, a HAMP participant, have different loss mitigation obligations and programs. Freddie Mac will pay plaintiff $2,675 for attorney fees and $510 for title costs in this case. The HAMP program pays similar "servicer incentives" to foreclosing banks.

### B.  What Is The Payoff Amount?

40.     Plaintiff did not provide a payoff amount but directed Mr. Osier to ask plaintiff's counsel – again.

41.     Ms. Bratten did provide a number that raises the payoff amount considerably: "the principal balance is $179,663.64."

### C.  Is M&T Authorized To Commence Foreclosure Proceedings And Are There Limitations On Borrower's Right To Reinstate Or Payoff?

42.     Ms. Bratten made the conclusory statement that M&T acquired servicing rights on December 15, 2007.  There was no documentation showing the servicing rights include the right to commence a foreclosure, nor was there any documentation showing M&T is the servicer or showing the basis of Ms. Bratten's statement.

43.     Ms. Bratten does not assert the requirement that Mr. Osier submit his request to payoff the loan in writing, as plaintiff's counsel stated in court on March 4, 2014 and

Protection Bureau (CFPB) for plaintiff's failure to respond to Mr. Osier's QWR letter within the

30 day statutory deadline. With none of the requested account or payoff information requested,

Mr. Osier and I were disadvantaged at the May 19 settlement conference.

52.   M&T Bank sent Mr. Osier a letter dated May 28, 2014, saying they were

"unable to respond at this time authorization has not been received to discuss/communicate with

Mary Traynor."

53.   I have submitted eight CFPB complaints on behalf of clients over the last

two years. Never has a bank asked me, or contacted a client directly, for a written authorization.

Clearly the idea here is to respond by not responding.

54.   On July 13, 2014, I mailed Mr. Osier's signed authorization to Chavelle

Bratten. To date plaintiff has not responded to the CFPB complaint.

<u>THE MAY 27, 2014 PAYOFF AMOUNT.</u>

55.   By letter dated May 27, 2014, the payoff amount increased to $71,340.16.

Time to deliver payment was not extended.  See attached exhibit I, letter from Vilkhu to Traynor

of May 27, 2014, with exhibits.

56.   I received the letter by email on May 27, 2014. With June 1 being a

Sunday, payment of this new, higher amount was due the next day, May 28, 2014. Counsel did

not explain why the increased costs, incurred largely for serving the complaint, were omitted

from his "final number" of May 19. Once again, but now regardless of judicial intervention, the

amount had increased and the turn around time from payoff notice to due date was inadequate.

57.   I replied by email dated June 9 noting the payoff amount increased and

asking for breakdowns of amounts and receipts for claimed escrow payments. See attached

exhibit J, email from Traynor to Vilkhu of June 9, 2014.

58.     Counsel replied by letter dated June 23, 2015. He claimed documentation to prove attorneys fees is "privileged information and is not required by statue [sic] or the Court." He refused to provide any information about other amounts claimed as due, including possibly duplicative escrow charges.  See attached exhibit K, letter from Vilkhu to Traynor of June 23, 2014.

59.     I oppose the appointment of a referee to compute the amount due and schedule an auction because Mr. Osier should be permitted to pay off the loan in full and keep his house. Courts may act in equity and toll the payment of interest and other fees and costs in foreclosure actions. The principal due is $46,914. The interest due as of May 23, 2014, is $2,346. See attached exhibit I, letter from Vilkhu to Traynor of May 27, 2014, exhibit A. It is impossible to determine what the 19 other categories of costs claimed as due are. I have repeatedly asked plaintiff's counsel for a detailed explanation and received none.  Plaintiff refused to provide that information in its QWR response and never responded to the CFPB complaint.

60.     Litigating this foreclosure is unnecessary.  If plaintiff had accepted Mr. Osier's offer to payoff the loan in full October 2014, or in December 2014 at a 1.5% "loss" of $1,000, all litigation would have been avoided.  Mr. Osier should not pay any undocumented, unreasonable, unearned and unnecessary fees, costs, advances, however described.

61.     Lenders say they advance payment of taxes and insurance to protect their interests, yet delay settlement of cases beyond reason. This plaintiff as usual sent local counsel with no knowledge and no authority to settle the case to the settlement conferences. Plaintiff made the business decision to ignore CPLR 3408 (c) and sent incompetent counsel to the

conferences. Plaintiff could have, after dealing directly with Mr. Osier and his payoff attempts

for three months, sent a party representative with authority to negotiate or explain the purported

payoff amounts. But plaintiff never personally appeared.

62.     Lenders choose to advance escrow payments. There is no requirement to

do so, and there is no real risk of tax foreclosure absent undue delay. Cases would move

expeditiously if lenders made business decisions that allowed them to comply with, for example,

the HAMP rule that decisions must be delivered to borrowers submitting hardship applications

within 30 days of receipt of a complete application. In fact, lenders benefit from advancing as

much money as possible for taxes and insurance and claiming large amounts of related fees and

costs, because every penny charged to a homeowner's account is recapitalized as interest-bearing

principal that earns money for whoever holds the paper, for decades.

63.     The best way for M&T to protect its interest in Mr. Osier's property would

have been to accept a full payoff in October 2013 and release their interest.


WHEREFORE I respectfully ask this Court to grant the relief requested herein

and all such other relief this Court deems just and proper.


Date:      Syracuse, New York
           May 25, 2015

                         LEGAL SERVICES OF CNY, INC.


                         By:     Mary E. Traynor, Esq.
                         472 S. Salina St., 3rd Fl.
                         Syracuse, NY 13202
                         (315) 703-6549

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA
_____

M&T Bank,                                          Index No. 2013-4798

        *Plaintiff,*

       v.                                        MEMORANDUM OF LAW.

David Osier, et al.,

        *Defendants.*
_____

## PRELIMINARY STATEMENT.

Defendant David Osier by his attorney respectfully submits this memorandum of

law in support of his motion for a declaratory judgment as to the rights and liabilities of the

parties to certain sums claimed as due by plaintiff M&T Bank and plaintiff's counsel Fein, Such

& Crane, LLP; an Order denying plaintiff's motion for summary judgment and appointment of a

referee for, among other things, unconscionable conduct; an Order sanctioning plaintiff and its

counsel for failing its duty to negotiate in good faith and for engaging in frivolous conduct by

permanently barring plaintiff from collecting interest, fees and costs from defendant; an Order

compelling plaintiff to accept Mr. Osier's late answer; an Order staying this action in full or in

part for resolution of *Christopher White and William Suitor v Fein, Such and Crane, LLP*

WDNY Case No. 15-CV-438-C; and/or an award to Mr. Osier of fees, costs and damages.

## STATEMENT OF FACTS.

For a statement of facts please see the affidavit of David Osier sworn on May 22,

2015; the annexed affirmation of Mary E. Traynor dated May 25, 2015; and the attached exhibits

with exhibit list. The facts are summarized below.

Plaintiff commenced this residential foreclosure action on September 10, 2013.

The alleged default date was December 1, 2012, and the unpaid principal balance was $46,

914.29. Mr. Osier contacted the bank and bank attorneys and asked for the amount required to

pay the mortgage debt in full and cure the default. Plaintiff's counsel told Mr. Osier the payoff was $66,000. He obtained $66,000 which was deposited in an attorney escrow account. He missed the payoff deadline due to a delay in the release of funds from escrow. He contacted plaintiff's counsel for another payoff amount which was slightly higher. Plaintiff's counsel demanded full payment of all amounts due on the mortgage including all fees and costs which they refused to substantiate or identify with particularity. Settlement conferences were held January 21 and March 4, 2015. Defendant offered $66,670 but plaintiff's counsel declined. Plaintiff's counsel did not have settlement authority or the payoff amount and told defendant that the bank's counsel would tell him, the appearing attorney, to tell defendant to submit his payoff request to them in writing.

Mr. Osier retained counsel and scheduled a conference in chambers on May 19, 2015, with the trial judge for the purpose of negotiating a settlement of fees and costs. Mr. Osier requested a breakdown of fees and costs from plaintiff by means of a qualified written request/bona fide written demand (QWR/BWD). Mr. Osier filed a complaint with the federal Consumer Financial Protection Bureau (CFPB) and requested an explanation of charges contained in a payoff letter prepared by plaintiff's counsel.

In chambers on May 19 counsel for the parties with the guidance of the trial judge negotiated a final payoff amount of $70,676 good through June 1. Plaintiff provided no documentation of any items, including any fees and costs, comprising the payoff amount. Nevertheless Mr. Osier agreed to pay. But by letter dated May 27 plaintiff's counsel demanded more money. The new amount included a large "service" charge which was incurred at the outset and should have been included in all prior payoff amounts. On June 9 Mr. Osier's attorney requested documentation of fees and costs, including attorney fees. Plaintiff's counsel refused to

provide any information and described attorney fee information as "privileged." Plaintiff never

responded to the CFPB complaint and did not provide the information requested in the

QWR/BWD.

      To date, plaintiff and its counsel have failed to justify its demand for fees and

costs above the unpaid principal balance and interest due on the mortgage.  It is solely this

demand for unexplained fees and costs that is preventing defendant from curing his default by

payoff of the mortgage debt.

<u>ARGUMENT.</u>

I.      THIS COURT SHOULD ISSUE A DECLARATORY JUDGMENT THAT
      DEFENDANT IS NOT LIABLE TO PLAINTIFF FOR PAYMENT OF IMPROPER,
      UNEXPLAINED, UNSUBSTANTIATED AND UNAUTHORIZED FEES AND
      COSTS.

      CPLR§§ 3001 and 3017 (b) authorize a court to render judgment on the rights and

liabilities of parties to an actual dispute, whether further relief could be claimed or is available.

CPLR  § 3017 (a) authorizes the court to grant any relief appropriate to the proof, whether

demanded or not. *Cagnina v Onondaga County et al.,* 2010 NY Misc LEXIS 5280 [Sup Ct,

Onondaga County, 2010, Cherundolo, J.] *mod* 90 AD3d 1626 [2011] (extensive discussion of

standard of review for declaratory judgment actions).

      Mr. Osier is actually not liable to anyone, including plaintiff, for payment of charges that

are improper, unauthorized, and excessive. Mr. Osier is not asking this court to rewrite the terms

of a contract or force plaintiff to, for example, lower an interest rate or monthly payment or grant

a loan modification. Courts may, if necessary, determine the correct amount due to reinstate a

mortgage. *Greenpoint Bank v Reynold J. Caraballo,* 2002 NY Misc LEXIS 2044 [Sup Ct NY

County 2002]. It is clear plaintiff will not disclose the basis for any fees and costs added to Mr.

Osier's account and is proceeding as if it were entitled to collect such costs and fees absent any

justification. It is entirely appropriate for this Court to clarity defendant's liability for

unsubstantiated, unexplained sums claimed as due.

Declaratory judgment is not proper where the judgment will result in piecemeal

determination of the dispute. *City of Rochester v Vanderlinde Electric Corporation et al,* 56

AD2d 184 [4th Dept 1977]. Plaintiff's demand for payment of mystery fees and costs is keeping

this litigation going. A declaratory judgment stating Mr. Osier is not liable for any improper,

unauthorized, excessive, undocumented and unexplained sums and/or a judgment stating plaintiff

must provide satisfactory documentation for all charges to Mr. Osier's account, will remove the

only bar to the fair resolution of this action.

II.   PLAINTIFF SHOULD BE SANCTIONED FOR FAILING ITS DUTY TO NEGOTIATE
      IN GOOD FAITH AND FOR ENGAGING IN FRIVOLOUS LITIGATION IN
      REFUSING TO SUBSTANTIATE THE FEES AND COSTS IT CLAIMS AS DUE.

The New York Rules of Professional Conduct prohibit frivlous conduct by

counsel. 22 NYCRR ¶ 130-1.1 (c). Frivolous conduct is determined by looking at the "broad

pattern of conduct by the offending attorney or parties." *JP Morgan Chase v Frederick Butler,*

2013 NY Misc LEXIS 2761; 975 NYS2d 366 at 30-31 (Sup Ct Kings County 2013) (citing *Levy*

*v Carol Management Corp.,* 260 AD 27 [1st Dep't 1999]). The intent of the Part 130 rule "is to

prevent the waste of judicial resources and to deter vexatious litigation and dilatory or malicious

litigation tactics." *JP Morgan Chase v Frederick Butler,* 2013 NY Misc LEXIS 2761 at 31

(citing *Kernisan, M.D. v Taylor,* 171 AD2d 869 [2nd Dept 1991]).

CPLR § 3408 (f) and 22 NYCRR 202.12-a (c) (4) obligate parties to negotiate in

good faith in the foreclosure settlement conference. Lack of good faith in CPLR § 3408

settlement conferences is determined from the conduct of the mortgagee plaintiff. *JP Morgan*

*Chase NA v Butler,* 2013 NY Misc LEXIS 2761 at 24 (Sup Ct, Kings County 7/5/13) The onus is on the lender to satisfy the requisites of equity and come to [] court with clean hands. *Butler* at 20 (citing *Junkersfeld v Bank of Manhattan Co.,* 250 AD 646 (1st Dept 1937)).

The conference was established "for the purpose of holding settlement discussions pertaining to the relative rights and obligations of the parties under the mortgage loan documents, including but not limited to determining whether the parties can reach a mutually agreeable resolution to help the defendant avoid losing his or her home . . . or other workout options, and for whatever other purpose the court deems appropriate." CPLR § 3408 (a).

Subsection (f), effective February 13, 2010, added the "good faith" requirement: "Both the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution." The good faith requirement was added in order to "ensure that both plaintiff and defendant are prepared to participate in a meaningful effort at the settlement conference to reach resolution." Governor's Program Bill No. 46 RR, Memorandum, at 6 (2009). New York's banking department requires mortgage loan servicers to "make reasonable and good faith efforts . . . to engage in appropriate loss mitigation options, including loan modifications, to avoid foreclosure." 3 NYCRR § 419.11 (a). The Uniform Rules for Trial Courts state that the "court shall ensure that each party fulfills its obligation to negotiate in good faith." 22 NYCRR § 202.12-a (4).

Because the express objective of CPLR § 3408 is to promote loan modifications, most settlement conferences focus on defendant-borrower's efforts to obtain a loan modification under the federal Home Affordable Modification Program (HAMP). However, CPLR § 3408 includes "other workout options," so non-retention options of sale of the subject property, transfers of the deed to the lender in lieu of foreclosure, as well as reinstatement and payoff, are

properly negotiated in the settlement conference.

The good faith requirement is in harmony with the traditional equitable powers of New York courts overseeing foreclosure actions.  In New York foreclosure is an equitable remedy, and courts possess considerable discretion to balance the equities and fashion appropriate relief based on case-specific circumstances.  See, e.g. *Mtg. Elec. Registration Sys., Inc. v Horkan,* 68 AD3d 948, 948 (2nd Dept 2009) ("Once equity is invoked, the court's power is as broad as equity and justice require") (quoting *Norstar Bank v Morabito,* 201 AD2d 545, 546 (2nd Dept 1994).  Under common law, the equitable obligation for mortgagees to pursue alternatives to foreclosure in good faith pre-date CPLR § 3408.  See *Federal Natl. Mtge. Assn. v Ricks,* 83 Misc2d 814, 823 (Sup Ct, Kings County 1975) ("Courts do not favor oppressive acts on the part of mortgagees, even though claimed to be founded on strict legal rights"); *Aames Funding Corp. v Dudley,* 25 Misc3d 1234 (A) at 1, 2009 NY Slip Op 52410 (U) (Sup Ct, Kings County 2009) ("foreclosure courts need not woodenly perpetuate the national tragedy surrounding quick foreclosures . . . but rather should apply a cardinal principle of equity jurisprudence that he who seeks equity must do equity") (internal quotations omitted).

> A.    Plaintiff's Overreaching And Oppressive Conduct Evidences A Lack Of Good Faith.

Conduct before the settlement conference begins may be considered because it "is relevant to the overall context of the parties' relationship and the negotiations between them." *Wells Fargo Bank NA v Meyers,* 108 AD3d 9, 14 (2nd Dept 5/1/13).  Good faith "encompasses, among other things, an honest belief, the absence of malice and the absence of a design to defraud or to seek an unconscionable advantage." *Doyle v Gordon,* 158 NYS2d 248 at 250 (Sup Ct, NY Sp Term 12/10/54). It fundamentally "refers to not taking opportunistic advantage of [the

borrower's] weaker bargaining position." *US Bank NA v Shinaba*, (Sup Ct, Bronx County 7/31/13).

Mr. Osier started trying to payoff the loan before the settlement conference. His efforts continued through the conference as a pro se litigant, without success. His efforts continued after he retained counsel and engaged the court in chambers, again without success. The problem is not Mr. Osier's lack of money or unwillingness to pay fees and costs. The problem is plaintiff's refusal to show any entitlement to the money it demands over and above the principal and interest due on the mortgage.

Mr. Osier and his attorney believed settlement was reached in chambers on May 19, 2014. Plaintiff's counsel provided an unsubstantiated final payoff number which Mr. Osier agreed to pay in order to end this ordeal. Then plaintiff's counsel reneged – before the 'in chambers' final amount was due, plaintiff's counsel demanded a higher amount.

Plaintiff appeared at settlement conferences by local counsel uninformed about the case and without authorization to accept a settlement offer. Plaintiff's counsel told Mr. Osier he would have to submit his payoff 'request' by letter to Fein, Such & Crane. New York's Department of Financial Services regulations applicable to mortgage services require services to provide "clear, understandable and accurate" payoff balances within five days of the borrower's request. 3 NYCRR 419.9. There is no written demand requirement. This is in addition to the requirement that servicers provide a payoff amount in response to a bona fide written demand sent under RPL 274-a.

Attorney fees may be awarded "to the extent that the amount is reasonable and warranted for the services actually performed. *SO/Bluestar, LLC v Canarsie Hotel Corp.,* 33 AD3d 986 at 987 [2nd Dept 2006]. A hearing is not required in all circumstances, but "the court

must possess sufficient information upon which to make an informed assessment of the

reasonable value of the legal services rendered. . . . there must be a sufficient affidavit of

services, detailing 'the hour reasonably expended . . . and the prevailing hourly rate for similar

legal work in the community." *SO/Bluestar* at 988.  Here, where plaintiff claims such

information is privileged and "not required by statue (sic) or the Court" an award of zero is

appropriate.  See attached exhibit K, Letter from Vilkhu to Traynor of June 23, 2014.

Sanctions for failure to negotiate in good faith include a permanent bar on the

collection of interest, legal fees and expenses; imposition of exemplary damages; staying the

proceedings; dismissing the action.  *Wells Fargo Bank NA v Paul Meyers,* 108 AD3d 9 at 20-21

[2nd Dept 2013].  22 NYCRR 130-1.1 allows courts to impose cost and sanctions which are

"retributive in that they punish past conduct. They also are goal oriented, in that they are useful

in deterring future frivolous conduct not only by the particular parties, but by the Bar at large. *JP*

*Morgan Chase Bank v Frederick Butler,* 2013 NY Misc LEXIS 2761 at 31 [Sup Ct Kings County

2013].

III.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED
       BECAUSE PLAINTIFF'S CONDUCT IS OPPRESSIVE AND UNCONSCIONABLE.

It would be unfair to grant summary judgment and take Mr. Osier's house for

nonpayment of monies which plaintiff refuses to disclose.  Summary judgment in this instance

would be "an unconscionable penalty and equitable principles come into play." *Daniel J. Suits v*

*Paul G. H. Suits,* 266 AD2d 813 [4th Dept 1999].  Plaintiff's conduct in stymying attempts to

payoff the debt provides Mr. Osier with a "bona fide defense to the action . . . bad faith . . . or

oppressive or unconscionable conduct on the part of the plaintiff. *Ekelman Group, LLC v W.*

*Dean Stuart,* 108 AD3d 1098 [4th Dept 2013].  See also *Victor Di Matteo v North Tonowanda*

*Auto Wash Inc.,* 101 AD2d 692 [4th Dept 1984] ("Unconscionability on the part of the mortgagee

. . . has long been recognized as a defense to enforcement of an acceleration provision.");

*European American Bank v Olga Harper,* 163 AD2d 458 [2nd Dept 1990] ("The equitable

remedy of foreclosure may be denied in order to prevent unconscionable overreaching by a

mortgagee.")

           In addition, the complaint is not verified and cannot be used as an affidavit of

fact. There is no basis for the statement of the unpaid principal balance, the interest rate or the

default date in plaintiff's schedule E of its complaint. Copies of the notes and adjustable note

rider attached to the complaint, which form the basis of this action, are not signed by the

mortgagors. In its instant motion papers, the mandatory form plaintiff filed with the New York

State Banking Department erroneously states the loan is a fixed rate loan when in fact the HAMP

modification is adjustable rate. The affirmation of plaintiff's counsel Miranda Sharlette dated

January 13, 2015 states the mortgage in default, the HAMP modification, is not recorded but

does not explain why other than citing unspecified requirements of the Onondaga County clerk

and defects in the modification document. In a plaintiff party affidavit filed in support of

plaintiff's motion, Desiree Kupiec, "Banking Officer" for M&T, makes the conclusory statement

that the RPAPL ¶ 1304 90-day notice was served, but sets forth no basis for her first hand

knowledge and is silent regarding plaintiff's mailing procedures for this notice. I reviewed the

clerk's file on May 22, 2015, and found no affidavit of service of the 90-day notice. Kupiec

affidavit sworn May 2, 2014, ¶ 6. Ms. Kupiec also states plaintiff is the servicer of the loan and

holder of the note, but she does not identify the owner of note and is silent regarding the owner

and holder of subject mortgage.   Kupiec affidavit sworn May 2, 2014, ¶ 4. There is no affidavit

in plaintiff's papers stating the identity of the owner or the holder of the mortgage at the

commencement of the action.

IV.     PLAINTIFF MUST BE COMPELLED TO ACCEPT DEFENDANT'S LATE ANSWER.

Mr. Osier responded to service of the complaint as fully as he knew how – by taking steps, including securing the necessary funds, to pay off the loan in full. He also appeared informally at the settlement conferences. *Wells Fargo Bank NA v Sonia Forde-White,* 38 Misc3d 1209 (A) [Sup Ct Kings County 2013]. Mr. Osier's default in responding in writing is excusable because he responded in a way that would have fully and substantively resolved his default well before the first settlement conference.

Mr. Osier has several meritorious defenses: plaintiff failed to serve the RPAPL § 1304  90-day notice which is a condition precedent to the commencement of a foreclosure action. *Bank of NY Mellon v Wilson,* 7008/12, NYLJ 1202723952895 at 1 [Sup Ct Queens County 2015]. Mr. Osier's other meritorious defenses include plaintiff's untimely filing of the RJI and consequent delay of the settlement conference; plaintiff's refusal to provide accurate and timely account information, adding excessive, unauthorized and unreasonable charges to the account; plaintiff's failure to service the mortgage account with reasonable skill, care and diligence, all in violation of New York General Business Law ¶ 349, the Fair Debt Collection Practices Act (15 USC ¶ 1692 et seq), and New York Department of Financial Services regulations (3 NYCRR 419.2 et seq); plaintiff's failure in its duty to negotiate in good faith under CPLR § 3408 (f) and 22 NYCRR 202.12-a (c) (4); and plaintiff's failure to respond to Mr. Osier's qualified written request/bona fide written demand for account information submitted under 12 USC 2605 (e) and RPL ¶ 274-a (2). See *Citimortgage v Kathleen Patello,* 2012 NY Misc LEXIS 1752 [Sup Ct Onondaga County 2012, Greenwood, J.].

V.   THIS ACTION SHOULD BE STAYED PENDING THE RESOLUTION OF A
     PENDING SIMILAR CASE.

CPLR § 2201 permits a court to stay an action upon such terms as may be just.

*Greenpoint Mortgage Funding Inc. v Commonwealth Title Insurance Company,* 14 Misc3d 1227

(A) [Sup Ct Nassau County 2007]. The class action case filed in federal court last week,

*Christopher White and William Suitor v Fein, Such and Crane LLP,* US Dist Ct, WD NY, Case

No. 15-CV-438-C, Complaint dated May 15, 2015 with exhibits A-F, attached here as exhibit M

(hereinafter *White and Suitor v FS&C),* seeks sanctions against plaintiff's counsel for its conduct

in charging excessive and undisclosed attorney fees. Mr. Osier has the same complaint against

the same defendant law firm and is a prospective class member. Resolution of *White and Suitor*

could have a significant impact on the resolution of this action.

This Court should take judicial notice of the *White and Suitor* complaint because it is a

public record. *New York v Alnutt,* 107 AD3d 1139 [3rd Dept 2013].

## CONCLUSION.

For the reasons stated above, defendant respectfully request that the Court issue the relief

requested and all other and further relief this Court deems just and proper.


Date:  Syracuse, New York
       May 25, 2015


                          LEGAL SERVICES OF CNY, INC.


                          By:    Mary E. Traynor, Esq.
                          472 S. Salina St., 3rd Fl.
                          Syracuse, NY 13202
                          (315) 703-6549

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

M&T Bank,
              *Plaintiff,*

      *v.*

David Osier, et al.,
              *Defendants.*

Index No. 2013-4798

EXHIBITS IN SUPPORT OF
DEFENDANT'S CROSS MOTION
AND OPPOSITION TO
PLAINTIFF'S MOTION.

### EXHIBIT LIST

A.    Transcript of *M & T Bank v David Osier,* Onondaga County Supreme Court Index No. 13-4798, January 21, 2014 Settlement Conference ("January 21, 2014 tr").

B.    Transcript of *M & T Bank v David Osier,* Onondaga County Supreme Court Index No. 13-4798, March 4, 2014 Settlement Conference ("March 4, 2014 tr").

C.    Letter from Fein, Such & Crane Workout Dept. to Osier of March 10, 2014.

D.    Defendant's account comparison chart.

E.    Qualified Written Request/Bona Fide Written Demand letter from Osier to M&T Mortgage and M&T Bank ("QWR letter").

F.    Qualified Written Request/Bona Fide Written Demand response from Chavella Bratten, Mortgage Customer Support, Retail Servicing, M&T Bank to Osier of May 14, 2014 ("QWR response").

G.    "Yes," https://ww3. freddiemac.com/ loanlookup/ [accessed Mar. 27, 2014, Apr. 14, 2015].

H.    M&T mortgage statement, account no. xxxxx0997, statement date April 16, 2014 ("April 16, 2014 statement).

I.    Letter from Vilkhu to Traynor of May 27, 2014.

J.    Email from Traynor to Vilkhu of June 9, 2014.

K.    Letter from Vilkhu to Traynor of June 23, 2014.

L.    Proposed Answer of David Osier verified May 22, 2015

M.    *Christopher White and William Suitor v Fein, Such and Crane LLP,* US Dist Ct, WD NY, Case No. 15-CV-438-C, Complaint dated May 15, 2015 with exhibits A-F.

# Defendant's Cross-Motion and Opposition
## EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA                FORECLOSURE CONFERENCE PART

```
M & T BANK,                       )
                                  )
            Plaintiff,            )  INDEX NO. 13-4798
       v.                         )
                                  )  RJI NO.33-13-4343
DAVID OSIER,                      )
                                  )
            Defendant.            )  APPEARANCE
                                  )
_____)
```

Onondaga County Courthouse
401 Montgomery Street
Syracuse, New York 13202

DATE:   JANUARY 21, 2014


BEFORE:        HONORABLE PETER N. WELLS
               Judicial Hearing Officer


APPEARANCES:
         For the Plaintiff:  MARK K. BROYLES, ESQ.
                             PATRICK J. HABER, ESQ.,
                                Of Counsel


         For the Defendant:  DAVID OSIER, PRO SE




                              Transcribed By:
                              Lois A. Sadowski

M & T BANK V. OSIER                                                    2

1            COURT CLERK:  M and T Bank versus David Osier.

2            MR. HABER:  Patrick Haber on behalf of M and T

3     Bank.

4            MR. OSIER:  How you doing?

5            MR. HABER:  Good, how are you?

6            MR. OSIER:  David Osier.

7            MR. HABER:  See what you can do to move up the

8     list next time.  She takes flowers or cookies or

9     anything.

10           THE COURT:  Or a bottle of –

11           MR. HABER:  Oh.

12           THE COURT:  – perfume, perfume.

13           MR. HABER:  Have you received a packet yet?

14           MR. OSIER:  Yeah, I'm – I have the money to

15     pay off the mortgage.

16           MR. HABER:  Okay.

17           MR. OSIER:  But I came here because every time

18     you send me a final figure by the time I get it, it's

19     almost past, do you know what I mean?

20           MR. HABER:  Yep.

21           MR. OSIER:  The date, so I don't know the

22     current figure so I need –

23           MR. HABER:  So you want one thirty days out.

24           MR. OSIER:  I need at least thirty days and a

25     current figure so that I can pay this off.

1          MR. HABER:   Sounds reasonable.

2          MR. OSIER:   Yeah, I've had the money since

3    October, this is how long it's been going on.

4          MR. HABER:   Well let me see if I - here's a

5    payoff figure through January 30th.

6          MR. OSIER:   Okay that I don't have.   Right,

7    that's what I need.

8          MR. HABER:   Okay.

9          MR. OSIER:   Yeah.

10          MR. HABER:   Are you going to need another one?

11    That's only -

12          MR. OSIER:   Today's what?   Yeah.

13          MR. HABER:   Twenty-first.

14          MR. OSIER:   Yeah I mean just to be safe so we

15    don't have to - I don't have to call and by the time

16    they get it to you, it's usually been a couple of weeks

17    before I get it, if I could have one for the middle of

18    February then there'd be no problem at all.

19          MR. HABER:   I will try to do that.

20          MR. OSIER:   And if they could - yeah, if

21    they're going to send it by mail, this is the correct

22    address.

23          MR. HABER:   Okay.

24          MR. OSIER:   Sometimes they email it and then I

25    have to - whatever, hopefully I can make the payment by

M & T BANK V. OSIER                                          4

1      this date.

2                    MR. HABER:  Judge you want to put it on for

3         like –

4                    THE COURT:  March 4th.

5                    MR. HABER:  3/4 okay.

6                    MR. OSIER:  Thank you.

7                    MR. HABER:  Yes, thank you.

8

9

10              C E R T I F I C A T I O N

11         I, Lois A. Sadowski, certify that the foregoing

12   transcript of proceedings in the Supreme Court of Onondaga

13   County, M & T Bank v. David Osier, Index No. 13-4798, was

14   prepared using the required electronic transcription

15   equipment and is a true and accurate record of the

16   proceedings.

17

18

19   Signature:  _Lois A Sadowski_

20

21

22   Address:   194 Bronson Road

23              Syracuse, New York 13219

24

25   Dated:   June 11, 2014

# Defendant's Cross-Motion and Opposition
## EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA             FORECLOSURE CONFERENCE PART

```
_____
M & T BANK,                     )
                                )
            Plaintiff,          )  INDEX NO. 13-4798
                                )
      v.                        )  RJI NO.33-13-4343
                                )
DAVID OSIER,                    )
                                )
            Defendant.          )  APPEARANCE
                                )
_____)
```

                              Onondaga County Courthouse
                              401 Montgomery Street
                              Syracuse, New York 13202

                              DATE:  MARCH 4, 2014


BEFORE:        HONORABLE PETER N. WELLS
               Judicial Hearing Officer



APPEARANCES:
        For the Plaintiff:  MARK K. BROYLES, ESQ.
                            PATRICK J. HABER, ESQ.,
                                of Counsel


        For the Defendant:  DAVID OSIER, PRO SE



                              Transcribed By:
                              Lois A. Sadowski

M & T BANK V. OSIER                                                    2

1              COURT CLERK:   M and T Bank versus David Osier.

2              MR. HABER:   Patrick Haber on behalf of M and T

3    Bank.

4              MR. OSIER:   Good morning, Dave Osier.

5              MR. HABER:   How are you?

6              MR. OSIER:   Good.   Good morning your Honor.

7    The last time we were here I had money but I needed a

8    new payout figure given to me because it had changed.

9    By the time I get it and this has happened the last

10   couple of times, I've had $66,670.00 with Jeff Drimmer,

11   an attorney in Syracuse ready to pay but every - the fee

12   did go up because we missed our first deadline because I

13   was putting it together but I don't - it says it - the

14   last one was mailed on the 12th of February to me.   I

15   was here on the 21st and you said you know you'd get one

16   right out to me so it was a couple weeks before it got

17   out and then I didn't get it and then I had eight days

18   to try to get the little extra money that's needed.

19   Here's what I'm asking, either give me a month out and

20   give me that figure ASAP or would the bank settle for

21   $66,670.00.   I have that, I would like to be done with

22   this.   I've had it since November but nobody will talk

23   to me at the bank or the attorneys because it's - we

24   can't make that decision, they can't make the decision

25   so that's - I'm glad I'm here in a settlement court to

M & T BANK V. OSIER                                    3

1       offer $66,670.39.

2                 THE COURT:  How about it Mr. Haber?

3                 MR. HABER:  Judge, I can relay that

4       information, what they're going to tell me is that he

5       should put that in writing and submit it.  What I will

6       do is get a current payoff letter sent to him and extend

7       it out sixty days and that should give you sufficient

8       amount of time.

9                 MR. OSIER:  Yeah, sometimes – when they email

10      me that figure, I get it quick.

11                MR. HABER:  Okay.

12                MR. OSIER:  When it's mailed, it's three

13      weeks.

14                MR. HABER:  What's your email address?

15                MR. OSIER:  D Mastercare, one word.

16                MR. HABER:  D Mastercare.

17                MR. OSIER:  One word.

18                MR. HABER:  Yeah.

19                MR. OSIER:  At aol dot com.  Then I can email

20      it on to the proper people that we can get the rest of

21      this here.  But I would again put that offer to the

22      table that I've had 66,000 since November.

23                THE COURT:  May 20th.

24                MR. OSIER:  Thank you your Honor.

25                MR. HABER:  Thank you sir.

M & T BANK V. OSIER                                          4

1               MR. OSIER:  Thanks.

2

3

4

5

6               C E R T I F I C A T I O N

7          I, Lois A. Sadowski, certify that the foregoing

8    transcript of proceedings in the Supreme Court of Onondaga

9    County, M & T Bank v. David Osier, Index No. 13-4798, was

10   prepared using the required electronic transcription

11   equipment and is a true and accurate record of the

12   proceedings.

13

14

15   Signature: *Lois A Sadowski*

16

17

18   Address:   194 Bronson Road
                Syracuse, New York 13219
19

20

21   Dated:   June 11, 2014

22

23

24

25

# Defendant's Cross-Motion and Opposition

## EXHIBIT C

# FEIN, SUCH & CRANE, LLP

## Attorneys At Law

**Northern New York Partner**
**Relin, Goldstein & Crane, LLP**
**28 E. Main Street, Suite 1800**
**Rochester, New York 14614**
**585-232-7400 Fax 585-756-5202**
**Service By Facsimile Not Accepted**

March 10, 2014

David Osier
Michele Osier
216 Ludden Parkway
Syracuse, New York 13219
Via Email: ▓▓▓▓▓▓▓▓▓▓

      RE: Osier, David & Michele
      Property Address: 3968 Stetson Circle, Onondaga, New York 13215
      Loan Servicer: M&T Bank
      Loan Number: ▓▓▓0997

Dear Sir or Madam:

      Pursuant to your request, I am enclosing the payoff figures with regard to the above-entitled mortgage. Due to the fact that this matter was forwarded to our office for foreclosure proceedings, there have been additional charges incurred. Accordingly, the total amount due to payoff the above-referenced mortgage is as follows:

          Payoff figures estimated good through April 11, 2014:

| | |
|---|---:|
| Principal Balance | $46,914.29 |
| Interest | 2,215.03 |
| Escrow Advance | 14,365.23 |
| Accumulated Late Charges | 85.79 |
| Forecasted Late Charges | 3.73 |
| Property Inspections | 266.00 |
| Pending Property Inspection | 14.00 |
| Recording Fee | 51.00 |
| Insurance | 718.00 |
| Mortgagor Recoverable Corporate Advance | 4,531.00 |
| Outstanding Incurred Foreclosure Fees and Costs | 0.00 |
| Outstanding Estimated Foreclosure Fees and Costs | 560.00 |
| Total Amount Due | $69,724.07 |

This figure is an estimate good until April 11, 2014. Please make sure to use a cashier's check made payable to M&T Bank, and forward to our office.  Upon confirmation that the amount is sufficient to payoff the loan and bring the account current with our client, we will cancel the foreclosure action and our Lis Pendens.

**Federal Law requires us to notify you that we are acting as a debt collector, in an attempt to collect a debt. All information will be used for that purpose.**

**If you are currently in a bankruptcy or have received a discharge in bankruptcy as to this obligation, this communication is intended for informational purposes only and is not an attempt to collect a debt in violation of the automatic stay or the discharge injunction.**

**Please be advised that this and any further communication will not stay the proceeding of this action unless notified in writing by lender or its counsel, or unless stayed by operation of law.**

If you have any further questions, feel free to contact this office.

Very truly yours,
Fein, Such & Crane, LLP
Workout Department

# Defendant's Cross-Motion and Opposition
## EXHIBIT D

| | Par. 4 | Par. 5 | Par. 6 | Par. 7 |
|---|---|---|---|---|
| | Oct. 2013 | Nov. 2013 | Dec. 2013 | Jan. 2014 |

| Description | EXHIBIT H M&T Mortgage Statemt. 4/16/2014 | | | Conference in Chambers DO Affv. Par. 28; MT Affm. Par. _ 5/19/2014 |
|---|---|---|---|---|
| Payoff Amount | | | | $70,677 |
| Principal Balance | $46,914 | | | |
| Interest | | | | |
| Past Due Amount | $22,923 | | | |
| Escrow Advance/Escrow Balance | $14,365 | | | |
| Accumulated Late Charges | $93 | | | |
| Forecasted Late Charges | | | | |
| Property Preservation/Property Inspections | | | | |
| Pending Property Inspections | | | | |
| Recording Fee | | | | |
| Insurance | | | | |
| Mortgagor Recoverable Corporate Advance | $4,811 | | | |
| Outstanding Incurred Foreclosure Fees and Costs | | | | |
| Outstanding Estimated Foreclosure Fees and Costs | | | | |
| Outstanding Estimated Attorney Foreclosure Fees | | | | |
| Outstanding Estimated Attorney Foreclosure Costs | | | | |
| Attorney Advance | | | | |
| Paid Attorney Foreclosure Fees | | | | |
| Paid Attorney Foreclosure Costs | | | | |
| Statutory Expense | | | | |
| Corporate Advance Adjustment | | | | |
| Hazard Insurance | | | | |

# Defendant's Cross-Motion and Opposition
# EXHIBIT E



# LEGAL SERVICES
### OF CENTRAL NEW YORK

*Making Justice Accessible*

To:        M&T Mortgage
             M&T Bank
             P.O. Box 1288
             Buffalo, NY 14240

From:     David Osier
             216 Ludden Parkway
             Syracuse, NY 13219

Property Address:   3968 Stetson Circle, Syracuse, NY 13215
                     Loan Number:       █████0997

## QUALIFIED WRITTEN REQUEST/
## BONA FIDE WRITTEN DEMAND

To whom it may concern:

     This is a qualified written request pursuant to Section 6 of the Real Estate Settlement Procedures Act (RESPA) 12 USC § 2605(e), and is a bona fide written demand made pursuant to NYS RPL § 274-a (2) (b)(iii).  NYS Banking Law Article 12-D, eff. Oct. 1, 2010, codified at NYS Banking Department Regulation Part 419 et seq, also requires that you provide the requested information.

     I own the property at the address listed above, and you service my mortgage.

     1.     Within ten days of receipt of this written request provide the name, address, phone number and any other contact information for the present owner of the mortgage loan ██████0997;

     2.     If the mortgage is held in trust, provide the name and number of the trust agreement;

     3.     Provide a clear, understandable and accurate statement of the total amount that is required to pay off the mortgage loan;

     4.     Provide copies of any documents (i.e. pooling and servicing agreements; GSE contracts) authorizing M&T as servicer to commence foreclosure proceedings and describing limitations, if any, on loss mitigation options, including limitations on the borrower's right to reinstate the mortgage and/or to pay the loan in full.

     5.     Provide a clear, understandable and accurate explanation of the following items

*A member of the* 

**LEGAL SERVICES OF CENTRAL NEW YORK**

472 South Salina St • Suite 300 • Syracuse, New York 13202 • PH: (315) 703-6500 • Toll Free: (866) 475-9967 • TTY: (866) 475-3120

FX: (315) 475-2706 (NOT FOR SERVICE OF PROCESS) • lscny.org

claimed as due on this mortgage loan as of April 11, 2014, as such items are set forth in the letter to me dated March 10, 2014, from Fein, Such & Crane, LLP counsel for M&T in the pending residential foreclosure action M&T Bank v David Osier et al, Onondaga County Supreme Court Index No. 2013/4798 (copy attached):

| | |
|---|---|
| Principal Balance | $46,914.29 |
| Interest | $2,215.03 |
| Escrow Advance | $14,365.23 |
| Accumulated Late Charges | $85.79 |
| Forecasted Late Charges | $3.73 |
| Property Inspections | $266.00 |
| Pending Property Inspections | $14.00 |
| Recording Fee | $51.00 |
| Insurance | $718.00 |
| Mortgagor Recoverable Corporate Advance | $4,531.00 |
| Outstanding Incurred Foreclosure Fees and Costs | $0.00 |
| Outstanding Estimated Foreclosure Fees and Costs | $560.00 |

**For each item identify the payee; the date payment was made; the date the expense was incurred; the period of time covered; and any other identifying information.**

Thank you for your prompt attention to this matter.

Signature: _David Osier_

_David Osier_

Date: _4-9-14_

# FEIN, SUCH & CRANE, LLP
## Attorneys At Law

**Northern New York Partner**
**Relin, Goldstein & Crane, LLP**
**28 E. Main Street, Suite 1800**
**Rochester, New York 14614**
**585-232-7400 Fax 585-756-5202**
**Service By Facsimile Not Accepted**

March 10, 2014

David Osier
Michele Osier
216 Ludden Parkway
Syracuse, New York 13219
Via Email: ▮▮▮▮▮▮▮@▮▮▮▮▮▮

      RE: Osier, David & Michele
      Property Address: 3968 Stetson Circle, Onondaga, New York 13215
      Loan Servicer: M&T Bank
      Loan Number: ▮▮▮▮0997

Dear Sir or Madam:

      Pursuant to your request, I am enclosing the payoff figures with regard to the above-entitled mortgage. Due to the fact that this matter was forwarded to our office for foreclosure proceedings, there have been additional charges incurred. Accordingly, the total amount due to payoff the above-referenced mortgage is as follows:

Payoff figures estimated good through April 11, 2014:

| | |
|---|---:|
| Principal Balance | $46,914.29 |
| Interest | 2,215.03 |
| Escrow Advance | 14,365.23 |
| Accumulated Late Charges | 85.79 |
| Forecasted Late Charges | 3.73 |
| Property Inspections | 266.00 |
| Pending Property Inspection | 14.00 |
| Recording Fee | 51.00 |
| Insurance | 718.00 |
| Mortgagor Recoverable Corporate Advance | 4,531.00 |
| Outstanding Incurred Foreclosure Fees and Costs | 0.00 |
| Outstanding Estimated Foreclosure Fees and Costs | 560.00 |
| | |
| Total Amount Due | $69,724.07 |

This figure is an estimate good until April 11, 2014. Please make sure to use a cashier's check made payable to M&T Bank, and forward to our office.  Upon confirmation that the amount is sufficient to payoff the loan and bring the account current with our client, we will cancel the foreclosure action and our Lis Pendens.

**Federal Law requires us to notify you that we are acting as a debt collector, in an attempt to collect a debt. All information will be used for that purpose.**
**If you are currently in a bankruptcy or have received a discharge in bankruptcy as to this obligation, this communication is intended for informational purposes only and is not an attempt to collect a debt in violation of the automatic stay or the discharge injunction.**
**Please be advised that this and any further communication will not stay the proceeding of this action unless notified in writing by lender or its counsel, or unless stayed by operation of law.**

If you have any further questions, feel free to contact this office.

Very truly yours,
Fein, Such & Crane, LLP
Workout Department

RE: David Osier

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

M+T mortgage
m+t Bank
Attn: QWR Requests
for Information
PO BOX 1288
Buffalo, NY 14240

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )     C. Date of Delivery
                        APR 14 2014

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☒ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes

2. Article Number
   *(Transfer from service label)*     7009 3410 0001 8513 0022

PS Form 3811, February 2004       Domestic Return Receipt        102595-02-M-1540

# Defendant's Cross-Motion and Opposition
## Exhibit F

**M&T Bank**

May 14, 2014

David Osier
Michelle Osier
216 Ludden Pkwy
Syracuse, NY 13219

Re:    Mortgage Loan No:    ████0997
       Property Address:    3968 Stetson Circle
                            Onondaga, NY 13215

Dear David Osier,

M&T Bank ("M&T" received your letter dated April 8, 2014, which purports to be a "qualified written request" under Section 6 of the Real Estate Settlement Procedure Act (RESPA), entitled "Servicing of mortgage loans and administration of escrow accounts." Section 6 of RESPA gives qualified written request status to requests "from the borrower (or an agent of the borrower) for information *related to the servicing* [their federally-related mortgage] loan…" (Emphasis added.) "Servicing is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 10, and making the payments of principal and interest and such other payments with respect to the amount received from the borrower as may be required pursuant to the terms of the loan." As the information you requested appears to be related to the origination of the loan rather than the servicing of the loan, M&T does not consider your request to be entitled to treatment as a qualified written request.

A Qualified Written Request ("QWR"), in other words, is not an opportunity to lodge a blanket demand to produce any and all documents associated with the making, servicing and origination of the loan. It is a written correspondence that includes a statement of specific reasons why the borrower believes that his or her account is in error, and that provides sufficient detail to allow the servicer of the loan to review the borrower's account to determine whether there were errors made in connection with the account, and to either make appropriate corrections where errors were made or explain to the borrower why the servicer believes that account is accurate. Your purported QWR fails to provide necessary detail regarding any specific error(s) made by the servicer in connection with the loan.

Notwithstanding the foregoing, I enclose a copy of your Note and Mortgage that was executed in connection with the mortgage loan referenced above, which was obtained from Syracuse Securities, Inc. and is secured by property located at 3968 Stetson Circle, Onondaga, NY 13215.

**M&T Bank**

Pursuant to your request for information concerning the owner/master servicer of your loan please be advised that the current owner/master servicer of your loan is the Federal Home Loan Mortgage Corporation (Freddie Mac) (8200 Jones Branch Drive McLean, VA 22102) 1-800-Freddie.  M&T Bank acquired the servicing of your loan on December 15, 2007.

In addition, I enclosed a copy of payment history since M&T acquired the loan, December 15, 2007 to present, showing all monies received and applied to the account and a copy of the escrow analysis performed on this account.  The payment history will provide a breakdown of how each payment was processed to principal, interest and escrow as well as disbursements made from the escrow account.  The escrow analysis statement will show how it is calculated and if there is a surplus or deficiency.  Please note, the portion of the payment for escrow will adjust periodically due to increases/decreases in your taxes, insurance and escrow reserve.

Please know that as of the date of this letter your loan is due for the January 1, 2012 payment and the principal balance is $179,663.64. For updated payoff or reinstatement quotes on your account, please contact the law firm handling the pending foreclosure of your home at Fein Such & Crane, 1-585-232-7400.

Please also find the enclosed breakdown of the amount necessary to reinstate debt provided to you in the letter from the Fein Such & Crane, dated March 10, 2014.

If you are in need of payment assistance, please feel free to contact Krystal Wright of the Homeowners Assistance department at 1-800-724-1633, ext. 8590, as soon as possible, to see what programs may be available.

If, after reviewing the information provided, you find you have any further questions or concerns, please feel free to contact me directly at 1-800-724-2224, extension 7831.

Sincerely,

Chavella Bratten
Mortgage Customer Support
Retail Servicing

Enclosures

M&T Bank is attempting to collect a debt and any information obtained will be used for that purpose. If you are in bankruptcy or received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.

| LOAN# | SEQ# | DUE DATE | PAID DATE | TRANS CODE | DISBURSE TYPE | DISBURSE CODE | PRINCIPLE | INTEREST | ESCROW | LATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 5535 | 0246 | 20051201 | 20060103 | C | | A | 273.89 | 329.36 | 563.46 | 12.07 |
| 5535 | 0248 | 20060130 | 20060127 | D | 1 | | | | 1936.04 | |
| 5535 | 0249 | 20060101 | 20060201 | C | | A | 275.32 | 327.93 | 563.46 | 12.07 |
| 5535 | 0250 | 20060304 | 20060227 | D | 7 | | | | 570.00 | |
| 5535 | 0251 | 20060201 | 20060301 | C | | A | 276.75 | 326.50 | 563.46 | 12.07 |
| 5535 | 0252 | 20060308 | 20060308 | D | 6 | | | | 446.27 | |
| 5535 | 0253 | 0 | 20060331 | W | | | | | 4.13 | |
| 5535 | 0254 | 20060301 | 20060404 | C | | A | 278.19 | 325.06 | 486.98 | 12.07 |
| 5535 | 0255 | 20060401 | 20060502 | C | | A | 279.64 | 323.61 | 486.98 | 12.07 |
| 5535 | 0256 | 20060501 | 20060605 | C | | A | 281.10 | 322.15 | 486.98 | 12.07 |
| 5535 | 0257 | 0 | 20060630 | W | | | | | 9.40 | |
| 5535 | 0258 | 20060601 | 20060706 | C | | A | 282.56 | 320.69 | 486.98 | 12.07 |
| 5535 | 0259 | 20060701 | 20080731 | C | | A | 284.03 | 319.22 | 484.68 | 12.07 |
| 5535 | 0260 | 20060801 | 20060905 | C | | A | 255.83 | 400.35 | 486.98 | 13.12 |
| 5535 | 0261 | 20060930 | 20060926 | D | 3 | | | | 3246.89 | |
| 5535 | 0262 | 0 | 20060929 | W | | | | | 12.14 | |
| 5535 | 0263 | 20060901 | 20061002 | C | | A | 257.51 | 398.67 | 487.03 | 13.12 |
| 5535 | 0264 | 20061001 | 20061103 | C | | A | 259.20 | 396.98 | 486.98 | 13.12 |
| 5535 | 0265 | 20061101 | 20061204 | C | | A | 260.90 | 395.28 | 486.98 | 13.12 |
| 5535 | 0266 | 0 | 20061229 | W | | | | | 7.88 | |
| 5535 | 0267 | 20061201 | 20070104 | C | | A | 262.61 | 393.57 | 486.98 | 13.12 |
| 5535 | 0268 | 20070130 | 20070130 | D | 1 | | | | 1984.91 | |
| 5535 | 0269 | 20070101 | 20070202 | C | | A | 264.33 | 391.85 | 486.98 | 13.12 |
| 5535 | 0270 | 20070304 | 20070226 | D | 7 | | | | 593.00 | |
| 5535 | 0271 | 20070201 | 20070301 | C | | A | 266.07 | 390.11 | 486.98 | 13.12 |
| 5535 | 0272 | 20070314 | 20070314 | D | 6 | | | | 95.55 | |
| 5535 | 0273 | 0 | 20070330 | W | | | | | 3.16 | |
| 5535 | 0274 | 20070301 | 20070402 | C | | A | 267.82 | 388.36 | 483.48 | 13.12 |
| 5535 | 0275 | 20070401 | 20070430 | C | | A | 269.57 | 386.61 | 483.48 | 13.12 |
| 5535 | 0276 | 20070501 | 20070530 | C | | A | 271.34 | 384.84 | 483.48 | 13.12 |
| 5535 | 0277 | 0 | 20070629 | W | | | | | 10.75 | |
| 5535 | 0278 | 20070601 | 20070702 | C | | A | 273.12 | 383.06 | 483.48 | 13.12 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 5535 | 0279 | 20070701 | 20070801 | C | | A | 274.92 | 381.26 | 483.48 | 13.12 |
| 5535 | 0280 | 20070801 | 20070905 | C | | A | 278.87 | 373.44 | 482.98 | 13.05 |
| 5535 | 0281 | 20070930 | 20070921 | D | 3 | | | | 3330.86 | |
| 5535 | 0282 | 0 | 20070928 | W | | | | | 10.89 | |
| 5535 | 0283 | 20070901 | 20071002 | C | | A | 280.67 | 371.64 | 483.48 | 13.05 |
| 5535 | 0284 | 20071001 | 20071101 | C | | A | 282.49 | 369.82 | 483.48 | 13.05 |
| 5535 | 0285 | 20071101 | 20071205 | C | | A | 284.31 | 368.00 | 483.48 | 13.05 |
| 5535 | 0286 | 0 | 20071214 | W | | | | | 5.83 | |

CUSTOMER ACCOUNT ACTIVITY STATEMENT

REQ BY HMC

DATE 04/17/14
PAGE   1

DAVID OSIER
MICHELE OSIER
216 LUDDEN PKWY
SYRACUSE                NY 13219

BELOW IS THE ACCOUNT ACTIVITY STATEMENT YOU
RECENTLY REQUESTED. PLEASE CONTACT OUR CUSTOMER
SERVICE DEPARTMENT AT 1-800-724-2224 IF YOU HAVE
ANY QUESTIONS REGARDING THIS STATEMENT OR VISIT
OUR WEBSITE AT WWW.MTB.COM.

LOAN NUMBER: ████████0997
**********************************************************************

------------------------ CURRENT ACCOUNT INFORMATION ------------------

| DATE PAYMENT DUE | TOTAL PAYMENT AMOUNT | PRINCIPAL & INTEREST PAYMENT | LOAN INTEREST RATE | CURRENT PRINCIPAL BALANCE | ESCROW BALANCE |
|---|---|---|---|---|---|
| 01-01-12 | 911.74 | 186.64 | 2.00000 | 46,914.29 | 14,365.23- |
| 2ND MORTGAGE: | | | 0.00  0.00000 | 0.00 | |

**********************************************************************

ACTIVITY FOR PERIOD 01/01/13 - 12/31/14

| PROCESS DATE | DUE DATE | TRANSACTION CODE | TRANSACTION DESCRIPTION | EFFECTIVE DATE OF TRANSACTION |
|---|---|---|---|---|
| TRANSACTION AMOUNT | PRIN. PAID/ BALANCE | INTEREST | ESCROW PAID/ BALANCE | ------OTHER------ AMOUNT  CODE/DESCRIPTION |

| PROCESS DATE | DUE DATE | CODE | DESCRIPTION | | | | |
|---|---|---|---|---|---|---|---|
| 04-16-14 | 01-12 | 152 | LATE CHARGE ASSESSMENT | | | | |
| 0.00 | 0.00 | 0.00 | 0.00 | | 3.73-1 LATE CHARGE | | |
| 03-31-14 | 00-00 | 631 | PROPERTY PRESERVATION | | | | |
| 14.00 | 0.00 | 0.00 | 0.00 | | | | |
| 03-27-14 | 00-00 | 766 | MISC. REPAYMENT | | | | |
| 3.50 | 0.00 | 0.00 | 0.00 | | | | |
| 03-17-14 | 01-12 | 152 | LATE CHARGE ASSESSMENT | | | | |
| 0.00 | 0.00 | 0.00 | 0.00 | | 3.73-1 LATE CHARGE | | |
| 02-25-14 | 00-00 | 745 | CORP. ADVANCE ADJUSTMENT | | | | |
| 3.50- | 0.00 | 0.00 | 0.00 | | | | |
| 02-20-14 | 00-00 | 630 | ATTORNEY ADVANCES | | | | |
| 3.50 | 0.00 | 0.00 | 0.00 | | | | |
| 02-18-14 | 01-12 | 152 | LATE CHARGE ASSESSMENT | | | | |
| 0.00 | 0.00 | 0.00 | 0.00 | | 3.73-1 LATE CHARGE | | |
| 02-18-14 | 00-00 | 632 | STATUTORY EXPENSES | | | | |
| 125.00 | 0.00 | 0.00 | 0.00 | | | | |
| 02-18-14 | 00-00 | 632 | STATUTORY EXPENSES | | | | |
| 482.00 | 0.00 | 0.00 | 0.00 | | | | |
| 02-18-14 | 00-00 | 632 | STATUTORY EXPENSES | | | | |
| 2,233.00 | 0.00 | 0.00 | 0.00 | | | | |
| 02-18-14 | 00-00 | 632 | STATUTORY EXPENSES | | | | |
| 400.00 | 0.00 | 0.00 | 0.00 | | | | |
| 02-18-14 | 00-00 | 632 | STATUTORY EXPENSES | | | | |
| 39.00 | 0.00 | 0.00 | 0.00 | | | | |

CUSTOMER ACCOUNT ACTIVITY STATEMENT          DATE 04/17/14
REQ BY HMC                                              PAGE    2

DAVID OSIER
LOAN NUMBER: ██████0997

                ACTIVITY FOR PERIOD 01/01/13 - 12/31/14
PROCESS    DUE     TRANSACTION      TRANSACTION                 EFFECTIVE DATE
DATE       DATE    CODE             DESCRIPTION                 OF TRANSACTION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - OTHER- - - - - - - - - - -
   TRANSACTION   PRIN. PAID/        ESCROW PAID/  - - - - - - - - - - -OTHER- - - - - - - - - - -
   AMOUNT        BALANCE   INTEREST   BALANCE   AMOUNT  CODE/DESCRIPTION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
02-18-14  00-00  632  STATUTORY EXPENSES
    95.00          0.00       0.00       0.00
02-18-14  00-00  630  ATTORNEY ADVANCES
   980.00          0.00       0.00       0.00
01-29-14  00-00  631  PROPERTY PRESERVATION
    14.00          0.00       0.00       0.00
01-16-14  01-12  152  LATE CHARGE ASSESSMENT
     0.00          0.00       0.00       0.00       3.73-1 LATE CHARGE
01-15-14  01-12  161  ESCROW ADVANCE
 2,412.08          0.00       0.00     2412.08
01-15-14  01-14  312  COUNTY TAX
 2,412.08-         0.00       0.00     2412.08-
                                     14365.23-   NEW PRINCIPAL/ESCROW BALANCES
01-02-14  00-00  631  PROPERTY PRESERVATION
    14.00          0.00       0.00       0.00
12-16-13  01-12  152  LATE CHARGE ASSESSMENT
     0.00          0.00       0.00       0.00       3.73-1 LATE CHARGE
12-02-13  00-00  631  PROPERTY PRESERVATION
    14.00          0.00       0.00       0.00
11-18-13  01-12  152  LATE CHARGE ASSESSMENT
     0.00          0.00       0.00       0.00       3.73-1 LATE CHARGE
11-06-13  00-00  745  CORP. ADVANCE ADJUSTMENT
   887.00          0.00       0.00       0.00
11-06-13  00-00  745  CORP. ADVANCE ADJUSTMENT
   887.00-         0.00       0.00       0.00
10-29-13  00-00  631  PROPERTY PRESERVATION
    14.00          0.00       0.00       0.00
10-16-13  01-12  152  LATE CHARGE ASSESSMENT
     0.00          0.00       0.00       0.00       3.73-1 LATE CHARGE
09-25-13  00-00  631  PROPERTY PRESERVATION
    14.00          0.00       0.00       0.00
09-16-13  01-12  152  LATE CHARGE ASSESSMENT
     0.00          0.00       0.00       0.00       3.73-1 LATE CHARGE
09-13-13  01-12  161  ESCROW ADVANCE
 3,524.77          0.00       0.00     3524.77
09-13-13  09-13  311  SCHOOL TAX
 3,524.77-         0.00       0.00     3524.77-
                                     11953.15-   NEW PRINCIPAL/ESCROW BALANCES

CUSTOMER ACCOUNT ACTIVITY STATEMENT     DATE 04/17/14

REQ BY HMC                                                     PAGE   3

DAVID OSIER
LOAN NUMBER: ████0997

ACTIVITY FOR PERIOD 01/01/13 - 12/31/14

| PROCESS DATE | DUE DATE | TRANSACTION CODE | TRANSACTION DESCRIPTION | EFFECTIVE DATE OF TRANSACTION |
|---|---|---|---|---|
| TRANSACTION AMOUNT | PRIN. PAID/ BALANCE | INTEREST | ESCROW PAID/ BALANCE | AMOUNT | CODE/DESCRIPTION |

| PROCESS DATE | DUE DATE | CODE | DESCRIPTION | TRANSACTION AMOUNT | PRIN. PAID/BALANCE | INTEREST | ESCROW PAID/BALANCE | OTHER AMOUNT | CODE/DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| 08-27-13 | 00-00 | 631 | PROPERTY PRESERVATION | 14.00 | 0.00 | 0.00 | 0.00 | | |
| 08-16-13 | 01-12 | 152 | LATE CHARGE ASSESSMENT | 0.00 | 0.00 | 0.00 | 0.00 | 3.73-1 | LATE CHARGE |
| 07-29-13 | 00-00 | 631 | PROPERTY PRESERVATION | 14.00 | 0.00 | 0.00 | 0.00 | | |
| 07-16-13 | 01-12 | 152 | LATE CHARGE ASSESSMENT | 0.00 | 0.00 | 0.00 | 0.00 | 3.73-1 | LATE CHARGE |
| 06-27-13 | 00-00 | 631 | PROPERTY PRESERVATION | 14.00 | 0.00 | 0.00 | 0.00 | | |
| 06-17-13 | 01-12 | 152 | LATE CHARGE ASSESSMENT | 0.00 | 0.00 | 0.00 | 0.00 | 3.73-1 | LATE CHARGE |
| 05-28-13 | 00-00 | 631 | PROPERTY PRESERVATION | 14.00 | 0.00 | 0.00 | 0.00 | | |
| 05-16-13 | 01-12 | 152 | LATE CHARGE ASSESSMENT | 0.00 | 0.00 | 0.00 | 0.00 | 3.73-1 | LATE CHARGE |
| 04-25-13 | 00-00 | 631 | PROPERTY PRESERVATION | 14.00 | 0.00 | 0.00 | 0.00 | | |
| 04-25-13 | 00-00 | 745 | CORP. ADVANCE ADJUSTMENT | 25.00- | 0.00 | 0.00 | 0.00 | | |
| 04-16-13 | 01-12 | 152 | LATE CHARGE ASSESSMENT | 0.00 | 0.00 | 0.00 | 0.00 | 3.73-1 | LATE CHARGE |
| 04-01-13 | 00-00 | 631 | PROPERTY PRESERVATION | 14.00 | 0.00 | 0.00 | 0.00 | | |
| 03-26-13 | 00-00 | 630 | ATTORNEY ADVANCES | 25.00 | 0.00 | 0.00 | 0.00 | | |
| 03-18-13 | 01-12 | 152 | LATE CHARGE ASSESSMENT | 0.00 | 0.00 | 0.00 | 0.00 | 3.73-1 | LATE CHARGE |
| 03-05-13 | 00-00 | 631 | PROPERTY PRESERVATION | 14.00 | 0.00 | 0.00 | 0.00 | | |
| 02-19-13 | 01-12 | 152 | LATE CHARGE ASSESSMENT | 0.00 | 0.00 | 0.00 | 0.00 | 3.73-1 | LATE CHARGE |
| 02-15-13 | 01-12 | 161 | ESCROW ADVANCE | 718.00 | 0.00 | 0.00 | 718.00 | | |
| 02-15-13 | 03-13 | 351 | HAZARD INSURANCE | 718.00- | 0.00 | 0.00 | 718.00- | | |
| | | | | | | | 8428.38- | NEW PRINCIPAL/ESCROW BALANCES | |

CUSTOMER ACCOUNT ACTIVITY STATEMENT

REQ BY HMC

DAVID OSIER
LOAN NUMBER: ████0997

ACTIVITY FOR PERIOD 01/01/13 - 12/31/14

| PROCESS DATE | DUE DATE | TRANSACTION CODE | TRANSACTION DESCRIPTION | | EFFECTIVE DATE OF TRANSACTION |
|---|---|---|---|---|---|
| TRANSACTION AMOUNT | PRIN. PAID/ BALANCE | INTEREST | ESCROW PAID/ BALANCE | AMOUNT | --------OTHER-------- CODE/DESCRIPTION |
| 01-16-13   01-12 | 152 | LATE CHARGE ASSESSMENT | | | |
| 0.00 | 0.00 | 0.00 | 0.00 | | 3.73-1 LATE CHARGE |
| 01-11-13   01-12 | 161 | ESCROW ADVANCE | | | |
| 2,426.52 | 0.00 | 0.00 | 2426.52 | | |
| 01-11-13   01-13 | 312 | COUNTY TAX | | | |
| 2,426.52- | 0.00 | 0.00 | 2426.52- | | |
| | | | 7710.38- | NEW PRINCIPAL/ESCROW BALANCES | |

```
I7381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 250 CAT 001 INV#          T13 12/31/07
                                                                                                      PAGE  52360

LN#        1003  MICHAEL J GORMAN            TIMOTHY W GORMAN                                 EMP 0   POFO
                                                     SANDERSON ROAD, RT 1     ERIEVILLE        NY 13061

1ST MTGE PRIN 2ND MTGE PRIN  ESC BAL    REST ESC    SUSPENSE   ADV BAL    REPL RES  HUD BAL    LC BAL   INT DUE DUE DATE HUD PRT OF M
    2,516.29        .00     1269.33       .00          .00       .00        .00       .00        .00      .00 01-01-08   .00 00 0

    P & I 1ST  P&I 2ND    CO TAX CITY TAX  HAZ INS   M I P    LIEN    BSC  A & H    LIFE      MISC     REP RES  TOT PAYMT INT RATE DT BM
    441.38       .00     163.17    .00     46.66     .00    2.86-  .00   .00 0     .00 0       .00 0     .00    648.35 .0762500  1 1

    1ST ORIG MTG  2ND ORIG MTG    PRIN BAL BEG  INT IND  CAP FLAG  MTGR SSN     DEF INT BAL  PRIOR YR PPD INT  PPD INT IND  GPM ORG
       47,250         0          2,516.29                        081 56 4281       0.00          0.00          0

ASSUM-DT XFER-DEED FHA-SEC/NUM    LIP PAYOFF  FC-TRK-SW  YE-ACQ-RPT/DATE   SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT
                                                         Y/12-15-07   SYRSEC1207 2

PMT PERIOD  1098-DET-HIST  POINTS-PAID/RPTG YR  SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW  1ST-DUE-DT   REO STAT/COMPL DT
   12                          .00                                                                     08-93

IOE CREDIT YTD/W-H SW/W-H BALANCE   IORE CREDIT YTD/W-H SW/W-H BALANCE   CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT   LAST DEF DUE
    1.18              .00              .00              .00                                                           00-00

REC CORP ADV BAL   3RD REC CORP ADV BAL   FORECL WKST CODE/REINSTATE DATE   INIT ESC STMT CODE / DATE   LOSS MIT STATUS/COMPL DATE
    .00                  .00                                                 Z        12-15-07

  DUE  PROC  TP  SQ    AMOUNT   PRINCIPAL  PRINCIPAL  INTEREST   ESCROW    ESCROW   ADVANCE   STATUS    STATUS   UNEARNED    OTHER  CFD
  DATE  DATE  TR NO   RECEIVED    PAID     BALANCE      PAID      PAID    BALANCE   BALANCE   AMOUNT   BALANCE   INT-BAL.  AMOUNTS DCT
BAL-FWD                                    2516.29                        1268.15    .00                 .00       .00
01-08 12-31 1 60  1     1.18       .00     2516.29       .00      1.18    1269.33    .00       .00       .00       .00               1

REQ-BY TOTALS          1.18                             .00               1.18                 .00                 .00
Y/E                                 .00

OTHER AMOUNT CODES:
A=FHA-PENALTY  G=SER=INTEREST-PAID TO POOL  K=INT-DUE-PD        P=ACCRUED-IOE/IORE    U=REAPPLICATION-FEE     Y=HUD-FUND
B=BSC          H=FEE-AMT                     L=PD-THRU-DT        R=UE-INT-AMT          V=ESCROW-ADVANCE        Z=RESTRICTED-ESCROW
C=235-FEE      I=A-H-PD                      M=ADVANCE-EFF-DATE  S=CR-LIFE-AMT         W=SUSPENSE              DI=DEFERRED-INT-BAL
F=MISC         J=LIFE-PD                     N=ADVANCE-MEMO-AMT  T=ORIG-FEE-AMT        X=REPLACEMENT-RESERVE
AA=SER-FEE-PD  AB=DEFERRED-INT-PD            AC=LIFE-DEF-INT-PD  AD=CHECK-NO   AE=DEFERRED-INT-LTD-PD  AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE    AJ=DEF-INT-ADJ-FLAG  AK=ADV-AMT-RECD  AL=TRAN-SOURCE  AM=IOC-SPEC-INT-PD AN=NON-REC-CORP-ADV  AP=DATE-STAMP  AQ=TIME-
STAMP  AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC-CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:    1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEE
```

```
I7381-721                    M & T BANK                 LOAN HISTORY Y-T-D INV 250 CAT 001 INV# ██████████T13 12/31/07
                                                                                                         PAGE  52361

LN#  ████1011   JOHN W ROCHE              KATHLEEN P ROCHE                                                EMP 0   P0F0
                                          ██WILBERT DRIVE          N SYRACUSE            NY 13212

1ST MTGE PRIN  2ND MTGE PRIN   ESC BAL    REST ESC    SUSPENSE   ADV BAL   REPL RES  HUD BAL   LC BAL   INT DUE  DUE DATE  HUD PRT OF M
   46,279.41                  1618.37        .00         .00        .00       .00      .00       .00      .00  01-01-08   .00 00 1

   P & I 1ST  P&I 2ND   CO TAX CITY TAX  HAZ INS   M I P   LIEN   BSC A & H    LIFE      MISC     REP RES  TOT PAYMT INT RATE DT BM
    427.80       .00   224.49     .00    47.50     .00   3.89 .00    .00 0    .00 0     .00 0      .00     703.68 .0787500  1 1

    1ST ORIG MTG  2ND ORIG MTG      PRIN BAL BEG  INT IND  CAP FLAG  MTGR SSN      DEF INT BAL  PRIOR YR PPD INT  PPD INT IND  GPM ORG
      59,000          0            46,279.41                         097 42 6712      0.00          0.00           0

ASSUM-DT XFER-DEED FHA-SEC/NUM   LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE   SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT
                                                    Y/12-15-07     SYRSEC1207   2

PMT PERIOD  1098-DET-HIST  POINTS-PAID/RPTG YR  SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW  1ST-DUE-DT   REO STAT/COMPL DT
   12                               .00                                                                02-94

IOE CREDIT YTD/W-H SW/W-H BALANCE   IORE CREDIT YTD/W-H SW/W-H BALANCE   CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT   LAST DEF DUE
   1.51             .00                  .00             .00                                                           00-00

REC CORP ADV BAL   3RD REC CORP ADV BAL   FORECL WKST CODE/REINSTATE DATE   INIT ESC STMT CODE / DATE   LOSS MIT STATUS/COMPL DATE
     .00                  .00                                                Z          12-15-07
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 46279.41 | | | 1616.86 | .00 | | .00 | .00 | | |
| 01-08 | 12-31 | 1 60 | 1 | 1.51 | .00 | 46279.41 | .00 | 1.51 | 1618.37 | .00 | .00 | .00 | .00 | | 1 |
| REQ-BY TOTALS | | | | 1.51 | | | .00 | | | | .00 | | | .00 | |
| Y/E | | | | | .00 | | | 1.51 | | | | | | | |

```
OTHER AMOUNT CODES:
A=FHA-PENALTY   G=SER=INTEREST-PAID TO POOL   K=INT-DUE-PD          P=ACCRUED-IOE/IORE     U=REAPPLICATION-FEE       Y=HUD-FUND
B=BSC           H=FEE-AMT                      L=PD-THRU-DT          R=UE-INT-AMT           V=ESCROW-ADVANCE          Z=RESTRICTED-ESCROW
C=235-FEE       I=A-H-PD                       M=ADVANCE-EFF-DATE    S=CR-LIFE-AMT          W=SUSPENSE                DI=DEFERRED-INT-BAL
F=MISC          J=LIFE-PD                      N=ADVANCE-MEMO-AMT    T=ORIG-FEE-AMT         X=REPLACEMENT-RESERVE
AA=SER-FEE-PD   AB=DEFERRED-INT-PD             AC=LIFE-DEF-INT-PD    AD=CHECK-NO  AE=DEFERRED-INT-LTD-PD  AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE     AJ=DEF-INT-ADJ-FLAG  AK=ADV-AMT-RECD  AL=TRAN-SOURCE  AM=IOC-SPEC-INT-PD  AN=NON-REC-CORP-ADV  AP=DATE-STAMP  AQ=TIME-
STAMP  AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC-CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:   1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEE
```

```
I7381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 660 CAT 001 INV# 0          B 12/31/12
                                                                                                    PAGE    13

LN#        0997  DAVID OSIER              MICHELE OSIER                                          EMP O   POFO
                                          216 LUDDEN PKWY                                      NY 132193022
                                                            SYRACUSE

1ST MTGE PRIN 2ND MTGE PRIN  ESC BAL    REST ESC    SUSPENSE   ADV BAL   REPL RES  HUD BAL    LC BAL  INT DUE DUE DATE HUD PRT OF M
   46,914.29        .00         .00         .00        .00   5,283.86      .00       .00     -33.57    .00 01-01-12   .00 00-9

   P & I 1ST  P&I 2ND  CO TAX CITY TAX  HAZ INS  M I P   LIEN   BSC A & H   LIFE     MISC    REP RES TOT PAYMT INT RATE DT BM
   186.64      .00   469.46       .00    56.33   .00    .00  .00  .00 0  .00 0   .00 0    .00     911.74 .0200000 1 9
   OVER/SHORT AMT   199.31

    1ST ORIG MTG  2ND ORIG MTG      PRIN BAL BEG  INT IND  CAP FLAG  MTGR SSN     DEF INT BAL  PRIOR YR PPD INT  PPD INT IND  GPM ORG
        89,725          0          47,438.54                112 52 9122        0.00            0.00        0

ASSUM-DT XFER-DEED FHA-SEC/NUM  LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE      SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT
                                                     Y/12-15-07  SYRSEC1207        X

PMT PERIOD  1098-DET-HIST  POINTS-PAID/RPTG YR  SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW 1ST-DUE-DT  REO STAT/COMPL DT
   12                          .00                                                         001       08-93

IOE CREDIT YTD/W-H SW/W-H BALANCE   IORE CREDIT YTD/W-H SW/W-H BALANCE    CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT   LAST DEF DUE
      .39            .00                .00            .00                                                             03-40

REC CORP ADV BAL  3RD REC CORP ADV BAL      FORECL WKST CODE/REINSTATE DATE    INIT ESC STMT CODE / DATE   LOSS MIT STATUS/COMPL DATE
    1,162.00            25.00               R           10-23-12               9         01-29-08     A     07-29-10
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 47438.54 | | | 596.30 | | | .00 | .00 | | |
| 01-12 | 01-12 | 3 12 | 1 | CHECK #175801 | | | | 2460.75- | 1864.45- | | PAYEE CD 310671013 | | | | |
| | | | | | | | | | | | | | | .39 P | |
| 12-11 | 01-12 | 1 61 | 2 | 1864.45 | .00 | 47438.54 | .00 | 1864.45 | .00 | 1864.45 | .00 | .00 | .00 | | 1 |
| 12-11 | 01-20 | 1 72 | 1 | 940.26 | .00 | 47438.54 | .00 | .00 | .00 | 1864.45 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | MPL-ID GLBL | | | | | |
| | | | | | | | | | | | | | | 940.26 W | |
| | | | | | | | | | | | | | 01-20-12 L | | |
| 12-11 | 01-20 | 1 73 | 2 | .00 | 107.58 | 47330.96 | 79.06 | 725.10 | 725.10 | 1864.45 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | BATCH 8SC EDIT-SEQ 136638 ACTION 1029 | | | | | |
| | | | | | | | | | | | | | | 911.74-W | |
| | | | | | | | | | | PRV-PD FROM: 12-30-11  THRU: 01-20-12 L | | | | | |
| | | | | | | | | | | | | | | 9.88 AA | |
| 12-11 | 01-20 | 1 68 | 3 | .00 | .00 | 47330.96 | .00 | 725.10- | .00 | 1139.35 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | BATCH 929 EDIT-SEQ 999999 ACTION 0029 | | | | | |
| | | | | | | | | | | | | | | 725.10 V | |
| | | | | | | | | | | BATCH 929 EDIT-SEQ 999999 ACTION 0029 | | | | | |
| 03-12 | 02-17 | 3 51 | 1 | CHECK #205722 | | | | 696.00- | 696.00- | | PAYEE CD 70034 | | | | |
| 01-12 | 02-17 | 1 61 | 2 | 696.00 | .00 | 47330.96 | .00 | 696.00 | .00 | 1835.35 | .00 | .00 | .00 | | 1 |
| 01-12 | 02-28 | 1 75H | 1 | 416.67 | 416.67 | 46914.29 | .00 | .00 | .00 | 1835.35 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | PRV-PD FROM: 01-20-12  THRU: 02-27-12 L | | | | | |
| | | | | | | | | | | BATCH 44Q EDIT-SEQ 211721 ACTION 0HMP | | | | | |
| 00-00 | 03-12 | 7 66 | 1 | 1000.00 | PROCES GV9 | REASON HSPS | HAMP SRV | PAY SUC | CORP:SEQ | PAYEE 32N50 | ORIG PAY | | .00 | 1000.00 AN | |
| | | | | CHECK # | | | | | | | | | | | |
| 01-12 | 03-16 | 1 52 | 1 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 1835.35 | .00 | .00 | .00 | 3.73- 11 | |
| 00-00 | 03-27 | 7 45 | 1 | 1000.00 | PROCES DPW | REASON | ADJUSTMENT | | CORP:SEQ | PAYEE | | ORIG PAY | .00 | 1000.00 AN | |
| | | | | CHECK # | | | | | | | | | | | |
| 01-12 | 03-27 | 1 73 | 2 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 1835.35 | .00 | .00 | .00 | 3.73 11 | |
| | | | | | | | | | | | | | | 3.73-W | |

```
I7381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 660 CAT 001 INV# ████████ T13 12/31/12
LOAN-NO (CONT'D)                                                                                    PAGE    14

LN# ████████997  DAVID OSIER           MICHELE OSIER                                        EMP 0   P0F0
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | BATCH 4DM EDIT-SEQ 083658 | | | | |
| 01-12 | 03-27 | 1 73 | 3 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 1835.35 | .00 | .00 | .00 | 42.00 | 71 |
| | | | | | | | | | | | | | | 42.00-W | |
| | | | | | | | | | | | BATCH 4DM EDIT-SEQ 083660 | | | | |
| 01-12 | 03-29 | 1 73 | 1 | .00 | .00 | 46914.29 | .00 | 11.31 | 11.31 | 1835.35 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 11.31-W | |
| | | | | | | | | | | | BATCH 4DG EDIT-SEQ 261786 | | | | |
| 01-12 | 03-29 | 1 68 | 2 | .00 | .00 | 46914.29 | .00 | 11.31- | .00 | 1824.04 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 11.31 V | |
| | | | | | | | | | | | BATCH 4DG EDIT-SEQ 261786 | | | | |
| 01-12 | 03-30 | 1 60 | 1 | .39 | .00 | 46914.29 | .00 | .39 | .39 | 1824.04 | .00 | .00 | .00 | | 1 |
| 01-12 | 04-02 | 1 68 | 1 | .00 | .00 | 46914.29 | .00 | .39- | .00 | 1823.65 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | .39 V | |
| | | | | | | | | | | | BATCH CPI EDIT-SEQ 999999 | | | | |
| 01-12 | 04-16 | 1 52 | 1 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 1823.65 | .00 | .00 | .00 | 3.73- | 11 |
| 00-00 | 04-30 | 6 31 | 1 | .00 PROCES SAF | REASON FISP FC INSPECTIONS | CORP:SEQ | PAYEE 54R20 | ORIG PAY MAINSAFE | 14.00 | AR |
| | | | | CHECK #258032 | | | | | | | | | | | |
| 01-12 | 05-16 | 1 52 | 1 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 1823.65 | .00 | .00 | .00 | 3.73- | 11 |
| 00-00 | 05-29 | 6 31 | 1 | .00 PROCES SAF | REASON FISP FC INSPECTIONS | CORP:SEQ | PAYEE 54R20 | ORIG PAY MAINSAFE | 14.00 | AR |
| | | | | CHECK #276252 | | | | | | | | | | | |
| 01-12 | 06-18 | 1 52 | 1 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 1823.65 | .00 | .00 | .00 | 3.73- | 11 |
| 00-00 | 06-29 | 6 31 | 1 | .00 PROCES SAF | REASON FISP FC INSPECTIONS | CORP:SEQ | PAYEE 54R20 | ORIG PAY MAINSAFE | 14.00 | AR |
| | | | | CHECK #299331 | | | | | | | | | | | |
| 01-12 | 07-16 | 1 52 | 1 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 1823.65 | .00 | .00 | .00 | 3.73- | 11 |
| 00-00 | 07-30 | 6 31 | 1 | .00 PROCES SAF | REASON FISP FC INSPECTIONS | CORP:SEQ | PAYEE 54R20 | ORIG PAY MAINSAFE | 14.00 | AR |
| | | | | CHECK #319039 | | | | | | | | | | | |
| 00-00 | 08-02 | 6 30 | 1 | .00 PROCES NIV | REASON FTCP FC PM TECH FEE | CORP:SEQ 92 | PAYEE 54T20 | ORIG PAY LPSPROCMGT | 25.00 | AT |
| | | | | CHECK #322228 | | | | | | | | | | | |
| 01-12 | 08-16 | 1 52 | 1 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 1823.65 | .00 | .00 | .00 | 3.73- | 11 |
| 00-00 | 08-28 | 6 31 | 1 | .00 PROCES SAF | REASON FISP FC INSPECTIONS | CORP:SEQ | PAYEE 54R20 | ORIG PAY MAINSAFE | 14.00 | AR |
| | | | | CHECK #342983 | | | | | | | | | | | |
| 01-12 | 09-17 | 1 52 | 1 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 1823.65 | .00 | .00 | .00 | 3.73- | 11 |
| 09-12 | 09-19 | 3 11 | 1 | | | | | 3460.21- | 3460.21- | | PAYEE CD 310676056 | | | | |
| 01-12 | 09-19 | 1 61 | 2 | 3460.21 | .00 | 46914.29 | .00 | 3460.21 | .00 | 5283.86 | .00 | .00 | .00 | | 1 |
| 00-00 | 09-28 | 6 31 | 1 | .00 PROCES SAF | REASON FISP FC INSPECTIONS | CORP:SEQ | PAYEE 54R20 | ORIG PAY MAINSAFE | 14.00 | AR |
| | | | | CHECK #372391 | | | | | | | | | | | |
| 01-12 | 10-16 | 1 52 | 1 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 5283.86 | .00 | .00 | .00 | 3.73- | 11 |
| 00-00 | 10-26 | 6 30 | 1 | .00 PROCES NIV | REASON FATF FC ATTORNY FEES | CORP:SEQ 89 | PAYEE 54R20 | ORIG PAY ATTYFEINNY | 420.00 | AR |
| | | | | CHECK #395471 | | | | | | | | | | | |
| 00-00 | 10-26 | 6 32 | 2 | .00 PROCES NIV | REASON FCMC FC COST MISC | CORP:SEQ 89 | PAYEE 54R20 | ORIG PAY ATTYFEINNY | 10.00 | AR |
| | | | | CHECK #395528 | | | | | | | | | | | |
| 00-00 | 10-26 | 6 32 | 3 | .00 PROCES NIV | REASON FCTC FC COST TITLE | CORP:SEQ 89 | PAYEE 54R20 | ORIG PAY ATTYFEINNY | 457.00 | AR |
| | | | | CHECK #395528 | | | | | | | | | | | |
| 00-00 | 10-29 | 6 31 | 1 | .00 PROCES SAF | REASON FISP FC INSPECTIONS | CORP:SEQ | PAYEE 54R20 | ORIG PAY MAINSAFE | 14.00 | AR |
| | | | | CHECK #396443 | | | | | | | | | | | |
| 00-00 | 11-14 | 6 01 | 1 | .00 PROCES 8C2 | REASON FASO NR FATC OTHR AGN | CORP:SEQ 03 | PAYEE 17N27 | ORIG PAY 224020 | 56.00 | AN |
| | | | | CHECK #407897 | | | | | | | | | | | |
| 00-00 | 11-14 | 7 66 | 2 | 56.00 PROCES GV9 | REASON FASO NR FATC OTHR AGN | CORP:SEQ | PAYEE 51N25 | ORIG PAY | 56.00 | AN |
| | | | | CHECK # | | | | | | | | | | | |
| 01-12 | 11-16 | 1 52 | 1 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 5283.86 | .00 | .00 | .00 | 3.73- | 11 |
| 00-00 | 11-20 | 6 30 | 1 | .00 PROCES NIV | REASON FTCI FC IM TECH FEE | CORP:SEQ 92 | PAYEE 17N29 | ORIG PAY LPSINVMGMT | 3.50 | AN |
| | | | | CHECK #421777 | | | | | | | | | | | |

```
17381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 660 CAT 001 INV# 0████████T13 12/31/12
LOAN-NO (CONT'D)                                                                                      PAGE     15

LN#    ████████997   DAVID OSIER            MICHELE OSIER                                     EMP 0   POFO
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00-00 | 11-27 | 7 | 45 1 | 3.50-PROCES DFW | REASON | | ADJUSTMENT | | CORP:SEQ | PAYEE | | ORIG PAY | | 3.50-AN | |
|  |  |  |  | CHECK # |  |  |  |  |  |  |  |  |  |  |  |
| 01-12 | 12-17 | 1 | 52 1 | .00 | .00 | 46914.29 | .00 | .00 | .00 | 5283.86 | .00 | .00 | .00 | 3.73- | 11 |

```
REQ-BY TOTALS        7,377.98                    79.06                           .00                    3,848.98
  Y/E                           524.25                   6,020.66
```

```
OTHER AMOUNT CODES:
A=FHA-PENALTY    G=SER-INTEREST-PAID TO POOL   K=INT-DUE-PD          P=ACCRUED-IOE/IORE    U=REAPPLICATION-FEE    Y=HUD-FUND
B=BSC            H=FEE-AMT                      L=PD-THRU-DT          R=UE-INT-AMT          V=ESCROW-ADVANCE       Z=RESTRICTED-ESCROW
C=235-FEE        I=A-H-PD                       M=ADVANCE-EFF-DATE    S=CR-LIFE-AMT         W=SUSPENSE             DI=DEFERRED-INT-BAL
F=MISC           J=LIFE-PD                      N=ADVANCE-MEMO-AMT    T=ORIG-FEE-AMT        X=REPLACEMENT-RESERVE
AA=SER-FEE-PD    AB=DEFERRED-INT-PD             AC=LIFE-DEF-INT-PD    AD=CHECK-NO    AE=DEFERRED-INT-LTD-PD   AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE      AJ=DEF-INT-ADJ-FLAG   AK=ADV-AMT-RECD   AL=TRAN-SOURCE   AM=IOC-SPEC-INT-PD  AN=NON-REC-CORP-ADV  AP=DATE-STAMP  AQ=TIME-
STAMP  AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC-CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:        1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEE
```

I7381-721                    M & T BANK                LOAN HISTORY Y-T-D INV 660 CAT 001 INV# ████████ T13 12/30/11
                                                                                                    PAGE 52166

LN# ██████97   DAVID OSIER            MICHELE OSIER                                              EMP 0  POFO
                                      3968 STETSON CIR         SYRACUSE          NY 132151028

| 1ST MTGE PRIN | 2ND MTGE PRIN | ESC BAL | REST ESC | SUSPENSE | ADV BAL | REPL RES | HUD BAL | LC BAL | INT DUE | DUE DATE | HUD PRT OF M |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 47,438.54 | .00 | 596.30 | .00 | 28.52 | .00 | .00 | .00 | .00 | .00 | 12-01-11 | .00 00 9 |

| P & I 1ST | P&I 2ND | CO TAX | CITY TAX | HAZ INS | M I P | LIEN | BSC | A & H | LIFE | MISC | REP RES | TOT PAYMT | INT RATE DT BM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 186.64 | .00 | 469.46 | .00 | 56.33 | .00 | .00 | .00 | .00 0 | .00 0 | .00 0 | .00 | 911.74 | .0200000  1 7 |
| OVER/SHORT AMT | 199.31 | | | | | | | | | | | | |

| 1ST ORIG MTG | 2ND ORIG MTG | PRIN BAL BEG | INT IND | CAP FLAG | MTGR SSN | DEF INT BAL | PRIOR YR PPD INT | PPD INT IND | GPM ORG |
|---|---|---|---|---|---|---|---|---|---|
| 89,725 | 0 | 49,523.75 | | | 112 52 9122 | 0.00 | 0.00 | 0 | |

ASSUM-DT XFER-DEED FHA-SEC/NUM    LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE   SALE-DT EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT
                                                      Y/12-15-07   SYRSEC1207        X

PMT PERIOD  1098-DET-HIST  POINTS-PAID/RPTG YR  SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW  1ST-DUE-DT  REO STAT/COMPL DT
12                          .00                                                            001        08-93

IOE CREDIT YTD/W-H SW/W-H BALANCE   IORE CREDIT YTD/W-H SW/W-H BALANCE   CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT   LAST DEF DUE
     5.79            .00                 .00            .00                                                           03-40

REC CORP ADV BAL  3RD REC CORP ADV BAL   FORECL WKST CODE/REINSTATE DATE   INIT ESC STMT CODE / DATE   LOSS MIT STATUS/COMPL DATE
    177.00              .00                         .9                        01-29-08          C        07-29-10

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 49523.75 | | | 390.39 | | | | | | |
| 01-11 | 01-14 | 3 12 | 1 | CHECK #964151 | | | | 2319.49- | 1929.10- | PAYEE CD 310671013 | | | | | |
| | | | | | | | | | | | | | | .30 | P |
| 01-11 | 01-14 | 1 61 | 2 | 1929.10 | .00 | 49523.75 | .00 | 1929.10 | .00 | 1929.10 | .00 | .00 | .00 | | 1 |
| 01-11 | 01-18 | 1 72 | 1 | 720.88 | 104.10 | 49419.65 | 82.54 | 534.24 | 534.24 | 1929.10 | .00 | .00 | .00 | | 1 |
| | | | | MPL-ID GLBL | | | | | | | | | | | |
| | | | | PRV-PD FROM: 12-08-10  THRU: 01-18-11 L | | | | | | | | | | |
| | | | | | | | | | | | | | | 10.32 | AA |
| | | | | BATCH 8LO EDIT-SEQ 163814 | | | | | | | | | | | |
| 01-11 | 01-18 | 1 68 | 2 | .00 | .00 | 49419.65 | .00 | 534.24- | .00 | 1394.86 | .00 | .00 | .00 | | 1 |
| | | | | MPL-ID GLBL | | | | | | | | | | | |
| | | | | | | | | | | | | | | 534.24 | V |
| | | | | BATCH 8LO EDIT-SEQ 163814 | | | | | | | | | | | |
| 02-11 | 02-11 | 1 72 | 1 | 720.88 | 104.27 | 49315.38 | 82.37 | 534.24 | 534.24 | 1394.86 | .00 | .00 | .00 | | 1 |
| | | | | MPL-ID GLBL | | | | | | | | | | | |
| | | | | PRV-PD FROM: 01-18-11  THRU: 02-11-11 L | | | | | | | | | | |
| | | | | | | | | | | | | | | 10.30 | AA |
| | | | | BATCH 8LO EDIT-SEQ 010350 | | | | | | | | | | | |
| 02-11 | 02-11 | 1 68 | 2 | .00 | .00 | 49315.38 | .00 | 534.24- | .00 | 860.62 | .00 | .00 | .00 | | 1 |
| | | | | MPL-ID GLBL | | | | | | | | | | | |
| | | | | | | | | | | | | | | 534.24 | V |
| | | | | BATCH 8LO EDIT-SEQ 010350 | | | | | | | | | | | |
| 03-11 | 02-25 | 1 75H | 1 | 916.67 | 916.67 | 48398.71 | .00 | .00 | .00 | 860.62 | .00 | .00 | .00 | | 1 |
| | | | | PRV-PD FROM: 02-11-11  THRU: 02-25-11 L | | | | | | | | | | |
| | | | | BATCH 823 EDIT-SEQ 131074 ACTION 0HMP | | | | | | | | | | |
| 00-00 | 03-11 | 7 66 | 1 | 916.67 PROCES GV9 REASON HSPS HAMP SRV PAY SUC | | CORP:SEQ | | PAYEE 32N50 | ORIG PAY | | | | 916.67 | AN |
| | | | | CHECK # | | | | | | | | | | | |
| 03-11 | 03-14 | 1 72 | 1 | 720.88 | 105.98 | 48292.73 | 80.66 | 534.24 | 534.24 | 860.62 | .00 | .00 | .00 | | 1 |
| | | | | MPL-ID GLBL | | | | | | | | | | | |

LN# ▮▮▮▮▮997   DAVID OSIER              MICHELE OSIER                          EMP 0   POF0

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | PRV-PD FROM: 02-25-11 THRU: 03-14-11 L | | | | |
| | | | | | | | | | | | | | | 10.08 | AA |
| 03-11 | 03-14 | 1 68 | 2 | .00 | .00 | 48292.73 | .00 | 534.24- | .00 | 326.38 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | BATCH 8L0 EDIT-SEQ 213549 | | | | |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | | | | 534.24 | V |
| 03-11 | 03-17 | 3 51 | 1 | CHECK #996961 | | | | 676.00- | 676.00- | | BATCH 8L0 EDIT-SEQ 213549 | | | | |
| | | | | | | | | | | | PAYEE CD 70034 | | | | |
| 04-11 | 03-17 | 1 61 | 2 | 676.00 | .00 | 48292.73 | .00 | 676.00 | .00 | 1002.38 | .00 | .00 | .00 | | 1 |
| 00-00 | 03-28 | 7 45 | 1 | 916.67 | PROCES | DPW REASON | ADJUSTMENT | | CORP:SEQ | PAYEE | ORIG PAY | | | 916.67 | AN |
| | | | | CHECK # | | | | | | | | | | | |
| 04-11 | 03-31 | 1 60 | 1 | .30 | .00 | 48292.73 | .00 | .30 | .30 | 1002.38 | .00 | .00 | .00 | | 1 |
| 04-11 | 04-01 | 1 68 | 1 | .00 | .00 | 48292.73 | .00 | .30- | .00 | 1002.08 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | .30 | V |
| 04-11 | 04-18 | 1 52 | 1 | .00 | .00 | 48292.73 | .00 | .00 | .00 | 1002.08 | BATCH CPI EDIT-SEQ 999999 | | | 3.73- | 11 |
| 04-11 | 05-03 | 1 72 | 1 | 1445.49 | 106.15 | 48186.58 | 80.49 | 537.97 | 537.97 | 1002.08 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | PRV-PD FROM: 03-14-11 THRU: 05-02-11 L | | | | |
| | | | | | | | | | | | | | | 10.06 | AA |
| 04-11 | 05-03 | 1 68 | 2 | .00 | .00 | 48186.58 | .00 | 537.97- | .00 | 464.11 | BATCH 8BA EDIT-SEQ 079705 | | | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | | | | 537.97 | V |
| 05-11 | 05-03 | 1 72 | 3 | .00 | 106.33 | 48080.25 | 80.31 | 534.24 | 534.24 | 464.11 | BATCH 8BA EDIT-SEQ 079705 | | | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | PRV-PD FROM: 05-02-11 THRU: 05-02-11 L | | | | |
| | | | | | | | | | | | | | | 10.04 | AA |
| 05-11 | 05-03 | 1 68 | 4 | .00 | .00 | 48080.25 | .00 | 464.11- | 70.13 | .00 | BATCH 8BA EDIT-SEQ 079705 | | | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | | | | 464.11 | V |
| 06-11 | 06-16 | 1 72 | 1 | 720.88 | 106.51 | 47973.74 | 80.13 | 534.24 | 604.37 | .00 | BATCH 8BA EDIT-SEQ 079705 | | | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | PRV-PD FROM: 05-02-11 THRU: 06-15-11 L | | | | |
| | | | | | | | | | | | | | | .17 | P |
| | | | | | | | | | | | | | | 10.02 | AA |
| 07-11 | 06-16 | 1 73 | 2 | 3.73 | .00 | 47973.74 | .00 | .00 | 604.37 | .00 | BATCH 8BA EDIT-SEQ 056520 | | | 3.73 | 11 |
| 07-11 | 06-30 | 1 60 | 1 | .63 | .00 | 47973.74 | .00 | .63 | 605.00 | .00 | BATCH 8BA EDIT-SEQ 058150 | | .00 | | 1 |
| 07-11 | 07-18 | 1 52 | 1 | .00 | .00 | 47973.74 | .00 | .00 | 605.00 | .00 | .00 | .00 | .00 | 3.73- | 11 |
| 07-11 | 07-19 | 1 32 | 1 | .00 | .00 | 47973.74 | .00 | .00 | 605.00 | .00 | .00 | .00 | .00 | 3.73 | 011 |
| | | | | | | | | | | | | | | .63 | P |
| 07-11 | 07-19 | 1 72 | 2 | 720.88 | 106.68 | 47867.06 | 79.96 | 534.24 | 1139.24 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | PRV-PD FROM: 06-15-11 THRU: 07-18-11 L | | | | |
| | | | | | | | | | | | | | | 10.00 | AA |
| 08-11 | 07-19 | 1 73 | 3 | 3.73 | .00 | 47867.06 | .00 | 3.73 | 1142.97 | .00 | BATCH 8BA EDIT-SEQ 100259 | | .00 | | 11 |

```
I7381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 660 CAT 001 INV#          13 12/30/11
LOAN-NO (CONT'D)                                                                                        PAGE  52168

LN#         997   DAVID OSIER              MICHELE OSIER                              EMP 0   POFO
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | BATCH 8BA EDIT-SEQ 101343 ACTION 000D | | | | |
| 08-11 | 08-16 | 1 52 | 1 | .00 | .00 | 47867.06 | .00 | .00 | 1142.97 | .00 | .00 | .00 | .00 | 3.73- | 11 |
| 08-11 | 09-13 | 1 72 | 1 | 911.74 | 106.86 | 47760.20 | 79.78 | 725.10 | 1868.07 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | PRV-PD FROM: 07-18-11  THRU: 09-12-11 L | | | | |
| | | | | | | | | | | | | | | 3.51 | P |
| | | | | | | | | | | | | | | 9.97 | AA |
| | | | | | | | | | | | BATCH 8BA EDIT-SEQ 099269 | | | | |
| 09-11 | 09-13 | 1 73 | 2 | 3.73 | .00 | 47760.20 | .00 | .00 | 1868.07 | .00 | .00 | .00 | .00 | 3.73 | 11 |
| 09-11 | 09-20 | 3 11 | 1 | CHECK #074878 | | | | 3451.93- | 1583.86- | | BATCH 8BA EDIT-SEQ 100594 | | | | |
| | | | | | | | | | | | PAYEE CD 310676056 | | | | |
| | | | | | | | | | | | | | | .72 | P |
| 09-11 | 09-20 | 1 61 | 2 | 1583.86 | .00 | 47760.20 | .00 | 1583.86 | .00 | 1583.86 | .00 | .00 | .00 | | 1 |
| 09-11 | 09-30 | 1 60 | 1 | 4.86 | .00 | 47760.20 | .00 | 4.86 | 4.86 | 1583.86 | .00 | .00 | .00 | | 1 |
| 09-11 | 10-03 | 1 68 | 1 | .00 | .00 | 47760.20 | .00 | 4.86- | .00 | 1579.00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 4.86 | V |
| | | | | | | | | | | | BATCH CPI EDIT-SEQ 999999 | | | | |
| 09-11 | 10-17 | 1 52 | 1 | .00 | .00 | 47760.20 | .00 | .00 | .00 | 1579.00 | .00 | .00 | .00 | 3.73- | 11 |
| 09-11 | 11-08 | 1 72 | 1 | 911.74 | 107.04 | 47653.16 | 79.60 | 725.10 | 725.10 | 1579.00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | PRV-PD FROM: 09-12-11  THRU: 11-07-11 L | | | | |
| | | | | | | | | | | | | | | 9.95 | AA |
| | | | | | | | | | | | BATCH 8BA EDIT-SEQ 089869 | | | | |
| 09-11 | 11-08 | 1 68 | 2 | .00 | .00 | 47653.16 | .00 | 725.10- | .00 | 853.90 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | | | | 725.10 | V |
| | | | | | | | | | | | BATCH 8BA EDIT-SEQ 089869 | | | | |
| 10-11 | 11-08 | 1 73 | 3 | 3.73 | .00 | 47653.16 | .00 | .00 | .00 | 853.90 | .00 | .00 | .00 | 3.73 | 11 |
| | | | | | | | | | | | BATCH 8BA EDIT-SEQ 091272 | | | | |
| 10-11 | 11-22 | 1 72 | 1 | 911.74 | .00 | 47653.16 | .00 | .00 | .00 | 853.90 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | | | | 911.74 | W |
| | | | | | | | | | | | | | | 11-22-11 | L |
| | | | | | | | | | | | BATCH 8SD EDIT-SEQ 147898 ACTION 1029 | | | | |
| 10-11 | 11-22 | 1 73 | 2 | .00 | 107.22 | 47545.94 | 79.42 | 725.10 | 725.10 | 853.90 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 911.74- | W |
| | | | | | | | | | | | PRV-PD FROM: 11-07-11  THRU: 11-22-11 L | | | | |
| | | | | | | | | | | | | | | 9.93 | AA |
| | | | | | | | | | | | BATCH 929 EDIT-SEQ 999999 ACTION 0029 | | | | |
| 10-11 | 11-22 | 1 68 | 3 | .00 | .00 | 47545.94 | .00 | 725.10- | .00 | 128.80 | .00 | .00 | .00 | | |
| | | | | | | | | | | | | | | 725.10 | V |
| | | | | | | | | | | | BATCH 929 EDIT-SEQ 999999 ACTION 0029 | | | | |
| 00-00 | 12-07 | 6 01 | 1 | .00 PROCES DK1 | REASON FREI FC INV REIMBURSE | | | | | CORP:SEQ 03 PAYEE 51N25  ORIG PAY 224020 | | | | 1084.45 | AN |
| | | | | CHECK #112970 | | | | | | | | | | | |
| 00-00 | 12-07 | 7 66 | 2 | 1084.45 PROCES WCAP | REASON WCAP MOD CAP ADV/CLM | | | | | CORP:SEQ   PAYEE 54T20  ORIG PAY | | | | 1084.45 | AT |
| | | | | CHECK # | | | | | | | | | | | |
| 00-00 | 12-27 | 7 45 | 1 | 1084.45 PROCES DPW | REASON   ADJUSTMENT | | | | | CORP:SEQ   PAYEE   ORIG PAY | | | | 1084.45- | AN |
| | | | | CHECK # | | | | | | | | | | | |
| 11-11 | 12-30 | 1 72 | 1 | 940.26 | .00 | 47545.94 | .00 | .00 | .00 | 128.80 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | | | | 940.26 | W |
| | | | | | | | | | | | | | | 12-30-11 | L |

```
I7381-721                        M & T BANK              LOAN HISTORY Y-T-D INV 660 CAT 001 INV███████13 12/30/11
LOAN-NO (CONT'D)                                                                                    PAGE 52169

LN# ████████997   DAVID OSIER              MICHELE OSIER                                    EMP 0   POFO
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-11 | 12-30 | 1 73 | 2 | .00 | 107.40 | 47438.54 | 79.24 | 725.10 | 725.10 | 128.80 | .00 | .00 | .00 | | 1 |

BATCH 8SE EDIT-SEQ 232790 ACTION 1029
911.74-W
PRV-PD FROM: 11-22-11   THRU: 12-30-11 L
9.91 AA
BATCH 929 EDIT-SEQ 999999 ACTION 0029

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-11 | 12-30 | 1 68 | 3 | .00 | .00 | 47438.54 | .00 | 128.80- | 596.30 | .00 | .00 | .00 | .00 | | 1 |

128.80 V
BATCH 929 EDIT-SEQ 999999 ACTION 0029

```
REQ-BY TOTALS      13,851.71                884.50                              .00              -7,251.18
Y/E                            2,085.21              6,653.33
```

OTHER AMOUNT CODES:
```
A=FHA-PENALTY   G=SER=INTEREST-PAID TO POOL   K=INT-DUE-PD       P=ACCRUED-IOE/IORE     U=REAPPLICATION-FEE    Y=HUD-FUND
B=BSC           H=FEE-AMT                     L=PD-THRU-DT       R=UE-INT-AMT           V=ESCROW-ADVANCE       Z=RESTRICTED-ESCROW
C=235-FEE       I=A-H-PD                      M=ADVANCE-EFF-DATE S=CR-LIFE-AMT          W=SUSPENSE             DI=DEFERRED-INT-BAL
F=MISC          J=LIFE-PD                     N=ADVANCE-MEMO-AMT T=ORIG-FEE-AMT         X=REPLACEMENT-RESERVE
AA=SER-FEE-PD   AB=DEFERRED-INT-PD            AC=LIFE-DEF-INT-PD AD=CHECK-NO  AE=DEFERRED-INT-LTD-PD  AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE     AJ=DEF-INT-ADJ-FLAG  AK=ADV-AMT-RECD   AL=TRAN-SOURCE  AM=IOC-SPEC-INT-PD  AN=NON-REC-CORP-ADV  AP=DATE-STAMP  AQ=TIME-
STAMP  AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC-CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:     1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEE
```

```
I7381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 660 CAT 001 INV#         T13 12/31/10
                                                                                                      PAGE   139

LN#        0997   DAVID OSIER              MICHELE OSIER                                   EMP 0  POFO
                                           3968 STETSON CIR        SYRACUSE          NY 132151028

1ST MTGE PRIN 2ND MTGE PRIN  ESC BAL    REST ESC   SUSPENSE    ADV BAL   REPL RES  HUD BAL   LC BAL  INT DUE DUE DATE HUD PRT OF M
  49,523.75        .00       390.39       .00        .00        .00       .00       .00      .00      .00 01-01-11    .00 00 9

 P & I 1ST  P&I 2ND    CO TAX CITY TAX  HAZ INS   M I P   LIEN    BSC  A & H     LIFE      MISC      REP RES   TOT PAYMT INT RATE DT BM
   186.64     .00      434.05    .00    63.58     .00     .00     .00  .00 0     .00 0     .00 0      .00       720.88 .0200000  1 7
   OVER/SHORT AMT      36.61

   1ST ORIG MTG  2ND ORIG MTG     PRIN BAL BEG  INT IND  CAP FLAG  MTGR SSN     DEF INT BAL  PRIOR YR PPD INT  PPD INT IND  GPM ORG
      89,725           0          49,792.85                112 52 9122             0.00            0.00         0

ASSUM-DT XFER-DEED FHA-SEC/NUM   LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE   SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT
                                                      Y/12-15-07   SYRSEC1207        X

PMT PERIOD 1098-DET-HIST  POINTS-PAID/RPTG YR  SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW  1ST-DUE-DT   REO STAT/COMPL DT
   12            .00                                                                        001        08-93

IOE CREDIT YTD/W-H SW/W-H BALANCE   IORE CREDIT YTD/W-H SW/W-H BALANCE    CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT   LAST DEF DUE
     5.15              .00                .00               .00                                                          03-40

REC CORP ADV BAL    3RD REC CORP ADV BAL    FORECL WKST CODE/REINSTATE DATE   INIT ESC STMT CODE / DATE   LOSS MIT STATUS/COMPL DATE
     177.00              1,084.45                                                 9          01-29-08     C        07-29-10
```

| DUE DATE | PROC DATE | TP TR NO | SQ | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 49792.85 | | | 688.86 | | | | | | |
| 01-10 | 01-12 | 3 12 | 1 | CHECK #800894 | | | | 1946.64- | 1257.78- | | PAYEE CD 310671013 | | | | |
| | | | | | | | | | | | | | | .45 P | |
| 09-09 | 01-12 | 1 61 | 2 | 1257.78 | .00 | 49792.85 | .00 | 1257.78 | .00 | 1257.78 | .00 | .00 | .00 | | 1 |
| 09-09 | 01-19 | 1 52 | 1 | .00 | .00 | 49792.85 | .00 | .00 | .00 | 1257.78 | .00 | .00 | .00 | 10.96- | 11 |
| 09-09 | 02-03 | 1 73 | 1 | 738.10 | .00 | 49792.85 | .00 | .00 | .00 | 1257.78 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 738.10 W | |
| | | | | | | | | | | | | | | 02-03-10 L | |
| | | | | | | | | | | BATCH 4BG EDIT-SEQ 181234 ACTION 1929 | | | | | |
| 09-09 | 02-16 | 1 52 | 1 | .00 | .00 | 49792.85 | .00 | .00 | .00 | 1257.78 | .00 | .00 | .00 | 10.96- | 11 |
| 03-10 | 02-18 | 3 51 | 1 | CHECK #821861 | | | | 763.00- | 763.00- | | PAYEE CD 70138 | | | | |
| 09-09 | 02-18 | 1 61 | 2 | 763.00 | .00 | 49792.85 | .00 | 763.00 | .00 | 2020.78 | .00 | .00 | .00 | | 1 |
| 09-09 | 02-26 | 1 73 | 1 | 738.10 | .00 | 49792.85 | .00 | .00 | .00 | 2020.78 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 738.10 W | |
| | | | | | | | | | | | | | | 02-26-10 L | |
| | | | | | | | | | | BATCH 4BG EDIT-SEQ 239569 ACTION 1929 | | | | | |
| 09-09 | 03-10 | 1 73 | 1 | .00 | 392.60 | 49400.25 | 155.60 | 491.94 | 491.94 | 2020.78 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 1040.14-W | |
| | | | | | | | | | | | | | | 03-10-10 L | |
| | | | | | | | | | | | | | | 15.56 AA | |
| 09-09 | 03-10 | 1 68 | 2 | .00 | .00 | 49400.25 | .00 | 491.94- | .00 | 1528.84 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | BATCH 852 EDIT-SEQ 187806 | | | | | |
| | | | | | | | | | | | | | | 491.94 V | |
| 10-09 | 03-16 | 1 52 | 1 | .00 | .00 | 49400.25 | .00 | .00 | .00 | 1528.84 | .00 | .00 | .00 | 10.96- | 11 |
| 10-09 | 03-31 | 1 60 | 1 | .45 | .00 | 49400.25 | .00 | .45 | .45 | 1528.84 | .00 | .00 | .00 | | 1 |
| 10-09 | 04-01 | 1 68 | 1 | .00 | .00 | 49400.25 | .00 | .45- | .00 | 1528.39 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | .45 V | |
| | | | | | | | | | | BATCH CPI EDIT-SEQ 999999 | | | | | |

```
I7381-721                      M & T BANK              LOAN HISTORY Y-T-D INV 660 CAT 001 INV▬▬▬▬▬▬ T13 12/31/10
LOAN-NO (CONT'D)                                                                               PAGE   140

LN# ▬▬▬▬▬997  DAVID OSIER              MICHELE OSIER                                     EMP 0  POF0
```

| DUE DATE | PROC DATE | TP | SQ TR NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10-09 | 04-01 | 1 73 | 2 | 738.10 | .00 | 49400.25 | .00 | .00 | .00 | 1528.39 | .00 | .00 | .00 | | |
| | | | | | | | | | | | | | | 738.10 W | |
| | | | | | | | | | | | | | | 04-01-10 L | |
| 10-09 | 04-16 | 1 73 | 1 | .00 | 393.82 | 49006.43 | 154.38 | 491.94 | 491.94 | 1528.39 | .00 | .00 | .00 | | 1 |
| | | | | | | BATCH 8CE EDIT-SEQ 145084 ACTION 1929 | | | | | | | | 1040.14-W | |
| | | | | | | | | | | | | | | 04-16-10 L | |
| 10-09 | 04-16 | 1 68 | 2 | .00 | .00 | 49006.43 | .00 | 491.94- | .00 | 1036.45 | | | | 15.44 AA | |
| | | | | | | BATCH 8H5 EDIT-SEQ 045075 ACTION 0907 | | | | | | | | | |
| | | | | | | | | | | | | | | 491.94 V | |
| 11-09 | 04-16 | 1 52 | 3 | .00 | .00 | 49006.43 | .00 | .00 | .00 | 1036.45 | .00 | .00 | .00 | 10.96- | 11 |
| 11-09 | 04-30 | 1 73 | 1 | 738.10 | .00 | 49006.43 | .00 | .00 | .00 | 1036.45 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 738.10 W | |
| | | | | | | | | | | | | | | 04-30-10 L | |
| 00-00 | 05-07 | 6 32 | 1 | .00 PROCES NIV | REASON WCTC WK COSTS TITLE | | | CORP:SEQ 91 PAYEE 54R20 | | ORIG PAY ATTYSCHILL | | | | 225.00 AR | |
| | | | | CHECK #860855 | | | | | | | | | | | |
| 11-09 | 06-01 | 1 73 | 1 | 722.05 | .00 | 49006.43 | .00 | .00 | .00 | 1036.45 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 722.05 W | |
| | | | | | | | | | | | | | | 06-01-10 L | |
| 11-09 | 06-02 | 1 73 | 1 | .00 | .00 | 49006.43 | .00 | .00 | .00 | 1036.45 | .00 | .00 | .00 | | 1 |
| | | | | | | BATCH 929 EDIT-SEQ 999999 ACTION 1027 | | | | | | | | | |
| 11-09 | 06-14 | 1 32 | 1 | .00 | .00 | 49006.43 | .00 | .00 | .00 | 1036.45 | .00 | .00 | .00 | 92.93 | 511 |
| | | | | | | BATCH DL3 EDIT-SEQ 189806 | | | | | | | | | |
| 11-09 | 07-07 | 1 73 | 1 | 722.05 | .00 | 49006.43 | .00 | .00 | .00 | 1036.45 | .00 | .00 | .00 | | |
| | | | | | | | | | | | | | | 722.05 W | |
| | | | | | | | | | | | | | | 07-07-10 L | |
| 11-09 | 07-27 | 1 43 | 1 | .00 | 1284.38- | 50290.81 | .00 | .00 | .00 | 1036.45 | .00 | .00 | .00 | | 1 |
| | | | | | | BATCH 4BG EDIT-SEQ 178989 ACTION 1929 | | | | | | | | | |
| 06-10 | 07-27 | 1 43 | 2 | .00 | .00 | 50290.81 | .00 | .00 | .00 | 1036.45 | .00 | .00 | .00 | | 1 |
| | | | | | | BATCH DD3 EDIT-SEQ 175826 | | | | | | | | | |
| | | | | | | BATCH DD3 EDIT-SEQ 175827 | | | | | | | | | |
| | | | | | | DUE DATE ADJ  OLD: 11/01/09 NEW: 06/01/10 | | | | | | | | | |
| | | | IR EFF 06-10 OLD .0375000 | | NEW .0200000 | | PRIN BAL | 50,290.81 | | | | | | | |
| | | | PI EFF 06-10 OLD | 548.20 | NEW | 186.64 | PRIN BAL | | 50,290.81 | | | | | | |
| 06-10 | 07-28 | 1 70 | 2 | .00 | .00 | 50290.81 | 872.12 | .00 | .00 | 1036.45 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 872.12-W | |
| | | | | | | | | | | | | | | 07-28-10 L | |
| | | | | | | | | | | | | | | 163.52 AA | |
| 00-00 | 07-29 | 6 01 | 1 | .00 PROCES MLM | REASON WCAP MOD CAP ADV/CLM | | | CORP:SEQ 03 PAYEE 54T20 | | ORIG PAY 224020 | | | | 1084.45 AT | |
| | | | | CHECK #889379 | | | | | | | | | | | |
| 06-10 | 07-29 | 1 66 | 1 | 1036.45 | .00 | 50290.81 | .00 | 1036.45 | 1036.45 | 1036.45 | .00 | .00 | .00 | | 1 |
| | | | | | | BATCH CT8 EDIT-SEQ 041604 | | | | | | | | | |
| 06-10 | 07-29 | 1 68 | 3 | .00 | .00 | 50290.81 | .00 | 1036.45- | .00 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | BATCH CT8 EDIT-SEQ 041622 | | | | | | | | 1036.45 V | |
| 00-00 | 07-29 | 7 66 | 4 | 48.00 PROCES MLM | REASON WCAP MOD CAP ADV/CLM | | | CORP:SEQ | PAYEE 54R20 | ORIG PAY | | | | 48.00 AR | |
| | | | | CHECK # | | | | | | | | | | | |

```
17381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 660 CAT 001 INV# ████████13 12/31/10
LOAN-NO (CONT'D)                                                                              PAGE   141

LN# ████████997  DAVID OSIER              MICHELE OSIER                          EMP 0   POF0
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06-10 | 07-30 | 1 74 | 1 | .00 | 102.82 | 50187.99 | 83.82 | .00 | .00 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 186.64-W | |
| | | | | | | | | | | | | | | 07-30-10 L | |
| | | | | | | | | | | | | | | 15.72 AA | |
| 07-10 | 07-30 | 1 74 | 2 | .00 | 102.99 | 50085.00 | 83.65 | .00 | .00 | .00 | BATCH 8H5 EDIT-SEQ 172317 .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 186.64-W | |
| | | | | | | | | | | | | | | 07-30-10 L | |
| | | | | | | | | | | | | | | 15.68 AA | |
| 08-10 | 07-30 | 1 73 | 3 | .00 | .00 | 50085.00 | .00 | 1070.82 | 1070.82 | .00 | BATCH 8H5 EDIT-SEQ 172318 .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 1070.82-W | |
| 08-10 | 08-05 | 1 73 | 1 | 678.58 | 103.16 | 49981.84 | 83.48 | 491.94 | 1562.76 | .00 | BATCH 8H5 EDIT-SEQ 172319 .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 08-05-10 L | |
| | | | | | | | | | | | | | | .35 P | |
| | | | | | | | | | | | | | | 15.65 AA | |
| 09-10 | 08-05 | 1 75 | 2 | 43.42 | 43.42 | 49938.42 | .00 | .00 | 1562.76 | .00 | BATCH 8CE EDIT-SEQ 228140 .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 08-05-10 L | |
| 00-00 | 08-31 | 7 66 | 1 | 1000.00 | PROCES GV9 | REASON HAMP | HAMP SRVCR INCNT | | CORP:SEQ | PAYEE | BATCH 8CE EDIT-SEQ 228140 32N50 | ORIG PAY | | 1000.00 AN | |
| | | | | CHECK # | | | | | | | | | | | |
| 09-10 | 09-07 | 1 72 | 1 | 720.88 | 103.41 | 49835.01 | 83.23 | 534.24 | 2097.00 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 09-07-10 L | |
| | | | | | | | | | | | | | | 2.83 P | |
| | | | | | | | | | | | | | | 10.40 AA | |
| 09-10 | 09-16 | 3 11 | 1 | CHECK #910592 | | | | 3314.03- | 1217.03- | | BATCH 8L0 EDIT-SEQ 009146 PAYEE CD 310676056 | | | | 1 |
| | | | | | | | | | | | | | | 1.03 P | |
| 10-10 | 09-16 | 1 61 | 2 | 1217.03 | .00 | 49835.01 | .00 | 1217.03 | .00 | 1217.03 | .00 | .00 | .00 | | 1 |
| 00-00 | 09-27 | 7 45 | 1 | 1000.00 | PROCES DPW | REASON | ADJUSTMENT | | CORP:SEQ | PAYEE | | ORIG PAY | | 1000.00 AN | |
| | | | | CHECK # | | | | | | | | | | | |
| 10-10 | 09-30 | 1 60 | 1 | 4.21 | .00 | 49835.01 | .00 | 4.21 | 4.21 | 1217.03 | .00 | .00 | .00 | | 1 |
| 10-10 | 10-01 | 1 68 | 1 | .00 | .00 | 49835.01 | .00 | 4.21- | .00 | 1212.82 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 4.21 V | |
| 10-10 | 10-08 | 1 72 | 1 | 720.88 | 103.58 | 49731.43 | 83.06 | 534.24 | 534.24 | 1212.82 | BATCH CPI EDIT-SEQ 999999 .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 10-08-10 L | |
| | | | | | | | | | | | | | | 10.38 AA | |
| 10-10 | 10-08 | 1 68 | 2 | .00 | .00 | 49731.43 | .00 | 534.24- | .00 | 678.58 | BATCH 8L0 EDIT-SEQ 096558 .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 534.24 V | |
| 11-10 | 11-08 | 1 72 | 1 | 720.88 | 103.75 | 49627.68 | 82.89 | 534.24 | 534.24 | 678.58 | BATCH 8L0 EDIT-SEQ 096558 .00 MPL-ID GLBL | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 11-08-10 L | |
| | | | | | | | | | | | | | | 10.36 AA | |
| 11-10 | 11-08 | 1 68 | 2 | .00 | .00 | 49627.68 | .00 | 534.24- | .00 | 144.34 | BATCH 8L0 EDIT-SEQ 031390 .00 MPL-ID GLBL | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 534.24 V | |

```
I7381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 660 CAT 001 INV# ████████13 12/31/10
LOAN-NO (CONT'D)                                                                                    PAGE   142

LN# ████████997   DAVID OSIER              MICHELE OSIER                                      EMP 0   POFO
```

| DUE DATE | PROC DATE | TP | SQ TR NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-10 | 12-08 | 1 | 72 1 | 720.88 | 103.93 | 49523.75 | 82.71 | 534.24 | 534.24 | 144.34 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | | | | 12-08-10 L | |
| | | | | | | | | | | | | | | 10.34 AA | |
| | | | | | | | | | | | BATCH 8L0 EDIT-SEQ 065209 | | | | |
| 12-10 | 12-08 | 1 | 68 2 | .00 | .00 | 49523.75 | .00 | 144.34- | 389.90 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | MPL-ID GLBL | | | | |
| | | | | | | | | | | | | | | 144.34 V | |
| | | | | | | | | | | | BATCH 8L0 EDIT-SEQ 065209 | | | | |
| 01-11 | 12-31 | 1 | 60 1 | .49 | .00 | 49523.75 | .00 | .49 | 390.39 | .00 | .00 | .00 | .00 | | 1 |
| REQ-BY TOTALS | | | | 12,281.43 | | | 1,764.94 | | | | .00 | | | 6,932.06 | |
| Y/E | | | | | 269.10 | | | 5,725.20 | | | | | | | |

```
OTHER AMOUNT CODES:
A=FHA-PENALTY   G=SER=INTEREST-PAID TO POOL   K=INT-DUE-PD        P=ACCRUED-IOE/IORE      U=REAPPLICATION-FEE    Y=HUD-FUND
B=BSC           H=FEE-AMT                      L=PD-THRU-DT        R=UE-INT-AMT            V=ESCROW-ADVANCE       Z=RESTRICTED-ESCROW
C=235-FEE       I=A-H-PD                       M=ADVANCE-EFF-DATE  S=CR-LIFE-AMT          W=SUSPENSE             DI=DEFERRED-INT-BAL
F=MISC          J=LIFE-PD                      N=ADVANCE-MEMO-AMT  T=ORIG-FEE-AMT         X=REPLACEMENT-RESERVE
AA=SER-FEE-PD   AB=DEFERRED-INT-PD             AC=LIFE-DEF-INT-PD  AD=CHECK-NO  AE=DEFERRED-INT-LTD-PD  AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE     AJ=DEF-INT-ADJ-FLAG   AK=ADV-AMT-RECD  AL=TRAN-SOURCE  AM=IOC-SPEC-INT-PD  AN=NON-REC-CORP-ADV  AP=DATE-STAMP  AQ=TIME-
STAMP  AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC-CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:   1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEE
```

```
I7381-721                    M & T BANK                    LOAN HISTORY Y-T-D INV 660 CAT 001 INV#          T13 12/31/09
                                                                                                          PAGE 18029
LN#          97   DAVID OSIER                 MICHELE OSIER                                          ARM PLAN A4KX
                                              3968 STETSON CIR                                            EMP 0   P0F0
                                                                        SYRACUSE           NY 132151028
```

| 1ST MTGE PRIN | 2ND MTGE PRIN | ESC BAL | REST ESC | SUSPENSE | ADV BAL | REPL RES | HUD BAL | LC BAL | INT DUE | DUE DATE | HUD PRT OF M |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 49,792.85 | .00 | 688.86 | .00 | .00 | .00 | .00 | .00 | 49.09 | .00 | 09-01-09 | .00 00 9 |

| P & I 1ST | P&I 2ND | CO TAX | CITY TAX | HAZ INS | M I P | LIEN | BSC | A & H | LIFE | MISC | REP RES | TOT PAYMT | INT RATE | DT BM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 548.20 | .00 | 430.86 | .00 | 61.08 | .00 | .00 | .00 | .00 0 | .00 0 | .00 0 | .00 | 1040.14 | .0375000 | 1 7 |

| 1ST ORIG MTG | 2ND ORIG MTG | PRIN BAL BEG | INT IND | CAP FLAG | MTGR SSN | DEF INT BAL | PRIOR YR PPD INT | PPD INT IND | GPM ORG |
|---|---|---|---|---|---|---|---|---|---|
| 89,725 | 0 | 53,000.00 | | 112 52 9122 | | 0.00 | 0.00 | 0 | |

```
ASSUM-DT XFER-DEED FHA-SEC/NUM    LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE   SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT
                                                       Y/12-15-07    SYRSEC1207

PMT PERIOD  1098-DET-HIST  POINTS-PAID/RPTG YR  .SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW  1ST-DUE-DT   REO STAT/COMPL DT
   12                            .00                 L                                           001        08-93

IOE CREDIT YTD/W-H  SW/W-H BALANCE   IORE CREDIT YTD/W-H SW/W-H BALANCE    CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT   LAST DEF DUE
    24.40              .00                          .00                                                                    07-18

REC CORP ADV BAL   3RD REC CORP ADV BAL   FORECL WKST CODE/REINSTATE DATE    INIT ESC STMT CODE / DATE    LOSS MIT STATUS/COMPL DATE
    .00                  .00                                                       9            01-29-08           A
```

| DUE DATE | PROC DATE | TP | SQ TR NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 53000.09 | | | 2042.85 | | | | | | |
| 12-08 | 01-12 | 1 | 71 1 | 1111.24 | 342.69 | 52657.40 | 253.96 | 502.66 | 2545.51 | .00 | .00 | .00 | .00 | 11.93 | 11 |
| | | | | | | | | | | | | | | 01-12-09 | L |
| | | | | | | | | | | | | | | 1.46 | P |
| | | | | | | | | | | | | | | 16.56 | AA |
| | | | | | | | | | | | BATCH 8L1 EDIT-SEQ 008469 | | | | |
| 01-09 | 01-16 | 1 | 52 1 | .00 | .00 | 52657.40 | .00 | .00 | 2545.51 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 01-09 | 01-20 | 3 | 12 1 | CHECK #636841 | | | | 1896.63- | 648.88 | | PAYEE CD 310671013 | | | | |
| | | | | | | | | | | | | | | 1.12 | P |
| 01-09 | 02-05 | 1 | 71 1 | 1111.24 | 344.33 | 52313.07 | 252.32 | 502.66 | 1151.54 | .00 | .00 | .00 | .00 | 11.93 | 11 |
| | | | | | | | | | | | | | | 02-05-09 | L |
| | | | | | | | | | | | | | | .57 | P |
| | | | | | | | | | | | | | | 16.46 | AA |
| | | | | | | | | | | | BATCH 8L1 EDIT-SEQ 010787 | | | | |
| 02-09 | 02-17 | 1 | 52 1 | .00 | .00 | 52313.07 | .00 | .00 | 1151.54 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 03-09 | 02-19 | 3 | 51 1 | CHECK #652570 | | | | 733.00- | 418.54 | | PAYEE CD 70138 | | | | |
| | | | | | | | | | | | | | | .88 | P |
| 02-09 | 03-16 | 1 | 52 1 | .00 | .00 | 52313.07 | .00 | .00 | 418.54 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 02-09 | 03-23 | 1 | 71 1 | 1111.24 | 345.98 | 51967.09 | 250.67 | 502.66 | 921.20 | .00 | .00 | .00 | .00 | 11.93 | 11 |
| | | | | | | | | | | | | | | 03-23-09 | L |
| | | | | | | | | | | | | | | .73 | P |
| | | | | | | | | | | | | | | 16.35 | AA |
| | | | | | | | | | | | BATCH 8L1 EDIT-SEQ 160689 | | | | |
| 03-09 | 03-31 | 1 | 60 1 | 5.16 | .00 | 51967.09 | .00 | 5.16 | 926.36 | .00 | .00 | .00 | .00 | | 1 |
| 03-09 | 04-15 | 1 | 71 1 | 1111.24 | 347.64 | 51619.45 | 249.01 | 502.66 | 1429.02 | .00 | .00 | .00 | .00 | 11.93 | 11 |
| | | | | | | | | | | | | | | 04-15-09 | L |
| | | | | | | | | | | | | | | .76 | P |
| | | | | | | | | | | | | | | 16.24 | AA |
| | | | | | | | | | | | BATCH 8L1 EDIT-SEQ 128466 | | | | |
| 04-09 | 04-16 | 1 | 52 1 | .00 | .00 | 51619.45 | .00 | .00 | 1429.02 | .00 | .00 | .00 | .00 | 11.93- | 11 |

```
I7381-721                        M & T BANK                    LOAN HISTORY Y-T-D INV 660 CAT 001 INV#          13 12/31/09
LOAN-NO (CONT'D)                                                                                                 PAGE  18030

LN#        997   DAVID OSIER                   MICHELE OSIER                                              EMP 0   POFO
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04-09 | 04-22 | 1 75 | 1 | 236.68 | 27.40 | 51592.05 | .00 | .00 | 1429.02 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 209.28 W | |
| | | | | | | | | | | | | | | 04-22-09 L | |
| | | | | | | | | | | | BATCH 4AG EDIT-SEQ 239711 ACTION 0914 | | | | |
| 04-09 | 04-23 | 1 47 | 1 | .00 | .00 | 51592.05 | .00 | .00 | 1429.02 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 209.28-W | |
| | | | | | | | | | | | BATCH CB1 EDIT-SEQ 091808 ACTION 0005 | | | | |
| 04-09 | 05-18 | 1 52 | 1 | .00 | .00 | 51592.05 | .00 | .00 | 1429.02 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 04-09 | 05-29 | 1 71 | 1 | 1111.24 | 349.44 | 51242.61 | 247.21 | 502.66 | 1931.68 | .00 | .00 | .00 | .00 | 11.93 | 11 |
| | | | | | | | | | | | | | | 05-31-09 L | |
| | | | | | | | | | | | | | | 3.45 P | |
| | | | | | | | | | | | | | | 16.12 AA | |
| | | | | | | | | | | | BATCH 8L1 EDIT-SEQ 195611 | | | | |
| 05-09 | 06-16 | 1 52 | 1 | .00 | .00 | 51242.61 | .00 | .00 | 1931.68 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 05-09 | 06-30 | 1 60 | 1 | 7.60 | .00 | 51242.61 | .00 | 7.60 | 1939.28 | .00 | .00 | .00 | .00 | | 1 |
| 05-09 | 07-16 | 1 52 | 1 | .00 | .00 | 51242.61 | .00 | .00 | 1939.28 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 05-09 | 07-29 | 1 72 | 1 | 1130.00 | 351.11 | 50891.50 | 245.54 | 502.66 | 2441.94 | .00 | .00 | .00 | .00 | 30.69 | 11 |
| | | | | | | | | | | | | | | 07-28-09 L | |
| | | | | | | | | | | | | | | 3.08 P | |
| | | | | | | | | | | | | | | 16.01 AA | |
| | | | | | | | | | | | BATCH 8BA EDIT-SEQ 083522 | | | | |
| 06-09 | 08-17 | 1 52 | 1 | .00 | .00 | 50891.50 | .00 | .00 | 2441.94 | .00 | .00 | .00 | .00 | 10.96- | 11 |
| 06-09 | 09-15 | 1 72 | 1 | 1099.31 | .00 | 50891.50 | .00 | .00 | 2441.94 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 1099.31 W | |
| | | | | | | | | | | | | | | 09-14-09 L | |
| | | | | | | | | | | | BATCH 8BA EDIT-SEQ 114583 ACTION 1029 | | | | |
| 06-09 | 09-15 | 1 73 | 2 | 11.93 | .00 | 50891.50 | .00 | .00 | 2441.94 | .00 | .00 | .00 | .00 | 11.93 | 11 |
| | | | | | | | | | | | BATCH 8BA EDIT-SEQ 116491 ACTION 0029 | | | | |
| 06-09 | 09-16 | 1 73 | 1 | .00 | 352.79 | 50538.71 | 243.86 | 502.66 | 2944.60 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 1099.31-W | |
| | | | | | | | | | | | | | | 09-16-09 L | |
| | | | | | | | | | | | | | | 6.56 P | |
| | | | | | | | | | | | | | | 15.90 AA | |
| | | | | | | | | | | | BATCH 929 EDIT-SEQ 999999 | | | | |
| 07-09 | 09-16 | 1 52 | 2 | .00 | .00 | 50538.71 | .00 | .00 | 2944.60 | .00 | .00 | .00 | .00 | 10.96- | 11 |
| 09-09 | 09-18 | 3 11 | 1 | CHECK #754340 | | | | 3261.98- | 317.38- | | PAYEE CD 310676056 | | | | |
| | | | | | | | | | | | | | | .32 P | |
| 07-09 | 09-18 | 1 61 | 2 | 317.38 | .00 | 50538.71 | .00 | 317.38 | .00 | 317.38 | .00 | .00 | .00 | | 1 |
| 07-09 | 09-30 | 1 60 | 1 | 9.96 | .00 | 50538.71 | .00 | 9.96 | 9.96 | 317.38 | .00 | .00 | .00 | | 1 |
| 07-09 | 10-01 | 1 68 | 1 | .00 | .00 | 50538.71 | .00 | 9.96- | .00 | 307.42 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 9.96 V | |
| | | | | | | | | | | | BATCH CPI EDIT-SEQ 999999 | | | | |
| 07-09 | 10-16 | 1 52 | 1 | .00 | .00 | 50538.71 | .00 | .00 | .00 | 307.42 | .00 | .00 | .00 | 10.96- | 11 |
| 07-09 | 10-19 | 1 72 | 1 | 1099.31 | .00 | 50538.71 | .00 | .00 | .00 | 307.42 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 1099.31 W | |
| | | | | | | | | | | | | | | 10-19-09 L | |
| | | | | | | | | | | | BATCH 8SD EDIT-SEQ 220916 ACTION 102V | | | | |
| 07-09 | 10-19 | 1 73 | 2 | 11.93 | .00 | 50538.71 | .00 | .00 | .00 | 307.42 | .00 | .00 | .00 | 11.93 | 11 |
| | | | | | | | | | | | BATCH 8SD EDIT-SEQ 221272 | | | | |
| 07-09 | 10-21 | 1 73 | 1 | .00 | 354.49 | 50184.22 | 242.16 | 502.66 | 502.66 | 307.42 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 1099.31-W | |
| | | | | | | | | | | | | | | 10-21-09 L | |

```
I7381-721                    M & T BANK           LOAN HISTORY Y-T-D INV 660 CAT 001 INV# ████████  T13 12/31/09
LOAN-NO (CONT'D)                                                                                    PAGE  18031

LN#      ███████997  DAVID OSIER              MICHELE OSIER                                  EMP 0   POF0
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 15.79 | AA |
| 07-09 | 10-21 | 1 68 | 2 | .00 | .00 | 50184.22 | .00 | 307.42- | 195.24 | .00 | BATCH 4GO EDIT-SEQ 279496 .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | BATCH 4GO EDIT-SEQ 279496 | | | 307.42 | V |
| | | IR EFF 08-09 OLD .0575000 | | | | | NEW .0375000 | | PRIN BAL 50,184.22 | | | | | | |
| | | PI EFF 08-09 OLD | | 596.65 | | | NEW | 548.20 | PRIN BAL 50,184.22 | | | | | | |
| 08-09 | 11-16 | 1 52 | 1 | .00 | .00 | 50184.22 | .00 | .00 | 195.24 | .00 | .00 | .00 | .00 | 10.96- | 11 |
| 08-09 | 11-25 | 1 72 | 1 | 1040.14 | .00 | 50184.22 | .00 | .00 | 195.24 | .00 | .00 | .00 | .00 | 1040.14 | W |
| | | | | | | | | | | | | | | 11-25-09 | L |
| | | | | | | | | | | | | | | | 1 |
| 08-09 | 11-27 | 1 73 | 1 | .00 | 391.37 | 49792.85 | 156.83 | 491.94 | 687.18 | .00 | BATCH 8SB EDIT-SEQ 169121 ACTION 1029 .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 1040.14- | W |
| | | | | | | | | | | | | | | 11-27-09 | L |
| | | | | | | | | | | | | | | .40 | P |
| | | | | | | | | | | | | | | 15.68 | AA |
| 00-00 | 12-15 | 6 31 | 1 | .00 PROCES 8C1 | REASON FAFE 1ST AMER W/O FEE | | | CORP:SEQ 91 PAYEE 32N35 | | | BATCH 929 EDIT-SEQ 999999 ACTION 0029 ORIG PAY FIRSTAMNO | | | 20.00 | AN |
| | | | | CHECK #791964 | | | | | | | | | | | |
| 09-09 | 12-16 | 1 52 | 1 | .00 | .00 | 49792.85 | .00 | .00 | 687.18 | .00 | .00 | .00 | .00 | 10.96- | 11 |
| 00-00 | 12-28 | 7 45 | 1 | 20.00-PROCES DPW | REASON | ADJUSTMENT | | CORP:SEQ | PAYEE | | ORIG PAY | | .00 | 20.00-AN | |
| | | | | CHECK # | | | | | | | | | | | |
| 09-09 | 12-31 | 1 60 | 1 | 1.68 | .00 | 49792.85 | .00 | 1.68 | 688.86 | .00 | .00 | .00 | .00 | | 1 |

```
REQ-BY TOTALS    10,527.28                   2,141.56                                       .00                    457.71
Y/E                           3,207.24                    4,537.62
```

OTHER AMOUNT CODES:
```
A=FHA-PENALTY    G=SER-INTEREST-PAID TO POOL  K=INT-DUE-PD         P=ACCRUED-IOE/IORE    U=REAPPLICATION-FEE    Y=HUD-FUND
B=BSC            H=FEE-AMT                     L=PD-THRU-DT         R=UE-INT-AMT          V=ESCROW-ADVANCE       Z=RESTRICTED-ESCROW
C=235-FEE        I=A-H-PD                      M=ADVANCE-EFF-DATE   S=CR-LIFE-AMT         W=SUSPENSE             DI=DEFERRED-INT-BAL
F=MISC           J=LIFE-PD                     N=ADVANCE-MEMO-AMT   T=ORIG-FEE-AMT        X=REPLACEMENT-RESERVE
AA=SER-FEE-PD    AB=DEFERRED-INT-PD            AC=LIFE-DEF-INT-PD   AD=CHECK-NO  AE=DEFERRED-INT-LTD-PD  AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE      AJ=DEF-INT-ADJ-FLAG  AK=ADV-AMT-RECD  AL=TRAN-SOURCE  AM=IOC-SPEC-INT-PD  AN=NON-REC-CORP-ADV  AP=DATE-STAMP  AQ=TIME-
STAMP  AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC-CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:       1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEE
```

```
REIMBURSED INTEREST BY RI-HDR-SW:
                              REIMBURSED INTEREST    REPORTABLE 1099 INTEREST
     01     D  OSIER               236.14                    .00
```

```
I7381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 250 CAT 001 INV# ████████ T13 12/31/08
                                                                                                      PAGE  46688
                                                                                            ARM PLAN A4KX
LN#   ████████97   DAVID OSIER            MICHELE OSIER                                       EMP 0  POFO
                                          3968 STETSON CIR          SYRACUSE          NY 132151028

1ST MTGE PRIN 2ND MTGE PRIN  ESC BAL   REST ESC   SUSPENSE   ADV BAL   REPL RES  HUD BAL   LC BAL  INT DUE DUE DATE HUD PRT OF M
 53,000.09         .00      2042.85      .00        .00       .00        .00       .00     24.98     .00 12-01-08  .00 00 9

  P & I 1ST  P&I 2ND   CO TAX CITY TAX  HAZ INS  M I P   LIEN   BSC  A & H    LIFE     MISC    REP RES  TOT PAYMT INT RATE DT BM
   596.65      .00     439.18   .00     59.00   .00    .00  .00 0    .00 0    .00 0     .00    1099.31 .0575000  1 1
  OVER/SHORT AMT        4.48

   1ST ORIG MTG  2ND ORIG MTG    PRIN BAL BEG  INT IND  CAP FLAG  MTGR SSN    DEF INT BAL  PRIOR YR PPD INT  PPD INT IND  GPM ORG
      89,725          0          56,696.21              112 52 9122     0.00           0.00         0

ASSUM-DT XFER-DEED FHA-SEC/NUM  LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE  SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT
                                                     Y/12-15-07     SYRSEC1207

PMT PERIOD 1098-DET-HIST POINTS-PAID/RPTG YR SUPPR-MICR-STMT DI-NOT-RPT-YR REAS CAUS RI-HDR-SW 1ST-DUE-DT  REO STAT/COMPL DT
  12                        .00                                                                  08-93

IOE CREDIT YTD/W-H SW/W-H BALANCE  IORE CREDIT YTD/W-H SW/W-H BALANCE  CONSTR CD  NO PURGE FLAG/YR  BNKRPT STAT  LAST DEF DUE
    33.34            .00                .00            .00                                                          07-18

REC CORP ADV BAL   3RD REC CORP ADV BAL   FORECL WKST CODE/REINSTATE DATE   INIT ESC STMT CODE / DATE  LOSS MIT STATUS/COMPL DATE
      .00                .00                                                     9        01-29-08
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 56696.21 | | | 1909.85 | .00 | | .00 | .00 | | |
| 12-07 | 01-10 | 1 73 | 1 | 1148.84 | 286.15 | 56410.06 | 366.16 | 483.48 | 2393.33 | .00 | .00 | .00 | .00 | 13.05 | 11 |
| | | | | | | | | | | | | | | 01-09-08 | L |
| | | | | | | | | | | | | | | 1.05 | P |
| | | | | | | | | | | | | | | 17.72 | AA |
| | | | | | | | | | BATCH 4CI EDIT-SEQ 152665 | | | | | | |
| 01-08 | 01-15 | 3 12 | 1 | CHECK #455176 | | | | 1939.30- | 454.03 | | PAYEE CD 310671013 | | | | |
| 01-08 | 01-30 | 1 71 | 1 | 1148.84 | 288.00 | 56122.06 | 364.31 | 483.48 | 937.51 | .00 | .00 | .00 | .00 | .66 | P |
| | | | | | | | | | | | | | | 13.05 | 11 |
| | | | | | | | | | | | | | | 01-30-08 | L |
| | | | | | | | | | | | | | | .37 | P |
| | | | | | | | | | | | | | | 17.63 | AA |
| | | | | | | | | | BATCH 8L1 EDIT-SEQ 140282 | | | | | | |
| 02-08 | 02-19 | 1 52 | 1 | .00 | .00 | 56122.06 | .00 | .00 | 937.51 | .00 | .00 | .00 | .00 | | |
| 03-08 | 02-21 | 3 51 | 1 | CHECK #475615 | | | | 708.00- | 229.51 | | PAYEE CD 70138 | | | | |
| 02-08 | 03-07 | 1 72 | 1 | 1186.67 | 289.86 | 55832.20 | 362.45 | 496.53 | 726.04 | .00 | .00 | .00 | .00 | 1.13 | P |
| | | | | | | | | | | | | | | 37.83 | 11 |
| | | | | | | | | | | | | | | 03-07-08 | L |
| | | | | | | | | | | | | | | .19 | P |
| | | | | | | | | | | | | | | 17.54 | AA |
| | | | | | | | | | BATCH 8L5 EDIT-SEQ 014318 | | | | | | |
| 03-08 | 03-17 | 1 52 | 1 | .00 | .00 | 55832.20 | .00 | .00 | 726.04 | .00 | .00 | .00 | .00 | 13.05- | 11 |
| 03-08 | 03-27 | 1 71 | 1 | 1158.95 | 291.73 | 55540.47 | 360.58 | 506.64 | 1232.68 | .00 | .00 | .00 | .00 | | 1 |
| | | | | | | | | | | | | | | 03-27-08 | L |
| | | | | | | | | | | | | | | .80 | P |
| | | | | | | | | | | | | | | 17.45 | AA |
| | | | | | | | | | BATCH 8L1 EDIT-SEQ 059180 | | | | | | |
| 04-08 | 03-31 | 1 60 | 1 | 4.47 | .00 | 55540.47 | .00 | 4.47 | 1237.15 | .00 | .00 | .00 | .00 | | 1 |
| 04-08 | 04-16 | 1 52 | 1 | .00 | .00 | 55540.47 | .00 | .00 | 1237.15 | .00 | .00 | .00 | .00 | 13.05- | 11 |

I7381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 250 CAT 001 INV# ▮▮▮▮ T13 12/31/08
LOAN-NO (CONT'D)                                                                              PAGE 46689

LN# ▮▮▮▮997 DAVID OSIER              MICHELE OSIER                                 EMP 0   POF0

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04-08 | 05-07 | 1 71 | 1 | 1175.35 | 293.61 | 55246.86 | 358.70 | 509.99 | 1747.14 | .00 | .00 | .00 | .00 | 13.05- | 11 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 05-07-08 | L |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 2.51 | P |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 17.36 | AA |
|  |  |  |  |  |  |  |  |  |  |  | BATCH 8L1 EDIT-SEQ 188822 |  |  |  |  |
| 05-08 | 05-16 | 1 52 | 1 | .00 | .00 | 55246.86 | .00 | .00 | 1747.14 | .00 | .00 | .00 | .00 | 13.05- | 11 |
| 05-08 | 06-06 | 1 71 | 1 | 1175.35 | 295.51 | 54951.35 | 356.80 | 509.99 | 2257.13 | .00 | .00 | .00 | .00 | 13.05 | 11 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 06-06-08 | L |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 2.87 | P |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 17.26 | AA |
|  |  |  |  |  |  |  |  |  |  |  | BATCH 8L1 EDIT-SEQ 149841 |  |  |  |  |
| 06-08 | 06-16 | 1 52 | 1 | .00 | .00 | 54951.35 | .00 | .00 | 2257.13 | .00 | .00 | .00 | .00 | 13.05- | 11 |
| 06-08 | 06-30 | 1 60 | 1 | 8.35 | .00 | 54951.35 | .00 | 8.35 | 2265.48 | .00 | .00 | .00 | .00 |  | 1 |
| 06-08 | 07-07 | 1 71 | 1 | 1175.35 | 297.42 | 54653.93 | 354.89 | 509.99 | 2775.47 | .00 | .00 | .00 | .00 | 13.05 | 11 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 07-07-08 | L |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | .87 | P |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 17.17 | AA |
|  |  |  |  |  |  |  |  |  |  |  | BATCH 8L1 EDIT-SEQ 165376 |  |  |  |  |
| 07-08 | 07-16 | 1 52 | 1 | .00 | .00 | 54653.93 | .00 | .00 | 2775.47 | .00 | .00 | .00 | .00 | 13.05- | 11 |
| 07-08 | 07-28 | 1 71 | 1 | 1175.35 | 299.34 | 54354.59 | 352.97 | 509.99 | 3285.46 | .00 | .00 | .00 | .00 | 13.05 | 11 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 07-28-08 | L |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 3.19 | P |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 17.08 | AA |
|  |  | IR EFF 08-08 | | OLD .0775000 | | NEW .0575000 | | PRIN BAL | 54,354.59 | | BATCH 8L1 EDIT-SEQ 177407 |  |  |  |  |
|  |  | PI EFF 08-08 | | OLD 652.31 | | NEW 596.65 | | PRIN BAL | 54,354.59 | |  |  |  |  |  |
| 08-08 | 08-18 | 1 52 | 1 | .00 | .00 | 54354.59 | .00 | .00 | 3285.46 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 08-08 | 09-05 | 1 71 | 1 | 1111.24 | 336.20 | 54018.39 | 260.45 | 502.66 | 3788.12 | .00 | .00 | .00 | .00 | 11.93 | 11 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 09-05-08 | L |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 7.02 | P |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 16.99 | AA |
|  |  |  |  |  |  |  |  |  |  |  | BATCH 8L1 EDIT-SEQ 121022 |  |  |  |  |
| 09-08 | 09-11 | 3 11 | 1 | CHECK #575678 |  |  |  | 3273.77- | 514.35 |  | PAYEE CD 310676056 |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 1.25 | P |
| 09-08 | 09-16 | 1 52 | 1 | .00 | .00 | 54018.39 | .00 | .00 | 514.35 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 09-08 | 09-30 | 1 60 | 1 | 12.87 | .00 | 54018.39 | .00 | 12.87 | 527.22 | .00 | .00 | .00 | .00 |  | 1 |
| 09-08 | 10-02 | 1 71 | 1 | 1111.24 | 337.81 | 53680.58 | 258.84 | 502.66 | 1029.88 | .00 | .00 | .00 | .00 | 11.93 | 11 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 10-02-08 | L |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | .06 | P |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 16.88 | AA |
|  |  |  |  |  |  |  |  |  |  |  | BATCH 8L1 EDIT-SEQ 060597 |  |  |  |  |
| 10-08 | 10-16 | 1 52 | 1 | .00 | .00 | 53680.58 | .00 | .00 | 1029.88 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 10-08 | 11-03 | 1 71 | 1 | 1111.24 | 339.43 | 53341.15 | 257.22 | 502.66 | 1532.54 | .00 | .00 | .00 | .00 | 11.93 | 11 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 11-03-08 | L |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 1.81 | P |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 16.78 | AA |
|  |  |  |  |  |  |  |  |  |  |  | BATCH 8L1 EDIT-SEQ 015236 |  |  |  |  |
| 11-08 | 11-17 | 1 52 | 1 | .00 | .00 | 53341.15 | .00 | .00 | 1532.54 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 11-08 | 11-28 | 1 71 | 1 | 1111.24 | 341.06 | 53000.09 | 255.59 | 502.66 | 2035.20 | .00 | .00 | .00 | .00 | 11.93 | 11 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 11-30-08 | L |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 2.10 | P |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  | 16.67 | AA |

```
I7381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 250 CAT 001 INV# ████████ ▓3 12/31/08
LOAN-NO (CONT'D)                                                                              PAGE 46690

LN# ████████97    DAVID OSIER              MICHELE OSIER                              EMP 0   POFO
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | BATCH 811 EDIT-SEQ 147898 | | | | |
| 12-08 | 12-16 | 1 52 | 1 | .00 | .00 | 53000.09 | .00 | .00 | 2035.20 | .00 | .00 | .00 | .00 | 11.93- | 11 |
| 12-08 | 12-31 | 1 60 | 1 | 7.65 | .00 | 53000.09 | .00 | 7.65 | 2042.85 | .00 | .00 | .00 | .00 | | 1 |

```
REQ-BY TOTALS        13,823.00                  3,908.96                     .00                    258.31
    Y/E                        3,696.12                    6,054.07
```

```
OTHER AMOUNT CODES:
A=FHA-PENALTY    G=SER=INTEREST-PAID TO POOL  K=INT-DUE-PD        P=ACCRUED-IOE/IORE    U=REAPPLICATION-FEE    Y=HUD-FUND
B=BSC            H=FEE-AMT                     L=PD-THRU-DT        R=UE-INT-AMT          V=ESCROW-ADVANCE       Z=RESTRICTED-ESCROW
C=235-FEE        I=A-H-PD                      M=ADVANCE-EFF-DATE  S=CR-LIFE-AMT         W=SUSPENSE             DI=DEFERRED-INT-BAL
F=MISC           J=LIFE-PD                     N=ADVANCE-MEMO-AMT  T=ORIG-FEE-AMT        X=REPLACEMENT-RESERVE
AA=SER-FEE-PD    AB=DEFERRED-INT-PD            AC=LIFE-DEF-INT-PD  AD=CHECK-NO   AE=DEFERRED-INT-LTD-PD   AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE      AJ=DEF-INT-ADJ-FLAG  AK=ADV-AMT-RECD  AL=TRAN-SOURCE  AM=IOC-SPEC-INT-PD  AN=NON-REC-CORP-ADV  AP=DATE-STAMP  AQ=TIME-
STAMP  AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC=CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:       1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEE
```

```
I7381-721                    M & T BANK              LOAN HISTORY Y-T-D INV 250 CAT 001 INV#████████13 12/31/07
                                                                                                      PAGE  52359
                                                                                              ARM PLAN A4KX
LN# ████████97   DAVID OSIER                   MICHELE OSIER                                       EMP 0  POFO
                                               3968 STETSON CIRCLE          SYRACUSE       NY 13215

1ST MTGE PRIN 2ND MTGE PRIN  ESC BAL    REST ESC   SUSPENSE    ADV BAL  REPL RES  HUD BAL   LC BAL  INT DUE DUE DATE HUD PRT OF M
    56,696.21        .00     1909.85       .00        .00        .00      .00       .00     50.88     .00 12-01-07    .00 00 9

   P & I 1ST  P&I 2ND   CO TAX CITY TAX  HAZ INS  M I P    LIEN   BSC  A & H     LIFE     MISC      REP RES  TOT PAYMT INT RATE DT BM
     652.31     .00     442.97    .00    49.41    .00    8.90- .00   .00 0    .00 0     .00 0      .00     1135.79 .0775000 1 1

     1ST ORIG MTG  2ND ORIG MTG      PRIN BAL BEG  INT IND  CAP FLAG  MTGR SSN      DEF INT BAL  PRIOR YR PPD INT  PPD INT IND  GPM ORG
        89,725         0            56,696.21              112 52 9122          0.00            0.00         0

ASSUM-DT XFER-DEED FHA-SEC/NUM    LIP PAYOFF FC-TRK-SW YE-ACQ-RPT/DATE  SALE-ID EXEMPT PLGD-LN PMT-OPT CALC-METH ELOC BNKRPCY CH/DT
                                                     Y/12-15-07     SYRSEC1207  2

PMT PERIOD  1098-DET-HIST  POINTS-PAID/RPTG YR  SUPPR-MICR-STMT  DI-NOT-RPT-YR  REAS CAUS  RI-HDR-SW  1ST-DUE-DT    REO STAT/COMPL DT
    12                         .00                                                                    08-93

IOE CREDIT YTD/W-H SW/W-H BALANCE   IORE CREDIT YTD/W-H SW/W-H BALANCE   CONSTR CD   NO PURGE FLAG/YR   BNKRPT STAT  LAST DEF DUE
    1.78                 .00                            .00                                                          00-00

REC CORP ADV BAL   3RD REC CORP ADV BAL   FORECL WKST CODE/REINSTATE DATE   INIT ESC STMT CODE / DATE   LOSS MIT STATUS/COMPL DATE
      .00                   .00                                              Z         12-15-07
```

| DUE DATE | PROC DATE | TP TR | SQ NO | AMOUNT RECEIVED | PRINCIPAL PAID | PRINCIPAL BALANCE | INTEREST PAID | ESCROW PAID | ESCROW BALANCE | ADVANCE BALANCE | STATUS AMOUNT | STATUS BALANCE | UNEARNED INT-BAL. | OTHER AMOUNTS | CFD DCT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BAL-FWD | | | | | | 56696.21 | | | 1908.07 | .00 | | .00 | .00 | | |
| 12-07 | 12-31 | 1 60 | 1 | 1.78 | .00 | 56696.21 | .00 | 1.78 | 1909.85 | .00 | .00 | .00 | .00 | | 1 |
| REQ-BY TOTALS | | | | 1.78 | | | | | | | | | | | |
| Y/E | | | | | .00 | | .00 | 1.78 | | | .00 | | | .00 | |

```
OTHER AMOUNT CODES:
A=FHA-PENALTY  G=SER-INTEREST-PAID TO POOL  K=INT-DUE-PD      P=ACCRUED-IOE/IORE   U=REAPPLICATION-FEE   Y=HUD-FUND
B=BSC          H=FEE-AMT                    L=PD-THRU-DT      R=UE-INT-AMT         V=ESCROW-ADVANCE      Z=RESTRICTED-ESCROW
C=235-FEE      I=A-H-PD                     M=ADVANCE-EFF-DATE S=CR-LIFE-AMT       W=SUSPENSE            DI=DEFERRED-INT-BAL
F=MISC         J=LIFE-PD                    N=ADVANCE-MEMO-AMT T=ORIG-FEE-AMT      X=REPLACEMENT-RESERVE
AA=SER-FEE-PD  AB=DEFERRED-INT-PD           AC=LIFE-DEF-INT-PD AD=CHECK-NO  AE=DEFERRED-INT-LTD-PD  AF=LIFE-DEFERRED-INT-LTD-PD
AG=SUB-CODE    AJ=DEF-INT-ADJ-FLAG AK=ADV-AMT-RECD  AL=TRAN-SOURCE  AM=IOC-SPEC-INT-PD  AN=NON-REC-CORP-ADV  AP=DATE-STAMP  AQ=TIME-
STAMP  AR=MTGR-REC-CORP-ADV  AS=PREV-POSTED  AT=3RD-REC-CORP-ADV  AY=ADJ YE 1098 IND  AZ=CHOICES-PD
FEE CODES:  1=LATE-CHARGE  2=BAD-CK-FEE  3=CHG-OWNER  $=ELOC-FEE
```

90085535 ● 7026 PAGE 079   43187

42366

ONONDAGA COUNTY

| | | |
|---|---|---|
| MORTGAGE TAX | $ | 1.— |
| MTG. INS. FUND TAX | $ | .50 |
| NET ADDITIONAL TAX | $ | — |
| TOTAL MTG. TAX PAID | $ | 1.50 |

RECORD & RETURN TO:   SYRACUSE SECURITIES, INC.
1010 James Street
Syracuse, New York 13203

[Space Above This Line For Recording Data]

# MORTGAGE

## WORDS USED OFTEN IN THIS DOCUMENT

(A) "Security Instrument". This document, which is dated   June 29, 1993,   , will be called the "Security Instrument".

(B) "Borrower".   MICHELLE OSIER

sometimes will be called "Borrower" and sometimes simply "I" or "me".

(C) "Lender".   SYRACUSE SECURITIES, INC.

will be called "Lender". Lender is a corporation or association which exists under the laws of   New York State.

Lender's address is   1010 James Street, Syracuse, New York 13203.

(D) "Note". The note signed by Borrower and dated   June 29, 1993,   , will be called the "Note". The Note shows that I owe Lender   TWO HUNDRED TWENTY SEVEN AND 79/100 * * *

* * * * * * * * * * * * *   Dollars (U.S. $   227.79   ) plus interest. I have promised to pay this debt in monthly payments and to pay the debt in full by·   July 1, 2018.

(E) "Property". The property that is described below in the section titled "Description of the Property", will be called the "Property".

(F) "Sums Secured". The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property", sometimes will be called the "Sums Secured".

## BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to Lender subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I fail to:

(A) Pay all the amounts that I owe Lender as stated in the Note;

(B) Pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 of this Security Instrument to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my other promises and agreements under this Security Instrument.

NEW YORK -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3033 10/91
ITEM 1930 (9111)                    (Page 1 of 10 pages)
Great Lakes Business Forms, Inc. ■
To Order Call 1-800-530-9393 □ FAX 616-791-1131

MORT
BOOK **7026** PAGE **080**

## DESCRIPTION OF THE PROPERTY

I give Lender rights in the Property described in (A) through (G) below:

(A) The Property which is located at **3968 Stetson Circle**
(Street)

**Syracuse** , New York **13215** This Property is in
[City] [Zip Code]

**Onondaga** County. It has the following legal description:

SEE SCHEDULE "A" ATTACHED HERETO AND MADE A PART HEREOF.

SUBJECT TO EASEMENTS AND RESTRICTIONS OF RECORD, IF ANY.

THE PREMISES HEREIN IS IMPROVED BY A ONE OR TWO FAMILY RESIDENCE ONLY.

(B) All buildings and other improvements that are located on the Property described in subparagraph (A) of this section;
(C) All rights in other property that I have as owner of the Property described in subparagraph (A) of this section. These rights are known as "easements and appurtenances attached to the Property";
(D) All rights that I have in the land which lies in the streets or roads in front of, or next to, the Property described in subparagraph (A) of this section;
(E) All fixtures that are now or in the future will be on the Property described in subparagraphs (A) and (B) of this section;
(F) All of the rights and property described in subparagraphs (B) through (E) of this section that I acquire in the future; and
(G) All replacements of or additions to the Property described in subparagraphs (B) through (F) of this section.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

## PLAIN LANGUAGE SECURITY INSTRUMENT

This Security Instrument contains promises and agreements that are used in real property security instruments all over the country. It also contains other promises and agreements that vary, to a limited extent, in different parts of the country. My promises and agreements are stated in "plain language".

(Page 2 of 10 pages)

## COVENANTS

I promise and I agree with Lender as follows:

REGISTERS BOOK 7026 PAGE 081

## 1. BORROWER'S PROMISE TO PAY

I will pay to Lender on time principal and interest due under the Note and any prepayment and late charges due under the Note.

## 2. MONTHLY PAYMENTS FOR TAXES AND INSURANCE

### (A) Borrower's Obligations

I will pay to Lender all amounts necessary to pay for taxes, assessments, water frontage charges and other similar charges, sewer rents, leasehold payments or ground rents (if any), hazard or property insurance covering the Property, and flood insurance (if any). If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, (i) I also will pay to Lender all amounts necessary to pay for mortgage insurance, and (ii) if, under Paragraph 8 below, instead of paying for mortgage insurance I am required to pay Lender an amount equal to the cost of mortgage insurance, I will pay this amount to Lender. I will pay all of these amounts to Lender unless Lender tells me, in writing, that I do not have to do so, or unless the law requires otherwise. I will make these payments on the same day that my monthly payments of principal and interest are due under the Note.

My payments under this Paragraph 2 will be for the items listed in (i) through (vi) below, which are called "Escrow Items":
(i) The estimated yearly taxes, assessments, water frontage charges and other similar charges, and sewer rents on the Property which under the law may be superior to this Security Instrument as a lien on the Property. Any claim, demand or charge that is made against Property because an obligation has not been fulfilled is known as a "lien";
(ii) The estimated yearly leasehold payments or ground rents on the Property (if any);
(iii) The estimated yearly premium for hazard or property insurance covering the Property;
(iv) The estimated yearly premium for flood insurance covering the Property (if any);
(v) The estimated yearly premium for mortgage insurance (if any); and
(vi) The estimated yearly amount I may be required to pay Lender under Paragraph 8 below instead of the payment of the estimated yearly premium for mortgage insurance (if any).

Lender will estimate from time to time the amount I will have to pay for Escrow Items by using existing assessments and bills and reasonable estimates of the amount I will have to pay for Escrow Items in the future, unless the law requires Lender to use another method for determining the amount I am to pay. The amounts that I pay to Lender for Escrow Items under this Paragraph 2 will be called the "Funds". The Funds are pledged as additional security for all Sums Secured.

The law puts limits on the total amount of Funds Lender can at any time collect and hold. This total amount cannot be more than the maximum amount a lender for a "federally related mortgage loan" could require me to place in an "escrow account" under the federal law called the "Real Estate Settlement Procedures Act of 1974", as that law may be amended from time to time. If there is another law that imposes a lower limit on the total amount of Funds Lender can collect and hold, Lender will be limited to the lower amount.

### (B) Lender's Obligations

Lender will keep the Funds in a savings or banking institution which has its deposits insured by a federal agency, instrumentality, or entity, or in any Federal Home Loan Bank. If Lender is such a savings or banking institution, Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay the Escrow Items. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds and the reason for each deduction.

Lender may not charge me for holding or keeping the Funds, for using the Funds to pay Escrow Items, for making a yearly analysis of my payment of Funds or for receiving, verifying and totaling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender also may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with my loan, unless the law does not permit Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Security Instrument, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

### (C) Adjustments to the Funds

Under the law, there is a limit on the amount of Funds Lender may hold. If the amount of Funds held by Lender exceeds this limit, then the law requires Lender to account to me in a special manner for the excess amount of Funds. There will be an excess amount if, at any time, the amount of Funds which Lender is holding or keeping is greater than the amount of Funds Lender is allowed to hold under the law.

                                    Form 3033 10/91

7020082

If, at any time, Lender has not received enough Funds to make the payments of Escrow Items when the payments are due, Lender may tell me in writing that an additional amount is necessary. I will pay to Lender whatever additional amount is necessary to pay the Escrow Items in full. Lender will determine the number of monthly payments I have in which to pay that additional amount, but the number of payments will not be more than twelve.

When I have paid all of the Sums Secured, Lender will promptly refund to me any Funds that are then being held by Lender. If, under Paragraph 21 below, Lender either acquires or sells the Property, then before the acquisition or sale, Lender will use any Funds which Lender is holding at the time of the acquisition or sale to reduce the Sums Secured.

### 3. APPLICATION OF BORROWER'S PAYMENTS

Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

First, to pay any prepayment charges due under the Note;

Next, to pay the amounts due to Lender under Paragraph 2 above;

Next, to pay interest due;

Next, to pay principal due; and

Last, to pay any late charges due under the Note.

### 4. BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS

I will pay all taxes, assessments, water frontage charges and other similar charges, sewer rents, and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property. I will do this either by making the payments to Lender that are described in Paragraph 2 above or, if I am not required to make payments under Paragraph 2, by making the payments on time to the person owed them. (In this Security Instrument, the word "person" means any person, organization, governmental authority or other party). If I make direct payments, then promptly after making any of those payments I will give Lender a receipt which shows that I have done so. If I make payment to Lender under Paragraph 2, I will give Lender all notices or bills that I receive for the amounts due under this Paragraph 4.

I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves the way in which I agree to pay that obligation; or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced; or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give Borrower a notice identifying the superior lien. Borrower shall pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

### 5. BORROWER'S OBLIGATION TO MAINTAIN HAZARD INSURANCE OR PROPERTY INSURANCE

I will obtain hazard or property insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage, including floods and flooding. The insurance must be in the amounts and for the periods of time required by Lender. I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. If I do not maintain the insurance coverage described above, Lender may obtain insurance coverage to protect Lender's rights in the property in accordance with paragraph 7 below.

All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company is called "proceeds". The proceeds will be used to repair or to restore the damaged Property unless: (A) it is not economically feasible to make the repairs or restoration; or (B) the use of the proceeds for that purpose would lessen the protection given to Lender by this Security Instrument; or (C) Lender and I have agreed in writing not to use the proceeds for that purpose. If the repair or restoration is not economically feasible or if it would lessen Lender's protection under this Security Instrument, then the proceeds will be used to reduce the amount that I owe to Lender under the Note and under this Security Instrument. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may collect the proceeds. Lender may use the proceeds to repair or restore the Property or to pay the Sums Secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to those delays or changes.

If Lender acquires the Property under Paragraph 21 below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the Sums Secured immediately before the Property is acquired by Lender or sold.

## 6. BORROWER'S OBLIGATIONS TO OCCUPY THE PROPERTY, TO MAINTAIN AND PROTECT THE PROPERTY, AND TO FULFILL ANY LEASE OBLIGATIONS; BORROWER'S LOAN APPLICATION

### (A) Borrower's Obligations to Occupy the Property

I will occupy the Property and use the Property as my principal residence within sixty days after I sign this Security Instrument. I will continue to occupy the Property and to use the Property as my principal residence for at least one year. The one-year period will begin when I first occupy the Property. However, I will not have to occupy the Property and use the Property as my principal residence within the time frames set forth above if Lender agrees in writing that I do not have to do so. Lender may not refuse to agree unless the refusal is reasonable. I also will not have to occupy the Property and use the Property as my principal residence within the time frames set forth above if extenuating circumstances exist which are beyond my control.

### (B) Borrower's Obligations to Maintain and Protect the Property

I will keep the Property in good repair. I will not destroy, damage or harm the Property, and I will not allow the Property to deteriorate.

I will be "in default" under this Security Instrument if I fail to keep any promise or agreement made in this Security Instrument. I also will be in default under this Security Instrument if any civil or criminal action or proceeding for "forfeiture" (that is, a legal action or proceeding to require the Property, or any part of the Property, to be given up) is begun and Lender determines, in good faith, that this action or proceeding could result in a court ruling (i) that would require forfeiture of the Property or (ii) that would materially impair the lien of this Security Instrument or Lender's rights in the Property. I may correct the default by obtaining a court ruling that dismisses the legal action or proceeding, if Lender determines, in good faith, that this court ruling prevents forfeiture of my interests in the Property and also prevents any material impairment of (i) the lien created by this Security Instrument or (ii) Lender's rights in the Property. If I correct the default, I will have the right to have enforcement of this Security Instrument discontinued, as provided in Paragraph 18 below, even if Lender has required immediate payment in full.

### (C) Borrower's Obligations to Fulfill Any Lease Obligations

If I do not own but am a tenant on the Property, I will fulfill all my obligations under my lease. I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing.

### (D) Borrower's Loan Application

If, during the application process for the loan that I promise to pay under the Note, I made false or inaccurate statements to Lender about information important to Lender in determining my eligibility for the loan, Lender will treat my actions as a default under this Security Instrument. False or inaccurate statements about information important to Lender would include a misrepresentation of my intentions to occupy the Property as a principal residence. This is just one example of a false or inaccurate statement of important information. Also, if during the loan application process I failed to provide Lender with information important to Lender in determining my eligibility for the loan, Lender will treat this as a default under this Security Instrument.

## 7. LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY

If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or forfeiture, or to enforce laws or regulations), Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this Paragraph 7, Lender does not have to do so.

Form 3033 10/91