UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**CHRISTOPHER WHITE and WILLIAM SUITOR, individually and on behalf of all others similarly situated**

*Plaintiffs*,

*vs.*

**Fein, Such & Crane, LLP**,

*Defendant*.

Civil Action No.
15-cv-00438

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

**BARCLAY DAMON, LLP**

1100 M&T Center
Three Fountain Plaza
Buffalo, New York 14203
Telephone (716) 566-1560
Facsimile (716) 566-4014

*Attorneys for Defendant Fein, Such and Crane, LLP*



BARCLAY DAMON, LLP

BARCLAY DAMON, LLP

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

STANDARD OF REVIEW .......... 2

ARGUMENT .......... 3

I. DEFENDANT'S COMMUNICATIONS WITH THE INDIVIDUAL PLAINTIFFS' ATTORNEYS ARE NOT SUBJECT TO THE FDCPA .......... 3

II. ATTORNEYS' FEES IN FAVOR OF THE DEFENDANT WERE AUTHORIZED BY CONTRACT AND, THUS, DO NO VIOLATE § 1692f. .......... 5

III. DEFENDANT'S CONDUCT WAS NOT CONSUMER-ORIENTED .......... 7

A. Defendant's Conduct was not Directed at the Public at Large. .......... 7

B. Defendant's Conduct was not Directed to Consumers. .......... 9

C. Plaintiffs were not the consumers of Defendant's services, nor is there a sufficient nexus to support a cause of action .......... 9

CONCLUSION .......... 10

**TABLE OF AUTHORITIES**

**Cases**

*Alibrandi v. Financial Outsourcing Services, Inc.*, 333 F.3d 82 (2d Cir. 2003) ....................3

*Allstate Insurance Company v. Bogoraz*, 818 F. Supp. 2d 544 (E.D.N.Y. 2011) ....................10

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)....................2

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007)....................2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007)....................2

*Campbell v. MBI Assocs., Inc.*, 2015 U.S. Dist. LEXIS 44811 (E.D.N.Y. 2015)....................7

*Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473 (2d Cir. 2014) ....................7

*City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616 (2009) ....................9

*DiBattista v. Buckalew Frizzell & Crevina, LLP*, 2013 U.S. Dist. LEXIS 162704 (Dist. N.J. 2013) ....................6

*Gabriele v. American Home Mortgage Servicing, Inc.*; 503 Fed. Appx. 89, 2012 U.S. App. LEXIS 24478 (2d. Cir. 2012) ....................5

*Heintz v. Jenkins*, 514 U.S. 291 (1995) ....................7

*Hess v. Cohen & Slamowitz, LLP*, 2010 U.S. Dist. LEXIS 1183 (N.D.N.Y. Jan. 7, 2010)....................3

*Kolganov v. Phillips & Cohen Assocs., Ltd.*, 2004 U.S. Dist. LEXIS 7069 (E.D.N.Y. Apr. 8, 2004) ....................3

*Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002)....................4, 5

*Lane v. Fein, Such & Crane, L.L.P.*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011) ....................10

*Miller v Wolpoff & Abramson, L.L.P.*, 321 F.3d 292 (2d Cir. 2003), *cert. den'd,* 540 U.S. 823 (2003) ....................5

*Newman v. Ormond*, 396 Fed. Appx. 636 (11th Cir. 2010) ....................5, 7

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20 (1995)....................7, 8, 9, 10

*Robey v. Shaprio, Marianos & Cejda, L.L.C.*, 434 F.3d 1208 (10th Cir. 2006) ....................6



BARCLAY DAMON, LLP

*Rojas v. Forster & Garbus, LLP*, 2014 U.S. Dist. LEXIS 105780 (E.D.N.Y. 2014)............................5

*Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393 (S.D.N.Y. 1999)....................................................5, 6

*Silverman v. Household Fin. Realty Corp.*, 979 F.Supp.2d 313 (E.D.N.Y. 2013)................................8

*Tromba v. M.R.S. Assocs*., 323 F. Supp. 2d 424 (E.D.N.Y. 2004).......................................................4

**<u>Other Authorities</u>**

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. ................................*passim*

Governor's Approval Mem. L. 1970, ch. 43, 1970 NY Legis. Ann...................................................10

New York General Business Law § 349.........................................................................*passim*

BARCLAY DAMON, LLP

BARCLAY DAMON, LLP

## PRELIMINARY STATEMENT

The claims presently before the Court are based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. and New York General Business Law § 349 ("GBL § 349"). As explained herein, Plaintiffs' claims are not actionable under the FDCPA or GBL § 349.

Plaintiffs' FDCPA claims are baseless because, in the Second Circuit, communications from a debt collector which are directed solely to a consumer's attorney are not actionable under the FDCPA. The law of the Second Circuit holds that where the consumer is represented by an attorney, it is the attorney, not the FDCPA, that protects the consumer. Regardless of the substance of the communications at issue, courts within the Second Circuit have consistently and uniformly rejected claims of this nature because, in these cases, there is no communication from the debt collector to the consumer. Insofar as both of the proposed representative Plaintiffs were represented by Counsel in the underlying foreclosure actions, their cause or causes of action under the FDCPA fail. Thus, there is no basis in Second Circuit jurisprudence for Plaintiffs' FDCPA claims.

Plaintiffs' GBL § 349 claims are likewise meritless. In order to state a claim under GBL § 349 a plaintiff must allege both that the conduct at issue is consumer-oriented *and* that it is directed to the public-at-large because for conduct to be deemed consumer-oriented within the meaning of GBL § 349, it must be directed to consumers and to the consuming public. Plaintiffs' claims fail to meet the initial threshold. As discussed herein, the particular circumstances of a consumer's mortgage are specific to each consumer, thus communications referencing a particular consumer's mortgage fall outside of the purview of GBL § 349. Moreover, Plaintiffs fail to identify or allege conduct by Defendant which was directed to consumers. Thus, there is no basis for Plaintiffs' GBL claim or claims.

BARCLAY DAMON, LLP

In short, Plaintiffs' Complaint is legally deficient, and Plaintiffs have failed to point to any law or facts which would give them an actionable claim against Defendant. In the absence of such law or facts, Plaintiffs' claims fail to state a cause of action upon which relief can be granted.

**STANDARD OF REVIEW**

The Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955 (2007), that a plaintiff seeking to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure must allege facts that "raise a right to relief above the speculative level." In reviewing complaints against this standard, the Second Circuit has found as insufficient "[a]llegations that are conclusory or unsupported by factual assertions." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Further elaborating on the standards articulated in *Twombly*, the Supreme Court subsequently held that a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A claim only has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570 (internal citations, quotation marks, and alterations omitted).

BARCLAY DAMON, LLP

## ARGUMENT

### I. DEFENDANT'S COMMUNICATIONS WITH THE INDIVIDUAL PLAINTIFFS' ATTORNEYS ARE NOT SUBJECT TO THE FDCPA

The FDCPA is a consumer protection statute enacted by Congress "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protection consumers against debt collection abuses." *Alibrandi v. Financial Outsourcing Services, Inc.*, 333 F.3d 82, 85 (2d Cir. 2003). While protecting consumers, the FDCPA was not intended to "*impos[e] unnecessary restrictions on ethical debt collectors*." *Hess v. Cohen & Slamowitz, LLP*, No. 5:09-CV-0954 (GTS/DEP), 2010 U.S. Dist. LEXIS 1183, *5 (N.D.N.Y. Jan. 7, 2010) (emphasis in original); *see also Kolganov v. Phillips & Cohen Assocs., Ltd.*, No. CV-02-3710 (SJF)(CLP), 2004 U.S. Dist. LEXIS 7069, *3 (E.D.N.Y. Apr. 8, 2004).

The FDCPA regulates third-party debt collectors by subjecting them to "limitations on the content and nature of their correspondence with *debtors*." *Id*. (Emphasis added). 15 U.S.C. §1692(e) provides in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

In the instant case, Plaintiffs' FDCPA claims are premised entirely on four written communications allegedly sent by Defendant to Plaintiffs' respective attorneys. *See* Complaint at Exhibits "A," "B," "C" and "E." There is no allegation or suggestion in Plaintiffs' Complaint that any of the communications at issue were sent directly by Defendant to either of the representative Plaintiffs. *See* Complaint at ¶¶ 41, 42, 51, and 55. Indeed: (a) it is self-evident that the proposed loan modification agreements to Plaintiffs White and Suitor (Complaint Exhibits A and C, Docket Document Nos. 1-1 and 1-3) <u>were not transmitted by the Defendant</u>;

(b) the January 13, March 26 and July 3, 2014 communications concerning Plaintiff White (Complaint Exhibit B, Docket Document No. 1-2) were transmitted by Defendant to Mr. White's counsel at 237 Main Street, Buffalo, New York 14203 (the site of the Legal Aid Bureau of Buffalo, the Western New York Law Center and_Legal Services for the Elderly, Disabled or Disadvantaged of WNY); and the August 14, 2014 communication concerning Plaintiff Suitor (Complaint Exhibit E, Docket Document No. 1-5) was transmitted by Defendant to Mr. Suitor's counsel also at 237 Main Street, Buffalo, New York. As evidenced by the Exhibits to the Complaint (*see, e.g.,* Compl. Exhibits A and C), neither Mr. White nor Mr. Suitor reside at 237 Main Street; Mr. White's address is associated with Zip Code 14211; Mr. Suitor's with 14174.

The U.S. Court of Appeals for the Second Circuit has stated, "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." *Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir. 2002). The Court aptly reasoned, "[i]n order to make out [her FDCPA] claim, [Plaintiff] must first show that the letter was a communication *to her*." *Id.* at 130 (Emphasis in original).

The Eastern District of New York, in reliance on *Kropelnicki,* has reasoned as follows:

> Defendant has significant support for the proposition that a communication of the type at issue in the instant case, where the communication was directed solely to the debtor's attorney and contains no threat of forwarding the communication to the debtor herself, is not actionable under the FDCPA…[*Kropelnicki*] provides strong support for Defendant's contention.

*Tromba v. M.R.S. Assocs*., 323 F. Supp. 2d 424, 427 (E.D.N.Y. 2004). In *Tromba,* the Court characterized the issue presented in the following manner: "whether a claim under the FDCPA may proceed where a communication was solely directed to a debtor's attorney and the communication contained no threat that communication would be made directly with the



BARCLAY DAMON, LLP

debtor." *Id.* *See also Rojas v. Forster & Garbus, LLP*, 2014 U.S. Dist. LEXIS 105780 (E.D.N.Y. 2014) ("[g]enerally, for a misrepresentation to be actionable under the FDCPA, the false statement must be made to the debtor directly and not to counsel;"); *Gabriele v. American Home Mortgage Servicing, Inc.*; 503 Fed. Appx. 89, 2012 U.S. App. LEXIS 24478 (2d. Cir. 2012) (citing *Kropelnicki*).

Based on the foregoing, because all of Defendant's communications referenced in Plaintiffs' Complaint were directed solely to the individual Plaintiffs' attorneys, and not to the Plaintiffs, Plaintiffs' FDCPA claim or claims should be dismissed for failure to state a cause of action. More specifically, Plaintiffs have failed to state a claim that is plausible on its face.

BARCLAY DAMON, LLP

## II. **ATTORNEYS' FEES IN FAVOR OF THE DEFENDANT WERE AUTHORIZED BY CONTRACT AND, THUS, DO NO VIOLATE § 1692f.**

It is a violation of the FDCPA to collect any amount, including fees, "unless such amount is expressly authorized by the agreement creating the debt…" 15 U.S.C. § 1692f(1).

The law regarding an attorneys' fee request and the FDCPA is clear: as long as the contract obligating the debt allows for the collection of attorneys' fees, the debtor's dispute that they are unreasonable is not a sufficient foundation upon which to build an FDCPA claim against the attorney. *See Miller v Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 308 (2d Cir. 2003), *cert. den'd*, 540 U.S. 823 (2003); *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393 (S.D.N.Y. 1999); *Newman v. Ormond*, 396 Fed. Appx. 636, 638 and 640 (11th Cir. 2010) ("The court found that Ormond's request for attorney's fees did not violate the FDCPA because Newman's promissory note agreed that she would pay all reasonable costs of collection, including attorney's fees.")

The Southern District of New York, in *Sierra v. Foster & Garbus*, rejected debtor-plaintiff arguments that the FDCPA was violated because the fee charged to him was

BARCLAY DAMON, LLP

unreasonable and that the law firm's collection efforts were, "computer generated, mass produced forms which involved little, if any work by an attorney… [and that] the amount requested in attorneys' fees is unfair and illegal because it is 20% of the alleged debt, rather than based upon an hourly fee." 48 F. Supp. 2d at 395-396. The Court held that since the agreement between the creditor and the debtor provided that the debtor promised to pay reasonable attorney's fees, the fees requested by the attorney were "expressly authorized by the agreement creating the debt, in accordance with 15 U.S.C. § 1692(f)(1) and do not violate the FDCPA." *Id.* at 395 (quotations omitted).

Directly on point is *Robey v. Shaprio, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1210 (10th Cir. 2006). Robey was a defendant in a mortgage foreclosure action prosecuted by Shapiro, Marianos & Cejda, L.L.C. The mortgagee and their attorney requested a flat fee. Robey argued that the flat fee was, itself, an unfair debt collection practice and that the flat fee arrangement was never disclosed to the Court. The underlying foreclosure against Robey was voluntarily discontinued. The Tenth Circuit affirmed the lower court, which opined, "Plaintiff's attempt to transform Shapiro's and MERS's actions into something sinister is lacking. At best, the failure to disclose the flat fee arrangement is a matter best left to the determination of the court presiding over the foreclosure. The practice, however, *does not violate the FDCPA.*." *Id.* (emphasis added).

"Section 1692f(1) simply states that the collection of a debt must be authorized by law or agreement." *DiBattista v. Buckalew Frizzell & Crevina, LLP*, 13-cv-01639, 2013 U.S. Dist. LEXIS 162704 (Dist. N.J. 2013). An attorney's request for fees is "not a violation of the FDCPA simply because the amount ultimately awarded may have differed from the amount

requested." *Newman v. Ormond,* 396 Fed. Appx. at. 640, *citing Heintz v. Jenkins,* 514 U.S. 291 (1995).

The underlying mortgages related to both of the putative class representatives authorized the payment of reasonable attorneys' fees. Insofar as the underlying agreements themselves authorized the payment of attorneys' fees (*see* accompanying Affidavit of David P. Case), the Plaintiffs fail to state and cannot, as a matter of law, state a cause of action against Defendant.

## III. DEFENDANT'S CONDUCT WAS NOT CONSUMER-ORIENTED

### A. Defendant's Conduct was not Directed at the Public at Large.

As stated above, Plaintiffs' GBL § 349 claim relies completely on written communications allegedly sent by Defendant to the Plaintiffs. *See* Compl. Exhibits A, B, C and E. However, and as described above, on the basis of the Exhibits attached to the Complaint this is inaccurate: the proposed loan modification agreements were not sent by Defendant at all, and the communications that were sent by the Defendant were not sent to the Plaintiffs but, rather, to their respective attorneys.

As the Court held in *Campbell v. MBI Assocs., Inc*., 2015 U.S. Dist. LEXIS 44811 (E.D.N.Y. 2015), "[t]o establish a violation of GBL § 349, a plaintiff must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act" [*internal citations omitted*]. *See also Crawford v. Franklin Credit Mgmt. Corp*., 758 F.3d 473, 490 (2d Cir. 2014).

As held by New York's Court of Appeals, "[i]n order to prove the first element, a plaintiff must show that the challenged act or practice had a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d



BARCLAY DAMON, LLP

BARCLAY DAMON, LLP

20, 25 (1995). Moreover, "[p]rivate contract disputes, unique to the parties, for example, would not fall within the ambit of the statute." *Id.*

To illustrate, in *Silverman v. Household Fin. Realty Corp.*, 979 F.Supp.2d 313 (E.D.N.Y. 2013), the plaintiff-mortgagors alleged that the defendant-mortgagee had misled them by: (a) allowing them to take a loan that they should have known was unaffordable; and (b) allegedly advising the plaintiff-mortgagors to make trial payments less than required under the original mortgage while awaiting a determination of a loan modification application. *Id*. at 316. The Eastern District of New York held that the plaintiff-mortgagors failed to show that the allegedly deceptive conduct was consumer-oriented under GBL § 349 because "their claims derive[d] from the particular circumstances of [their] loan…" *Id.* at 318. These circumstances were found to be specific to the plaintiff-mortgagors and did *"not universally apply to other mortgages or impact the public at large.*" *Id*. (emphasis added).

In the instant case, the written communications at issue were prepared based on the unique nature and status of each of the Plaintiff's mortgage debts. Specifically, Exhibits "A" and "C" of the Complaint represent loan modification proposals which are unique to each mortgage. Exhibit "B" of the Complaint encloses communications to Mr. White's counsel and enumerates reinstatement figures and foreclosure fees and costs incurred by Mr. White in connection with his particular mortgage. Similarly, Exhibit "E" of the Complaint is a letter to Mr. Suitor's counsel containing a detailed response to the specific concerns raised by his attorney.

Consistent with *Silverman, supra,* each of the communications at issue in this case are specific to the particular circumstances of the representative Plaintiffs' mortgages and to the Plaintiffs' respective defaults on the underlying notes. As in *Silverman*, the communications do not "apply to other mortgages or impact the public at large." Based on the foregoing, Plaintiffs'

GBL § 349 claims should be dismissed for failure to state a cause of action upon which relief can be granted.

**B. Defendant's Conduct was not Directed to Consumers.**

The Court of Appeals has raised the threshold of proof under GBL § 349 to include those misleading and deceptive acts "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., supra.* Similar to the jurisprudence discussed above regarding the defective nature of Plaintiffs' FDCPA claims, a careful reading of *Oswego* makes clear that, to show consumer-oriented conduct, such conduct must actually be *directed to consumers. Id.* The Court reasons, "[p]roof that defendant's acts are directed to consumers, however, does not end the inquiry. A *prima facie* case requires as well a showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof." Similarly, as held by the Court of Appeals, "[s]ection 349 is directed at wrongs against the consuming public and plaintiffs must demonstrate that the complained-of acts or practices have a broader impact on consumers at large." *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 622 (2009).

In the instant case, it is not alleged that any of the correspondence complained of was directed to consumers or to the "consuming public." On this basis, there is no allegation of consumer-oriented conduct in Plaintiffs' Complaint, and, therefore, Plaintiffs' GBL § 349 claims fail on this basis as well.

**C. Plaintiffs were not the consumers of Defendant's services, nor is there a sufficient nexus to support a cause of action.**

Foreclosure counsel's actions related to a foreclosure lawsuit "are almost certainly not consumer-oriented, as they affected the plaintiffs alone, and are not likely to have a broader



BARCLAY DAMON, LLP

impact on consumers at large." *Lane v. Fein, Such & Crane, L.L.P.*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011) (quotations and citations omitted).

A § 349 claim cannot arise where "[n]either party is a consumer of goods and services of the other." *Allstate Insurance Company v. Bogoraz*, 818 F. Supp. 2d 544 (E.D.N.Y. 2011). There is no direct nexus between these Plaintiffs as consumers and the law firm (*i.e.*, Defendant) that sued them. The consumer of defendant law firm's services in a foreclosure matter is not the defaulting debtor, but rather the mortgagee whose mortgage is unpaid. If Plaintiffs' § 349 cause of action is allowed to stand, then every lawyer who sues an individual is subject to being sued by the individual simply because the individual is unhappy about being sued. The intent of §349 is to "protect an honest market place where trust prevails between buyer and seller." *Id. quoting Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A. citing* Governor's Approval Mem. L. 1970, ch. 43, 1970 NY Legis. Ann, at 472. (quotations omitted).

Neither of the putative class representatives was the purchaser of services from the Defendant. Since the Complaint fails to allege the nexus between Plaintiffs and Defendant, the GBL § 349 cause of action should be dismissed for failing to state a claim.

**CONCLUSION**

For the reasons stated in this Memorandum of Law, Defendant's Motion to Dismiss should be granted.

**DATED:** July 9, 2015

**BARCLAY DAMON, LLP**

By: /s/ Dennis R. McCoy
Dennis R. McCoy

Telephone (716) 566-1560
Facsimile (716) 566-4014
E-Mail: dmccoy@barclaydamon.com
*Attorneys for Defendant Fein, Such and Crane, LLP*



BARCLAY DAMON, LLP