UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER WHITE and WILLIAM SUITOR,
individually and on behalf of
all others similarly situated,                                    Case No.: 15-CV-438 - C

                                        Plaintiffs,

              - against -

FEIN, SUCH and CRANE, LLP,

                                        Defendant.

---

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT, FEIN, SUCH and CRANE, LLP'S MOTION TO DISMISS

Respectfully submitted,

Western New York Law Center
Keisha A. Williams, Esq.
237 Main Street, Suite 1130
Buffalo, New York 14203
(716) 828-8415
kwilliams@wnylc.com
*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**................................................................................................ii

**PRELIMINARY STATEMENT**........................................................................................1

**ARGUMENT**....................................................................................................................2

   I.   STANDARD OF REVIEW ON A MOTION TO DISMISS......................................2

   II.   THE COMPLAINT STATES A CLAIM UNDER THE FDCPA..............................2

      A.   Plaintiffs' § 1692e Claim Does Not Fail Because Defendant Sent A Payoff And

          Reinstatement Quote To Plaintiffs' Counsel Instead Of Directly To Plaintiffs...................5

      B.   Defendant Violated § 1692f Because The Fees Charged By Defendant Were Not

          Authorized By Contract Or Permitted By Law ........................................................8

   III.   DEFENDANT'S CONDUCT VIOLATED NEW YORK GBL § 349...........................10

**CONCLUSION**.................................................................................................................12

## TABLE OF AUTHORITIES

### Federal Cases

*Allen v. LaSalle Bank*, 629 F.3d 364 (3d Cir. 2011) ...................................................................8

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ..................................................................................2

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1995 (2007) ...................................................................2

*Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 (11th Cir. 2014) ...............................10

*ECA & Local 234 IBEW Joint Pension Trust Fund v. JP Morgan Chase Co.*,
   553 F.3d 187 (2d Cir. 2009) .....................................................................................................2

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007) .............................6, 7

*Goldman v. Belden*, 754 F.2d 1059 (2d Cir. 2002)......................................................................2

*Guerrero v. RJM Acquisitions L.L.C.*, 499 F.3d 926 (9th Cir. 2007) .........................................7

*Heintz v. Jenkins*, 514 U.S. 291 (1995)........................................................................................1

*Kaymark v. Bank of Am., N.A.*, 783 F.3d 168 (3d Cir. 2015)..................................................9, 10

*Kojetin v. C U Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000).................................................10

*Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002) ..................................................................3, 4

*Lane v. Fein, Such & Crane, L.L.P.*, 767 F.Supp.2d 382 (E.D.N.Y. 2011)...............................12

*Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292 (2d Cir. 2003)........................................9

*Paulemon v. Tobin*, 30 F.3d 307 (2d Cir. 1994)..........................................................................4

*Polinsky v. Community Health Partners Regional Health Systems*,
   858 F.Supp.2d 891 (N.D. Ohio 2012)........................................................................................7

*Tromba v. M.R.S. Assoc.*, 323 F.Supp.2d 424 (E.D.N.Y. 2004) .............................................1, 5

*Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006)......................................5

### Federal Statutes

15 U.S.C. § 1692a ...........................................................................................................................5

15 U.S.C. § 1692c ...........................................................................................................................5

15 U.S.C. § 1692e ...............................................................................................................2, 4, 5, 6, 7

15 U.S.C. § 1692f ..........................................................................................................2, 3, 8, 9, 10

15 U.S.C. § 1692k ...........................................................................................................................7

### Federal Rules

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................2

### New York State Cases

*Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608 (2d Dep't 2002) ..........11

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
   85 N.Y.2d 20 (Ct. App. 1995) ..................................................................................................11

### New York State Statutes

N.Y. G.B.L. § 349 ..............................................................................................................10, 11, 12

### New York State Regulations

3 N.Y.C.R.R. 419.10(c)..................................................................................................................10

**PRELIMINARY STATEMENT**

Plaintiffs, Christopher White and William Suitor, on behalf of themselves and others similarly situated, submit this memorandum of law in opposition to the Motion to Dismiss brought by Defendant Fein, Such and Crane, LLP ("Defendant"). Plaintiffs filed this proposed class action lawsuit under the Fair Debt Collection Practices Act ("FDCPA") and New York's General Business Law ("G.B.L.")  to hold Defendant – a foreclosure law firm – accountable for its egregious debt collection practices. Defendant's unlawful conduct increases the amount that financially strapped New York homeowners must raise to reinstate or payoff their mortgages and thereby avoid foreclosure. Defendant's unlawful practices also contribute to the avoidable loss of consumers' homes and unlawfully strip equity from New York homeowners.

Defendant's Motion to Dismiss is predicated on the argument that communications from a debt collector which are directed solely to a consumer's attorney are not actionable under the FDCPA. This argument is unsound for several reasons. Congress enacted the FDCPA to "protect consumers from unscrupulous debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Tromba v. M.R.S. Assoc.*, 323 F.Supp.2d 424, 428 (E.D.N.Y. 2004). Pursuant to that goal, the FDCPA prohibits "debt collector[s]" from making false or misleading representations and from engaging in various abusive and unfair practices. Attorneys, such as Defendant, are regarded as debt collectors, and their conduct as such is regulated by the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). The intent of the Act would be negated by the adoption of Defendant's argument.

1

## ARGUMENT

### I.   STANDARD OF REVIEW ON A MOTION TO DISMISS

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell All. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (plaintiffs must plead enough facts "[to] nudge [] their claims across the line from conceivable to plausible"). While the "plausibility" standard requires more than "a sheer possibility that a defendant has acted unlawfully," it is "not akin to a 'probability requirement.'" *Iqbal*, 129 S. Ct. at 1949. Rather, a facially plausible claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Moreover, in deciding whether a claim has been "plausibly" stated, *Twombly* and *Iqbal* do not alter the well-established rule that the Court must accept all facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. *See, e.g.*, *ECA & Local 234 IBEW Joint Pension Trust Fund v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 2002).

### II.   THE COMPLAINT STATES A CLAIM UNDER THE FDCPA

When attempting to collect a consumer debt, the FDCPA prohibits debt collectors from engaging in unfair and deceptive practices. 15 U.S.C. §§ 1692d-1692f. There are two provisions of the FDCPA at issue in this case: § 1692e, which prohibits "any false, deceptive, or misleading representation," and § 1692f, which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." That prohibition encompasses "[t]he collection of

2

any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

The core of Defendant's motion is its contention that Plaintiffs' FDCPA claims are premised entirely on written communications sent by Defendant to Plaintiffs' respective attorneys. *See* Def.'s Mem. at 3. Defendant argues that to the extent that the communications referenced in Plaintiffs' Complaint were directed solely to the individual Plaintiffs' attorneys, and not to the Plaintiffs, Plaintiffs' FDCPA claim or claims should be dismissed.  *See id.* at 5. Defendant relies on *Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002), wherein Kropelnicki claimed that defendants, debt collectors, violated  the FDCPA by "(1) proceeding to judgment against her despite having represented to her attorney that they would not advance the litigation without first contacting him; (2) directly communicating with her with knowledge that she was represented by an attorney; and (3) sending a threatening letter following the entry of judgment." *Kropelnicki* at 122; *see* Def's Mem. at 4-5 (citing *Kropelnicki*, as well as other district court cases). However, Defendant's reliance is misplaced as the facts and the issues in *Kropelnicki* are inapposite to those before the Court herein.

In *Kropelnicki,* the Court suggested in dicta, "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we *assume* the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." *Kropelnicki* at 128 (emphasis added). However, the Court expressly declined to rule on the issue of whether an alleged misrepresentation to attorneys for putative debtors could constitute a violation under the FDCPA. *Id*.  The Court also expressed that it "would have grave reservations about concluding that *this sort of claim* is actionable under the FDCPA." *Id*. at 127 (emphasis added).

In deciding the other issues, the court held that Kropelnicki had no standing to claim that contents of a letter addressed to her daughter violated the FDCPA. *Id.* at 129. The court reasoned that "[i]n order to make out this claim, [Plaintiff] must first show that the letter was a communication *to her*." *Id.* at 130 (emphasis in original). The language in *Kropelnicki* does not support Defendant's notion that the language of § 1692e would provide per se immunity to debt collectors and provide none of the FDCPA protections to the debtor against false, misleading or abusive communications, simply because the communications are directed to the attorney. A close reading of the court's decision shows that the court limited its dictum statement to the "sort of claim" before it and gave no intimation of its opinion as to any other situation. *Id.* at 127.

Additionally, the Court stated that its opinion in *Kropelnicki* was influenced by "[a] review of the FDCPA's purpose… and [the] Court's treatment of the FDCPA in other cases." *Id.* at 126. Such a review would, no doubt, include another Second Circuit case, *Paulemon v. Tobin*, 30 F.3d 307, 310 (2d Cir. 1994). *Paulemon* involved a claim under the Act based upon communication from a lawyer to the debtor's counsel and required the court to decide whether the attorney's letter fell under a former exception to the FDCPA, called the "litigation exemption." *Id.* at 309. In concluding that the debtor had a cause of action under the FDCPA for the letter sent to his counsel, the court noted that the litigation exemption could apply only to litigation, "[i]t cannot apply to the sending of letters to a debtor *or the debtor's counsel* prior to the actual filing of a complaint." *Id.* (emphasis added). Thus, the Second Circuit in *Paulemon* suggested that communications submitted to a debtor's attorney were covered by the FDCPA.

"Since the language employed by the Second Circuit in *Paulemon* refers to the debtor and the debtor's attorney in the disjunctive, a reasonable interpretation of that language would allow for a FDCPA claim to proceed where a communication was directed to either [the debtor or the debtor's

attorney]." *Tromba,* 323 F. Supp.2d at 428. In *Tromba,* the court was "[f]aced with two dictum statements by the Second Circuit" and refused to interpret the Act in a way that would provide blanket immunity for all communications submitted to a debtor's attorney. *Id.*

Instead, the court "elect[ed] to apply the statement that involved a closer set of circumstances and which coincides with a careful explanation by the court." *Id.* The holding in *Tromba* illuminated that each alleged violation of the Act should be analyzed based on the circumstances alleged therein. Under such an analysis Plaintiffs here have stated claims under both Sections 1692e and 1692(f).

A.   **Plaintiffs' § 1692e Claim Does Not Fail Because Defendant Sent A Payoff And Reinstatement Quote To Plaintiffs' Counsel Instead Of Directly To Plaintiffs**

15 U.S.C. § 1692e provides, "[a] debt collector may not use any false, deceptive, or misleading representation or means in the collection of a debt." The FDCPA defines the term "debt collector" to include a person who "regularly collects or attempts to collect, *directly or indirectly*, debts owed or due or asserted to be owed or due another." § 1692a(6) (emphasis added). Lawyers who regularly conduct foreclosures to collect consumer debt are "debt collectors" for purposes of the FDCPA. *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006).

The FDCPA permits communications with a consumer's attorney in connection with the collection of a debt. 15 U.S.C. § 1692c(b). And it prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known … to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Communication is defined as the "conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

The plain terms of § 1692e prohibit "any false, deceptive, or misleading representation … in connection with the collection of any debt" whether such representation is made to the consumer or to a third party, so long as it is made "in connection with the collection of a debt." There is nothing in the text of the FDCPA to indicate that "any class of persons, such as lawyers, [can] be abused, misled, etc., by debt collectors with impunity." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 773 (7th Cir. 2007).

In the White and Suitor foreclosure cases, Defendant provided payoff and reinstatement quotes to Mr. White's counsel before and after Plaintiff was offered a loan modification agreement. Mr. Suitor's counsel was provided with a breakdown of the fees charged after he was offered a loan modification agreement. *See* Compl. at Exhibits A, B, C and E. The modification agreements, which included the misrepresented fees, were transmitted directly from the third party servicers of Plaintiffs' respective mortgages to Plaintiffs. *See* Def's Mem. at 3. These fees and costs were communicated to the third party servicer of the Plaintiffs' loan and charged to their mortgage accounts.

Thus, in addition to providing Plaintiffs' counsels with false, misleading, and deceptive information about the fees and costs it was owed, Defendant also communicated this information to a third party servicer, with all the expectation that the servicer would communicate it to the Plaintiffs directly, and, in Mr. White's case, in legal documents, including a sworn affidavit to the lower court. *See* Williams Decl. Ex. "B"; *see also* Def's Mem. Ex. 9 (Docket Document No. 7-10). Defendant violated § 1692e by (a) misrepresenting the fees and costs it was owed in the letters sent to Mr. White's counsel before a loan modification was offered, (b) representing to Mr. White's and Mr. Suitor's mortgage servicers information which was known to be false, including the failure to

6

communicate that the disputed debt was disputed, and (c) misrepresenting the fees and costs it was

owed in the letters sent to Plaintiffs' counsels after a loan modification was offered.

Adopting an interpretation of the FDCPA that would categorically exclude communications

submitted to a debtor's attorney would have the effect of immunizing a wide range of conduct that

otherwise would be actionable. *Polinsky v. Community Health Partners Regional Health Systems*, 858

F.Supp.2d 891, 898 (N.D. Ohio 2012). "Such a result is manifestly contrary both to common sense

and to the policy underlying the FDCPA." *Guerrero v. RJM Acquisitions L.L.C.*, 499 F.3d 926, 945 (9th

Cir. 2007) (W. Fletcher, J., concurring in part and dissenting in part). Debt collectors would obtain

blanket-immunity for providing false and misleading information simply because a communication

was sent to a debtor's attorney, rather than the debtor. *See Polinsky*, 858 F.Supp.2d at 945. "It would

be passing odd if the fact that a consumer was represented excused the debt collector from having to

convey to the consumer information to which the [FDCPA] entitles him." *Evory*, 505 F.3d at 773. "On

the other hand, debtors would be penalized for attempting to protect themselves by obtaining

counsel." *Polinsky*, 858 F.Supp.2d at 945.

If under the FDCPA debt collectors have no duty to provide a debtor's counsel with valid

information about the debt, "debtor's attorneys are left vulnerable to the very abuses that the

FDCPA was intended to redress." *Guerrero*, 499 F.3d at 945. "For example, assume that a debt

collector sends to a debtor's attorney false documents purporting to verify a debt. In such a case, the

attorney might discover the truth and protect the debtor, but she might not." *Id*. "If § 1692e does

not forbid the sending of false documents to the debtor's attorney, the debtor will have to pay the

attorney's fees and expenses out of his or her own pocket. On the other hand, if § 1692e forbids such

communications with the debtor's attorney, the debtor will be able to recover damages and

attorney's fees." See *id.* (citing 15 U.S.C. § 1692k(a)(1), (3)).

Defendant argues that the putative class action herein should be dismissed because it sent payoff and reinstatement notices to Plaintiffs' counsel instead of directly to the Plaintiffs. However, this case is not just about how and to whom the fees were represented, The FDCPA class includes homeowners who settled their mortgage default, without assistance of counsel, in reliance on false, deceptive, or misrepresented information from Defendant. *See* Williams Decl. ¶¶ 7-14.

**B.   Defendant Violated § 1692f Because The Fees Charged By Defendant Were Not Authorized By Contract Or Permitted By Law**

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.   § 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." While the underlying mortgages related to both putative class representatives authorized the payment of reasonable attorneys' fees, the collection of an unauthorized fee or cost is a per se "unfair or unconscionable" debt collection method. *Allen v. LaSalle Bank*, 629 F.3d 364, 369 (3d Cir. 2011) (indicating that whether the plaintiff had stated a viable FDCPA claim depended only on whether the amounts the collection firm, Fein, Such, Kahn and Shepard, P.C., attempted to collect on her mortgage were expressly authorized by the loan agreement or permitted by law).  "The only inquiry under § 1692f(1) is whether the amount collected was expressly authorized by the agreement creating the debt or permitted by law." *Id.*

Paragraph 19 of the White and Suitor mortgages provide for the reinstatement of a defaulted loan. *See* Def's Mem. at Exhibits 2 and 7 (Docket Document Nos. 0-0 and 7-8). If a defaulting borrower wishes to have enforcement of the security instrument discontinued, Paragraph 19, subsection (c) imposes this condition:

> I pay all of Lender's reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees, property inspection and valuation fees, and other fees *incurred* for the purpose of protecting Lender's interest" (emphasis added).

Accordingly, the lender is only entitled to reasonable expenses, including reasonable attorneys' fees and expenses it actually incurred in enforcing the mortgage.

Defendant relies on the Second Circuit's ruling in *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292 (2d Cir. 2003), for its proposition that a debt collector's collection or attempt to collect unreasonable fees "is not a sufficient foundation upon which to build an FDCPA claim against an attorney," as "long as the contract obligating the debt allows for the collection of attorneys' fees." Rec. Doc. 59, Opp'n Mem. at 5. Defendant's reliance on the *Miller* ruling is woefully misplaced. In *Miller*, the "plaintiff challenge[d] not the reasonableness of the fee itself but rather what the [debt collector] intended to do with its fee." *Id* at 308. In holding that the plaintiff failed to state a claim under the FDCPA, the *Miller* ruling implicitly suggested that a facially unreasonable fee that was not consistent with the terms of the underlying agreement was covered by the FDCPA. *Id.*

Although the reasonableness of the fees is at issue, that is not the only basis of Plaintiffs' § 1692f(1) claim. Defendant misrepresented the amount it was owed in reinstatement and payoff quotes and caused those misrepresented fees to be included in Plaintiffs' loan modifications. The misrepresented amounts included fees and costs for services not actually incurred.  Defendant's "attempt to collect those misrepresented fees was not 'expressly authorized' by the mortgage contract or permitted by law." *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 175 (3d Cir. 2015).

In *Kaymark*, the Third Circuit held that nearly-indistinguishable conduct in a foreclosure complaint violated § 1692f(1). After Dale Kaymark defaulted on his mortgage, the debt collector initiated foreclosure proceedings; the body of the foreclosure complaint listed certain not-yet-

9

incurred fees as due and owing. *Id*. at 172-173. The underlying mortgage contract in *Kaymark*, as here, expressly authorized the collection of attorneys' fees and certain costs. *Id*. at 175.  "But the contract also specified that [the mortgagee] could only charge for services performed in connection with the default and collect all expenses incurred in pursuing authorized remedies." *Id*. (internal emphases and quotations omitted). The court concluded that the debt collector in that case "was not authorized to collect fees for not-yet-performed legal services and expenses, forming a basis for a violation of § 1692f(1)." *Id*. at 175-76.

The Third Circuit's ruling in *Kaymark* comports with those of other Circuits, which have held that demanding fees in the collection of debts in a way contrary to the underlying agreement is actionable under the FDCPA. *See Kojetin v. C U Recovery, Inc.,* 212 F.3d 1318 (8th Cir. 2000) (per curiam) (finding FDCPA violation where the debt collector charged a collection fee based on a percentage of the principal balance of the debt due rather than the "actual cost[]" of collection as stipulated in the loan agreement); *Bradley v. Franklin Collection Serv., Inc.,* 739 F.3d 606, 610 (11th Cir. 2014) (finding § 1692f(1) violation where debtor "agreed to pay the actual costs of collection," not "a percentage above the amount of his outstanding debt that was unrelated to the actual costs to collect that debt") (per curiam). "Likewise, [Plaintiffs] agreed to pay attorneys' fees and other expenses that were actually incurred in connection with the default, not fees that might eventually be incurred." *Kaymark* at 176.

Defendant's collection of fees and costs not actually incurred also runs afoul of New York law, which expressly prohibits the collection of unreasonable fees and fees for work not actually performed in foreclosure actions.  *See* 3 N.Y.C.R.R. 419.10(c).

III.   **DEFENDANT'S CONDUCT VIOLATED NEW YORK G.B.L. § 349**

New York G.B.L. § 349(a) prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." To establish a cause of action under G.B.L. § 349, a plaintiff must allege: (a) a deceptive consumer-oriented act or practice which is misleading in a material respect; and (b) injury resulting from such act. *Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 752 (2d Dep't 2002). As explained below, the complaint does allege a consumer-oriented act or practice which is misleading in a material respect. (Defendant does not dispute that the Complaint alleges the requisite injury.)

As alleged in the Complaint, Plaintiffs are "consumers," Compl. ¶¶ 5, 6, and Defendant is a "debt collector" that "regularly attempts to collect debts alleged to be due another." Compl. ¶ 8. The deceptive "consumer-oriented act" complained of involves the collection of unreasonable and unauthorized fees in foreclosure actions and not, as Defendant contends, the "written communications allegedly sent by Defendant to the Plaintiffs." Def.'s Mot. to Dismiss at 7.

A G.B.L. § 349 pleading need not allege a "pattern of deceptive behavior." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (Ct. App. 1995). Rather, the "consumer-oriented conduct" requirement simply contemplates a challenge to acts and practices "which have a broader impact on consumers at large." *Id*. Private contract disputes unique to the parties do not fall within the ambit of the statute. *See id*.

The Complaint, on its face, satisfies each of the above elements. It alleges that Defendant's acts and practices "have broad impact on the consuming public at large and are not private contract disputes, unique to the parties" and that Defendant's "false representations were materially misleading and likely to mislead a reasonable consumer acting reasonably under the circumstances." *See* Compl. at ¶¶ 84 and 85. Furthermore, Defendant, being "one of the largest foreclosure firms in the State of New York," *see* Compl. at ¶ 1, has the capacity and tendency to

11

deceive and mislead a significant percentage of New York consumers. Finally, Plaintiffs pled injury as a result of Defendant's deceptive behavior. *See* Compl. at ¶¶ 87and 89.

Defendant's deceptive acts and practices affect the consuming public at large and are not limited to Plaintiffs. The challenged conduct and practices alleged by Plaintiffs against Defendants, who are not parties to the contracts between Plaintiffs and their lenders (or lenders' assignees), do not concern private contract disputes. Instead, this case concerns Defendant's routine and systematic use of unfair, unconscionable and deceptive means in connection with the collection of foreclosure related fees that are not legally due from the New York homeowners.

Defendant erroneously relies on *Lane v. Fein, Such & Crane, L.L.P.*, 767 F.Supp.2d 382 (E.D.N.Y. 2011), for the blanket proposition that "[f]oreclosure counsel's actions related to a foreclosure lawsuit are almost certainly not consumer-oriented." *See* Def's Mem. at 9-10. The *Lane* case did not address the precise issues before the Court and its ruling was limited to the Defendant's alleged acts as specifically stated in that case, i.e., whether defendant violated the FDCPA and G.B.L. § 349 by alleging in the complaint that the foreclosing plaintiff "is a banking corporation duly licensed, organized and existing pursuant to the laws of the United States." *Lane* at 390.  Further, unlike in *Lane*, Defendant's alleged deceptive acts or practices were not unique to Plaintiffs. Defendant uses the same debt collection practices in every foreclosure action throughout the State of New York.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs request that this Court deny Defendant's Motion to Dismiss Plaintiffs' Complaint in its entirety.

Dated:  Buffalo, New York
        July 24, 2015



                                    Respectfully submitted,


                                    WESTERN NEW YORK LAW CENTER

                                    /s/ Keisha A. Williams
                                    Keisha A. Williams, Esq.
                                    237 Main Street, Suite 1130
                                    Buffalo, New York 14203
                                    Tel:  716-828-8415
                                    Fax: 716-270-4005
                                    kwilliams@wnylc.com
                                    *Attorneys for Plaintiffs*

13