STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE
-----------------------------------------------------------------x
HSBC BANK

                          Plaintiff,

vs.

CHRISTOPHER M. WHITE, et al.,

                          Defendants.
-----------------------------------------------------------------x

Index No.: 2013-605767

**NOTICE OF MOTION**

| | |
|---|---|
| MOTION BY: | Defendant: Christopher M. White. |
| DATE & PLACE: | 25 Delaware Avenue, Part _7_, Buffalo, New York, on the _25_ day of _Aug 5_, 2014, at _2:30_ a.m. /p.m. |
| SUPPORTING PAPERS: | Attorney Affirmation of Keisha A. Williams dated the 30th day of July 2014, the exhibits thereto, and the Memorandum of Law and upon all the papers and proceedings herein. |
| RELIEF REQUESTED: | (a) An Order forever barring Plaintiff and its agents from collecting or charging to Defendant any unsubstantiated attorneys' fees; |
| | (b) An Order forever barring Plaintiff and its agents from collecting or charging to Defendant any unsubstantiated out-of-pocket expenses or costs; |
| | (c) An Order awarding Defendant actual and statutory damages pursuant to 15 U.S.C. § 1692k(2)(B) and GBL § 349; |
| | (d) An Order awarding Defendant reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3) and GBL § 349; |
| | (e) An Order requiring Plaintiff to reissue the permanent modification documents reflecting the reduced attorney's fees; and |

PAID
CHECK____ CASH____
JUL 31 2014
ERIE COUNTY
CLERK'S OFFICE

(f) An Order granting Defendant such other and further relief as the Court may deem just and proper.

ANSWERING PAPERS: Pursuant to CPLR 2214(b) answering papers, if any, must be served upon the undersigned no later than seven (7) days before the return date of this motion.

Dated: Buffalo, New York
July 30, 2014

WESTERN NEW YORK LAW CENTER

_____
Keisha A. Williams, Esq
237 Main Street, Suite 1130
Buffalo, New York 14203
(716) 828-8415

*Attorneys for Defendant, Christopher M. White*

2

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE
-------------------------------------------------------------x
HSBC BANK

                              Plaintiff,

vs.

CHRISTOPHER M. WHITE, et al.,

                              Defendants.
-------------------------------------------------------------x

Index No.: 2013-605767

MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

Defendant, Christopher White, by his attorney respectfully submits this memorandum of law in support of his motion to forever bar the collection of certain costs and fees based on the failure of Plaintiff, HSBC, and Plaintiff's counsel, Fein, Such & Crane, to negotiate in good faith in mandatory foreclosure settlement conferences as required by CPLR 3408(f) and 3 N.Y.C.R.R. § 419.11(a), and for Fein, Such & Crane's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and New York General Business Law § 349 ("GBL § 349").

## STATEMENT OF FACTS

Plaintiff commenced this foreclosure action on October 25, 2013. The initial settlement conference was held on December 13, 2013 at Erie County Supreme Court. On or about January 13, 2014, Fein, Such & Crane provided the Defendant with a reinstatement letter wherein the Plaintiff stated the amount necessary to reinstate Defendant's mortgage was $26,380.59. *See* Exhibit B. The reinstatement amount included $5,957.02 in fees and costs.

On April 25, 2014, Defendant's counsel wrote a letter to Plaintiff's counsel informing them that the fees were unreasonable and unjustified for the services usually provided at this juncture in the foreclosure process, and requested that the fees and costs be reduced to an amount that reflected

4. The initial settlement conference was held on December 13, 2013 at Erie County Supreme Court. On or about January 13, 2014, Fein, Such & Crane provided the Defendant with a reinstatement letter wherein Plaintiff's counsel stated the amount necessary to reinstate Defendant's mortgage was $26,380.59. A copy of the Reinstatement Letter is attached hereto as Exhibit B. The reinstatement amount included $5,957.02 in fees and costs.

5. On or about March 26, 2014, Plaintiff's counsel provided the following breakdown of the demanded $5356.56 in attorney's fees and costs:

- Mortgagor Recoverable Corporate Advance:

    | | |
    |---|---|
    | Broker's Price Opinion | $285.00 |
    | Paid Attorney Fees and Costs | 3,082.56 |
    | Total Mortgagor Recoverable Corporate Advance | $3,367.56 |

- Incurred Foreclosure Fees and Costs:

    | | |
    |---|---|
    | Attorney Fees | $779.00 |
    | Total Outstanding Incurred Foreclosure Fees and Costs | $779.00 |

- Outstanding Estimated Foreclosure Fees and Costs:

    | | |
    |---|---|
    | Attorney Fees | $580.00 |
    | Stipulation of Discontinuance Fee | 300 |
    | Stipulation of Discontinuance Cost | 35 |
    | Order | 45.00 |
    | Ref Cost | 250.00 |
    | Total Outstanding Estimated Foreclosure Fees and Costs | $1,210.00 |

A copy breakdown is attached hereto as Exhibits C.

6. On March 31, 2014, Plaintiff offered Defendant a Trial Payment Plan which, ҫ to the offer, would convert to a permanent modification of the Defendant's mortgage 'ant successfully completed a three month trial period by making the required

2

payments on April 1, 2014, May 1, 2014, and June 1, 2014. A copy of the Plan is attached hereto as Exhibit D.

7. On April 25, 2014, Defendant's counsel informed Plaintiff's counsel that the demanded fees were unreasonable and unjustified, for the services usually provided at this juncture in the foreclosure process, and requested that the fees and costs be reduced to an amount that reflected the services which were actually provided, and the costs and expenses actually incurred. A copy of the letter is attached hereto as Exhibit E. Plaintiff's counsel failed to respond.

8. At a settlement conference on June 30, 2014, Plaintiff's counsel advised the court that Defendant had successfully completed the Trial Payment Plan and a Loan Modification Agreement was sent directly to the defendant. A copy was provided to Defendant's counsel at the conference. A copy of the Agreement, dated June 18, 2014, is attached hereto as Exhibit F.

9. According to the Agreement $22,933.66 was being added to Defendant's principal balance. On July 3, 2014, Plaintiff's counsel provided the following breakdown of the $22,933.66:

> Processing Fee $0.00
> Recording Fee $0.00
> Escrow Advance and/or Setup $3,951.18
> Late Charges, NSF and/or Other Fees $0.00
> Attorney Fees/costs, if applicable $2,074.00
> Recoverable Advances, if applicable $3,967.56
> Accrued Interest, if applicable $12,940.92
> First Modified payment, if applicable $570.56
> Total contribution amount $0.00
>
> The total amount added to your loan is          $22,933.66

3

10. The $22,933.66 included $6,041.56 in fees and costs. In response to Defendant's counsel's renewed request for a more detailed breakdown of the demanded fees and costs, Plaintiff's counsel provided the following breakdown:

- Mortgagor Recoverable Corporate Advance:

| | |
|---|---|
| Broker's Price Opinion | $285.00 |
| Paid Attorney Fees and Costs | 3,082.56 |
| Total Mortgagor Recoverable Corporate Advance | $3,367.56 |

- Incurred Foreclosure Fees and Costs:

| | |
|---|---|
| Attorney Fees | $779.00 |
| Total Outstanding Incurred Foreclosure Fees and Costs | $779.00 |

- Outstanding Estimated Foreclosure Fees and Costs:

| | |
|---|---|
| Attorney Fees | $580.00 |
| Stipulation of Discontinuance Fee | 300 |
| Stipulation of Discontinuance Cost | 35 |
| Order | 45.00 |
| Ref Cost | 250.00 |
| Total Outstanding Estimated Foreclosure Fees and Costs | $1,210.00 |

- Other Fees Due:

| | |
|---|---|
| Property Inspections | $290.00 |
| Total of Other Fees Due | $290.00 |

E-mails exchanged between affirmant and Plaintiff's counsel are attached hereto as Exhibit G.

11. The next settlement conference is scheduled for August 15, 2014. To date, Plaintiff and its counsel have failed to provide any justification for its demand for $6,041.56 in fees and costs. The fees charged are exorbitant and unjustified, considering the fact that this case was settled shortly after the foreclosure action was initiated and the case involved no litigation. In

5

addition, Defendant's permanent modification is being jeopardized by Plaintiff's unreasonable demand.

12.     For the reasons explained in Defendant's Memorandum of Law, and based on the history of the proceedings as recounted in this affirmation, Defendant, Christopher White, respectfully requests that the Court grants his motion in its entirety, along with such other and further relief as it may deem just and proper.

Dated:   Buffalo, NY
         July 30, 2014

_____
KEISHA A. WILLIAMS, ESQ.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE
-----------------------------------------------------------------x
HSBC BANK

                       Plaintiff,

vs.

CHRISTOPHER M. WHITE, et al.,

                       Defendants.
-----------------------------------------------------------------x

Index No.: 2011-605412

MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

Defendant, Christopher White, by his attorney respectfully submits this memorandum of law in support of his motion to forever bar the collection of certain costs and fees based on the failure of Plaintiff, HSBC, and Plaintiff's counsel, Fein, Such & Crane, to negotiate in good faith in mandatory foreclosure settlement conferences as required by CPLR 3408(f) and 3 N.Y.C.R.R. § 419.11(a), and for Fein, Such & Crane's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and New York General Business Law § 349 ("GBL § 349").

## STATEMENT OF FACTS

Plaintiff commenced this foreclosure action on October 25, 2013. The initial settlement conference was held on December 13, 2013 at Erie County Supreme Court. On or about January 13, 2014, Fein, Such & Crane provided the Defendant with a reinstatement letter wherein the Plaintiff stated the amount necessary to reinstate Defendant's mortgage was $26,380.59. *See* Exhibit B. The reinstatement amount included $5,957.02 in fees and costs.

On April 25, 2014, Defendant's counsel wrote a letter to Plaintiff's counsel informing them that the fees were unreasonable and unjustified for the services usually provided at this juncture in the foreclosure process, and requested that the fees and costs be reduced to an amount that reflected

the services which were actually provided, and the costs and expenses actually incurred. *See* Exhibit E.

On or about June 30, 2014, Defendant was offered a permanent modification, which capitalized the interest, escrow advances and accrued fees and costs on his mortgage. *See* Exhibit F. According to the Agreement $22,933.66 was being added to Defendant's principal balance, including $6,041.56 in fees and costs. Additionally, the capitalized amount included Plaintiff's counsel's demand for fees related to the preparation and filing of a Stipulation of Discontinuance and charges for Order of Reference and "Referee Cost," services and costs that were neither provided nor incurred.

To date, Plaintiff and its counsel have failed to justify its demand for $6,041.56 in fees and costs.

## ARGUMENT

### I. COURTS HAVE THE AUTHORITY TO DETERMINE THE REASONABLENESS OF ATTORNEYS' FEES

As a general rule, the parties to any litigated matter must each bear the cost of their own legal representation. *Levine v. Infidelity, Inc.* 2 A.D.3d 691, 692 (2d Dep't. 2003). However, in foreclosure proceedings, New York law recognizes three exceptions to this rule. First, when an action is commenced, the plaintiff may recover certain costs and allowances as a matter of right. N.Y.C.P.L.R. §§ 8201 and 8302. If the action has not proceeded to foreclosure and sale, the maximum recovery is set at $150. N.Y.C.P.L.R. § 8302(b)(c) and (d).

Second, as part of the judgment of foreclosure and sale, the court in its discretion, is allowed to award $300 for most foreclosure proceedings, *see* N.Y.C.P.L.R. § 8303 (a)(1), and a maximum of

$3,000 for "difficult or extraordinary case, where a defense has been interposed." N.Y.C.P.L.R. § 8303 (a)(2).

Third, the plaintiff may recover legal fees if authorized by the language of the mortgage itself. *See In re Wasson*, 402 B.R. 561 (WDNY 2009). However, New York law imposes upon the mortgagee a burden to justify the recovery of a contractual claim for the value of legal services rendered in the foreclosure process. *Id.* Plaintiff's recovery requires proof of the reasonableness of compensation through a showing that counsel has charged a fair hourly rate for necessary services actually performed. *Id.* An application for attorney's fees must be supported by detailed, contemporaneous time records indicating the attorney who performed the work, the date, the hours expended and the nature of the work done. *See NY State Ass'n for Retarded Children, Inc., v. Carey*, 711 F2d 1136, 1147-48 (2d Cir.1983). "There must be a sufficient affidavit of services, detailing the hours reasonably expended ... and the prevailing hourly rate for similar legal work in the community." *In re Wasson* at 566.

*In re Wasson*, the court rejected the mortgagee's argument that it has become "the prevailing practice within the foreclosure industry to base fees on a flat rate rather than more traditional hourly billing." *Id.* Stating that "such is not the standard under New York law, which requires that the lender justify its legal fees," the court argued, "[i]n the face of objection, we must deny any contractual claims for legal services that are not supported by proof of their amount and value." *Id.*

In this case, despite Defendant's repeated requests for justification and objections to Plaintiff's seemingly unreasonable fee demand, Plaintiff has failed to meet its burden under State law to justify its application for attorney's fees. *Id.* Therefore, the Court must disallow any legal fee liability under the mortgage. *See In re Wasson, supra,* p 566 (disallowing legal fee liability under the

3

mortgage, because of plaintiffs' failure to present a record or description of time spent, and limiting fee claim to statutory allowance in the amount of $125).

### A. The Court Must Deny Inadequately Documented Contractual Claims For Legal Fees.

In the face of objection, Plaintiff is required to present testimony and documentary proof concerning the legal services actually rendered and billed in connection with the litigation. *Federal Land Bank of Springfield, Massachusetts v. Ambrosano*, 89 A.D.2d 730 (1982). Regardless of the terms of the mortgage, a court may award attorneys fees only to the extent that the fee amount is reasonable and warranted for the services actually rendered. *SO/Bluestar, LLC v. Canarsie Hotel Corp*, 33 A.D.3d 986, 987 (2d Dep't. 2006). The "court is not required to accept the attorney's representation ..." *Francis v. Atlantic Infiniti, Ltd.*, 34 Misc. 3d 1221(A) (Sup. Ct. Queens County 2012).

In determining whether the legal fee award in a particular case meets the definition of reasonableness, courts consider a host of different factors, in varying combinations. Included among these factors are:

- time spent by counsel (also referred to as labor entailed, time devoted by counsel, actual time spent, hours worked, etc.);
- difficulties involved (also referred to as complexity of matter, difficulty of questions of law, character of work or opposition encountered);
- nature of services (also referred to as extent of services);
- experience of counsel (also referred to as training or background of counsel)
- result obtained; and
- customary fee. *Diaz v. Audi of America*, 57 A.D.3d 828 (2d Dep't 2008).

With respect to time spent by counsel, it is appropriate to note that the mandatory foreclosure settlement conference is held at the inception of the foreclosure action. At that point, Plaintiff's counsel spent time preparing and filing *Lis Pendens*, Summons and Complaint, and

4

serving same. Further, in view of the fact that Plaintiff's counsel has extensive experience in foreclosure litigation, which means that the firm could have recycled papers, arguments, and motions from previous litigation, and this case presented no novel or difficult questions, Plaintiff's counsel is entitled to customary fees charged for similar services. *Francis v. Atlantic Infiniti, Ltd.*, 34 Misc. 3d 1221(A) (Sup. Ct. Queens County 2012) (holding attorneys' fee request unreasonable and reducing fee by 45% for excessiveness, bill padding, and inefficiency).

When assessing the reasonableness of legal fees, courts do not consider the amount that the lender has agreed to pay his counsel. Although a flat fee arrangement may be found to be reasonable, it is not, in and of itself, controlling. The Court of Appeals has noted that

> [A] [p]laintiff may not manipulate the actual amount of damages by entering into any exorbitant fee arrangement with its attorney and, thus, it may be necessary to look beyond the actual fee arrangement between plaintiff and counsel to determine whether the fee arrangement was reasonable and proportionate to the normal fee chargeable by attorneys in the context of this case. *Equitable Lbr. Corp., v. IPA Land Dev. Corp.*, 38 N.Y.2d 516 (1976).

There must be an "appropriate demonstration that the quantity and quality of legal services actually rendered are such as to warrant, on a *quantum meruit* basis, that full percentage. If not, the fee will be fixed by the court at a proper figure on the same basis." *Federal Land Bank of Springfield, Massachusetts v. Ambrosano*, supra, p 731 (citing *First Nat. Bank of East Islip v. Brower*, 42 N.Y.2d 471, 474 (1977)). In the present case, Plaintiff has failed to present any testimony or documentary proof concerning the legal services actually rendered and billed. Therefore, the Court is without sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered.

B. The Maximum Allowable Attorneys' Fees And Costs Established By Freddie Mac, Fannie Mae, And HUD Should Be Used In Determining The Reasonableness Of Fees And Costs Charged In This Action.

Freddie Mac, Fannie Mae and HUD have issued guidelines to establish the maximum allowable fees and or costs servicers would reimbursed for a completed foreclosure action. Although the loan in question is neither owned nor insured by Freddie Mac, Fannie Mae or HUD it is not unreasonable to use their established guidelines as a gauge of what is reasonable for other plaintiffs in a foreclosure action.

In New York State, outside of New York City, Freddie Mac limits attorney fees and costs to $2,000; Fannie Mae's maximum allowable attorneys' fee for judicial foreclosures where judgment is obtained is $2,900; and HUD limits attorneys' fees to $2,000 for completed foreclosure actions outside of New York City. Copies of Freddie Mac, Fannie Mae and HUD's Fee Schedules are attached hereto as Exhibit H. Furthermore, HUD requires that "[i]n the event a legal action is stopped for a loss mitigation option, a reinstatement or a payment in full, the attorney fees that the borrower is required to pay shall be commensurate with the work actually completed to that point and the amount charged may not be in excess of the fee that HUD has established as reasonable and customary for claim purposes." *See U.S. Department of Housing and Urban Development* Mortgagee Letter 2005-30, July 12, 2005, at page 3.

New York State Bank Department Regulations also requires that "[i]n the event a foreclosure action is terminated prior to the final judgment and sale for a loss mitigation option ... the borrower shall only be liable for reasonable and customary fees for work actually performed." 3 N.Y.C.R.R. § 419.10(c). Accordingly, Plaintiff is entitled to less than the maximum allowable attorneys' fees and costs established by Freddie Mac, Fannie Mae and HUD, because the present action was settled

6

during the settlement conference phase, and Plaintiff is barred from imposing any cost on Defendant related to its participation in the settlement conference process.

## II. PLAINTIFF'S COUNSEL'S DEMAND FOR THE PAYMENT OF ATTORNEY FEES VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT AND NEW YORK GENERAL BUSINESS LAW § 349.

Plaintiff's counsel's (Fein, Such & Crane) demand for unreasonable and unjustified attorney's fees creates a substantial hardship on financially strapped New York homeowners, such as Defendant, who are seeking to save their homes from foreclosure. Fein, Such & Crane's improper attorney's fees increase the amount that struggling homeowners have to pay to reinstate their mortgages and strip equity from New York homeowners who unknowingly pay plaintiffs' improper fees.

In the case at bar, despite the fact that the defendant had been offered a permanent loan modification on June 18, 2014, and the action was to be discontinued, the Reinstatement Letter dated July 03, 2014, includes $300 for "Stipulation of Discontinuance Fee"; $35 for "Stipulation of Discontinuance Cost"; $45 for "Order of Reference"; and $250 for "Referee Cost", all services that have not been provided, and other unidentified fees and costs related to the foreclosure. Additionally, based on the exorbitant amount of fees demanded; the services actually rendered; and Fein, Such & Crane's failure to meet its burden to justify its claim for fees, a reasonable inference can be made that Fein, Such & Crane charged legal fees for its appearance at the settlement conference. CPLR 3408(h).

### A. Plaintiff's Counsel Collected Fees That Are Prohibited In The State Of New York.

22 NYCRR §202.12-a states in relevant part, "A party may not charge, impose or otherwise require payment from the other party for any cost, including but not limited to attorney's fees, for appearance at or participation in the settlement conference." Here, because Fein, Such & Crane

failed to appropriately demonstrate that the quantity and quality of legal services actually rendered are such as to warrant, on a *quantum meruit* basis, the fees being charged, the Court can make a reasonable inference that the $6,041.51 demanded by Fein, Such & Crane includes fees for counsel's appearance at the residential settlement conference, which is in direct violation of §202.12-a(c)(7).

Additionally, Plaintiff's counsel's demand for the following: "Stipulation of Discontinuance Fee"; "Stipulation of Discontinuance Cost"; "Order of Reference"; and "Referee Cost" violate 3 N.Y.C.R.R. § 419.11(a). § 419.11(a) prohibits the demand of fees for services not actually provided at the time a settlement of the foreclosure action is reached. 3 N.Y.C.R.R. § 419.11(a). Therefore, the collection of the above stated fees violated New York State law.

### B. Fein, Such & Crane Violated The FDCPA By Attempting To Collect Amounts Not Permitted By Law, Giving False Impression Of The Character, Amount, Or Legal Status Of The Alleged Debt, And Using False Or Deceptive Collection Methods.

Fein, Such & Crane regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. § 1692a(6). At all times relevant hereto Fein, Such & Crane was attempting to collect an alleged debt owed by Defendant to HSBC. The alleged debt was incurred by the defendant for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5). Attorneys hired by creditors may be held liable as a "debt collectors" under the FDCPA, where they "regularly" engage in debt collection. *See, e.g., Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002).

When attempting to collect a consumer debt, the FDCPA prohibits debt collectors from engaging in certain conduct including among other things, attempting to collect amounts (including attorney fees) not permitted by law (15 U.S.C. §1692f (1)); using unfair and unconscionable collection method (15 U.S.C. §1692f); using false or deceptive collection methods (15 U.S.C. §1692e (5)); and making threats to take action which cannot legally be taken (15 U.S.C. §1692e(1)).

8

Fein, Such & Crane demanded attorney's fees from Defendant for services not actually provided and for participation in the residential foreclosure settlement conferences, even though CPLR 3408(h) prohibits any party to a foreclosure action from charging the other party legal fees incurred in connection with the settlement conference itself. Plaintiff's counsel falsely and deceptively represented to Defendant that its demand for the payment of attorney's fees was proper under FDCPA and New York State law.

### C. Fein, Such & Crane's Conduct Was A Per Se Violation Of General Business Law § 349.

GBL § 349 prohibits deceptive acts or practices in the conduct of any business trade or commerce or in the furnishing of any service in New York State. To establish a cause of action under GBL § 349, a Plaintiff must allege: (a) a deceptive consumer-oriented act or practice which is misleading in a material respect; and (b) injury resulting from such act. *Andre Strishak & Assocs. v. Hewlett Packard Co.*, 300 A.D.2d 608 (2d Dep't. 2002).

Fein, Such & Crane violated GBL § 349 with respect to the Defendant by seeking to collect attorney's fees for services not actually provided and for participation in the residential foreclosure settlement conferences even though New York State law clearly prohibits either party from charging those fees, and by falsely representing the nature, character or amount of the debt sought to be collected. Because these fees were capitalized and added to Defendant's principal balance, Defendant suffered actual harm.

### CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court issues an order:

(1) forever barring Plaintiff and its agents from collecting or charging to Defendant any unsubstantiated attorneys' fees;

(2) forever barring Plaintiff and its agents from collecting or charging to Defendant any unsubstantiated out-of-pocket expenses or costs;

(3) awarding Defendant actual and statutory damages pursuant to 15 U.S.C. § 1692k(2)(B) and GBL § 349;

(4) awarding Defendant reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3) and GBL § 349;

(5) requiring Plaintiff to reissue the permanent modification documents reflecting the reduced attorney's fees; and

(6) granting Defendant such other and further relief as the Court may deem just and proper.

Dated: Buffalo, New York
July 30, 2014

Respectfully submitted,

WESTERN NEW YORK LAW CENTER

By: _____
Keisha A. Williams, Esq
237 Main Street, Suite 1130
Buffalo, New York 14203
(716) 828-8415

*Attorneys for Defendant, Christopher M. White*