STATE OF NEW YORK
COUNTY COURT        COUNTY OF ERIE

---

HSBC BANK USA, N.A.,

                     Plaintiff,

-vs-

CHRISTOPHER M. WHITE A/K/A CHRISTOPHER WHITE; HSBC MORTGAGE CORPORATION (USA); BUFFALO URBAN RENEWAL AGENCY; BENEFICIAL HOMEOWNER SERVICE CORPORATION; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE CIVIL ENFORCEMENT-CO-ATC; "JOHN DOE" AND "JANE DOE" said names being fictitious, it being the intention of Plaintiff to designate any and all occupants of the premises being foreclosed herein,

                     Defendant(s).

*AFFIRMATION IN OPPOSITION*

*Index No. 2013605767*

---

STATE OF NEW YORK  )
COUNTY OF MONROE  )  SS:

CRAIG K. BEIDEMAN, an attorney duly licensed to practice law in the State of New York, hereby affirms under penalty of perjury pursuant to CPLR 2106 as follows:

1. I am associated with the law firm of Fein, Such & Crane, LLP, attorneys for Plaintiff herein and as such am fully familiar with the facts of the litigation after a review of the files, paperless and otherwise, kept on this file in the ordinary course of the foreclosure prosecution, the loan origination file and/or communications with my client.

2. I make this affirmation in opposition to Defendant Christopher M. White a/k/a Christopher White's (hereinafter "Defendant") motion which seeks to bar Plaintiff from recovering allegedly unsubstantiated and unreasonable fees and costs.

3. Defendant's motion should be denied. It is respectfully submitted that the foreclosure fees and costs are reasonable and substantiated Further, Defendant is improperly attempting to assert claims against Plaintiff and Fein, Such & Crane, LLP under the Fair Debt Collections Practices Act and N.Y. G.B.L. § 349.

## PROCEDURAL HISTORY

4. This action in foreclosure was commenced by the filing of a Notice of Pendency, Summons & Complaint on September 23, 2013, based upon the default of mortgage given by Defendant on June 10, 2004 in the amount of $95,000.00, whereas said mortgage was in default for the July 2011 payment with an unpaid principal balance of $84,332.13. Copies of the Notice of Pendency, Summons & Complaint, and Certificate of Merit pursuant to N.Y. C.P.L.R. § 3012-b are annexed hereto as Exhibit "A."

5. Defendant was served pursuant to N.Y. C.P.L.R. § 308(2) on October 8, 2013 with the mailing component being completed on October 10, 2013. Service was completed ten days after the filing of the Affidavit of the Service in the Erie County Clerk's Office on October 18, 2013. Copies of the Affidavits of Service are annexed hereto as Exhibit "B."

6. Defendant was served with additional Summons as is required by N.Y. C.P.L.R. § 3215(g) via mail. A copy of the Affidavits of Mailing for the § 3215(g) notice is annexed hereto as Exhibit "C."

7. Pursuant to N.Y. C.P.L.R. § 320(a), Defendant had thirty days to answer the Complaint or otherwise respond.

8. This time expired on November 27, 2013 and was not extended by stipulation of order of the Court.

9. Defendant failed to respond to the Summons & Complaint in any manner whatsoever.

10. Plaintiff filed a Request for Judicial Intervention, along with settlement conference addendum.

11. Thereafter, 5 settlement conferences have been held pursuant to N.Y. C.P.L.R. § 3408.

12. The first settlement conference was held on December 13, 2013. Plaintiff and Defendant appeared through counsel. Defendant represented that he resided at the mortgaged premises and wished to retain the property. He was directed to submit a loss mitigation application with 30 days. The matter was adjourned to February 28, 2014.

13. A second conference was held on February 28, 2014. Plaintiff and Defendant appeared through counsel. Despite having been directed to submit a loss mitigation application within 30 days, Defendant did not submit an application until February 21, 2014 – a mere 7 days before the conference. Accordingly, the matter was adjourned until April 11, 2014 to allow Plaintiff to review the application.

14. On or about March 26, 2014, at his request, Defendant was provided with a breakdown of the Mortgagor Recoverable Corporate Advance, Outstanding Incurred Foreclosure Fees and Costs and Outstanding Estimated Foreclosure Fees and Costs. Copies of the breakdowns are annexed hereto as Exhibit "D."

15. A third conference was held on April 11, 2014. Plaintiff and Defendant appeared through counsel. Defendant was approved for a trial modification plan running from April 1, 2014 through June 1, 2014. A copy of the trail modification plan is annexed hereto as Exhibit "E. The matter was adjourned to April 28, 2014 to ensure that the plan was timely accepted by Defendant and/or address the situation if it was not.

16. A fourth conference was held on April 28, 2014. Plaintiff and Defendant appeared through counsel. Defendant had accepted the trial modification plan and made the first

payment on April 18, 2014. The matter was adjourned to June 30, 2014 to ensure that Defendant completed the trial modification.

17. A fifth conference was held on April 28, 2014. Plaintiff and Defendant appeared through counsel. Defendant had successfully completed the trial modification plan and permanent modification documents had been sent to Defendant on June 19, 2014. Defendant's counsel, though surprisingly unaware of the permanent modification, advised that she expected that Defendant would accept it, but requested time to review the fees and costs in the final figures. The matter was adjourned to August 15, 2014.

18. A second breakdown of the Mortgagor Recoverable Corporate Advance, Outstanding Incurred Foreclosure Fees and Costs and Outstanding Estimated Foreclosure Fees and Costs was provided to Defendant on or about July 3, 2014. Copies of the breakdowns are annexed hereto as Exhibit "F."

19. Defendant has now filed instant motion which seeks to bar Plaintiff from recovering allegedly unsubstantiated and unreasonable fees and costs.

## DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE THE FORECLOSURE FEES AND COSTS ARE REASONABLE AND SUBSTANTIATED

20. Defendant's motion should be denied because the foreclosure fees and costs are reasonable and substantiated

21. It is well-settled law in the State of New York that "[u]nder the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule." *A.G. Ship Maintenance Corp v. Lezak*, 69 N.Y.2d 1 (1986); *Hooper Associates, Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903 (1989).

22. "[I]n the absence of any pertinent contractual authority or statutory provision with respect to the recovery of amounts expended in the successful prosecution or defense of an action, each party is responsible for its own legal fees." *Chapel v. Mitchell*, 642 N.E.2d 1082 (1994); Hunt v. Sharp, 85 N.Y.2d 883 (1995).

23. However, where a mortgage provides for legal costs to the foreclosing party, it is to be enforced. *Fourth Fed. Sav. Bank v. Nationwide Assocs.*, 183 Misc. 2d 165 (Sup. Ct. New York County 1999).

24. The right of a mortgagee to recovery of reasonable attorney's fees is recognized if it is provided for in the mortgage instrument. *Green Point Sav. Bank v. Tornheim*, 261 A.D.2d 360 (2d Dept. 1999).

25. Contracts which provide for the payment of reasonable attorney's fees by an opposing party will be enforced. *Brenner v. Alroy*, 171 A.D.2d 589 (1st Dept. 1991); *In re Nicfur-Cruz Realty Corp.*, 50 B.R. 162 (S.D.N.Y. 1985).

26. Here, however, it is undisputed that Defendant is contractually obligated to pay the cost and disbursements incurred by Plaintiff in this action and also obligated to pay Plaintiff's reasonable attorney's fees.

27. Paragraph 22, Lines 9-10 of the Mortgage state that "In any lawsuit for Foreclosure and Sale, [Plaintiff] will have the right to collect all costs and disbursements . . . and will have the right to add all reasonable attorney's fees to the amount [Defendant] owe[s Plaintiff]. See Exhibit "A," Schedule "D."

28. The terms of the mortgage are clear.

29. Defendant accepted the benefit of the funds advanced and agreed to be bound by the terms of the Note and Mortgage.

30. He has now filed the instant motion which seeks nothing other than to further avoid his contractual obligations as he has done for the past 3 years and further prejudice and hinder Plaintiff's rights.

### A. Attorney's Fees

31. It is respectfully submitted that the attorney's fees are reasonable.

32. Here, there are three categories of attorney's fees listed in the breakdown: (1) Allowable Attorney Fees in the Mortgagor Recoverable Corporate Advances: (b) Attorney Fees in the Outstanding Incurred Foreclosure Fees and Costs; and (c) Attorney Fees in the Outstanding Estimated Foreclosure Fees and Cost. See Exhibit "G."

33. The $1,260.00 in the Mortgagor Recoverable Corporate Advances represents attorney's fees already earned by Fein, Such & Crane, LLP for work done and which have been billed by the firm to Plaintiff.

34. The $779.00 in the Attorney Fees in the Outstanding Incurred Foreclosure Fees and Costs represents attorney's fees earned by Fein, Such & Crane, LLP for work done and which have not yet been billed by the firm to Plaintiff.[1]

35. Here, the fees earned on this matter by Fein, Such & Crane, LLP have been in accordance with the Fannie Mae schedule[2]

36. As conceded by Defendant in his own motion papers, the total attorney's fees which may be earned for a judicial foreclosure action venued outside of New York City pursuant to the Fannie Mae fee schedule are $2,900.00.

---

[1] The July 3, 2014 letter contains a typographical error. The outstanding incurred attorney's fees are $770.00, not $779.00

[2] The fee structured discussed herein only relates to the above-captioned matter and does not necessarily reflect fee arrangements between Plaintiff and Fein, Such & Crane, LLP on other files or Fein, Such & Crane, LLP's fee arrangements with other clients. Nor should it be taken to represent a fee schedule between another lender, mortgagee, obligee and its counsel.

37. Pursuant to its arrangement with its client, Fein, Such & Crane, LLP earns 70% of its fee when it begins the service of the Summons & Complaint.

38. The $770.00 of outstanding incurred attorney's fees plus the $1,260.00 previously billed for attorney's fees total $2,030.00 or 70% of the maximum allowable fee under the Fannie Mae Schedule.

39. While Defendant is correct that Plaintiff is not entitled to recover the full amount of $2,900.00 in attorney's fees for this matter – and it is not seeking too - he is incorrect and misguided in his contention that no significant work on this matter.

40. If the matter proceeds past that stage of the proceedings, then Fein, Such & Crane, LLP would earn an additional $580.00 for preparing Plaintiff's motion for order of reference in mortgage foreclosure and an additional $290.00 if the matter were to proceed to sale for a total earned fee on $2,900.00

41. The reason for this arrangement is because the work on a foreclosure action is frontloaded.

42. Prior to the commencement of an action in foreclosure, this firm spends a significant amount of time working on the file in preparation for suit. In fact, here, Fein, Such & Crane, LLP worked on the instant matter for 15 months before the action was commenced.

43. This office has approximately 40 pre-commencement steps it completes before a summons & complaint is filed. For instance, before an action can be commenced, counsel must conduct and document a Servicemember's Civil Relief Act search to determine whether any parties subject to the foreclosure are in the active military service. Counsel must order and review a title search to determine the necessary, permissible, and

representative defendants to the action, determine whether there are any outstanding taxes, and determine whether there are any other outstanding title issues which would prevent insurable title from being passed at a foreclosure sale, and if so, take steps to cure the defect. Counsel must draft and send out a debt validation letter pursuant to the Fair Debt Collections Practices Act. Counsel must review the loan documents in the origination and collateral file to make sure they are complete. Counsel must review all contractual and statutorily required pre-foreclosure notices to determine applicability and sufficiency. Counsel must conduct and document a PACER search to determine the mortgagor(s) has received a bankruptcy discharge or has an active bankruptcy petition. Counsel must confirm the default date, the unpaid principal balance, and interest rate with its client. Counsel must communicate with its client so that it can executed the certificate of merit required by N.Y. C.P.L.R. § 3012-b. Counsel must draft the Notice of Pendency, Summons & Complaint, and Request for Judicial Intervention. Counsel must review all affidavits of service to ensure that service of process was properly effectuated upon all defendants.

44. Contrary to Defendant's contention, this is not rote work which is repeated *ad nauseum*.

45. Rather, each step requires individual attention and review based upon the facts and circumstances of that particular matter and counsel, as an attorney, is required to analyze the matter and make a determination as to how to proceed and advise its client. Contrary to Defendant's belief, the work done prior to the commencement of an action is much more extensive and time consuming then merely filling blanks in a form pleading. In fact, if the fees for this work were earned at an hourly rate, rather than a flat fee, the attorney's fees herein would be more than double.

46. Defendant's assumption that Plaintiff is attempting to charge him for attorney's fees and costs incurred in the N.Y. C.P.L.R. § 3408 settlement conferences is baseless. As demonstrated, Plaintiff is not seeing to recover any fees or costs incurred through the settlement conference portion of this matter.

47. Accordingly, Fein, Such & Crane, LLP earned reasonable attorney's fee, under the Fannie Mae fee schedule, for work it completed and Defendant's contention otherwise is simply without merit and baseless.

48. Finally, the $580.00 of attorney's fees in the Outstanding Estimated Foreclosure Fees and Cost represents that the fee that Fein, Such & Crane, LLP would earn if Plaintiff were compelled to file a motion for order of reference in mortgage foreclosure and the appointment of a referee to compute the amounts due and owing to Plaintiff. Should Defendant accept the loan modification offer, a stipulation of discontinuance will be filed, and these fees will not be incurred. It is an estimated cost, not an actual of incurred cost, and clearly labeled as such.

49. Defendant's motion should be denied in its entirety.

### B. Mortgagor Recoverable Corporate Advance

50. It is respectfully submitted that the Mortgagor Recoverable Corporate Advances are substantiated and reasonable.

51. First, the Title Costs are also reasonable.

52. Prior to the drafting and filing of a Summons & Complaint, standard procedure dictates that a title certificate and search be obtained to reveal all possible liens against the property and any possible issues that may prevent insurable title from being passed to a

purchaser at a foreclosure sale, e.g., break in the chain of title. See N.Y. R.P.A.P.L. §§ 1311-1313.

53. Here, as evidenced by the invoices annexed hereto as Exhibit "G," the total costs of these searches was $655.56.

54. The instant matter was first refereed to this firm in the spring of 2012, but Counsel was unable to take any action on the file due to Defendant filing a Chapter 7 bankruptcy petition in the Western District of New York under Case No. 12-11291. A copy of the bankruptcy petition docket report is annexed hereto as Exhibit "H."

55. The petition was closed on or about September 12, 2012 and Plaintiff proceeded with its pre-commencement foreclosure process by ordering a title search. See Exhibit "G."

56. However, Defendant then file a motion to reopen the petition on or about December 2, 2012, which was granted on or about February 22, 2013. A copy of the Order is annexed hereto as Exhibit "I."

57. Defendant received an order of discharge on February 22, 2013. A copy of the order of discharge is annexed hereto as Exhibit "J."

58. After the order of discharge, the matter could again proceed and this firm was compelled to order a supplemental title search to insure that no new liens had attached to the mortgaged premises or that no new title issues had arisen between the time Defendant filed his motion to reopen and the order of discharge.

59. Second, pursuant to N.Y. C.P.L.R. § 8018(a), the cost of filing a Summons & Complaint in an action filed pursuant to article thirteen of the real property actions and proceedings law is $400.00.

60. Likewise, the fee to file a Notice of Pendency in Erie County is $60.00[3] and pursuant to N.Y. C.P.L.R. § 8020(a), the cost of filing a request for judicial intervention is $95.00.

61. These are statutorily imposed costs incurred not only at the commencement of this action, but every action filed pursuant to article thirteen of the real property actions and proceedings law in New York. As statutorily imposed costs, Defendant cannot argue that they are unreasonable or unsubstantiated.

62. Third, as evidenced by the invoices annexed hereto as Exhibit "K," from Class Action, LLC the cost of effectuating service of process on six part defendants was $612.00 – well within the standard cost for such service.

63. Fourth, as demonstrated by the affidavit of Erica M. Rabenhorst, DLD Complex Representative, of PHH Mortgage Corporation as servicer for Plaintiff, a total cost of $695.00 was incurred to obtain seven Broker's Price Opinions (hereinafter "BPO"). See Rabenhorst, ¶ 7. The cost of each BPO was approximately $100.00 and well within a reasonable and customary range.

64. Finally, as demonstrated by the affidavit of Erica M. Rabenhorst, a total cost of $335.00 was incurred to obtain twenty-eight property inspections. See Rabenhorst, ¶ 8.

65. The cost of each inspection was approximately $12.00 and not high or excessive.

66. For reasons that should be apparent, a foreclosing plaintiff must conduct frequent inspections to ensure that the property is being maintained and, if not, take steps pursuant to its mortgage agreement to ensure it does not deteriorate.

67. Accordingly, Defendant's motion should be denied in its entirety.

C. *Estimated Foreclosure Fees and Costs*

68. Defendant further argues against the Estimated Foreclosure Fees and Cost.

---

[3] http://www2.erie.gov/clerk/index.php?q=fees#filing

69. However, this endeavor is a wasted effort.

70. The amount of $1,210.00 is clearly labeled as an estimated cost, not an actual or incurred cost.

71. Any payoff letter, reinstatement letter, or other documents evidencing amounts owed by a borrower, must include an estimate of additional costs and fees that may be incurred in the future.

72. The reason for this requirement is self-evident. If the good-through date of figures was only valid on the date they were generated and provided, then the ability of a borrower to reinstate, pay the loan in full, or complete a closing would be severely hampered. A borrower would only have a few hours to secure certified-funds and deliver those funds to an obligee or its counsel or, to close on a sale of the mortgaged premises.

73. As always, a defendant is only required to pay the fees and costs which are actually incurred as of the date of payment. If a reinstatement or payoff payment includes any anticipated fee, cost, or other item, but the actual amount due on the date of payment is less, any excess amount is returned to the defendant or credited to their account.

74. Indeed, the loan modification offer itself states: "In the event that the modification transactions costs above are less than indicated, any additional amount paid will be applied to reduce the unpaid principal balance of [the] loan. See Exhibit "L," Cover Letter, Page 2.

75. Notwithstanding the foregoing, the estimated frees and costs are all reasonable.

76. The $300.00 representing a Stipulation of Discontinue Fee of is an estimated cost and clearly labeled as such. While uncommon in Erie County, for reasons unknown to Counsel, defendants in foreclosure actions in New York City will often formally appear

in an action and then refuse to consent to the discontinuance of the action under any circumstances, including those having been resolved through a loan modification or reinstatement. In these cases, foreclosing plaintiffs are compelled to seek an order from the court discontinuing the action. The estimated $300.00 represents the cost of making such a motion. Should Defendant accept the loan modification offer, a stipulation of discontinuance will be filed, and these fees will not be incurred. Further, since Defendant has not formally appeared in this action, his consent will not be required to discontinue the action.

77. The $35.00 representing the Stipulation of Discontinuance Cost is an estimated cost and clearly labeled as such. It is a statuary cost required to be paid by Defendant. N.Y. C.P.L.R. § 8020(d). Should Defendant accept the loan modification offer, a stipulation of discontinuance will be filed and the statutory fee incurred.

78. The $45.00 representing Order of Reference is an estimated cost and clearly labeled as such. It is the cost of filing a motion for order of reference in mortgage foreclosure and the appointment of a referee to compute the amounts due and owing to Plaintiff. This is a statutory cost. N.Y. C.P.L.R. § 8020(a). Should Defendant accept the loan modification offer, a stipulation of discontinuance will be filed, and these fees will not be incurred.

79. The $250.00 representing Referee Cost is an estimated cost and clearly labeled such. It represents the estimated cost of payments to a referee for calculating the amounts due and owing to Plaintiff, issuing his report, and conducting a foreclosure sale. Should Defendant accept the loan modification offer, a stipulation of discontinuance will be filed, and these fees will not be incurred.

80. Accordingly, Defendant's motion should be denied in its entirety.

## DEFENDANT IMPROPERY ATTEMPTS TO ASSERT CLAIMS UNDER THE FAIR DEBT COLLECTIONS PRACTICES ACT AND N.Y. G.B.L. § 349

81. Defendant is improperly attempting to assert claims against Plaintiff and Fein, Such & Crane, LLP under the Fair Debt Collections Practices Act (hereinafter "FDCPA") and N.Y. G.B.L. § 349.

82. To bring a claim, Defendant is required to file a Summons & Complaint with the clerk of the county, purchase an Index Number, and pay the appropriate filing fee. See N.Y. C.P.L.R. §§ 306-a, 8018.

83. This he has failed to do.

84. Defendant has not commenced an action for either in a court of component jurisdiction.

85. Defendant did not assert a counterclaim against Plaintiff in a timely interposed answer or a claim against Fein, Such & Crane, LLP in a properly filed third-party complaint.

86. Rather, Defendant has merely included these allegations as part of the instant motion in an attempt to avoid basic procedural law and deprive Plaintiff and Fein, Such & Crane, LLP of its due process rights.

87. As such, there is no proceeding before the Court for a FDCPA or N.Y. G.B.L. § 349 claim and the Court is without jurisdiction to grant any relief to Defendant.

88. Those portions of Defendant's motion should be disregarded and ignored by the Court.

89. Notwithstanding the foregoing, the claims would be without merit.

90. First, Plaintiff does not fall within the FDCPA or, in the alternative, did not violate it. The FDCPA does not apply when a creditor is seeking to enforce a contractual right. *United Cos. Lending Corp. v. Candela*, 292 A.D.2d 800, 801-802 (4th Dept. 2002).

91. Second, assuming *arguendo*, that Fein, Such & Crane, LLP qualifies as debt collector, communications between a debt collector and a debtor's counsel are not actionable. *See*

*Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002) (finding that plaintiff could not state a claim where the alleged misrepresentation was addressed to her attorney, but must instead show that the misrepresentation was to the plaintiff herself); *Tromba v. M.R.S. Assocs.*, 323 F. Supp. 2d 424 (E.D.N.Y. 2004)("Plaintiff has no cause of action under the FDCPA where a communication was solely directed to her attorney and no threat was made regarding contact with the debtor herself."); *Rojas v. Forster & Garbus LLP*, 2014 U.S. Dist. LEXIS 105780 (E.D.N.Y 2014).

92. Here, all of the communications alleged by Defendant occurred between Fein, Such & Crane, LLP and the Western New York Law Center, not Fein, Such & Crane, LLP and Defendant directly.

93. Therefore, the provisions of the FDCPA are inapplicable and Defendant's contention is patently without merit and lacks any reasonable basis.

94. Secondly, Defendant has failed to even properly plead a claim under N.Y. G.B.L. § 349.

95. The elements of a violation of N.Y. G.B.L. § 349 are: (a) Proof that the practice was consumer oriented; (b) Proof that the practice was deceptive or misleading in a material respect; and (3) Proof of injury.

96. Defendant's bare conclusory allegations are not demonstrative of the level of proof required by the statute.

97. The Court of Appeals raised the threshold of proof to include those misleading and deceptive acts "likely to mislead a reasonable consumer acting reasonably under the circumstances." *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20 (1995).

98. The Court further held that the deceptive practice must have an impact on "consumers at large." *Id.*

99. Therefore, private contract disputes, such as the one at bar, fall outside the scope of the statute.

100. Even is this transaction fell under the protection of the statute, Defendant has failed to successfully plead any of the elements of a violation of the statute.

101. Accordingly, Defendant's motion is nothing more than a frivolous attempt to harass, hinder, and prejudice the rights and remedies of Plaintiff and Fein, Such & Crane, LLP.

102. Defendant's motion should be denied in its entirety

## CONCLUSION

103. Defendants' motion should be denied in its entirety.

104. It is respectfully submitted that the foreclosure fees and costs are reasonable and substantiated

105. Defendant is improperly attempting to assert claims against Plaintiff and Fein, Such & Crane, LLP under the Fair Debt Collections Practices Act and N.Y. G.B.L. § 349.

106. Based upon law and equity, Defendant's motion should be denied.

WHEREFORE, your affiant respectfully requests that the relief requested in Defendant's motion be denied, together with such other and further relief as this Court deems just and proper.

Sworn to September 22, 2014

_____
Craig K. Beideman, Esq.

I certify that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the above-paper[s] or the contentions therein are not frivolous as defined in subsection [c] of Section 130.1.1.

_____
Craig K. Beideman, Esq.