# FEIN, SUCH & CRANE, LLP

## Northern New York Office
28 East Main Street, Suite 1800
Rochester, New York 14614
585-232-7400
Direct Fax: 585-756-5201 (Evictions/Contested Litigation) (fax not for service of papers)
Direct Fax: 585-756-5200 (Settlement Conferences) (fax not for service of papers)

September 10, 2014

Keisha Williams, Esq.
Western New York Law Center
237 Main Street; Suite 1130
Buffalo, New York 14203
Email: kwilliams@wnylc.com

    Re:    <u>M&T Bank vs. Ryan J. Nadbrzuch, et al.</u>
            Index: 600123/2014

Dear Ms. Williams,

Please accept this as a response to your concerns regarding the various figures used in the most recently provided payoff figures.

In regards to the $150 charge for the preparation of Form B, please be advised that this charge was an only an estimate at the time the payoff was generated. In this particular case the Form B, a form mandated by law in every residential foreclosure action, was completed by M&T and not by my office. As a result, Plaintiff will be waiving the $150 charge in regards to the preparation of Form B. The payoff statement reflects fees that are prospective as well as incurred.
After discontinuance of the action, Defendant would have received a credit for the $150 fee on his next billing statement.

In regards to the cost of service the $1,000.00 figure was also a forward looking estimate. Defendant would not have been charged the $1,000.00 amount after discontinuance. Rather, Defendant will be charged $569.00- the actual cost of service. Again, had Defendant overpaid the surplus balance would have been refunded after the first billing statement. Please see the below breakdown of the $569.00 costs of service:

| | |
|---|---|
| Ryan (served): | $85.00 |
| "Doe" (served four others) | $340.00 |
| File (one time cost): | $50.00 |
| Copy (one time cost): | $25.00 |
| 1303 Mailing: | $10.00 |
| Tenant Mail ($17 each): | $34.00 |
| File RJI and NMA: | $25.00 |
| **Total:** | **$569.00** |

Please be advised that in respect to the 2014 County tax, Plaintiff disbursed $1,213.62 for County taxes on January 22, 2014 and an additional $337.48 for the delinquent water bill on

January 31, 2014. In total Plaintiff was forced to pay, on Defendant's behalf, $1551.10. Furthermore, you asserted that the Defendant's July 31, 2013 account statement shows a doubling of late charges and objected to same. Please note on July 1, 2013, Defendant called Plaintiff to inquire as to why their May 2013 payment had not been applied when the payment on May 2, 2013 was applied to the loan. Defendant was advised that funds were applied to late fees- not the principal. Arrangements were made with Defendant to reverse the $407.95 from the paid late charges. After the funds were reversed, they were then applied to the May 2013 payment. Please note that the reversal of the late charges caused the $407.95 increase in unpaid late charges.

Finally, you have stated that you believe Defendant was charged for more property inspections then were actually conducted. You allege that the payment history shows only five inspections (including one in July, which you believe was unnecessary), as opposed to the twelve or thirteen which Defendant was charged for. The reinstatement listed property inspections of $140.00 along with $42.00 Mortgagor Recoverable for a total of $182.00. This figure is supported as follows:



- ASSESSED AMOUNT
- PROPERTY INSPECT 12-18-12  14.00 – due date 11/2012
- PROPERTY INSPECT 02-04-13  14.00 – due date 12/1/12
- PROPERTY INSPECT 04-16-13  14.00 – due date 2/1/2013
- PROPERTY INSPECT 06-17-13  14.00 – due date 5/1/2013
- PROPERTY INSPECT 08-20-13  14.00 – due date 7/1/2013
- PROPERTY INSPECT 09-18-13  14.00 – due date 7/1/2013
- PROPERTY INSPECT 10-18-13  14.00 – due date 7/1/2013
- PROPERTY INSPECT 11-18-13  14.00 – due date 7/1/2013
- 12/30/13  14.00 – due date 7/1/2013
- 01/31/14  14.00 – due date 7/1/2013
- 03/05/14  14.00 – due date 7/1/2013
- 04/07/14  14.00 – due date 7/1/2013
- Property inspection completed but not billed at time of reinstatement 4/21/14 $ 14.00 – due date 7/1/2013

This brings a total of $182.00 for property inspection fees assessed to the loan prior to the April 30, 2014 reinstatement. Please be advised that there have been two property inspections since the April 30, 2014 reinstatement, $14.00 on July 7, 2014 and $14.00 on September 2, 2014, which will be waived from the account.

The reinstatement quote dated March 28, 2014 previously provided to the Defendant was good through April 24, 2014. Therefore, this reinstatement would not have included the May 2014 payment. The reinstatement amount was $25,962.88. This is the amount received by M&T Bank to reinstate the account. After funds were applied to the loan, $640.00 was returned to the borrower.

In addition, the account has been assessed for three late charges since the April 30, 2014 reinstatement in the total amount of $242.73. These late charges will be waived from the account. Defendant tendered three payments with their complaint letter dated August 28, 2014. The three payments were to cover the June, July and August payments. Due to the fact that the reinstatement provided to Defendant was good through April 24, 2014, the May payment is due from Defendant.

If you or the Court needs further clarification, I would be happy to appear telephonically sometime this week that is agreeable to further discuss this matter. If the same cannot be resolved, then if need be, I will be ready to appear in person at the next settlement conference scheduled for October 3, 2014. Please advise.

Thank you for your time, attention, and consideration.

Sincerely,

V.S. Villkhu, Esq.

Cc: Dave Henry, Esq.
Erie County Supreme Court
25 Delaware Avenue
Buffalo, New York 14202