UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER WHITE AND WILLIAM SUITOR,
Individually and on behalf of all others similarly situated

Plaintiffs,

AFFIDAVIT
Case No. 15-cv-438

-vs-

FEIN, SUCH and CRANE, LLP,
Defendants.

STATE OF NEW YORK )
COUNTY OF ERIE ) ss.:

Daniel Webster, Esq. being duly sworn, deposes and says:

1. I submit this affidavit in response to a request from the plaintiffs herein regarding certain conversations and events that transpired during my office's representation of plaintiff, William Suitor, in the foreclosure action brought by HSBC Bank USA, N.A. in Niagara County Supreme Court under index number 150988/2013 (hereinafter referred to as the "foreclosure").

2. Although my office represented Mr. Suitor in the foreclosure, we have since concluded and disengaged the representation. We do not currently represent Mr. Suitor.

3. Defendant Fein, Such and Crane, LLP (hereinafter referred to as "Fein") alleged that I did not challenge or question the fees and costs added to Mr. Suitor's loan through the loan modification offered to him during the pendency of the foreclosure. *See Affidavit of David Case sworn to on July 7, 2015, pages 4-5, paragraphs 15-21.*

4. Mr. Case is mistaken. Mr. Case was not present for the CPLR 3408 settlement conferences where the foreclosure was settled, and thus does not have personal knowledge of the conversations that took place therein.

5. On August 14, 2014 during a settlement conference held in the foreclosure, I questioned the excessive and unjustified fees and costs added on to Mr. Suitor's mortgage through the loan modification that settled the foreclosure. In particular, I questioned the addition of approximately $1,332 of a "litigation fee" in an action where no litigation had taken place. (Mr. Suitor served a *pro-se* answer, but no motions or notes of issue were filed).

6. Our challenge, however, took place in CPLR 3408 settlement conference that was presided over by a Court-Attorney Referee. A referee's role in this process is to help facilitate agreement between the parties. Such referees do not have the power to determine legal questions such as attorneys' fees and costs. If no agreement could be reached, the Referee would have sent the file to a Judge to determine legal issues upon motions. Motions would have taken too much time and involved too much risk for Mr. Suitor. We had no opportunity to seek a formal determination on the fees and costs.

7. Fein made a threat, albeit an implied threat, that if we were to formally challenge the fees and costs or take more time to decide whether or not to accept the loan modification as offered, then the offer would have been revoked and Mr. Suitor would have been in danger of losing his home in the foreclosure. It is worth noting that the time provided by Fein to accept the offered loan modification was extended to accommodate the time it took to question the fees and costs. It was my understanding that they would not have extended it again, and Mr. Suitor had a matter of days to accept or reject the offer. We had no time and no venue to further challenge the amount added to his loan.

8. Balancing the possible risks and rewards, I advised my client to accept the loan modification in order to avoid the loss of his home and pursue another avenue to challenge the excessive and unjustified fees and costs Fein was attempting to collect.

9. In my experience, it is far less risky for a homeowner to accept a loan modification as offered, and then challenge excessive fees and costs through government regulatory

agencies. I have many clients who have received refunds of excessive fees and costs collected by attorneys in foreclosure actions after the action was discontinued.

10. I advised Mr. Suitor to complain to a government regulatory agency with authority over his loan. It is my understanding that Mr. Suitor complained to the Veterans Administration ("VA") since his loan is a VA guaranteed loan.

11. It appears that the VA, through their regulatory authority, worked with HSBC, or HSBC's servicing agent, and determined that Fein had collected more than what HSBC was entitled to collect. Consequently, Mr. Suitor received a refund of over $2,700. *See plaintiff's evidence submitted in this case including a letter from HSBC to William Suitor dated April 1, 2015.*

12. The foregoing is the best of my recollection and based on my personal knowledge and documents and notes I kept in my confidential case file.

DATED: Buffalo, NY
July 20, 2015

Daniel Webster, Staff Attorney
Legal Services for the Elderly,
Disabled or Disadvantaged of WNY
237 Main Street, Suite 1015
Buffalo, NY 14203
716-853-3087

Sworn to before me

This 20th day

Of July 2015

Notary Public

CHRISTOPHER S. SZCZYGIEL
Notary Public, State of New York
No. 02SZ6305881
Qualified in Erie County
Commission Expires June 16, 2018