UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**CHRISTOPHER WHITE and WILLIAM SUITOR, individually and on behalf of all others similarly situated**

      *Plaintiffs*,

 *vs.*

**FEIN, SUCH & CRANE, LLP**,

      *Defendant*.

Civil Action No.
15-cv-00438-C

---

**DEFENDANT'S REPLY MEMORANDUM OF LAW
<u>IN SUPPORT OF ITS MOTION TO DISMISS</u>**

      **BARCLAY DAMON, LLP**

      1100 M&T Center
      Three Fountain Plaza
      Buffalo, New York  14203
      Telephone  (716) 566-1560
      Facsimile   (716) 566-4014

      *Attorneys for Defendant Fein, Such and Crane, LLP*

BARCLAY DAMON, LLP

9389855.1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

STANDARD OF REVIEW .......................................................................................................1

ARGUMENT ..............................................................................................................................2

    I.    THE CONTROLLING LAW IN THE SECOND CIRCUIT
IS CLEAR AND UNEQUIVOCAL, AND IT REQUIRES
THE DISMISSAL OF THE PLAINTIFFS' FDCPA CLAIMS ....................................2

    II.    PLAINTIFFS HAVE FAILED TO DEMONSTRATE
THAT DEFENDANT'S CONDUCT WAS CONSUMER
ORIENTED, THEREFORE PLAINTIFFS' GBL § 349
CLAIMS MUST BE DISMISSED .................................................................................4

CONCLUSION............................................................................................................................7

BARCLAY DAMON, LLP

9389855.1

# **TABLE OF AUTHORITIES**

## **Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)......................................................................1

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ................................................1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007)........................................1, 2, 3

*Ignatowski v. GC Servs.*, 3 F. Supp. 2d 187 (D. Conn. 1998) ...............................................................3

*Guerrero v. RJM Acquisitions L.L.C.*, 499 F.3d 926 (9th Cir. 2007) ....................................................4

*Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002) ..........................................................................2, 4

*Lane v. Fein, Such & Crane, L.L.P.*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011) .........................................3

*Obal v. Deutsche Bank Nat. Trust Co.*, 2015 U.S. Dist. LEXIS 18124 (S.D.N.Y. 2015),
    reconsideration denied sub nom. *Obal v. Deutsche Bank Nat. Trust Co. as
    Tr. for Morgan Stanley Mortgage Loan Trust 2004-9*, 2015 U.S. Dist. LEXIS 84601
    (S.D.N.Y. 2015) ..........................................................................................................................6

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20 (1995)...................................................................................................................4

*Paulemon v. Tobin*, 30 F.3d 307 (2d. Cir. 1994) ..............................................................................2, 3

*Rojas v. Forster & Garbus, LLP,* 2014 U.S. Dist. LEXIS 105780 (E.D.N.Y. 2014)............................4

*Samms v. Abrams, Fensterman, Fensterman, Eisman***,** *et. al.*,
    2015 U.S. Dist. LEXIS 87582 (S.D.N.Y. 2015) .....................................................................5, 6

*Silverman v. Household Fin. Realty Corp.*, 979 F.Supp.2d 313 (E.D.N.Y. 2013)................................5

*Tromba v. M.R.S. Assocs.*, 323 F. Supp. 2d 424 (E.D.N.Y. 2004) ........................................................3

## **Other Authorities**

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* ................................*passim*

New York General Business Law § 349..........................................................................................*passim*

BARCLAY DAMON, LLP

**PRELIMINARY STATEMENT**

The claims presently before the Court are based on The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the New York General Business Law § 349 ("GBL § 349"). This Reply Memorandum of Law is submitted in further support of Defendant's Motion to Dismiss and in response to the opposition papers filed by Keisha A. Williams, Esq., the attorney for the proposed representative Plaintiffs, Christopher White and William Suitor (hereinafter "Plaintiffs"). As explained herein, Plaintiffs cannot demonstrate that their claims are actionable under the FDCPA or GBL § 349. More specifically, Plaintiffs have failed to identify any Second Circuit authority whatsoever which provides a basis in law for their claims. As a result, the Complaint should be dismissed.

**STANDARD OF REVIEW**

The Supreme Court held, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955 (2007), that a plaintiff seeking to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure must allege facts that "raise a right to relief above the speculative level." In reviewing complaints against this standard, the Second Circuit has found as insufficient "[a]llegations that are conclusory or unsupported by factual assertions." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Further elaborating on the standards articulated in *Twombly*, the Supreme Court subsequently held that a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Accordingly, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the grounds of his entitlement to

BARCLAY DAMON, LLP

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570 (internal citations, quotation marks, and alterations omitted).

**ARGUMENT**

I. **THE CONTROLLING LAW IN THE SECOND CIRCUIT IS CLEAR AND UNEQUIVOCAL, AND IT REQUIRES THE DISMISSAL OF THE PLAINTIFFS' FDCPA CLAIMS**

In their memorandum of law, Plaintiffs go to great lengths in an attempt to distinguish the facts of the instant case from the Second Circuit's decision in *Kropelnicki v. Siegel,* 290 F.3d 118 (2d. Cir. 2002) and the plethora of decisions subsequently handed down by the Second Circuit District Courts in reliance on *Kropelnicki*.  However, Plaintiffs fail to direct the Court to any authority from the Second Circuit which holds that correspondence exchanged solely between attorneys in the context of pending litigation is actionable under the FDCPA.

Tellingly, in their thirteen page memorandum of law, Plaintiffs rely on only two decisions from the Second Circuit in support of their FDCPA claims.  The lead case cited by Plaintiffs is *Paulemon v. Tobin*, 30 F.3d 307 (2d. Cir. 1994).  *See* Pl. Mem. at p. 4.  *Paulemon* is less than instructive and easily distinguishable from *Kropelnicki* and its progeny.  The Court's Decision in *Paulemon* was issued eight years prior to *Kropelnicki.*  In *Paulemon*, the Court's primary holding is simply that if a litigation exception still exists with respect to the FDCPA's applicability, then "[i]t cannot apply to the sending of letters to a debtor or the debtor's counsel prior to the actual filing of a complaint."  30 F.3d at 310.

In the instant case it is undisputed that all of the communications referenced in Plaintiff's Complaint were exchanged after the filing and service of the Summonses and Complaints in the state court actions; therefore *Paulemon* is inapplicable.

BARCLAY DAMON, LLP

9389855.1

Notably, as explained by the District Court for the District of Connecticut, the Court in *Paulemon* "addressed whether the defendant was considered a 'debt collector' under the FDCPA. Thus, the Second Circuit did not reach the issue of whether the FDCPA applies to communications sent to a consumer's attorney." *Ignatowski v. GC Servs.*, 3 F. Supp. 2d 187, 189 (D. Conn. 1998) at footnote 5. As such, *Paulemon* has no precedential value in the instant case.

The only other decision relied upon by Plaintiffs in support of their FDCPA claims from within the Second Circuit is *Tromba v. M.R.S. Assocs.*, 323 F. Supp. 2d 424 (E.D.N.Y. 2004). *See* Pl. Mem. at pp. 4-5. Despite Plaintiffs' imaginative attempts to interpret the Court's ruling in *Tromba*, the Court actually relied on *Kropelnicki* in holding as follows: "in reliance upon *Kropelnicki*, the Court concludes that, under the circumstances alleged in this case, Plaintiff has no cause of action under the FDCPA where a communication was solely directed to her attorney and no threat was made regarding contact with the debtor herself." *Tromba at 428*.

As an aside, Plaintiffs, for the first time in the instant action, have improperly submitted copies of letters allegedly sent by Defendant to non-parties to the instant action. *See* Def. Mem. of Law at Exhibits "F" and "L." Not only are both letters are completely irrelevant to the viability of the *Complaint,* but one of the letters (Exhibit "F"), is dated March 28, 2014, which is well outside of the FDCPA's one year statute of limitations. This belated attempt to breathe life into Plaintiffs' meritless FDCPA claims is a reflection of the inadequacy of the Complaint itself. These last-ditch submissions merely highlight the legal and factual insufficiency of Plaintiffs' claims. As held by the Eastern District, "[u]nder the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is plausible *on its face.*" *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011) (*Emphasis added*).

BARCLAY DAMON, LLP

It is respectfully submitted that the Court's inquiry regarding the viability of Plaintiffs' FDCPA claims should not proceed further. There is no allegation in the Complaint or in Plaintiffs' opposition to the instant motion that *Defendant* made any representation directly to either of the representative plaintiffs. Simply put, in the Second Circuit, "for a misrepresentation to be actionable under the FDCPA, the false statement must be made to the debtor directly and not to counsel." *Rojas v. Forster & Garbus LLP*, 2014 U.S. Dist. LEXIS 105780 (E.D.N.Y. 2014).

Plaintiffs' extensive reliance on various decisions from other circuits has no bearing on the motion presently before this Court and no response is warranted in that regard.[1] For the reasons stated herein and in the previously submitted memorandum of law, Plaintiffs' FDCPA claims have no basis in law and they should therefore be dismissed.

**II.   PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT DEFENDANT'S CONDUCT WAS CONSUMER ORIENTED, THEREFORE PLAINTIFFS' GBL § 349 CLAIMS MUST BE DISMISSED**

In support of its GBL § 349 claims, Plaintiffs cite *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). *See* Pl. Mem. at p. 11. This decision was first relied upon by Defendant in its original memorandum of law to stand for the proposition that "[i]n order to prove [that conduct is consumer oriented], a plaintiff must show that the challenged act or practice had a broader impact on consumers at large…[p]rivate contract disputes, unique to the parties, for example, would not fall within the ambit of the statute." *Id. at 25.*

---

[1]   It is noted, however, that the Ninth Circuit in *Guerrero v. RJM Acquisitions L.L.C.*, 499 F.3d 926 (9th Cir. 2007) (*see* Plaintiffs' Mem. at p. 7) agreed with and affirmatively cited to Second Circuit's decision in *Kropelnicki*, holding "communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act."

- 4 -

9389855.1

Plaintiffs argue, in their memorandum of law, that they are "consumers" and that the conduct complained of is the "collection of unreasonable and unauthorized fees in foreclosure actions." *See* Pl. Mem. at p. 11. These allegations, however, do not bring Plaintiffs' GBL § 349 claims within the ambit of the statute. "The typical violation contemplated by [GBL § 349] involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." *Samms v. Abrams, Fensterman, Fensterman, Eisman***,** *et. al.*, 2015 U.S. Dist. LEXIS 87582 (S.D.N.Y. July 6, 2015). If conduct arises from the particular circumstances of an individual's mortgage loan, said conduct is *specific* to the particular circumstances of the loan at issue and, therefore, the conduct cannot be said to "universally apply to other mortgages or impact the public at large." *Silverman v. Household Fin. Realty Corp.*, 979 F.Supp.2d 313 (E.D.N.Y. 2013).

Likewise, in the instant case, the fees at issue are specific to Plaintiffs' respective mortgage loans. The uniqueness of the fees and their bases are laid out in painstaking detail in the September 22, 2014 Affirmation in Opposition of Craig K. Beideman, Esq., one of the attorneys for Defendant. Attorney Beideman's sixteen page affirmation, which relates to Plaintiff Christopher White's loan, is attached as Exhibit "C" (Docket Document No. 8-3) to the Declaration of *Plaintiffs'* counsel in opposition to the instant motion. A review of Mr. Beideman's Affirmation highlights the specificity of, and the justification for, the actual and prospective costs involved in a particular foreclosure action; therefore it cannot be logically argued that Defendant's conduct "universally appl[ies] to other mortgages" which may or may not be subject to foreclosure. *Id. See also* December 2, 2014 Affirmation of Craig K. Beideman (Docket Document No. 7-10), attached as Exhibit 9 to the July 7, 2015 Affidavit of David P. Case (Docket Document No. 7-1).

BARCLAY DAMON, LLP

Three weeks ago, in dismissing a plaintiff's GBL § 349 claim, the Southern District of New York, in *Samms, supra,* held as follows:

> [Plaintiff] has failed to allege that [Defendant's] conduct was consumer-oriented within the meaning of Section 349. The challenged conduct consisted of filing a single complaint that suffered from various alleged deficiencies. This conduct — the prosecution of an individual lawsuit — was not commercial activity directed at consumers generally, nor did it have any ramifications for the public at large. *To the contrary, [Defendant's] alleged misconduct affected only the parties to that particular lawsuit*. And although the [Complaint] alleges in conclusory fashion that '[Defendant] has filed suits against consumers other than [Plaintiff] demanding judgment that includes attorney's fees when the claims were limited to claims that did not allow for recovery for attorney's fees,' this allegation falls short of establishing that Abrams's conduct had a 'broader impact on consumers at large.' Accordingly, Plaintiff's second cause of action must be dismissed.

*Samms, supra,* at *13-14 (emphasis added), citing *Obal v. Deutsche Bank Nat. Trust Co.*, No. 14 Civ. 2463, 2015 U.S. Dist. LEXIS 18124, 2015 WL 631404, at *8 (S.D.N.Y. Feb. 13, 2015), reconsideration denied sub nom. *Obal v. Deutsche Bank Nat. Trust Co. as Tr. for Morgan Stanley Mortgage Loan Trust 2004-9*, No. 14 Civ. 2463, 2015 U.S. Dist. LEXIS 84601 (S.D.N.Y. June 29, 2015).

In the instant case, not only is the Complaint based solely on specific fees incurred and communications allegedly exchanged as a result of the filing of two individual lawsuits, but, in addition, it is undisputed that none of the conduct at issue was directed at consumers. Obviously, an attorney representing a client is not a "consumer" under the General Business Law. *See Samms, supra.* It is axiomatic that "[a] defendant will not be held liable under § 349 where the disputed private transaction does not have ramifications for the public at large." *Obal v. Deutsche Bank Nat'l Trust Co.,* 2015 U.S. Dist. LEXIS 18124 (S.D.N.Y. 2015).

In summary, Plaintiffs have not directed the Court to any authority, controlling or otherwise, which suggests that Plaintiffs' GBL § 349 allegations state a claim upon which relief can be granted. Based on the foregoing, Plaintiffs' GBL § 349 claims must fail because the conduct complained of is not consumer-oriented and it was not directed at the public-at-large.

## CONCLUSION

For all the reasons stated, Defendant's motion should be granted and Plaintiffs' Complaint should be dismissed in its entirety.

**DATED:** July 31, 2015

**BARCLAY DAMON, LLP**

By: /s/ Dennis R. McCoy
    Dennis R. McCoy

Telephone (716) 566-1560
Facsimile (716) 566-4014
E-Mail: dmccoy@barclaydamon.com
*Attorneys for Defendant Fein, Such and Crane, LLP*

BARCLAY DAMON, LLP

9389855.1