UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**CHRISTOPHER WHITE and WILLIAM SUITOR**, individually and on behalf of all others similarly situated,

        *Plaintiffs*,

        *vs.*

**FEIN, SUCH & CRANE, LLP**,

        *Defendant*.

**ANSWER WITH AFFIRMATIVE DEFENSES**

15-cv-00438/JTC

---

Defendant, FEIN, SUCH & CRANE, LLP ("Defendant") as and for its Answer to Plaintiffs' Complaint ("Complaint") states as follows:

1. Admits that by their Complaint Plaintiffs allege claims under the Fair Debt Collection Practices Act, 15 U.S.C §1692, et seq. ("FDCPA") and New York General Business Law §349 ("GBL §349"), but otherwise denies the allegations of Paragraph "1" of the Complaint.

2. Denies the allegations of Paragraph "2" of the Complaint.

3. The allegations of Paragraph "3" of the Complaint include conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant admits that Plaintiffs purport to bring this action pursuant to, *inter alia*, the FDCPA and that they: (1) purport to invoke the jurisdiction of this Court pursuant to 15 U.S.C. §1692k(d), 28 U.S.C. §§ 1331 and 1337, and the pendent jurisdiction of this Court; and (2) allege that declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendant denies liability and denies that Plaintiffs are entitled to relief in this action, injunctive, declaratory or otherwise.

BARCLAY DAMON, LLP

11405765.1

4. The allegations of Paragraph "4" of the Complaint include conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant admits that it transacts and conducts business within the Western District of New York.

5. Admits, on information and belief, so much of the allegations of Paragraph "5" of the Complaint as allege that Plaintiff Christopher White ("Mr. White") is a natural person who resided in Erie County, but denies knowledge or information sufficient to form a belief as to Mr. White's current residency. The remaining allegations of Paragraph "5" of the Complaint concerning the scope and applicability of the term "consumer" as defined by 15 U.S.C. §1692a(3) are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies same.

6. Admits, on information and belief, so much of the allegations of Paragraph "6" of the Complaint that Plaintiff William Suitor ("Mr. Suitor") is a natural person who resided in Erie County, but denies knowledge or information sufficient to form a belief as to Mr. Suitor's current residency. The remaining allegations of Paragraph "6" of the Complaint concerning the scope and applicability of the term "consumer" as defined by 15 U.S.C. §1692a(3) are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies same.

7. Admits the allegations of Paragraph "7" of the Complaint.

8. The allegations in Paragraph "8" of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed necessary and assuming, *arguendo*, that the foreclosure of mortgage is considered the collection of a debt, which is disputed, Defendant admits that it regularly is engaged to provide legal services related to litigation over real estate, which serves as collateral for a debt, but otherwise denies the allegations in Paragraph "8" of the Complaint.

9. With respect to the allegations of Paragraph "9" of the Complaint, Defendant admits that it, on behalf of one its clients, instituted foreclosure proceedings against Mr. White on or around September 23, 2013, but denies the remaining allegations of said Paragraph.

10. With respect to the allegations of Paragraph "9" of the Complaint, Defendant admits that it, on behalf of one its clients, instituted foreclosure proceedings against Mr. Suitor on or around September 5, 2013, but denies the remaining allegations of said Paragraph.

11. The allegations in Paragraph "11" of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that CPLR §3408 relates to residential foreclosure actions and includes provisions concerning the scheduling and purpose of a settlement conference, but refers to CPLR §3408 in its entirety, as well as case law interpreting same, for the content, context, meaning and effect thereof, and denies that Plaintiff has accurately recited the meaning, content and purpose of the statute.

12. The allegations in Paragraph "12" of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that New York law includes statutes, laws and regulations which relate to residential foreclosure actions and the settlement of same, but refers to such statutes, laws and regulations in their entirety, as well as case law interpreting same, for the content, context, meaning and effect thereof, and denies that Plaintiff has accurately recited the meaning, content and purpose of such statutes, laws and regulations.

13. The allegations in Paragraph "13" of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that § 202.12-a of Part 202 of the Uniform Rules for the New York State Trial Courts relates to residential foreclosure actions and includes provisions concerning the scheduling and purpose of a settlement conference, but refers to § 202.12-a in its entirety, as well as case law interpreting same, for the content, context, meaning

and effect thereof, and denies that Plaintiff has accurately recited the meaning, content and purpose of the rule.

14. The allegations in Paragraph "14" of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that § 202.12-a of Part 202 of the Uniform Rules for the New York State Trial Courts relates to residential foreclosure actions and includes provisions concerning the scheduling and purpose of a settlement conference, but refers to § 202.12-a in its entirety, as well as case law interpreting same, for the content, context, meaning and effect thereof, and denies that Plaintiff has accurately recited the meaning, content and purpose of the rule.

15. The allegations in Paragraph "15" of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that § 419.10(c) of Part 419 of the Codes, Rules and Regulations of the State of New York relates to residential foreclosure actions and includes regulations concerning a borrower's liabilities for fees, but refers to § 419.10 in its entirety, as well as case law interpreting same, for the content, context, meaning and effect thereof, and denies that Plaintiff has accurately recited the meaning, content and purpose of the rule.

16. The allegations in Paragraph "16" of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that CPLR §3408 relates to residential foreclosure actions and includes provisions concerning the settlement and discontinuance of such actions, but refers to CPLR §3408 in its entirety, as well as case law interpreting same, for the content, context, meaning and effect thereof, and denies that Plaintiff has accurately recited the meaning, content and purpose of the statute.

17. Denies the allegations of Paragraph "17" of the Complaint.

18. Denies the allegations of Paragraph "18" of the Complaint.

19. Denies the allegations of Paragraph "19" of the Complaint.

20. Denies the allegations of Paragraph "20" of the Complaint.

21. Admits the allegations of Paragraph "21" of the Complaint.

22. Denies the allegations of Paragraph "22" of the Complaint..

23. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "23" of the Complaint.

24. Denies the allegations of Paragraph "24" of the Complaint.

25. Denies the allegations of Paragraph "25" of the Complaint.

26. Denies the allegations of Paragraph "26" of the Complaint.

27. Denies the allegations of Paragraph "27" of the Complaint.

28. Denies the allegations of Paragraph "28" of the Complaint.

29. Denies the allegations of Paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "30" of the Complaint.

31. Denies the allegations of Paragraph "31" of the Complaint.

32. Denies the allegations of Paragraph "27" of the Complaint.

33. The allegations in Paragraph "33" of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that § 419.10(c) of Part 419 of the Codes, Rules and Regulations of the State of New York relates to residential foreclosure actions and includes regulations concerning a borrower's liabilities for fees, but refers to § 419.10 in its entirety, as well as case law interpreting same, for the content, context, meaning and effect thereof, and denies that Plaintiff has accurately recited the meaning, content and purpose of the rule.

34. Denies the allegations of Paragraph "34" of the Complaint.

35. Denies the allegations of Paragraph "35" of the Complaint.

36. The allegations in Paragraph "36" of the Complaint include legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that New York law includes statutes, laws and regulations which relate to residential foreclosure actions and the settlement of same, but refers to such statutes, laws and regulations in their entirety, as well as case law interpreting same, for the content, context, meaning and effect thereof, and denies that Plaintiff has accurately recited the meaning, content and purpose of such statutes, laws and regulations.

37. Denies the allegations of Paragraph "37" of the Complaint.

38. Denies the allegations of Paragraph "38" of the Complaint.

39. Denies the allegations of Paragraph "39" of the Complaint.

40. Admits the allegations of Paragraph "40" of the Complaint, but refers to the filings in the foreclosure action and all related settlement and loan modification documents and correspondence in their entirety for the contents and context thereof.

41. Admits the allegations of Paragraph "41" of the Complaint, but refers to the loan modification agreement and all related documents and correspondence in their entirety for the contents and context thereof.

42. Admits the allegations of Paragraph "42" of the Complaint, but refers to the loan modification agreement and all related documents and correspondence in their entirety for the contents and context thereof.

43. Denies Plaintiffs' characterizations as contained in the allegations of Paragraph "43" of the Complaint, and refers to the loan modification agreement and all related documents and correspondence in their entirety for the contents and context thereof.

44. Admits the allegations of Paragraph "44" of the Complaint, but refers to the loan modification agreement and all related documents and correspondence in their entirety for the contents and context thereof.

45. Denies the allegations of Paragraph "45" of the Complaint.

46. Denies the allegations of Paragraph "46" of the Complaint.

47. Admits the allegations of Paragraph "47" of the Complaint, but refers to the filings in the foreclosure action and all related documents and correspondence in their entirety for the contents and context thereof.

48. Admits the allegations of Paragraph "48" of the Complaint, but refers to the filings in the foreclosure action and all related documents and correspondence in their entirety for the contents and context thereof.

49. Admits the allegations of Paragraph "49" of the Complaint, but refers to the filings in the foreclosure action and all related settlement and loan modification documents and correspondence in their entirety for the contents and context thereof.

50. Admits so much of the allegations of Paragraph "50" of the Complaint as allege a settlement conference was held on October 24, 2013, but denies knowledge or information sufficient to form a belief as to the remaining allegations of said Paragraph.

51. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "51"of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "52" of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "53" of the Complaint.

54. Admits the allegations of Paragraph "54" of the Complaint, but refers to the loan modification agreement and all related documents and correspondence in their entirety for the contents and context thereof.

55. Admits so much of the allegations of Paragraph "55" of the Complaint as allege that on or around August 14, 2014 attorney V.S. Vilkhu responded to Mr. Webster's August 8, 2014 letter, denies Plaintiffs' characterizations of attorney Vilkhu's August 8, 2014 correspondence, and refers to the loan modification agreement and all related documents and correspondence in their entirety for the contents and context thereof.

56. Admits the allegations of Paragraph "56" of the Complaint, but refers to the loan modification agreement and all related documents and correspondence in their entirety for the contents and context thereof.

57. Admits so much of the allegations of Paragraph "57" of the Complaint as allege the case was settled, denies there was no litigation and refers to the loan modification agreement and all related documents and correspondence in their entirety for the contents and context thereof.

58. Denies the allegations of Paragraph "58" of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "59" of the Complaint.

60. Denies the allegations of Paragraph "60" of the Complaint.

61. Defendant repeats and re-alleges the foregoing responses "1" through "60" as if fully set forth herein.

62. The allegations of Paragraph "62" of the Complaint include conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant admits that Plaintiffs on behalf of themselves and all others similarly situated purport to bring this action pursuant to, *inter alia*,

the FDCPA and that they purport to rely on Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure ("FRCP"), but Defendant denies liability and denies that Plaintiffs or other purported members of the "FDCPA Class" are entitled to relief in this action.

63. The allegations of Paragraph "63" of the Complaint include conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant admits that Plaintiffs on behalf of themselves and all others similarly situated purport to bring this action pursuant to, *inter alia*, New York's GBL §349 and that they purport to rely on Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure ("FRCP"), but Defendant denies liability and denies that Plaintiffs or other purported members of the "GBL §349 Class" are entitled to relief in this action.

64. Denies the allegations of Paragraph "64" of the Complaint.

65. Denies the allegations of Paragraph "65" of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "66" of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph "67" of the Complaint.

68. Denies the allegations of Paragraph "68" of the Complaint.

69. Denies the allegations of Paragraph "69" of the Complaint.

70. Defendant repeats and re-alleges the foregoing responses "1" through "69" as if fully set forth herein.

71. The allegations of Paragraph "71" of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies same to the extent they purport to allege unlawful conduct on the part of the Defendant.

72. Denies the allegations of Paragraph "72" of the Complaint.

BARCLAY DAMON, LLP

73. Denies the allegations of Paragraph "73" of the Complaint.

74. Defendants repeat and re-allege the foregoing responses "1" through "73" as if fully set forth herein.

75. The allegations of Paragraph "75" of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies same to the extent they purport to allege unlawful conduct on the part of the Defendant.

76. With regard to the allegations of Paragraph "76" of the Complaint, Defendant admits that in the Complaint Plaintiffs on behalf of themselves and all others similarly situated purport to bring this claim pursuant to New York's GBL §349, but Defendant denies liability and denies that Plaintiffs or other purported members of the "GBL §349 Class" are entitled to relief in this action.

77. The allegations of Paragraph "75" of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies same to the extent they purport to allege unlawful conduct on the part of the Defendant.

78. Denies the allegations of Paragraph "78" of the Complaint.

79. Denies the allegations of Paragraph "79" of the Complaint.

80. Denies the allegations of Paragraph "80" of the Complaint.

81. Denies the allegations of Paragraph "81" of the Complaint.

82. Denies the allegations of Paragraph "82" of the Complaint.

83. Denies the allegations of Paragraph "83" of the Complaint.

84. Denies the allegations of Paragraph "84" of the Complaint.

85. Denies the allegations of Paragraph "85" of the Complaint.

86. Denies the allegations of Paragraph "86" of the Complaint.

87. Denies the allegations of Paragraph "87" of the Complaint.

88. Denies the allegations of Paragraph "88" of the Complaint.

89. Denies the allegations of Paragraph "89" of the Complaint.

90. Denies all allegations in the Complaint not expressly referred to above, and expressly denies that Plaintiffs are entitled to any of the "RELIEF REQUESTED" as included on pp. 19 and 20 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

91. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

92. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

93. Plaintiffs' claims are barred, in whole or in part, because of their failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

94. Pursuant to 15 U.S.C.§1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error, notwithstanding maintenance of procedures reasonably adopted to avoid any such error.

### FIFTH AFFIRMATIVE DEFENSE

95. Some or all of the damages claimed by Plaintiffs were brought about or contributed to by reason of Plaintiffs' own acts or omissions or those of their representatives, Plaintiffs' damages, if any, therefore must be diminished accordingly.

### SIXTH AFFIRMATIVE DEFENSE

96. Plaintiffs' claims are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

97.     Plaintiffs' claims are barred by the doctrines of laches and/or estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

98.     In negotiating and settling the foreclosure actions referenced in the Complaint and accepting the proposed loan modification agreements, Plaintiffs' claims are barred by the doctrines of waiver and/or accord and satisfaction.

**NINTH AFFIRMATIVE DEFENSE**

99.     The underlying foreclosure proceedings referenced by Plaintiffs in the Complaint were foreclosure actions properly instituted following Plaintiffs' respective defaults of their mortgage obligations, not attempts to collect a debt, and the communications made in the context thereof were made in good-faith in the context of settlement negotiations as mandated by law and therefore did not violate the FDCPA or GBL §349.

**TENTH AFFIRMATIVE DEFENSE**

100.    The communications made by Defendant and complained of in the Complaint constitute conduct and/or statements made during compromise negotiations and are thus inadmissible pursuant to CPLR §4547.

**ELEVENTH AFFIRMATIVE DEFENSE**

101.    The complained of fees were not excessive nor unreasonable, but rather were consistent and complied with the customary fees charged for similar services within the jurisdiction.

102.    On the basis of the foregoing, Defendant did not violate the FDCPA or GBL §349.

**TWELFTH AFFIRMATIVE DEFENSE**

103.    Defendant repeats and re-alleges Paragraph "99" as if fully set forth herein.

104. The communications made by Defendant as complained of in the Complaint were made to Plaintiffs' respective attorneys as counsel of record, not to Plaintiffs directly, and were specifically communicated to counsel in the context of mandatory settlement negotiations as good-faith "estimates" of attorney's fees and other costs associated with the foreclosure proceedings and subsequent loan modifications.

105. On the basis of the foregoing, Defendant did not violate the FDCPA or GBL §349.

### THIRTEENTH AFFIRMATIVE DEFENSE

106. Defendant repeats and re-alleges Paragraphs "99" and "104" as if fully set forth herein.

107. With regard to Mr. Suitor specifically, the fees and costs were communicated as estimates in good faith, and Mr. Suitor's counsel engaged in discussions concerning the terms of the loan modification with, on information and belief, Mr. Suitor's consent and to his satisfaction.

108. The attorney's fees paid to Defendant were collected by Defendant's client directly, not the Defendant, and Defendant was paid by its client only after fees were earned.

109. The difference between the good-faith estimated fees and the actual incurred fees was refunded/returned to Mr. Suitor by Defendant's client directly, and were not collected by the Defendant.

110. On the basis of the foregoing, Defendant did not violate the FDCPA or GBL §349.

### FOURTEENTH AFFIRMATIVE DEFENSE

111. Defendant repeats and re-alleges Paragraphs "99" and "104" as if fully set forth herein.

112. With regard to Mr. White specifically, the fees and costs were communicated as estimates in good faith, and Mr. White's counsel engaged in discussions concerning the terms of the loan modification with, on information and belief, Mr. White's consent and to his satisfaction.

BARCLAY DAMON, LLP

113. The attorney's fees paid to Defendant were collected by Defendant's client directly, not the Defendant, and Defendant was paid by its client only after fees were earned and at the amount agreed upon by the Plaintiff.

114. On the basis of the foregoing, Defendant did not violate the FDCPA or GBL §349.

### FIFTEENTH AFFIRMATIVE DEFENSE

115. Defendant repeats and re-alleges Paragraphs "99," "104," "112" and "113" as if fully set forth herein.

116. All fees related to the foreclosure proceeding concerning Mr. White were communicated to his attorney good faith.

117. Pursuant to standard industry practice, Defendant's client offered to Mr. White a loan modification which included or rolled-back these fees into a recalculated loan principle.

118. Mr. White's attorney challenged Defendant's fees in the State Court action.

119. In response to the challenge, Defendant provided Mr. White's attorney a substantial breakdown of all of the functions applicable to that matter, the typical time taken for each function, and associated fee for each function at a paralegal rate and an attorney rate depending on whether the function was performed by an attorney or a non-attorney.

120. Mr. White's attorney counter-offered the proposed roll-back amount, reducing the attorney's fees to be recovered from Mr. White, negotiating on Mr. White's behalf a sum certain that Defendant's client would add to the loan principle.

121. Defendant's client accepted the counteroffer proposed by Mr. White's attorney, thus resolving the matter through fair and good faith negotiations.

122. On information and belief, the actions of Mr. White's counsel were taken and made with Mr. White's consent and to his satisfaction.

123. In the circumstances, there was no overcharge by Defendant.

124. On the basis of the foregoing, Defendant did not violate the FDCPA or GBL §349.

### SIXTEENTH AFFIRMATIVE DEFENSE

125. Defendant repeats and re-alleges Paragraphs "99" through "124" as if fully set forth herein.

126. At all times relevant, settlement efforts, communications and negotiations were made between either the Defendant's client and the Plaintiffs, or between Defendant and Plaintiffs' counsel, but not by Defendant to Plaintiffs.

127. Such settlement efforts, communications and negotiations were made in good faith pursuant to and in accordance with the terms of the debt instruments between the Defendant's client and the Plaintiffs, including but not limited to the provisions of said debt instruments specifically pertaining to the recovery of attorney's fees and costs.

128. On the basis of the foregoing, Defendant did not violate the FDCPA or GBL §349.

### SEVENTEENTH AFFIRMATIVE DEFENSE

129. Class Certification in this case is neither warranted nor appropriate because, as evidenced by the facts pleaded in the Complaint concerning Mr. White and Mr. Suitor, the facts of every foreclosure proceeding are unique and distinct, damages, if any, are unique and distinct with respect to each Plaintiff and each purported Class member, and a unique and distinct remedy may be appropriate for each purported Class member.

### EIGHTEENTH AFFIRMATIVE DEFENSE

130. The Complaint fails to state, plead the elements of, or otherwise set forth an adequate basis for injunctive relief as there are adequate remedies at law, therefore there is no therefore there is no violation of the FDCPA or GBL §349, and no basis for injunctive relief as requested in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

131. The Complaint fails to state, plead the elements of, or otherwise set forth an adequate basis for declaratory relief, therefore there is no therefore there is no violation of the FDCPA or GBL §349, and no basis for declaratory relief as requested in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

132. The Defendant did not collect attorney's fees from the Plaintiffs, did not receive attorney's fees from its client until said fees were earned, and all fees were collected by a third-party (Defendant's client) who is not a party to this action, therefore there is no violation of the FDCPA or GBL §349, and no basis for disgorgement as requested in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

133. Defendant repeats and re-alleges Paragraphs "99" through "128" as if fully set forth herein.

134. On information and belief, this action was brought in bad faith and for the purpose of harassment.

135. In the circumstances, Defendant should be awarded attorney's fees pursuant to 15 U.S.C. 1692k(3).

### **RESERVATION OF RIGHTS**

136. Defendant asserts the foregoing affirmative defenses to provide notice to Plaintiffs of the defenses it intends to raise, and does not assume the burden of proof as to such matters as to which Plaintiffs bear the burden of proof.

137. Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available and, therefore, Defendant reserves the right upon completion of discovery and investigation and otherwise to assert such additional affirmative defenses as may be appropriate.

**WHEREFORE,** Defendant demands judgment as follows:

    a.    Dismissing the Complaint herein; and

    b.    Awarding the costs, fees, and disbursements of defending this action together with such other and further relief as to this Court may seem just and proper.

**DATED:** November 9, 2015    **BARCLAY DAMON, LLP**

By: */s/ Dennis R. McCoy*
      Dennis R. McCoy

The Avant Building
200 Delaware Avenue, Suite 1200
Buffalo, New York  14202
Telephone: (716) 856-5500
dmcoy@barclaydamon.com
*Attorneys for Defendant*

TO:    Keisha A. Williams, Esq.
       Western New York Law Center
       237 Main Street, Suite 1130
       Buffalo, NY  14203
       (716) 828-8415
       *Attorneys for Plaintiffs*