UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**CHRISTOPHER WHITE, WILLIAM SUITOR, and DARLENE SCHMIDT, individually and on behalf of all others similarly situated**

*Plaintiffs*,

*vs.*

**Fein, Such & Crane, LLP**,

*Defendant*.

**ATTORNEY DECLARATION**

Civil Action No.
15-cv-00438 (LJV/HKS)

**DENNIS R. McCOY,** in accordance with 28 U.S.C. § 1746 and under penalty of perjury, declares that the following is true and correct:

1. I am admitted to practice in the State of New York and the Western District of New York, and a partner in Barclay Damon, LLP, counsel to Defendant Fein, Such & Crane, LLP. I am fully familiar with the matters set forth herein.

2. I make this declaration is response and opposition to the motion by Plaintiffs to modify the Case Management Order and extend the current scheduling order.

3. Pursuant to the Court's Text Case Management Order entered November 15, 2016 (Docket Document No. 47), all fact discovery in the matter was to be completed by March 31, 2017. Dispositive motions were to be filed no later than May 31, 2017, with responses due by June 9, 2017. This was the schedule entered by the Court after consultation with the parties during a Rule 16 conference.

4. By Consent Motion filed March 23, 2017 (*see* Docket Document No. 60), the parties requested the Court extend the discovery schedule by sixty (60) days, with fact discovery completed by May 31, 2017, and dispositive motions and responses respectively filed by July 31 and August 9, 2017 (*id*.).

BARCLAY DAMON, LLP

5. By Text Order granted April 3, 2017, the Court granted the motion to extend discovery. *See* Docket Document No. 62.

6. By Notice of Motion filed May 31, 2017, the Plaintiffs have now requested a further extension of discovery. *See* Docket Document No. 63.

7. As detailed below, Defendant and Plaintiffs have had ample time to complete discovery. Defendant has completed its discovery, including depositions of three plaintiffs, which were timely noticed well before the original discovery deadline. Defendant has also now completely responded to all of the discovery served by Plaintiffs. As all pending fact discovery has been concluded, there is no reason to extend the discovery deadline. Moreover, it has been over three weeks since Defendant supplemented its document production to address Plaintiffs' objections, but no motion to compel has been made by Plaintiffs, despite their claim that a discovery extension was required so that such a motion could be made. This typifies the type of unexplained delays in pursuing discovery which have been the pattern for Plaintiffs, despite the fact that three law firms and five lawyers have been working on this action for Plaintiffs. Plaintiffs have not shown good cause for yet another extension of the discovery schedule. The unexplained delays of Plaintiffs' counsel do not amount to not good cause for a further extension of the deadlines previously set by this Court, and agreed to by all counsel, particularly to permit new discovery to be served by Plaintiffs at this late date.

8. When Plaintiffs' counsel raised the issue of an extension of time to address discovery disputes, I offered to consent to an extension of time to address open issues in discovery which had been served. However, those issues have now been addressed, as detailed below. Further, as mentioned above, Plaintiffs' counsel has yet to serve a motion to compel, or otherwise identify what issues, if any, need to be addressed.

BARCLAY DAMON, LLP

13607072.1

Background and Time Line of the Litigation

9. This matter was commenced on May 15, 2015 by the filing of the Plaintiffs' Class Action Complaint ("Complaint"). *See* Docket Document No. 1. On July 10, 2015 Defendant moved to dismiss the Complaint. *See* Docket Document No. 7. The motion to dismiss was substantively opposed (*see* Docket Document No. 8) and, by Decision and Order filed October 26, 2015, denied by Judge Curtin (*see* Docket Document No. 12).

10. Defendant's Answer to the Complaint was filed November 17, 2015. *See* Docket Document No. 13. Initial Rule 26 disclosures were made, and, on January 26, 2016, the parties submitted a joint discovery plan to the Court (*see* Docket Document No. 15).

11. On January 28, 2016, the Court issued a Case Management Order referring the parties to mediation. *See* Docket Document No. 16. Mediation was not successful.

12. On August 2, 2016, the Court issued a Case Management Order establishing August 8, 2016 as the deadline for class discovery. On that day, *i.e.*, August 8, 2016, Plaintiffs' counsel moved to extend the discovery schedule, arguing that as a result of the Court's cancellation of the Rule 16 conference and mediation directive, the proposed joint discovery plan had never been adopted. *See* Docket Document No. 30 at ¶¶ 16-18. Accordingly, Plaintiff's counsel requested 120 days to complete class discovery and move for class certification. *Id* at ¶ 19.

13. On September 26, 2016, Plaintiffs' counsel served "Plaintiff's First Set of Discovery Demands," ("Plaintiffs' Demands"). Plaintiffs' Demands included forty-seven (47) Requests for Admission, twenty-three (23) Interrogatories (not including sub-parts), and fifty-eight (58) Requests for Production of Documents. The majority of Plaintiffs' Demands pertained to class discovery. Plaintiffs' counsel did <u>not</u> serve a Notice of Deposition of Defendant.

BARCLAY DAMON, LLP

- 3 -

13607072.1

14. By Text Order granted November 1, 2016, the Court directed the parties to appear on November 15, 2016 for the purpose of discussing discovery and setting a Case Management Order pertaining to same. *See* Docket Document No. 44.

15. During the November 15, 2016 conference, the parties agreed and the Court directed that discovery in the matter would be bifurcated. I explained to the Court that it was the intention of Defendant to move for summary judgment, as the Plaintiffs' claims were without merit. I requested expedited discovery, limited to the substance of the claims of the three purported class representatives. Initial discovery would be limited to the claims of the individually-named Plaintiffs, Christopher White, William Suitor and (as newly added through the motion to amend) Darlene Schmidt, followed by dispositive motion practice. Class discovery, if any, would abide resolution of dispositive motion practice. Plaintiffs did not oppose this approach, and the Court adopted it. Thereafter, Plaintiffs did not serve narrowed discovery demands which would have served to focus discovery on the claims of the individually-named Plaintiffs, nor did Plaintiffs' serve a Notice of Deposition of Defendant.

16. On December 8, 2016, Defendant responded to Plaintiffs' Demands. *See* correspondence, a true and correct copy of which is attached as "Exhibit 1." Plaintiffs were provided with 2629 pages of responsive records as well as detailed privilege log, a true and correct copy of which is attached as "Exhibit 2."

17. On December 28, 2016, Defendant served its First Requests for Production of Documents and Requests for Admissions. *See* covering correspondence, a true and correct copy of which is attached as "Exhibit 3." Defendants First Interrogatories to Plaintiffs were served December 30, 2016. *See* correspondence, a true and correct copy of which is attached as "Exhibit 4."

18. By correspondence dated January 11, 2017, a true and correct copy of which is attached as "Exhibit 5," Plaintiffs' counsel acknowledged receipt of Defendant's responses to Plaintiffs' discovery

BARCLAY DAMON, LLP

13607072.1

demands.  By the January 11 correspondence, Plaintiffs' counsel acknowledged receipt of defendant's December 8 responses and privilege log, and identified five general issues related to discovery:

a) The execution of a Stipulation concerning the One-way Intervention Doctrine (*see* Exhibit 6 at paragraph "A");

b) Defendant's Responses to Interrogatory Nos. 1 through 5 (*see* Exhibit 6 at paragraphs "B" through "F");

c) Defendant's Responses to Requests for Production Nos. 1, 2, 9, 15 and 16 (*see* Exhibit 6 at paragraphs "G" through "K");

d) The level of detail provided in Defendant's Privilege Log (*see* Exhibit 6 at paragraph "L"); and

e) The execution of a Confidentiality Agreement and/or Protective Order for "confidential" records (*see* Exhibit 6 at paragraph "M").

19. On January 23, 2017, this office executed and transmitted the Stipulation concerning the One-way Intervention Doctrine.

20. On January 31, 2016 my office (Karim A. Abdulla, Esq.), had a lengthy teleconference with Plaintiffs' counsel (Brian Bromberg and Keisha Williams, Esqs.) regarding the issues raised in the January 11 letter.  The substantive areas of discussion were memorialized in email correspondence  sent to Plaintiffs' counsel on February 3, 2017, a true and correct copy of which is attached as "Exhibit 6."

21. On February 10, 2017, this office transmitted Defendant's Amended Privilege Log.  *See* correspondence, a true and correct copy of which is attached as "Exhibit 7."  In this regard, it is noted that the Amended Privilege Log did not add any documents; rather, it merely added additional detail (to what was already a very detailed privilege log) regarding the documents redacted or withheld.

22. On March 6, 2017 (following back-and-forth discussions between counsel) this office transmitted the executed Protective Order concerning "confidential" records.

23. Thus, of the five issues identified on January 11, 2017, three had been fully resolved by March 6, 2017, well in advance of the discovery deadline of March 31, 2017.

BARCLAY DAMON, LLP

13607072.1

24. Notices of deposition to the individually-named Plaintiff were served by the Defendant on January 13, 2017, returnable February 14, 2017, well in advance of the March 31, 2017 deadline for the completion of fact discovery. At this juncture, Plaintiffs' counsel still had not yet served a deposition notice on Defendant.

25. Per the January 31, 2017 teleconference and our follow-up correspondence of February 3, 2017 (*see* Exhibit 6), this office advised Plaintiffs' counsel that additional information and or documents would be provided concerning Interrogatories Nos. 1 and 5, and Requests for Production Nos. 1, 9, 15 and 16. (As to Interrogatories Nos. 2-4, the parties "agreed to disagree" regarding the propriety of the demands and the responses, preserving the issues for both sides.) This office did so on March 23, 2017. *See* correspondence, a true and correct copy of which is attached as "Exhibit 8." (An additional production of one document was made on April 28, 2017.)

26. In the interim, Plaintiffs' counsel on February 17, 2017 (received February 22, 2017) responded to Defendant's discovery demands. *See* covering correspondence, a true and correct copy of which is attached as "Exhibit 9." By the covering correspondence, Plaintiffs' counsel refused to produce any responsive records, alleging that such included "confidential information" *See* Exhibit 9.

27. Moreover, Plaintiffs' discovery responses were seriously deficient in that they failed to provide any real substantive information. Accordingly, by correspondence dated February 24, 2017, a true and correct copy of which is attached as "Exhibit 10," Defendant objected to Plaintiff's responses.

28. On March 2, 2017, this office followed up with Plaintiffs' counsel regarding the issues raised in our February 24 letter. *See* correspondence, a true and correct copy of which is included within "Exhibit 11." Plaintiffs' counsel responded that same day, advising that they were still in the process of reviewing the February 24 letter and "may be amending" some of Plaintiffs' discovery responses. *See* Exhibit 11.

BARCLAY DAMON, LLP

13607072.1

29. By transmittal dated March 6, 2017 (following the parties' resolution of the "confidentiality" issue), Plaintiffs' counsel provided copies of the responsive records which had been withheld. *See* correspondence, a true and correct copy of which is attached as "Exhibit 12."

30. In light of the fact that Plaintiffs' counsel was in the process of preparing amended/supplemental responses to Defendant's discovery demands (thus impairing the ability take Plaintiffs' depositions), the parties agreed to request a sixty-day extension of the Case Management Order. *See* correspondence dated March 8 and March 9, 2017, true and correct copies of which are attached as "Exhibit 13."

31. At no time to this point had Plaintiffs' counsel raised any concerns with regard to Defendant's Amended Privilege Log.

32. Just as significantly, at no time had Plaintiffs' counsel served a notice of deposition of Defendant, nor had Plaintiffs' counsel expressed any interest in deposing, or concerns about their ability to depose, a representative of Defendant. Indeed, per Exhibit 13, the <u>only</u> issues regarding party depositions concerned the availability of the Plaintiffs, who, per Plaintiffs' counsel, would not be available until late April at the earliest. *See* Exhibit 13.

33. As a result the parties agreed that it would not be possible to complete the necessary discovery by March 31, 2017. Under the circumstances, Defendant, with consent of Plaintiffs' counsel, requested the Court extend the deadlines in the November 15, 2016 Case Management Order by sixty (60) days, *i.e.*, the completion of fact discovery by May 31, 2017, and dispositive motions to be filed no later than July 31, 2017 with responses due by August 9, 2017.

34. The Court granted the motion on April 3, 2017. *See* Docket Document No. 62.

13607072.1

35. By this time, Defendant was still awaiting Plaintiffs' supplemental responses to Defendant's discovery demands. These were finally provided on April 6, 2017. Supplemental documents were produced by Plaintiffs' counsel on April 10, 2017.

36. Finally, on April 21, 2017, Plaintiffs' counsel was able to confirm a date for the depositions of Messrs. Suitor and White (May 4, 2017). The scheduling of Ms. Schmidt was held in abeyance pending her oral surgery.

37. No discussions were had concerning the timing or availability of Defendant for deposition(s) at this or any other time prior to the last day for the completion of fact discovery (*see* discussion, *infra*).

38. Moreover, not once during this entire period of time between March 8, 2017 and April 21, 2017 did Plaintiffs' counsel raise any issues concerning Defendant's discovery responses or assertion of privilege.

39. It was not until April 27, 2017 – four-and-a half months after receiving Defendant's initial Privilege Log and two-and-a-half months after having received Defendant's Amended Privilege Log – that Plaintiffs' counsel for the first time hinted that there might be an issue with respect to Defendant's assertion of privilege. *See* correspondence, a true and correct copy of which is attached as "Exhibit 14." In this regard, Plaintiffs' counsel merely stated "Please let me know your availability next week to discuss the documents withheld in Defendant's Amended Privilege Log." *See* Exhibit 14.

40. My office responded the next day, *i.e.*, on April 28, 2017, advising we were available to discuss on May 1, 2 or 3, 2017.

41. On May 4, 2017, following the depositions of Messrs. Suitor and White, the parties discussed in general terms the concerns of Plaintiffs' counsel as they pertained to Defendant's assertion of privilege.

BARCLAY DAMON, LLP

13607072.1


42. Plaintiffs' counsel (Brian Bromberg, Esq.), advised that he would reduce his concerns to writing and provide a legal basis for his objections. Mr. Bromberg did so on May 17, 2017. *See* correspondence, a true and correct copy of which is attached as "Exhibit 15."

43. On May 30, 2017 – literally on the eve of the expiration of the extended discovery deadline – Plaintiffs' counsel announced, for the first time, that they were "planning on moving for a 45-day extension of all deadlines, because we're going to need to move to compel on quite a few items." *See* correspondence attached as "Exhibit 16." Plaintiffs' counsel also requested Defendant provide its position concerning Plaintiffs' objections on the issue of privilege.

44. Given the prior discovery history (including Defendant's supplemental productions made in March and April, discussed *supra*), I sought immediate clarification regarding counsel's assertion that discovery on "quite a few items" remained outstanding. *See* Exhibit 16.

45. Instead of providing a clear answer, Plaintiffs' counsel responded that he was "tied up in preparing for a hearing tomorrow and an out-of-town matter on Friday," but expected to be able "to refer to the various items by Monday," *i.e.*, June 5, 2017. (June 5 has long since passed, and I have not been provided with an itemization of outstanding discovery.)

46. Plaintiffs' counsel further explained that they "did not wish to burden the Court with piecemeal motions" and that they "were hoping to have a clear answer from [Defendant] as to whether it was going to change its position on the materials withheld on privilege grounds." *See* Exhibit 16.

47. This "explanation" is not credible. As set forth above, Defendant had, to that point, responded to all of Plaintiffs' counsel's concerns which had previously been raised, and had made supplemental productions. The <u>only</u> outstanding issue (other than Plaintiffs' newly-asserted objections to Defendant's Amended Privilege Log) concerned the parties' disagreement as to Interrogatories 2-4, as to which the parties months before had agreed to reserve their respective rights.

BARCLAY DAMON, LLP

13607072.1

48. Prior to the cryptic communication at the end of April, the issue of privilege simply was not an issue.

49. In subsequent correspondence on May 31, 2017 (*see* Exhibit 16), Plaintiffs' counsel <u>for the first time</u> advised that it wanted to take Defendant's deposition(s). However, still no notice of deposition had been served. Indeed, as of the date of this writing, Plaintiffs' counsel still has not served Defendant with a notice of deposition.

50. Now, in the context of the instant motion to extend the discovery schedule (*see* Docket Document No. 63-1), Plaintiffs' counsel has averred that there are significant discovery issues remaining between the parties that warrant an extension of discovery, and that "Defendants are refusing to produce numerous documents on a range of issues that Plaintiffs believe are discoverable." *See* Docket Document No. 63-1 at ¶ 19. In this regard, Plaintiffs' counsel advised that they expect to file a motion to compel within two weeks (*i.e.*, by June 13, 2017) (*see* Docket Document No. 63-1 at ¶ 4).

51. As stated above, the **only** outstanding issue related to Plaintiffs' demands relates to Interrogatories 2-4, which the parties "agreed to disagree" on many months ago. Plaintiffs, at any time in the last six months (Defendant's responses were served December 8, 2016), could have moved to compel, but did not.

52. While it is true that at the time of the instant motion there existed a disagreement as to the issue of privilege (as it applied to certain of Defendant's documents), the indisputable fact of the matter is that Plaintiffs did not substantively raise any concerns in this regard until May 4, 2017, following the depositions of Mr. Suitor and Mr. White. Despite having Defendant's Privilege Log since December 2016, Plaintiffs' counsel – a team of five attorneys with three law firms – did not raise any objections prior to this time.

53. Moreover, all of the issues raised in Mr. Bromberg's May 17, 2017 letter (*see* Exhibit 15) have now been fully resolved. All of the requested records have been provided to Plaintiffs' counsel in un-redacted form. *See* correspondence dated June 1, 2017 and June 9, 2017, true and correct copies of which are attached as "Exhibit 17" and "Exhibit 18."

54. Insofar as depositions are concerned, Plaintiffs' counsel asserts that:

> Defendant knows that Plaintiffs cannot effectively depose it until all issues regarding Defendant's written responses have been fully resolved. In fact, Defendant knows that Plaintiffs cannot even draft an effective Rule 30(b)(6) deposition notice until written discovery issues are fully resolved."

*See* Docket Document No. 63-1 at ¶ 34.

55. Defendant "knows" no such thing. What I know from forty years of practicing law is that parties to litigation routinely serve Rule 30(b)(6) notices before document production has ben completed. Further, the issues in this case are not defined by Defendant, rather, they are defined by the Plaintiffs. Plaintiffs' excuse for not pursuing discovery within the time afforded by the two case management orders is incredible. Something Defendant does know is that case management orders should be observed, and parties are required to use their best efforts to compete discovery within the time afforded by the Court. This is what Defendant has done, and Plaintiffs have failed to do. At no time prior to May 31 have Plaintiffs raised, or even mentioned, taking the deposition of Defendant, let alone advising the Defendant that it wanted to, but could not, prepare a Rule 30(b)(6) notice. Plaintiffs have not shown any good cause why a deposition notice was not (and has yet to be) served within the time afforded by the Court's case management order. Unexcused delay or neglect are not good cause.

56. Moreover, Plaintiffs' claim that they could not craft a Rule 30(b)(6) notice begs credulity in the extreme. Plaintiffs have crafted a lengthy Complaint (and Amended Complaint) setting forth their claims in detail. The parties have engaged in not only extensive discovery but also dispositive motion practice which has further served to frame the issues. Plaintiffs have been in possession of thousands of

- 11 -

BARCLAY DAMON, LLP

pages of responsive records since December 2016, and Defendants have, through their discovery responses, disclosed the names of all individuals known to have been involved in the underlying foreclosure actions involving the individually-named Plaintiffs. Additionally, Plaintiffs themselves have characterized this lawsuit as a straightforward case. *See* Plaintiffs' Memorandum of Law in Support of Motion to Strike Defendant's Affirmative Defenses, Docket Document No. 50-1, at p. 1 ("At its heart, this case is simple: Plaintiffs allege that [Defendant] violated the FDCPA by attempting to collect fees and costs for work that had not been performed and money that had not been spent.") In the circumstances, there can be no excuse for Plaintiffs' failure to serve a Rule 30(b)(6) notice. (Indeed, had one been served, Plaintiffs could have amended said notice to the extent necessary).

57.     Now, by supplemental declaration filed June 26, 2017 (*see* Docket Document No. 64-1), Plaintiffs argue that an extension is further warranted on account of the fact that Defendant recently (i.e., on June 1 and June 9, 2017) produced additional pages of discovery. *See* Docket Document No. 64-1 at ¶¶ 6-7. Basically, Plaintiffs are complaining that Defendant has addressed their objections to Defendant's production.

58.     These productions were in response to the issues raised by Plaintiffs for the first time in their correspondence of May 17, 2017 (Exhibit 15), two weeks before the close of fact discovery. As discussed above, the May 17 letter concerned Plaintiffs' challenges to Defendant's assertion of confidentiality and/or privilege as asserted many months before in Defendants original (December 8, 2016) and amended (February 10, 2017) privilege logs.

59.     Following receipt of Plaintiffs' May 17, 2017 letter, my office began a review and analysis of the case law cited in the letter, conducted additional research, and began re-reviewing the documents that were previously withheld and/or redacted. Indeed, on May 31, I specifically advised Plaintiffs' counsel that we were in the process of reviewing the issues raised in the May 17 letter and would follow-

BARCLAY DAMON, LLP

13607072.1

up shortly with respect thereto.  This was why, despite the fact that the Plaintiffs had delayed months in following up on this, I offered to agree to extend the deadline for discovery (subject to the Court's approval) to deal with this issue.

60. We did respond on June 1 and June 9, 2017, providing supplemental disclosures in accordance with FRCP Rule 26(e), as we are required to do, regardless of deadlines in a case management order.

61. By the June 1, 2017 correspondence and document production, Defendant provided to Plaintiffs thirty-nine (39) pages of documents in un-redacted form.  These documents all had been previously produced on December 8, 2016 in redacted form.  All of the documents were previously identified and described in detail in Defendant's privilege logs (both the original, provided in early December 2016 and as amended in early February 2017).

62. By the June 9 correspondence, Defendant produced to Plaintiffs 285 pages of documents which, while previously withheld as privileged, were also fully identified and described in detail in Defendant's privilege logs.

63. Defendant identified all these records on December 8, 2016.  Plaintiffs, however, essentially did <u>nothing</u> for six full months, until, on May 17, 2017 (after the expiration of the first discovery deadline), they formally objected to Defendant's assertions of privilege.

64. After waiting until nearly the eve of the close of discovery to challenge the issue of privilege, and after now having been provided with the requested documents in response to their lately-issued challenged, Plaintiffs now claim that Defendant's actions warrant an extension of the discovery schedule.  This claim is baseless.

65. The facts of the case – and the history of discovery in this case – are clear.  The Defendant made its production early on, timely producing documents and identifying those as to which it felt a claim

BARCLAY DAMON, LLP

of confidentiality and/or privilege applied, and timely serving deposition notices. Plaintiffs, by contrast, did not. While having a team of attorneys available at their disposal, they failed to serve deposition notices and failed to take issue with Defendant's assertion of privilege until the 11th hour. Plaintiffs should not now be heard to complain that an extension of discovery is needed. There has been ample time to complete discovery. Indeed, at this point, all of the pending discovery has been addressed. Only the unexplained delay of Plaintiffs' team of lawyers can explain why any other discovery was not completed.

66.   Indeed, although nearly a full month has passed since Plaintiffs' claimed need for additional disclosure, Plaintiffs have still failed to articulate what, exactly, they think is missing.

67.   In short, Plaintiffs cannot meet the "good cause" standard required for modification of the Case Management Order. *See* Defendant's Memorandum of Law, filed herewith.

68.   The motion to extend the discovery schedule should, accordingly be denied.

**DATED:**   Buffalo, New York
June 29, 2017

By:  /s *Dennis R. McCoy*
Dennis R. McCoy

Barclay Damon, LLP
*Attorneys for Defendant Fein Such & Crane, LLP*
Office and Post Office Address
The Avant Building
200 Delaware Avenue
Buffalo, New York 14202
Telephone:   (716) 566-1560
Facsimile:   (716) 566-4014
E-Mail:   dmccoy@barclaydamon.com

13607072.1