UNITED STATES DISTRICT CORT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER WHITE, WILLIAM
SUITOR, and DARLENE SCHMIDT,
Individually and on behalf of all others
similarly situated,

                Plaintiffs,
      vs.                                      Civil Action No.
                                                No. 15-CV-438(LJV)(HKS)

FEIN, SUCH, & CRANE, LLP,

                Defendant.

_____

### PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE CASE MANAGEMENT ORDER AND EXTEND THE DISCOVERY SCHEDULE

I.    PLAINTIFFS HAVE SHOWN GOOD CAUSE FOR EXTENDING THE DISCOVERY TIMELINE.

"[G]ood cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Pyke v. Cuomo*, No. 92CV554, 2004 WL 1083244, at *2 (N.D.N.Y. 2004), aff'd 567 F.3d 74 (2nd Cir. 2009). In addition to diligence, courts consider other relevant factors, including any prejudice to the non-moving party. *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Plaintiffs have diligently attempted to cooperate with Defendants. The parties have held "numerous lengthy teleconferences and exchanged extensive correspondence regarding discovery issues, [but] still have serious disagreements"

1

about the sufficiency of Defendant's discovery responses. *See* May 31, 2017 Declaration of Brian Bromberg ("May Bromberg Decl.") at 4, ECF# 63-1. Through the Plaintiffs' good faith efforts to work with Defendant to narrow the remaining discovery issues, at this point Plaintiffs only are still seeking two critical answers to interrogatories before proceeding to complete their discovery in a timely fashion. *See* Plaintiff's Memorandum of Law in Support of Motion to Compel and for Attorney Fees and Costs (July 7, 2017); May Bromberg Decl. at 7. (The specific privilege log issues mentioned in Plaintiffs' initial motion papers appear to have been resolved through amendments and production of 324 pages of documents by Defendant *after* the discovery deadline. *See* June 26, 2017 Declaration of Brian L. Bromberg, ECF# 64-1.)

## II. PLAINTIFFS HAVE OFFERED CREDIBLE EXPLANATIONS FOR WHY 30(B)(6) DEPOSITIONS HAVE NOT BEEN NOTICED.

Regardless of what opposing counsel "know[s] from forty years of practicing law" about "routine[]" 30(b)(6) practice, Declaration of Dennis McCoy at 11, Plaintiffs are unable to anticipate or adequately prepare for their 30(b)(6) needs before Defendant responds completely to the requested discovery. The asymmetry of information in this case is such that Plaintiffs do not yet have sufficient information to completely and accurately prepare a 30(b)(6) notice that meets the requirements set out by Fed. R. Civ. P. 30(b)(6) and 30(b)(1). Upon resolution of the pending motion to compel, Plaintiffs expect to have access to this necessary and required information.

All parties are obliged under Fed. R. Civ. P. 1 to cooperate in discovery. *See* Fed. R. Civ. P. 1, adv. comm. n. ("Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility. . . . Effective advocacy . . . depends upon—cooperative and proportional use of procedure."). Plaintiffs request the Court to extend the deadline to complete fact discovery until 45 days after the Court rules on Plaintiff's pending motion to compel in order to accomplish the purpose and intent of the applicable discovery rules.

Dated: July 7, 2017

/s/ Brian L. Bromberg
Brian L. Bromberg
*One of Plaintiffs' Attorneys*

Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
(212) 248-7906
brian@bromberglawoffice.com

## Certificate of Service

I, Brian L. Bromberg, an attorney, hereby certify that on July 7, 2017, the foregoing documents were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western District's Rules on Electronic Service upon the following parties and participants:

Dennis R. McCoy

Brian L. Bromberg

Keisha A. Williams

Charles M. Delbaum

Stuart T. Rossman

Jonathan R. Miller

Dated:    New York, New York
          July 7, 2017

                              /s/ Brian L. Bromberg
                              Brian L. Bromberg