UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER WHITE,
DARLENE SCHMIDT and
WILLIAM SUITOR, Individually and
on behalf of all others similarly situated,

        **Plaintiffs,**

v.                  15-CV-438V(Sr)

FEIN, SUCH and CRANE, LLP,

        **Defendant.**

---

## DECISION AND ORDER

    This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #39.

    Plaintiffs filed this class action complaint alleging violations of the Fair Debt Collection Practice Act ("FDCPA"), and New York General Business Law § 349 arising from attorneys' fees charged by defendant for legal services pertaining to foreclosure actions against plaintiffs. Dkt. #1.

    Currently before the Court is plaintiffs' motion to strike defendant's first, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth and eighteenth affirmative defenses for failure to meet the specificity requirements of Rule 8 of the Federal Rules of Civil Procedure, as well as

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Dkt. #50.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8 (b)(1)(A).[1] The Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" when a pleading is insufficient. Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are generally disfavored,[2] but should be granted where the affirmative defense contains nothing more than bald assertions, unaccompanied by supporting facts. *Shechter v. Comptroller of City of N.Y.*, 79 F.3d 265, 270 (2d Cir. 1996) (affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy).

A motion to strike is not intended "to furnish an opportunity for the determination of disputed and substantial questions of law and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a

---

[1] In contrast, where a pleading states a claim for relief, Fed. R. Civ. P. 8(a)(2) requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Although there has been much discussion regarding the applicability of the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to affirmative defenses, this Court agrees with the majority of district courts which have determined that the plausibility standard does not apply to affirmative defenses. *See Sibley v. Choice Hotels, Int'l, Inc.,* 304 F.R.D. 125, 133 (E.D.N.Y. 2015) (collecting cases).

[2] As noted by one court, "[t]here is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time." *Raymond Weil, S.A. v. Theron*, 585 F. Supp.2d 473, 489 (S.D.N.Y. 2008).

hearing on the merits." *Carter-Wallace, Inc. v. Riverton Laboratories, Inc.*, 47 F.R.D. 366, 367-68 (S.D.N.Y. 1969). To prevail on a motion to strike an affirmative defense, the moving party must show: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by the inclusion of the defense. *Sibley*, 304 F.R.D. at 132. "[I]nclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp.2d 421, 426 (S.D.N.Y. 2010).

**First Affirmative Defense**

Plaintiffs seek to dismiss the affirmative defense of failure to state a claim upon which relief may be granted based upon the Court's denial of defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Court's grant of plaintiffs' motion to amend the complaint. Dkt. #50-1, p.10.

Defendant responds that the district court's determination that plaintiffs had stated a claim does not foreclose the possibility that the Court may subsequently determine that the claims are legally deficient. Dkt. #53, p.13.

Plaintiffs reply that the denial of defendant's motion to dismiss is dispositive of the affirmative defense. Dkt. #56, p.7.

A determination that plaintiffs have stated plausible claims for relief renders an affirmative defense of failure to state a claim without legal basis. *Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842, 2014 WL 2028426, at *5 (W.D.N.Y. Sept. 15, 2014). Given that defendant's motion to dismiss the complaint was denied (Dkt. #12), the first affirmative defense is stricken.

**Third & Fifth Affirmative Defenses**

Plaintiffs seek to dismiss the affirmative defenses of failure to mitigate damages and contributory negligence because the FDCPA is a strict liability statute. Dkt. #50-1, p.12.

Defendant responds that plaintiffs' claims for damages are not limited to statutory penalties, but also seek disgorgement of all amounts unlawfully collected and reimbursement of interest and other expenses. Dkt. #53, p.16. In addition, defendant argues that the answer sets forth the factual basis for these defenses, *to wit*, that "by engaging in discussions concerning loan modification, each of the Plaintiffs had the opportunity to negotiate the issue of fees and costs that would be capitalized into the modified loans, fees and costs about which they each now complain." Dkt. #53, p.17.

Plaintiffs reply that the lengthy explanation as to the basis for these defenses underscores the need for defendant to replead these defenses with sufficient specificity as to allow plaintiffs to understand the nature of the affirmative defense asserted. Dkt. #56, pp.7-8.

The applicability of the affirmative defenses of mitigation of damages and contributory negligence to the facts of this case is not appropriate for resolution on a motion to strike affirmative defenses. Defendant has provided plaintiffs with sufficient notice of the basis for these affirmative defenses within its answer, albeit outside of the confines of the paragraphs contained within the third and fifth affirmative defenses, and the affirmative defenses are sufficiently entwined with the merits of the claims asserted so that there is no basis to believe that retention of these defenses will "needlessly increase the time and expense of trial or duration and expense of litigation." *City of New York v. FedEx Ground Package Sys., Inc.*, 314 F.R.D. 348, 355 (S.D.N.Y. 2016) (internal quotations omitted). Accordingly, the motion to strike the third and fifth affirmative defenses is denied.

**Fourth Affirmative Defense**

Plaintiffs seek to dismiss the affirmative defense of bona fide error because it merely tracks the language with respect to intent set forth in § 1692k(c) of the FDCPA and fails to set forth any factual basis for such a defense. Dkt. #50-1, pp.12-14.

Defendant acknowledges that the affirmative defense, as pleaded, recites the language of the statutory provision at issue and does not provide additional facts, but argues that the details of the defense have already been disclosed during discovery, negating any finding of prejudice. Dkt. #53, pp.18-19.

Plaintiffs reply that defendant should be required to replead its affirmative defense to state whether its allegation of bona fide error applies to all or merely some of the plaintiffs. Dkt. #56, p.8.

15 U.S.C. § 1562k(c) provides that "[a] debt collector may not be held liable in any action . . . if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." As plaintiffs assert, in *Godson v. Elman, Elman & Cooper, P.C.*, 285 F.R.D. 255 (W.D.N.Y. 2012), the district court struck an affirmative defense of bona fide error, without prejudice to replead. In the instant case, however, the motion to strike was made subsequent to discovery which provides plaintiffs with sufficient notice of the factual basis of this affirmative defense. Dkt. #53, pp.30-31. As the Court finds that defendant's response to plaintiffs' interrogatory regarding the basis for the bona fide error precludes any finding of prejudice from the affirmative defense as asserted in defendant's answer, this aspect of plaintiffs' motion to strike is denied.

**Sixth, Seventh & Eighth Affirmative Defenses**

Plaintiffs seek to dismiss the affirmative defenses of unclean hands, laches, estoppel, waiver and accord and satisfaction on the ground that they may not be proper affirmative defenses to FDCPA claims and that these affirmative defenses are asserted without any factual support. Dkt. #50-1, pp.14-15.

Defendant responds that there are sufficient facts within the answer to put plaintiff on notice of the basis for these affirmative defenses.  Dkt. #53, pp.19-20.  In any event, defendant responds that plaintiff has failed to allege any prejudice resulting from the inclusion of these affirmative defenses.  Dkt. #53, p.20.

Plaintiffs reply that these affirmative defenses are inapplicable to a strict liability statute such as the FDCPA and that defendant's answer fails to provide any facts supporting such affirmative defenses.  Dkt. #56, p.9.

The applicability of these affirmative defenses to the particular facts of this case is not appropriate for resolution on a motion to strike affirmative defenses.  Defendant has provided plaintiffs with sufficient notice of the basis for these affirmative defenses within its answer, albeit outside of the confines of the paragraphs contained within the affirmative defenses, and the affirmative defenses are sufficiently entwined with the merits of the claims asserted so that there is no basis to believe that retention of these defenses will "needlessly increase the time and expense of trial or duration and expense of litigation." *FedEx*, 314 F.R.D. at 355 (internal quotations omitted).  Accordingly, the motion to strike the sixth, seventh and eighth affirmative defenses is denied.

**Ninth and Tenth Affirmative Defenses**

Defendant's ninth affirmative defense asserts that "[t]he underlying foreclosure proceedings referenced by Plaintiffs in the Complaint were foreclosure

actions properly instituted following Plaintiffs' respective defaults of their mortgage obligations, not attempts to collect a debt, and the communications made in the context thereof were made in good faith in the context of settlement negotiations as mandated by law and therefore did not violate the FDCPA or GBL § 349." Dkt. #48, pp.15-16.

Defendant's tenth affirmative defense asserts that "[t]he communications made by Defendant and complained of in the Complaint constitute conduct and/or statements made during compromise negotiations and are thus inadmissible pursuant to CPLR § 4547." Dkt. #48, p.16.

Plaintiffs argue that these affirmative defenses should be stricken because defendant's attempts to collect costs that were not incurred and fees for work that was not performed are actionable and admissible. Dkt. #50-1, pp.15-17.

Defendant responds that these defenses relate to its position that the foreclosure proceeding does not constitute an attempt to collect a debt under the FDCPA and that mandated settlement negotiations cannot provide a basis for a FDCPA or GBL cause of action. Dkt. #53, p.20. Moreover, defendant argues that plaintiffs have not established that inclusion of these defenses cause prejudice. Dkt. #53, p.20.

Plaintiffs reply that, although the Second Circuit has yet to address the issue, every circuit court which has addressed the issue has determined that attempting to collect on a residential mortgage note by filing a foreclosure action constitutes debt

collection under the FDCPA. Dkt. #56, p.9. Plaintiffs further reply that the tenth affirmative defense should be stricken because there is no legal basis to support defendant's argument that a state evidentiary rule should trump the Federal Rules of Evidence. Dkt. #56, p.10.

Whether communications pertaining to settlement negotiations regarding foreclosure proceedings fall within the scope of the FDCPA and whether such communications are admissible in this action are not appropriate issues for resolution on a motion to strike affirmative defenses. Moreover, discovery with respect to these affirmative defenses are sufficiently entwined with the merits of the claims asserted so that there is no basis to believe that retention of these defenses will "needlessly increase the time and expense of trial or duration and expense of litigation." *FedEx*, 314 F.R.D. at 355 (internal quotations omitted). Accordingly, the motion to strike the ninth and tenth affirmative defenses is denied.

**Twelfth - Eighteenth Affirmative Defenses**

The twelfth affirmative defense alleges that "[t]he communications made by Defendant as complained of in the Complaint were made to Plaintiffs' respective attorneys as counsel of record, not to Plaintiffs directly, and were specifically communicated to counsel in the context of mandatory settlement negotiations as good-faith 'estimates' of attorney's fees and other costs associated with the foreclosure proceedings and subsequent loan modifications." Dkt. #48, p.16.

The thirteenth affirmative defense alleges that fees and costs were communicated as estimates in good faith to one plaintiff and the difference between the estimated fees and actual incurred fees was refunded to that plaintiff. Dkt. #48, pp.16-17.

The fourteenth and fifteenth affirmative defenses allege that, with respect to two other plaintiffs, the defendant was paid by its client after the defendant earned the fees, which were agreed to by the plaintiffs. Dkt. #48, p.17. The sixteenth and seventeenth affirmative defenses allege that counsel to these two plaintiffs challenged the fees set forth in the loan modifications and negotiated the fee amount to plaintiffs' satisfaction after review of the work performed. Dkt. #48, pp.18-19.

The eighteenth affirmative defense alleges that defendant never communicated directly with plaintiffs during settlement negotiations. Dkt. #48, p.19.

Plaintiffs argue that these defenses, which are based upon the premise that communications made to attorneys for plaintiffs are not actionable under the FDCPA, are precluded by Judge Curtin's denial of defendant's motion to dismiss on the ground that "[t]he fact that the plaintiffs are represented by counsel does not excuse the debt collector from the consequences of conveying inaccurate and unlawful information." Dkt. #50-1, p.18.

Defendant responds that the denial of the motion to dismiss does not preclude consideration of these affirmative defenses or preclude a finding in

defendant's favor on summary judgement and notes that plaintiffs have failed to allege prejudice from the assertion of these affirmative defenses. Dkt. #53, pp.22-24.

Plaintiffs reply that these affirmative defenses are foreclosed by the district court's determination that demanding unearned fees from a consumer - whether directly or indirectly - states a claim pursuant to section 1692e of the FDCPA. Dkt. #56, p.11.

The denial of the motion to dismiss does not necessarily render the factual allegations set forth in the twelfth through eighteenth affirmative defenses irrelevant. Although questionable whether they constitute affirmative defenses, *See Saks v, Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) ("An affirmative defense is defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . . claim, even if all allegations in the complaint are true."), the inclusion of these factual allegations in defense of plaintiffs' claims do not prejudice plaintiffs. Accordingly, the motion to strike the twelfth through eighteenth affirmative defenses is denied.

**SO ORDERED.**

DATED:  Buffalo, New York
        February 20, 2018

 *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**