**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CHRISTOPHER WHITE,**
**DARLENE SCHMIDT and**
**WILLIAM SUITOR, Individually and**
**on behalf of all others similarly situated,**

                                        **Plaintiffs,**

**v.**                                                                          **15-CV-438V(Sr)**

**FEIN, SUCH and CRANE, LLP,**

                                        **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J.

Vilardo, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #39.


Plaintiffs filed this class action complaint alleging violations of the Fair

Debt Collection Practice Act ("FDCPA"), and New York General Business Law § 349

arising from attorneys' fees charged by defendant for legal services pertaining to

foreclosure actions against plaintiffs. Dkt. #1.


Currently before the Court is plaintiffs' motion to compel defendant to

respond to two interrogatories  (Dkt. #66), and defendant's cross motion for a protective

order.  Dkt. #68.

Interrogatory No. 2 seeks "the number, names and addresses of persons with New York addresses to whom Defendant sent a Loan Reinstatement Letter from May 15, 2014 through present." Dkt. #66-3, p.3. Interrogatory No. 3 seeks "the number, names and addresses of persons with New York addresses to whom Defendant sent a Loan Reinstatement Letter from May 15, 2012 through May 14, 2014." Dkt. #66-3, p.4.

Defendant responded to both interrogatories with general objections, as well as an objection that the interrogatories seek information relating to the class, even though the parties agreed to initially limit discovery to the merits of the claims of the individually named plaintiffs. Dkt. #66-3, pp.3-4.

Plaintiffs argue that this information is required to establish that defendant is a debt collector, which defendant has denied, and that these interrogatory responses will establish that defendant's principal purpose is debt collection or that defendant regularly collects or attempts to collect debts. Dkt. #66-1, p.7. In addition, plaintiffs argue that these interrogatory responses will demonstrate that defendant's acts or practices are consumer oriented, *i.e.*, impact consumers at large, as required for a claim pursuant to GBL § 349. Dkt. #66-1, pp.8-9.

Defendant responds that plaintiffs seek information which is beyond the scope of the bifurcated discovery agreement and unrelated to the claims of the individually named plaintiffs. Dkt. #68-1. More specifically, defendant argues that "[t]he

information sought by Plaintiffs has nothing to do with the legal issue of whether

[defendant] is a debt collector, and nothing to do with the actual facts of the three

Plaintiffs in this case, none of whom received the type of letter requested." Dkt. #68-1,

¶ 25. Defendant asserts that the letters regarding the named plaintiffs were sent to

plaintiffs' attorneys, not plaintiffs, and argues that this distinction is important "because

as a matter of law, communications to attorneys do not fall under the FDCPA." Dkt.

#68-1, ¶ 24. Defendant argues that determination of whether defendant is a debt

collector does not turn upon the identification of those who received the letter, arguing

that "[e]ither those letters, and the context in which they were sent, establishes that

[defendant] is a 'debt collector' or they do not." Dkt. #68-1, ¶ 22. Defendant also

argues that production would be unduly burdensome, because the letters at issue are

case specific, requiring review of "tens of thousands" of individual case files, many of

which have been closed for years, are in storage and have not been digitized. Dkt.

#68-1, ¶26.


> Fed. R. Civ. P. 26(b)(1) provides, in relevant part:
>
> Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the
> importance of the issues at stake in the action, the amount
> in controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely
> benefit. Information within the scope of discovery need not
> be admissible in evidence to be discoverable.

The Advisory Committee Notes to the 2015 Amendment clarifies that the rule was

amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."

Interrogatories No. 2 and 3 seek information beyond the scope of the issues pertaining to the individual defendants in this action. To the extent that the information sought could be useful in discerning whether defendant's principal purpose is debt collection or whether its practices are consumer oriented, there are alternative avenues of discovery into defendant's business practices which would not impose such an undue burden upon defendant. Accordingly, plaintiffs' motion to compel is denied and defendant's motion for a protective order is granted.

       **SO ORDERED.**

DATED:    Buffalo, New York
           February 20, 2018

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**