UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER WHITE, WILLIAM SUITOR
and DARLENE SCHMIDT, individually and on        No. 15-cv-438 (LJV)(HKS)
behalf of all others similarly situated,

                    Plaintiffs,

       - against -

FEIN, SUCH and CRANE, LLP,
                   Defendant.

**Declaration of Plaintiffs' Attorney, Keisha A. Williams, in
Support of Plaintiffs' Motion in Opposition to Defendant's
Motion for Summary Judgment**

    Keisha A. Williams, under penalties of perjury, declares the following to be true and correct:

    1.    I am an attorney duly admitted to practice in this Court. I am one of the attorneys of record for the Plaintiffs and am familiar with the facts and circumstances of this matter.

    2.    I am submitting this declaration in support of Plaintiffs' Motion in Opposition to Defendant's Motion for Summary Judgment.

**The White Foreclosure**

    3.    On September 23, 2013, Defendant filed a foreclosure action against Christopher White ("White") on behalf of HSBC Bank. *See* Def.'s Mot. (Docket Document No. 69-12) at Exhibit A.

4.      On or around January 8, 2014, Mr. White's attorneys, Western New York Law Center ("WNYLC"), faxed a request to Defendant for the reinstatement and payoff figures. A copy of the letter is attached hereto as **Exhibit "A"**.

5.      On January 13, 2014, Defendant, by facsimile, sent the requested information to Christopher White in care of WNYLC. *See* Amended Complaint (Docket Document No. 45) at Exhibit B.

6.      On March 26, 2014, WNYLC faxed a letter to Defendant asking for a breakdown of the flat fees and costs included in the reinstatement figures provided on January 13, 2014. A copy of the March 26, 2014 letter is attached hereto as **Exhibit "B"**.

7.      On March 26, 2014, Defendant faxed to Mr. White in care of WNYLC a "breakdown" of the Estimated Foreclosure Fees and Costs; the Incurred Foreclosure Fees and Costs and the Mortgagor Recoverable Corporate Advance listed in the reinstatement letter. *See* Amended Complaint (Docket Document No. 45) at Exhibit B.

8.      On or about April 25, 2014, Mr. White's counsel wrote a letter to Defendant's office objecting to the fees as "unreasonable and unwarranted for the services actually provided." A copy of the letter is attached hereto as **Exhibit "C"**.

9.      On or about June 18, 2014, HSBC transmitted a loan modification to Mr. White. As a part of the loan modification, $6,041.56 in what was labelled "Attorney Fees/costs and Recoverable Advances" were added to Mr. White's loan. *See* Amended Complaint (Docket Document No. 45) at Exhibit A.

10.     On July 3, 2014, Mr. White's counsel again requested a detailed breakdown of the fees and costs before Mr. White could accept the loan modification offer. A copy of the e-mail is attached hereto as **Exhibit "D"**.

11.      On July 3, 2014, Defendant provided another letter purporting to break down the estimated, incurred and outstanding fees and costs included in Mr. White's loan modification. *See* Amended Complaint (Docket Document No. 45) at Exhibit B.

12.     On or about July 31, 2014, WNYLC, on Mr. White's behalf, filed a motion seeking, among other relief, an order barring the collection of all unsubstantiated fees and costs and limiting the plaintiff's fee claim to the statutory allowance. *See* Def.'s Mot. (Docket Document No. 69-12) at Exhibit C.

13.     Defendant's Affirmation in Opposition dated September 22, 2014, is attached hereto as **Exhibit "E"**.

14.     On December 1, 2014, the Court demanded that Defendant submit a *quantum meruit* affidavit on or before December 3, 2014. A copy of the Court's letter is attached hereto as **Exhibit "F"**. Defendant's "*quantum meruit*" affirmation dated December 2, 2014 is attached hereto as **Exhibit "G"**.

15.     On December 11, 2014, Mr. White's counsel wrote a letter to the Court objecting to Defendant's *quantum meruit* affidavit as unresponsive and lacking under New York law. A copy of the December 11, 2014 letter is attached hereto as **Exhibit "H"**.

16.     On January 7, 2015, Defendant advised Mr. White's counsel that its client had agreed to accept the Court's proposal to lower the claimed fees and costs to $4,300.00, and the lowered fees would be reflected in a forthcoming amended modification agreement. *See* Def.'s Mot. (Docket Document No. 69-12) at Exhibit D.

17.     On or about January 13, 2015, Mr. White agreed to the settlement. *See* Def.'s Mot. (Docket Document No. 69-12) at Exhibit E.

18.     On May 11, 2015, an amended loan modification was transmitted to Mr. White's counsel. *See* Def.'s Mot. (Docket Document No. 69-12) at Exhibit F.

19.     On or about May 29, 2015, Mr. White's motion objecting to the charged fees and costs was withdrawn. *See* Def.'s Mot. (Docket Document No. 69-12) at Exhibit G.

20.     A Notice of Discontinuance was filed in the case on December 7, 2016. A copy of the file Discontinuance is attached hereto as **Exhibit "I"**.

21.     ████████████████████████████████████████████

████████████████████████████████████

### The Suitor Foreclosure

22.     On or around September 5, 2013, Defendant, Fein, Such and Crane, filed a foreclosure summons and complaint on behalf of its client, HSBC Bank, against Mr. and Ms. William Suitor.  *See* Def.'s Mot. (Docket Document No. 69-12) at Exhibit I.

23.     On or around September 23, 2014, Mr. and Mrs. Suitor appeared in the foreclosure action by filing an answer. *See* Def.'s Mot. (Docket Document No. 69-12)

at ¶ 54. Their *pro se* answer was later amended "within the time period prescribed by New York law ..." *Id.*  *See* Amended Answer attached as Exhibit J to Def.'s Motion.

24.    Attorney Daniel Webster appeared on the Suitors' behalf at the State mandated Settlement Conference held pursuant to CPLR § 3408 on November 14, 2013. *See* Def.'s Mot. (Docket Document No. 69-12) at ¶58.

25.    ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████

26.    There was no motion for summary judgment filed in the Suitors' foreclosure action. *See* Affidavit of Daniel Webster made in support of Plaintiff's opposition to Defendant's Motion to Dismiss, sworn to July 20, 2015 attached hereto as **Exhibit "L"** at ¶ 5.

27.    On or around July 18, 2014, while the case was still in the settlement conference part, the Suitors were approved for a loan modification. As part of the loan modification $15,520.88 in fees and costs were to be capitalized and added to the loan balance. *See* Amended Complaint (Docket Document No. 45) at Exhibit C.

28.    On or around August 8, 2014, Attorney Webster, wrote a letter to Defendant's office requesting a breakdown and disputing the attorney's fees and costs. *See* Amended Complaint (Docket Document No. 45) at Exhibit D.

29.     On or around August 14, 2014, Defendant's associate attorney, V.S. Vilkhu, responded to Attorney Webster's letter.  *See* Amended Complaint (Docket Document No. 45) at Exhibit E.

30.     Attorney Webster forwarded to Mr. Suitor a copy of Defendant's August 14, 2014, letter explaining the attorneys' fees and costs being capitalized and added to his mortgage balance. *See* Suitor's Deposition, attached as Def.'s Mot. Exhibit 7 at p. 17, lines 15-19;   p. 18, lines 6-10; and p. 34, lines 6-18.

31.     At the conference held on August 14, 2014, Attorney Webster again objected to the excessive fees and costs added to Mr. Suitor's mortgage through the loan modification. *See* Exhibit I at ¶ 5.

32.     ███████████████████████████████████████████████

███████████████████████████████████████████ █████████ ██

█████████████████████████████████

33.     In order to avoid the loss of his home, Attorney Webster advised Mr. Suitor to accept the loan modification as offered, and then challenge the excessive fees and costs through other avenues. *See* Exhibit I at ¶ 5.

34.     On or around January 5, 2015, a Notice of Discontinuance was filed in Mr. Suitor's action. *See* Def.'s Mot. (Docket Document No. 69-12) at ¶ 65. A copy of the filed discontinuance is attached hereto as **Exhibit "N"**.

35.     On or around April 1, 2015, HSBC refunded Mr. Suitor $2,629.59 in fees and/or costs previously assessed to his account and included in his loan modification. *See* Amended Complaint (Docket Document No. 45) at Exhibit F.

**The Schmidt Foreclosure**

36.     On October 4, 2011, Defendant filed a foreclosure action against Darlene Schmidt ("Ms. Schmidt") on behalf of KeyBank National Association ("KeyBank"). *See* Def.'s Mot. (Docket Document No. 69-12) at Exhibit N.

37.     On October 20, 2011, Ms. Schmidt was personally served with process, and her three sons "John Doe" were simultaneously served by leave-and-mail service on that same day. Copies of the affidavits of service, filed on November 21, 2011, are attached to Def.'s Mot. (Docket Document No. 69-12) at Exhibit O.

38.     On December 10, 2012, prior to the scheduling of the settlement conference, Defendant filed and served a Motion for Order of Reference.  *See* Notice of Motion for Order of Reference, Def.'s Mot. Exhibit T, p. 51.

39.     On December 10, 2012, more than a year after the affidavits of service were filed, the Request for Judicial Intervention was filed on December 10, 2012. See RJI, attached as Def.'s Mot. Exhibit R.

40.     On January 11, 2013, at the initial settlement conference, Ms. Schmidt informed the Court, and Defendant confirmed, that she had entered into a re-age plan with KeyBank, under which her loan would be reinstated after she completed a three-month trial plan. *See* Def.'s Mot. (Docket Document No. 69-12) at ¶¶ 76-79; *see also* a printout of the case notes from eLaw.com attached hereto as **Exhibit "O"**.

41.     On February 6, 2013, Ms. Schmidt's counsel faxed a request for payoff and reinstatement figures to Defendant's office. A copy of the request is attached hereto as **Exhibit "P"**.

42.     At the March 4, 2013 conference, Defendant informed the Court that Ms. Schmidt's had completed the three month trial and the account was considered current by KeyBank. *See* Def.'s Mot. (Docket Document No. 69-12) at ¶ 81.

43.     KeyBank formally closed its file with Defendant on February 19, 2013. *See* Def.'s Mot. (Docket Document No. 69-12) at ¶ 80.

44.     Ms. Schmidt accepted the re-age plan because she did not want to lose her home, however, she was not provided with any information as to the fees and costs added to her mortgage. *See* Schmidt Deposition, attached as Def.'s Mot. Exhibit 10, p. 30, lines 5-15.

45.     On March 26, 2013, Ms. Schmidt's counsel requested and received from KeyBank the payoff statement attached to the Amended Complaint (Docket Document No. 45) as Exhibit G.

46.     Thereafter, Ms. Schmidt's counsel provided Defendant with a copy of the Payoff Statement received from KeyBank and requested a detailed breakdown of the claimed legal fees and costs. Copies of the emails dated March 26th and April 22nd are attached hereto as **Exhibit "Q"**.

47.     Defendant failed to provide a breakdown of its fees and costs at the settlement conference held on April 8, 2013. Subsequent settlement conferences were held on May 13th, May 31st, June 13th, July 15th, July 30th, August 9th and September 20th. *See* Exhibit O.

48.     At the June 13, 2013 conference, Defendant submitted a document labeled "FC Fee Break Down." *See* Amended Complaint (Docket Document No. 45) at Exhibit H.



52.     On June 18, 2013, Ms. Schmidt's counsel emailed her a copy of the "FC Fee Break Down" received from Defendant. A copy of the email is attached hereto as **Exhibit "S"**.

53.     At the August 9, 2013 conference, Defendant's office provided a "breakdown of the Outstanding Legal Fees and Cost" indicating that the fees and costs had been reduced to $3,443.56. The letter was addressed to Darlene Schmidt

in care of her attorney. *See* Amended Complaint (Docket Document No. 45) at Exhibit I.

54.     The September 20, 2013 settlement conference was adjourned to November 15, 2013, after Defendant failed to provide confirmation that Ms. Schmidt's account reflected the reduction in attorney's fees and costs. *See* Exhibit O.

55.     On November 7, 2013, Ms. Schmidt's counsel, on Ms. Schmidt's behalf, filed a motion seeking to bar Defendant and KeyBank from collecting any legal fees above the statutory maximum prescribed by New York State law due to Defendant's failure to submit proof of legal services rendered (the "Schmidt Fee Motion"). *See* Def.'s Mot. (Docket Document No. 69-12) at Exhibit T.

56.     On November 22, 2013, Ms. Schmidt's counsel received an updated "payoff breakdown" (Amended Complaint at Exhibit J) by email from Defendant's paralegal Tanner Guild. *See* Amended Complaint (Docket Document No. 45) at Exhibit K.

57.     On February 14, 2014, more than one year after Ms. Schmidt's account was re-aged, and after numerous settlement conferences, Defendant finally provided a mortgage statement reflecting the reduction in Ms. Schmidt's mortgage balance.  *See* Amended Complaint (Docket Document No. 45) at Exhibit L.

58.     On February 19, 2014, Ms. Schmidt's counsel sent her a letter enclosing copies of the Defendant's breakdown of its fees and costs and the mortgage statement reflecting the reduced balance. A copy of the letter is attached hereto as **Exhibit "T"**.

59.     On February 27, 2014, Ms. Schmidt authorized her attorney to consent

to the discontinuance of the foreclosure action. A copy of the email is attached

hereto as **Exhibit "U"**.

60.     On March 20, 2014, a Notice of Discontinuance was filed in Ms.

Schmidt's action. A copy of the filed discontinuance is attached hereto as **Exhibit

"V"**.

61.     ███████████████████████████████████████████

███████████████████████████████

Dated:      Buffalo, New York
            May 9, 2018


                                        /s/ Keisha A. Williams
                                        Keisha A. Williams