UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**CHRISTOPHER WHITE, WILLIAM SUITOR, and DARLENE SCHMIDT, individually and on behalf of all others similarly situated**

*Plaintiffs*,

vs.

**FEIN, SUCH & CRANE, LLP**,

*Defendant*.

Civil Action No.
15-CV-00438 (LJV/HKS)

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**BARCLAY DAMON LLP**

200 Delaware Avenue, Suite 1200
Buffalo, New York  14203
Telephone  (716) 566-1560
Facsimile   (716) 566-4014

*Attorneys for Defendant Fein, Such & Crane, LLP*

15214462.2

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT:

    I.     THERE ARE NO MATERIAL QUESTIONS OF FACT ............................................ 1

    II.    FSC'S COMMUNICATIONS WITH PLAINTIFFS' ATTORNEYS
         ARE NOT ACTIONABLE UNDER THE FDCPA ..................................................... 2

    III.   FSC WAS NOT ACTING AS A DEBT COLLECTOR AND
         WAS NOT ATTEMPTING TO COLLECT A DEBT, AND THE
         FEES WHICH PLAINTIFFS' LENDERS SOUGHT TO
         RECOUP WERE AUTHORIZED BY CONTRACT ................................................... 3

    IV.   PLAINTIFFS' REMAINING ARGUMENTS ARE
         INSUFFICIENT TO OPPOSE SUMMARY JUDGMENT ........................................ 6

CONCLUSION ................................................................................................................... 10

# **TABLE OF AUTHORITIES**

## **Cases**

*Arias v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, 875 F.3d 128 (2d. Cir. 2017)..............................6

*Birster v. American Home Mortg. Servicing, Inc*., 481 Fed. Appx. 579 (11th Cir. 2012).................6, 7

*Boyd v. J.E. Robert Co*., 05-CV-2455, 2012 U.S. Dist. LEXIS 143365
(E.D.N.Y. Aug. 27, 2012),.............................................................................................................2, 3

*Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355 (6th Cir. 2012)..................................................6, 7

*Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*,
769 F.2d 919 (2d. Cir 1985)................................................................................................................2

*Cohen v. Ditech Fin. LLC*, 15-CV-6828, 2017 U.S. Dist. LEXIS 43443
(E.D.N.Y. March 24, 2017) ........................................................................................................7, 8, 9

*Cicalo v. McCalla Raymer Leibert Pierce*, 16-CV-339, 2017 U.S. Dist. LEXIS 126890
(D. Conn. Aug. 10, 2017), *aff'd*, 2018 U.S. Dist. LEXIS 49938 (D. Conn. March 27, 2018) ..............9

*Datiz v. Int'l Recovery Assoc., Inc.*, 15-CV-3549, 2016 U.S. Dist. LEXIS 102695
(E.D.N.Y. Aug. 4, 2016).....................................................................................................................3

*Derisme v. Hunt Leibert Jacobson, P.C*., 880 F.Supp.2d 311 (D. Conn. 2012)......................................8

*Gabriele v. American Home Mortgage Servicing, Inc.*, 503 Fed. Appx. 89 (2d. Cir. 2012).............3, 7

*Garfield v. Ocwen Loan Servicing, LLC*, 811 F.3d 86 (2d Cir. 2016)....................................................7

*Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010) ...................................................6, 7

*Glazer v. Chase Home Fin. LLC.,* 704 F.3d 453 (6th Cir. 2013)............................................................6

*Glover v. FDIC*, 698 F.3d 139 (3d Cir. 2012) .....................................................................................6, 7

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007) .......................................................3

*Hampton-Muhamed v. James B. Nutter & Co*, 687 Fed. Appx. 890 (11th Cir. 2017) ..........................8

*Hart v. FCI Lender Svcs., Inc*. 797 F.3d 219 (2d. Cir. 2015) ................................................................7

*Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489 (1995).......................................................................6

*Hill v. DLJ Mortg. Capital, Inc*., 15-CV-3083, 2016 U.S. Dist. LEXIS 138526
(E.D.N.Y. Sept. 30, 2016)................................................................................................................8, 9

*Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d. Cir. 2013) ................................... 7

*Kaymark v. Bank of America*, 783 F.3d 168 (3d. Cir. 2015) .............................................................. 4, 5

*Kropelnicki v. Siegel*, 290 F.3d 118 (2d. Cir. 2002) ....................................................................... 2, 3, 4

*McLaughlin v. Phelan Hallinan & Schmeig, LLP*, 756 F.3d 240 (3d. Cir. 2014) .............................. 4, 5

*Piper v. Portnoff Law Assocs.*, 396 F.3d 227 (3d. Cir. 2005) ................................................................ 7

*Provident Bank v. Community Home Mtge. Corp.*, 498 F.Supp.2d 558 (E.D.N.Y. 2007) ..................... 7

*Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012) ........................... 6, 7

*Roth v. CitiMortgage Inc.*, 756 F.3d 178 (2d. Cir. 2014) ...................................................................... 7

*Sibersky v. Goldstein*, 155 Fed. Appx. 10 (2d. Cir. 2015) ..................................................................... 3

*Tatten v. City and County of Denver*, 17-CV-1141, 2018 U.S. App. LEXIS 9029
(10th Cir. April 4, 2018) .......................................................................................................................... 8

*Torres v. Nationstar Mortgage, LLC*, 15-CV-7015, 2016 U.S. Dist. LEXIS 154023
(E.D.N.Y. Nov. 2, 2016) ..................................................................................................................... 2, 3

*Vien-Phuong Thi Ho v. Recontrust Co., N.A.*, 858 F.3d 568 (9th Cir. 2017) ........................................ 8

*Vincent v. The Money Store*, 736 F.3d 88 (2d. Cir. 2013) .................................................................... 7

*Walsh v. Law Offices of Howard Lee Schiff, P.C.*, 11-CV-1111,
2012 U.S. Dist. LEXIS 136408 (D. Conn. Sept. 24, 2012) ................................................................ 2, 3

*Whittingham v. MERS*, 06-CV-3016, 2008 U.S. Dist. LEXIS 49400
(D. N.J. June 23, 2008) ........................................................................................................................ 10

*Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006) ............................................ 6, 7

*Williams v. Rushmore Loan Management Services LLC*, 15-CV-673,
2018 U.S. Dist. LEXIS 55151 (D. Conn. March 31, 2018) ................................................................... 9

*Wright v. Phelan, Hallinan & Schmeig, LLP*, 09-CV-3538, 2010 U.S. Dist. LEXIS 21977
(E.D. Pa Mar. 8, 2010) ........................................................................................................................... 3

**Other Authorities**

15 U.S.C. § 1962e ......................................................................................................................... 2, 3, 4, 5

15 U.S.C. § 1962f .............................................................................................................................. 3, 4, 5

Fed. R. Civ. P. Rule 30(b)(6) ................................................................................................1, 2

Fed. R. Civ. P. Rule 56(d) ...........................................................................................................2

Fed. R. Civ. P. Rule 56(f) ............................................................................................................2

N.Y. GBL § 349 ........................................................................................................................10

N.Y. R.P.A.P.L. § 1301 ..............................................................................................................8

I.     THERE ARE NO MATERIAL QUESTIONS OF FACT.

There are no material questions of fact regarding Defendant's motion. Written discovery is complete, no Fed. R. Civ. P. Rule 30(b)(6) notice was ever served by Plaintiffs, and most of the purported issues of fact cited by Mr. Rossman either have been admitted by Plaintiffs or concern the interpretation of documents.

Mr. Rossman asserts that additional discovery is needed with respect to statements 25-26, 28-29, 32-33, 37-39, 41-42, 48, 50, 53, 55, 58, 61, 66-68, 78-80, 82-84, 86, 88-89, 91-93, 95-96, 105, 110, 125-127, 138, 140-141, 144-146, 150, 152-153, 163, 165, 167*, 168*, 169*, 171*, and 172* (* - identified as ¶¶ 166, 167, 168, 170 and 171).  *See* Rossman Decl. at pp. 7-20.  These account for fifty-seven of the ninety-six statements as to which he claims additional discovery is needed. However, all of these were admitted in whole or in part by Plaintiffs.  *See* Plaintiffs' Resp. to FSC's Statement of Material Facts at pp. 9-42.  And while Plaintiffs' disagree with FSC's characterization of certain documents (*see, e.g.,* Plaintiffs' Resp. to FSC's Statement of Material Facts regarding statements 22, 31, 43, 54, 56, 59, 76, 90, 103, 115, 123, and 157; *see also* Rossman Decl. at pp. 8-11, 14 and 18 (claiming discovery is needed concerning statements 31, 43, 54, 56, 59, 90 and 157)), Plaintiffs admit FSC accurately quoted the documents (*see* Plaintiffs' Resp. to FSC's Statement of Material Facts), which speak for themselves.

While Plaintiffs claim to lack knowledge concerning: (a) the relationship and/or interactions and communications between FSC and it bank clients (*see, e.g.,* Plaintiffs' Resp. to FSC's Statement of Material Facts regarding statements 8-17, 19-20, 112, 139, 143, 147, 154-156); and (b) fees paid to FSC by its bank clients (*id*. regarding statements 30, 64, 65, 85, 114, 116-117, 142, and 173-175)), Plaintiffs have made no showing that there are genuine issues of material fact regarding the arguments in Defendant's motion: as set forth in FSC's principal memorandum of law, dismissal of Plaintiffs' FDCPA claims is warranted on six independent

1

legal bases; the interactions between FSC and its bank clients and the fees paid to FSC by its bank clients have nothing to do with these grounds for dismissal. Accordingly, there are no genuine questions of material fact sufficient to deny summary judgment.

Fed. R. Civ. P. Rule 56(d) (formerly Rule 56(f)) requires the opponent of a motion for summary judgment who claims to be unable to produce evidence in opposition to the motion to file an affidavit explaining: (1) the nature of the uncompleted discovery, *i.e.*, what facts are sought and how they are to be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful. *See, e.g.*, *Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 926 (2d. Cir 1985). Mr. Rossman's laundry list Declaration does not explain how the uncompleted discovery would create a genuine issue of material fact, and the record establishes that the discovery either was never requested by Plaintiffs (*i.e.*, no 30(b)(6) notice was served by them) or is not necessary (*see* the Court's prior orders concerning discovery). Mr. Rossman's Declaration should be stricken, or disregarded.

**II.    FSC'S COMMUNICATIONS WITH PLAINTIFFS' ATTORNEYS ARE NOT ACTIONABLE UNDER THE FDCPA.**

When a communication is directed to a consumer's attorney, there is no valid claim under 15 U.S.C. § 1962e. *See* FSC's principal Memorandum of Law at Point III. While Plaintiffs concede that *Boyd v. J.E. Robert Co.*, 05-CV-2455, 2012 U.S. Dist. LEXIS 143365 (E.D.N.Y. Aug. 27, 2012), *Walsh v. Law Offices of Howard Lee Schiff, P.C.*, 11-CV-1111, 2012 U.S. Dist. LEXIS 136408 (D. Conn. Sept. 24, 2012), and *Torres v. Nationstar Mortgage, LLC*, 15-CV-7015, 2016 U.S. Dist. LEXIS 154023 (E.D.N.Y. Nov. 2, 2016) all stand for the proposition that, under *Kropelnicki v. Siegel*, 290 F.3d 118 (2d. Cir. 2002), written communications sent to a consumer's attorney are not actionable under 15 U.S.C § 1692e (*see* Plaintiffs' Memorandum at p. 14), they argue that the authority relied on by FSC is unavailing because: (a) it was rejected by

2

Judge Curtin; and (b) the courts which decided *Boyd*, *Walsh*, and *Torres* were wrong.  Plaintiffs' arguments ignore that Judge Curtin decided a motion to dismiss, in which he was required to assume that the Plaintiffs' allegations in the Amended Complaint were true.  Further, the Court of Appeals in *Gabriele v. American Home Mortgage Servicing, Inc.*, 503 Fed. Appx. 89 (2d. Cir. 2012) has affirmed and adopted the rationale expressed in *Kropelnicki*.

Plaintiffs also rely on *Sibersky v. Goldstein*, 155 Fed. Appx. 10 (2d Cir. 2015) and *Datiz v. Int'l Recovery Assoc., Inc.*, 15-CV-3549, 2016 U.S. Dist. LEXIS 102695 (E.D.N.Y. Aug. 4, 2016).  *See* Plaintiffs' Memorandum at p. 14.  However, neither case involved the issue of whether communications sent to a consumer's attorney are actionable under the FDCPA. Plaintiffs also suggest that since the information contained in FSC's communications to Plaintiffs' counsel was later transmitted to the Plaintiffs, *Kropelnicki* does not apply.  *See* Plaintiff's Memorandum at pp. 14-15.  This argument was rejected in *Wright v. Phelan, Hallinan & Schmieg, LLP*, 09-CV-3538, 2010 U.S. Dist. LEXIS 21977 at *21 (E.D. Pa Mar. 8, 2010)("[T]he Court disagrees with plaintiff's suggestion that, because the letter faxed to Salvin's office was shared with plaintiff and contained information directly relevant to her, it is not the sort of communication contemplated by *Guerrero* and *Kropelnicki*.").[1]

### III. FSC WAS NOT ACTING AS A DEBT COLLECTOR, WAS NOT ATTEMPTING TO COLLECT A DEBT, AND THE FEES WHICH PLAINTIFFS' LENDERS SOUGHT TO RECOUP WERE AUTHORIZED BY CONTRACT.

At Points III and V of their Memorandum, Plaintiffs argue that: (a) even if they lack standing under § 1692e as a result of *Kropelnicki*, they still have valid claims under § 1692f (1) (*see* Plaintiffs Memorandum at Point III); and (b) that by attempting to collect fees and costs to which it was not entitled, FSC's communications violated §§ 1692e and 1692f (*see* Plaintiffs

---

[1]   In *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007), the Ninth Circuit held "communications directed solely to a debtor's attorney are not actionable under the [FDCPA]." 499 F.3d at 934.

3

Memorandum at Point III). These arguments must fail because §§ 1692e and 1692f apply only to "debt collector[s]" who use either "**false, deceptive, or misleading representation[s] or means** in connection with the collection of any **debt**" (§ 1692e) or "**unfair and unconscionable means** to collect or attempt to collect a **debt**" (§ 1692f)(emphasis added). In this case, FSC was not acting as a "debt collector," nor was it attempting to "collect a debt." For the FDCPA to apply, there needs to be an antecedent debt; an obligation to pay. The communications in question related to contract formation, *i.e.*, a *proposal* by the client banks *to enter into a new agreement, and create a new debt*. (For example, attorney Williams *negotiated* a sum certain of attorneys' fees that would be recoverable through Mr. White's loan modification with HSBC.) The fees and costs which were referenced were part of a *proposal to modify* the loans in question; they were not, and were not represented to be, a debt which the Plaintiffs had agreed to pay. The communications could not be an attempt to collect a debt, because they did not refer to a debt – there was none. Moreover, the fees and costs which the lenders sought to re-age **prospectively** into the mortgages were expressly authorized by the mortgage and loan agreements. *See* FSC's principal Memorandum of Law at Point VII.

Plaintiffs do not address the relevant authority cited by FSC. Instead they rely on Judge Curtin's decision and the Third Circuit's decisions in *Kaymark v. Bank of America*, 783 F.3d 168 (3d. Cir. 2015) and *McLaughlin v. Phelan Hallinan & Schmeig, LLP*, 756 F.3d 240 (3d. Cir. 2014).[2] *Kaymark* and *McLaughlin*, however, are inapposite. *Kaymark* was decided in the context of a motion to dismiss (783 F.3d at 173) and did not involve communications sent to the borrower's attorney (rather, the offending communication was the foreclosure complaint itself (783 F.3d at 172-173)). Moreover, in *Kaymark* the agreement between the bank and the mortgagor provided that, in the event of default, the lender would be permitted to recover only

---

[2] Plaintiffs rely heavily on both *Kaymark* and *McLaughlin*. *See* Plaintiffs' Memorandum at Points III at fn. 53, Point IV at fns. 54 and 72, and Point V at pp. 20, 21-22 and fns. 89-92.

4

"incurred" expenses. *Id*. at 172.  Since the foreclosure complaint in *Kaymark* included specific amounts for attorney's fees which were not yet actually incurred (rather, they were estimates but were never identified as such), the Court in *Kaymark* agreed that the plaintiff's claims under §§ 1692e and 1692f were colorable and adequate to survive the motion to dismiss. 783 F.3d at 175. *McLaughlin,* as discussed in *Kaymark*, was also decided in the context of a motion to dismiss and involved a <u>pre-foreclosure debt collection letter sent directly to the borrower</u> which demanded the payment of attorney's fees and costs which had not been incurred as of the date stated in the letter, but nothing in the *McLaughlin* letter indicated that any of the amounts listed were estimates. 783 F.3d at 174-175.  Thus, the Court in *McLaughlin* concluded that the plaintiff had adequately pleaded a claim under § 1692e. *Id.*)

In this case, by contrast, the communications at issue were not sent directly to the Plaintiffs, but instead were sent to counsel **in response to their requests**. Moreover, the foreclosure complaints against Mr. White and the Suitors[3] did <u>not</u> include specific amounts for attorney's fees. *See* Case Aff. Exhs. A and I. Also, the language of the HSBC Bank mortgage agreements (which allowed for the recovery of fees reasonable attorney's fees, costs, and other expenses) contained no such limiting "incurred" language as was present in *Kaymark* and upon which the *Kaymark* decision was based. *See* Case Aff., Exh. A, Schedule D (White Mortgage) at ¶ 22; Case Aff., Exh. I, Schedule D (Suitor Mortgage) at ¶ 22.  In addition, there was nothing unfair or unconscionable about FSC's communications to Plaintiffs' counsel: the communications to Mr. White's counsel were clear that the amounts to be re-aged into the loan included not only incurred fees and charges, but also estimated fees and costs (*see,* January 13, March 26, and July 3, 2014 correspondence from FSC to Mr. White's counsel (Amended

---

[3]     Ms. Schmidt has no timely FDCPA claim against FSC. *See* FSC's principal Memorandum of Law at Point II.  In opposing the motion for summary judgment, Plaintiffs' do not to contest this.  *See* Plaintiffs' Memorandum at p. 25, fn. 108 (acknowledging Darlene Schmidt's FDCPA claims "may be barred by the applicable statute of limitations").

Complaint Exh. B); and there is no evidence that HSBC sought to recover from the Suitors fees and costs that had not been incurred. Accordingly, Plaintiffs' arguments as set forth in Points III and V are unsustainable.

### IV.     PLAINTIFFS' REMAINING ARGUMENTS ARE INSUFFICIENT TO OPPOSE SUMMARY JUDGMENT.

In Point IV. A., Plaintiffs assert that "litigation activities by debt collectors are covered by the FDCPA." However, FSC was not acting as a debt collector, but as the attorney in foreclosure actions for lenders seeking to enforce their security interests. *See* FSC's principal Memorandum of Law at Points V and VI. Moreover, the primary authorities relied on by Plaintiffs (*Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489 (1995), and *Arias v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, 875 F.3d 128 (2d. Cir. 2017)) are inapposite, as neither case involved communications between counsel made in the context of foreclosure: *Heintz* involved direct attempts to recover the balance due on an auto loan (514 U.S. at 293) and *Arias* involved a bank garnishment by following a default judgment on a claim for breach of contract (875 F.3d at 133). Plaintiffs cite the Sixth Circuit's decision in *Glazer v. Chase Home Fin. LLC.,* 704 F.3d 453 (6th Cir. 2013) for the proposition that foreclosure actions qualify as debt collection under the FDCPA (*see* Plaintiffs' Memorandum at fn. 59), but the Third Circuit itself recognized that its opinion was the minority position: "[t]he view adopted by a majority of district courts […] is that mortgage foreclosure is not debt collection." 704 F.3d at 460 (emphasis added).

In Point IV. B., Plaintiffs, citing *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012), *Birster v. American Home Mortg. Servicing, Inc*., 481 Fed. Appx. 579 (11th Cir. 2012), *Glover v. FDIC*, 698 F.3d 139 (3d Cir. 2012), *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355 (6th Cir. 2012), *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010) and *Wilson v. Draper & Goldberg, P.L.L.C*., 443 F.3d 373 (4th Cir. 2006), argue that "U.S. Circuit courts have unanimously held that if a debt collector asks for payment in

connection with foreclosure, it is subject to the FDCPA."[4] Citing *Gabriele, supra*, *Vincent v. The Money Store*, 736 F.3d 88 (2d. Cir. 2013), *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d. Cir. 2013), *Roth v. CitiMortgage Inc.*, 756 F.3d 178 (2d. Cir. 2014), *Hart v. FCI Lender Svcs., Inc.* 797 F.3d 219 (2d. Cir. 2015) and *Garfield v. Ocwen Loan Serv., LLC*, 811 F.3d 86 (2d Cir. 2016), Plaintiffs also argue that "[t]he Second Circuit has long recognized the applicability of the FDCPA in the foreclosure context." These arguments are misleading and false. *Reese*, *Birster Glover*, *Bridge*, and *Gburek* involved pre-foreclosure letters demanding immediate payment of all amounts due and owing (*see Reese,* 678 F.3d at 1217; *Brister*, 481 Fed. Appx. at 580; *Glover*, 698 F.3d at 152, fn.8; *Ocwen*, 681 F.3d at 360), and *Wilson* involved a post foreclosure demand for payment, asking Wilson to send a cashier's check directly to the defendant law firm (443 F.3d at 376-377). This case involves no such demands. And in *Gabrielle*, the Second Circuit held: "[a]s we have recognized in past decisions, the protective purposes of the FDCPA typically are <u>not</u> implicated 'when a debtor instead is protected by the court system and its officers.'" 503 Fed. Appx. 89 at fn. 1 (emphasis added, citation omitted). In *Vincent*, *Hooks*, *Roth*, *Hart*, and *Garfield*, <u>no foreclosure actions were pending</u>.

Plaintiffs argue in Point IV. C. – IV. F., that: a mortgage is a debt under the FDCPA (Point IV. C.); FSC was not enforcing a security interest (Point IV. D.); the enforcement of security interest is an attempt to collect a debt (Point IV. E.); and there is a split of authority within the Second Circuit regarding the issue of whether enforcement of a security interest gives rise to an FDCPA claim (Point IV. F.). Plaintiffs are wrong on all counts. A mortgage is not a debt, it is a security interest; the debt is created by the note. *See, e.g., Provident Bank v. Community Home Mtge. Corp.*, 498 F.Supp.2d 558, 564 (E.D.N.Y. 2007); *see also Cohen v.*

---

[4] Plaintiffs also cite *Piper v. Portnoff Law Assocs.*, 396 F.3d 227 (3d. Cir. 2005), but that case did not involve a mortgage foreclosure. Rather it involved a demand for overdue water and sewer payments owed to the City of Bethlehem, PA.

*Ditech Fin. LLC*, 15-CV-6828, 2017 U.S. Dist. LEXIS 43443 (E.D.N.Y. March 24, 2017).  In this case, FSC was <u>not</u> attempting to collect on the note; rather, it was seeking to enforce its lender clients' security interests.  Thus, FSC was <u>not</u> attempting to collect a debt.

Plaintiff's claim that foreclosure is debt collection is accepted by only a minority of Courts across the United States, and rejected by the majority of courts within the Second Circuit.  *See*, *e.g., Derisme v. Hunt Leibert Jacobson, P.C*., 880 F.Supp.2d 311, 328 (D. Conn. 2012)("Prosecuting a state foreclosure action is simply not the type of abusive collective practices that the FDCPA is aimed at eliminating.").  Since the commencement of this action, three Circuit Courts have joined the expanding majority opinion that foreclosure is not debt collection.  *Vien-Phuong Thi Ho v. Recontrust Co., N.A*., 858 F.3d 568 (9th Cir. 2017); *Tatten v. City and County of Denver*, 17-CV-1141, 2018 U.S. App. LEXIS 9029 (10th Cir. April 4, 2018); *Hampton-Muhamed v. James B. Nutter & Co*, 687 Fed. Appx. 890 (11th Cir. 2017).  The majority position is consistent with New York jurisprudence which requires the holder of the note and mortgage to elect its remedy under N.Y. R.P.A.P.L. § 1301.  *See*, *e.g*., *Hill v. DLJ Mortg. Capital, Inc*., 15-CV-3083, 2016 U.S. Dist. LEXIS 138526 at *23 (E.D.N.Y. Sept. 30, 2016)("[T]he majority of courts in this Circuit that have considered this issue have held that 'the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for purposes of the FDCPA' […] 'because under New York law, the holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect on of these alternate remedies.'") (citations omitted).

Indeed, in *Cohen* the Court dismissed the plaintiff's lawsuit for several of the same reasons advanced by FSC in this action, holding that the enforcement of a security interest that does not seek a monetary judgment against debtors is not debt collection for purposes of the

FDCPA, and that mortgagors in a foreclosure proceeding likewise do not need protection from abusive collection methods that are covered under the FDCPA, because the state foreclosure process is highly regulated and court controlled.  2017 U.S. Dist. LEXIS 43443 at *5-*11; *see also Hill, supra*, 2016 U.S. Dist. LEXIS 138526 at *27-28.

Plaintiffs cite *Cicalo v. McCalla Raymer Leibert Pierce*, 16-CV-339, 2017 U.S. Dist. LEXIS 126890 (D. Conn. Aug. 10, 2017), *aff'd* 2018 U.S. Dist. LEXIS 49938 (D. Conn. March 27, 2018) and *Williams v. Rushmore Loan Management Services LLC*, 15-CV-673, 2018 U.S. Dist. LEXIS 55151 (D. Conn. March 31, 2018) in support of their argument that there is a split among courts within the Second Circuit over whether the enforcement of a security interest gives rise to a FDCPA claim.  Plaintiffs' reliance on these cases is misplaced.  In both *Cicalo* and *Williams*, the district courts recognized that many courts have concluded that communications sent for the sole purpose of enforcing a security interest are not subject to the FDCPA.  2017 U.S. Dist. LEXIS 126890 at *8; 2018 U.S. Dist. LEXIS 55151 at *18.  While Judge Underhill declined to adopt a *per se* rule excluding enforcers of security interests from FDCPA liability (*see* 2017 U.S. Dist. LEXIS 126890 at *12), he nonetheless dismissed the lawsuit, noting, among other things, that defendants should not be held liable for providing a document "that was intended to resolve, and did in fact resolve, any ambiguity regarding the consumer's obligations with respect to the foreclosure suit" (*id*. at *37).  And in *Williams*, Judge Chatigny opined that the issue of whether there should be a *per se* rule excluding enforcers of security interests from FDCPA liability was of no matter because "even assuming enforcers of a security interest are exempt from FDCPA liability […] the foreclosure process did not begin until after the communications at issue."  In this case, the communications at issue were sent **after** the foreclosure had started, during the mandatory settlement process, in response to inquiries by

9

Plaintiffs' counsel, and were intended to resolve questions concerning proposed modifications of the underlying mortgage.

Plaintiffs' contentions regarding their GBL § 349 claims have been addressed in FSC's principal Memorandum of Law at Points VIII and IX, and Plaintiffs admit they are not claiming actual damages under GBL § 349 (*see* Response to FSC's Statement of Material Facts at ¶¶ 74, 121, and 179), which is an element of that cause of action.

As to Plaintiffs' statute of limitations argument, FSC's position is set forth in its principal Memorandum of Law at Point II.  Plaintiffs' reliance on the District Court's 2007 decision in *Whittingham* (*see* Plaintiffs' Memorandum at p. 25, fn. 106) is misplaced because in 2008, the District Court in the context of summary judgment, dismissed the FDCPA claims against the foreclosure law firm, holding that since the firm itself never collected any money from the plaintiff, the only colorable allegations against the firm arose from the information in the firm's pay-off letter, which were time barred by the FDCPA's one-year statute of limitations. *Whittingham v. MERS*, 06-CV-3016, 2008 U.S. Dist. LEXIS 49400 at *16 (D. N.J. June 23, 2008).

## CONCLUSION

FSC's motion for summary judgment should be granted.

DATED:     June 8, 2018                    **BARCLAY DAMON LLP**

By: /s/ Dennis R. McCoy

Office and Post Office Address
The Avant Building
200 Delaware Avenue, Suite 1200
Buffalo, New York 14202
Telephone  (716) 566-1560
Facsimile   (716) 566-4014
E-Mail:     dmccoy@barclaydamon.com
*Attorneys for Defendant Fein, Such & Crane, LLP*